1
2
3
4
5

RENEE F. KENNEDY (SBN 24012954)
Federal Bar No.: 2129107
(seeking *pro hac vice*)
reneekennedy.esq@att.net
1620 S. Friendswood Dr., Ste. Apple
Friendswood, TX 77546
Telephone: 832.428.1552

6
7
8
9

PETER KAFIN (SBN 301886)
law@kafin.name
P.O. Box 748
Fort Bragg, California 95437
Telephone: 707.357.4395

10
11

Attorneys for Plaintiffs
VICKY MALDONADO AND
JOANNE MCRIGHT

12
13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
_____ DIVISION

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| VICKY MALDONADO AND JOANNE MCRIGHT, individually and On Behalf Of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., AND APPLE CSC, INC.<br><br>Defendants. | CASE NO.<br><br>**RELATED CASE: 2014-CV-01619-WHO**<br>*English v. Apple, Inc., et al.*<br><br>**PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs' Original Class Action Complaint

Plaintiffs, individually and as representatives of the class defined herein (the "Class"), bring this action for damages and final injunctive relief against Defendants Apple, Inc., AppleCare Service Company, Inc., and Apple CSC, Inc., and respectfully show this Honorable Court the following:

## I.    **PARTIES**

1.    Plaintiff MALDONADO resides in Houston, Texas, and is a citizen of the State of Texas. Plaintiff MALDONADO is representative of the class of consumers aggrieved by the conduct of the Defendants under the criteria for a federal class action as set forth in FED. R. CIV. PROC. 23.

2.    Plaintiff MCRIGHT resides in League City, Texas, and is a citizen of the State of Texas. Plaintiff MCRIGHT is representative of the class of consumers aggrieved by the conduct of the Defendants under the criteria for a federal class action as set forth in FED. R. CIV. PROC. 23.

3.    Defendant APPLE, INC. is a California corporation, with its headquarters and principal place of business located at 1 Infinite Loop, Cupertino, California, 95014. At all relevant times, APPLE manufactured, distributed and sold Apple iPad tablets (hereinafter "iPads") and Apple iPhone smartphones (hereinafter "iPhones"; collectively "Class Devices") and sold Extended Warranties for said devices in the United States, including within Texas and California.  The records of the California Secretary of State indicate that the address listed for the registered office is "c/o CT Corporation System, 818 West 7th Street, Los Angeles, CA 90017."

4.    Defendant APPLECARE SERVICE COMPANY, INC. is a wholly owned subsidiary of Defendant APPLE, INC., which lists its registered office as: "c/o CT Corporation System, 3800 N. Central Avenue, Suite 460, Phoenix, Arizona 85012." The records of the Arizona Corporate Commission indicate that the actual address for the principal place of business of APPLECARE SERVICE COMPANY, INC. is 1 Infinite Loop, Cupertino, CA 95014, and the address listed for the registered office is "c/o CT Corporation System, 3800 N. Central Avenue, Suite 460, Phoenix, Arizona 85012," which is a slight variation from what is listed in APPLE's own published materials.

5.    Defendant APPLE CSC, INC. is a DBA entity for APPLECARE SERVICE COMPANY, INC., registered with the Texas Secretary of State, used for products and services sold in Texas, and the

---

Plaintiffs' Original Class Action Complaint

address listed for the registered agent in "c/o CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.      Apple, Inc., AppleCare Service Company, Inc., and Apple CSC, Inc. are sometimes referred to herein as "APPLE."

## II.   JURISDICTION AND VENUE

7.      This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and it is a class action in which at least one member of the class is a citizen of a state that is different from the state where the Defendants are incorporated or do business.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2) and (b)(1) and pursuant to CALIFORNIA CIVIL CODE §1780(d), also known as the Consumers Legal Remedies Act (hereinafter "CLRA"), because of where Defendants have their principal place of business. An affidavit as required by CLRA §1780(d) is attached hereto as **Exhibit A**.

## III.  FACTUAL ALLEGATIONS

9.      Defendant Apple, Inc. designs, manufactures, packages and sells various electronic devices, including but not limited to iPhones, iPads, and iPods ("Devices").  When Apple, Inc. sells the Devices to the general public, Apple, Inc. also offers protection plans known as AppleCare and AppleCare+ ("Apple Plans" or "Apple Plan").  Under the Apple Plans, if a consumer's Device breaks, then Apple, Inc., through its affiliate AppleCare Service Company, Inc., agrees to provide the consumer with a Device "equivalent to new in performance and reliability."  *See*, **Exhibit A** [AppleCare]; **Exhibit B** [AppleCare+].  In return, the consumer pays Apple, Inc. a payment for a replacement device.

10.     The principal difference between these two protection plans is that AppleCare+ covers accidental damage and AppleCare does not.  AppleCare only covers defects in materials and workmanship.  AppleCare+ covers iPhones, iPads, and iPods.  AppleCare covers iMacs, Apple Display, and Apple TVs (however, up until 2011, AppleCare was the only Apple Plan that provided coverage for iPhones).  The Apple Plans purport to provide consumers with Devices that are "equivalent to new in performance and reliability."  What that phrase means is 'new' as refurbished devices can never be the

Plaintiffs' Original Class Action Complaint

equivalent to new in performance and reliability.  Plaintiffs allege that it means refurbished.  Refurbished is synonymous with the term "reconditioned," that is, a secondhand unit that has been modified to <u>appear</u> to be new for all purposes relevant to this litigation.   "New" means a Device that has never been utilized or previously sold and consists of all new parts.  The word "refurbished" appears only once in the AppleCare+ terms and conditions even though the printed booklet is 33 pages long.  The word is not even used to reference a device, but a part.  *See,* **Exhibit B** ¶3.2.  "Refurbished" is synonymous with the term "reconditioned" and "secondhand," and "service unit," for all purposes relevant to this litigation.

11.     APPLE distributes the Devices through three primary channels of commerce: (1) retail outlets owned and operated by APPLE, known as APPLE Stores, (2) Apple Online Store, and (3) AppleCare Call Center.

12.     The above statements, as set out in the Apple Plans, are express warranties.  "Apple Plan" is synonymous with the terms "Extended Warranty" and "Service Contract", whether used in the singular or plural, for all purposes relevant to this litigation.

13.     Plaintiff MALDONADO's experience is typical of those she seeks to represent in this action. Specifically, Maldonado purchased an iPad (3rd Generation; serial number DLXH67CWDVGM) from Apple on or about March 17, 2012. *See* **Exhibit C**.  The screen on this device cracked, and Maldonado brought it in to Apple for service on October 24, 2012, at First Colony Mall in Sugarland, TX 77479. *See* **Exhibit D.** The Apple store employee suggested that Maldonado replace the device and purchase an AppleCare Plus plan to cover her new device, which she did. Maldonado spent $249.00 on the replacement iPad (item number S4750Z/A) and $99.00 on the AppleCare Plus service warranty plan. With tax, her total came to $376.71. *See* **Exhibit C**; **Exhibit D**.  Maldonado lost an incident as her initial purchase counted against her.  The iPad was represented as a new device on the sales receipt (the exact language stated: "NEW IPAD DISC OOW REPAIR W/AC+ RETAIL"). *See* **Exhibit D**. However, what Maldonado received was a used or refurbished device. This device was not new or the equivalent to new in performance and reliability of a new Apple iPad, in violation of the AppleCare Plus Terms and Conditions as it did not function properly. *See* **Exhibit B**.

Plaintiffs' Original Class Action Complaint

14.     On or about September 9, 2013, Maldonado purchased another iPad (4th Generation; serial number F6QPH026F18G) and an accompanying AppleCare Plus service plan from Apple for a total of $1,004.56 with tax (device: $829.00; AppleCare plan: $99.00). *See* **Exhibit E**. Maldonado was sold this AppleCare Plus service plan without being told that it may subject her, upon seeking service under the plan, to receive refurbished or used devices that are not equivalent to new in performance and reliability, in violation of the AppleCare Plus terms of service.

15.     On or about May 22, 2015, Maldonado brought her fourth generation iPad (serial number F6QPH026F18G) in to the First Colony Apple store for repair. The device was constantly restarting to the Apple logo and having hundreds of panics per day. *See* **Exhibit F**. The Apple employee suggested that Maldonado replace her device, which she did. Because the device was covered by the AppleCare Plus plan, which extended the 1-year manufacturer's warranty on her iPad by an additional year, Maldonado did not have to pay for this replacement. *See* **Exhibit F**. The work authorization recites that the replacement device was an "IPAD/IPAD AIR FLAT RATE RETAIL," and lists the price as $299.00. *See* **Exhibit F**. However, what Maldonado received was not a device that was new or equivalent to new in performance and reliability, as promised under the AppleCare Plus service plan. In fact, she received a used or refurbished device.

16.     Similarly, Plaintiff MCRIGHT's experience is also typical of those she seeks to represent in this action.  On or about December 4, 2012, Plaintiff JOANNE MCRIGHT, accompanied by her father, visited the Baybrook Apple Store in Friendswood, Texas.  He purchased AppleCare+ for her, in her name, as well as an iPhone 5.  In sum, Plaintiff JOANNE MCRIGHT and APPLE entered into a contract, as APPLE offered the Apple Plan and Device for sale and Plaintiff purchased the same at the offered price.  Plaintiff JOANNE MCRIGHT, as the intended beneficiary of the contract and by and through her father, performed her obligations under the contract by paying monies to Apple for an Apple Plan.

17.     The iPhone 5 that Plaintiff purchased on December 4, 2012, was damaged, resulting in a cracked screen.  On or about September 18, 2013, Plaintiff JOANNE MCRIGHT took it to the Baybrook Apple Store for replacement under her Apple Plan.  *See*, **Exhibit G** [9/18/13 Receipt].  APPLE sold a

replacement Device (iPhone 5) to Plaintiff for $49.00, which she paid for under her Apple Plan.  Plaintiff sought a second replacement Device pursuant to her Apple Plan on or about May 16, 2014, also due to a cracked screen.  *See*, **Exhibit H** [5/16/14 Receipt].  APPLE again sold a replacement Device (iPhone 5) to Plaintiff for $49.00, which she paid for under her Apple Plan.  APPLE did not provide new iPhone 5's to Plaintiff when she made these two payments of $49.00, nor were the replacement Devices "equivalent to new."  Thus, Apple, Inc. and AppleCare Service Company, Inc., and Apple, CSC, Inc. failed to provide Plaintiff MCRIGHT with a Device that was new and/or is the "equivalent to new in performance and reliability", thereby breaching the contract and/or warranties with Plaintiff MCRIGHT.

18.     On or about September 22, 2014, Plaintiff JOANNE MCRIGHT, accompanied by her father, visited the Baybrook Apple Store in Friendswood, Texas.  He purchased AppleCare+ for her, in her name, as well as an iPhone 6.  In sum, Plaintiff JOANNE MCRIGHT and APPLE entered into a contract, as APPLE offered the Apple Plan and Device for sale and Plaintiff purchased the same at the offered price.  Plaintiff JOANNE MCRIGHT, as the intended beneficiary of the contract and by and through her father, performed her obligations under the contract by paying monies to APPLE for an Apple Plan.

19.     The iPhone 6 that Plaintiff purchased on September 22, 2014, was damaged, resulting in a cracked screen.  On or about July 4, 2015, Plaintiff took it to the Baybrook Apple Store for replacement under her Apple Plan.  *See*, **Exhibit I** [7/4/15 Receipt].  APPLE sold a replacement Device (iPhone 6) to Plaintiff for $79.00, which she paid for under her Apple Plan.  APPLE did not provide a new iPhone 6 to Plaintiff in exchange for this $79.00 payment for the cost of the replacement Device, nor was the replacement Device "equivalent to new."  Thus, Apple, Inc., AppleCare Service Company, Inc., and Apple, CSC, Inc. failed to provide Plaintiff MCRIGHT with a Device that was new or the "equivalent to new in performance and reliability", thereby breaching the contract and/or warranties with Plaintiff MCRIGHT.

## IV.     CLASS DEFINITION

20.     Plaintiffs bring this action on behalf of themselves and all others similarly situated, who are members of the following Class:

"All persons who purchased an AppleCare and AppleCare+ plan ("Apple Plans") from Apple, Inc., or were the intended beneficiary of such a purchase, or had an Apple Plan transferred to them, and/or who, from the date of July 11, 2011 to the present, tendered an iPhone, iPad, iPod or other Apple electronic device ("Devices") to Apple, Inc. and AppleCare Service Company, Inc. under such Apple Plans, and who were provided a Device that was not a new Device."

21.    Plaintiffs reserve the right to designate subclasses, as appropriate.

Excluded from the Class are:

  a. the attorneys pursuing and defending this matter;

  b. the officers and directors of the Defendants;

  c. any judge or judicial officer assigned to this matter and his or her immediate family; and

  d. any legal representative, successor, or assign of any excluded persons or entities.

## V.    CLASS ACTION ALLEGATIONS

22.    Under Rule 23 of the Federal Rules of Civil Procedure and California Civil Code §1781, Plaintiff(s) MALDONADO and MCRIGHT bring this action on behalf of themselves and as a Class and Subclasses, defined as:

All natural persons who are residents of any of the fifty United States of America or the District of Columbia who, for purposes other than resale, purchased Class Devices (iPhones, iPads, and/or iPods) at an Apple Store location, through an authorized third party dealer, or through an online purchase from Apple, Inc., along with or without the AppleCare Protection Plan or AppleCare+ extended warranties (the "Extended Warranties"), or who purchased the Extended Warranties for Class Devices only (regardless as to whether the Class Devices covered by the Extended Warranties were themselves bought directly from Apple, Inc.), who have not returned the Class Devices or Extended Warranties and received a refund, and who purchased said Class Devices or Extended Warranties for personal, family, or household purposes.

Plaintiffs' Original Class Action Complaint

Plaintiff also requests certification of the following subclasses:

**The AppleCare Protection Plan Subclass** shall consist of those Class Members who purchased Class Devices and the AppleCare Protection Plan extended warranty (or the AppleCare Protection Plan extended warranty only).

**The AppleCare+ Subclass** shall consist of those Class Members who purchased Class Devices and the AppleCare+ extended warranty (or the AppleCare+ extended warranty only).

**The Reduced Incidents Subclass** shall consist of those Class Members who purchased an Extended Warranty and who had their contemporaneous purchase of a Class Device treated by Apple, Inc. as a replacement, such that their Extended Warranty's coverage, without notice to the purchaser / Class Member, would have only one further replacement available as an incident / claim under the Extended Warranty.

**Refurbished or Used Device Subclass** shall consist of Class members who purchased refurbished or used devices when either purchasing Extended Warranty contemporaneously with the device or purchasing a refurbished or used device as a replacement under the Extended Warranty.

23.    Excluded from the Class are DEFENDANTS and any entity in which any DEFENDANT has a controlling interest, as well as DEFENDANTS' legal representatives, officers, directors, assignees and successors. Also excluded from the Class are any judicial officers to whom this action is assigned, together with any relative of such judicial officers within the third degree of relationship, and the spouse of any such person.

24.    Plaintiffs MCRIGHT and MALDONADO reserve the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

**The Proposed Class Meets the Required Prerequisites for Class Certification**

Plaintiffs' Original Class Action Complaint

25.     Under the Federal Rules of Civil Procedure 23(a) and the California Civil Code §1781(b), one or more members of a class may sue as a representative party on behalf of all class members only if prerequisites of numerosity, commonality, typicality, and fair and adequate representation. *See* Fed. R. Civ. P. 23(a); Cal. Civ. Code §1781(b). As demonstrated below, these prerequisites are met in this case.

**Numerosity:** Based upon information and belief, the Class consists of large numbers of individuals dispersed throughout the United States, making individual joinder impractical, as required by Fed. R. Civ. P. 23(a)(1) and Cal. Civ. Code §1781(b)(1). According to its October 28, 2013 press release, Apple, Inc. sold 14.1 million iPads (compared to 14 million in the year-ago quarter). The disposition of the claims of the members of the Class and its Subclasses in a single class action will provide substantial benefits to all parties and to the Court.

**Commonality:** The misconduct by DEFENDANTS is common to all members of the Class and represents a unified and common plan of fraud and/or deception resulting in injury to Named Plaintiffs and to all members of the Class. As such, there exist questions of law and fact common to the Class, as required by Fed. R. Civ. P. 23(a)(2) and Cal. Civ. Code §1781(b)(2).

**Typicality:** The claims of the Named Plaintiffs are typical of the claims of the Class they seek to represent, as required by Fed. R. Civ. P. 23(a)(3) and California Civil Code §1781(b)(3), in that the representative Plaintiffs are persons who, like all members of the Class, purchased one or several Class Devices and/or APPLE Extended Warranties, having been led by APPLE's uniformly made statements and omissions to erroneously believe that APPLE does not sell used, reconditioned or secondhand devices as new devices. Plaintiffs saw the same advertising and disclosures and was given the same information by APPLE employees as were the rest of the Class.

**Fair and Adequate Representation:**  Plaintiffs MALDONADO and MCRIGHT will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4) and Cal. Civ. Code §1781(b)(4). Plaintiffs have retained counsel who is familiar with the factual and legal bases for the prosecution of this class action and has the resources to prosecute this action. In any event, under the California Consumer Legal Remedies Act (CLRA), the DEFENDANTS can be held liable for the costs

of notice. Plaintiffs and their counsel are committed to the vigorous prosecution of this action on behalf of the Class. Neither Plaintiffs nor their counsel have any interests adverse to those of the Class.

**B. There Is an Existence and Predominance of Common Questions of Fact and Law, And Trying the Cause as a Class Action is Superior.**

**Predominance:** This class action should be maintained because numerous questions of law and fact exist that are common to the Plaintiffs and the Class. Those common questions predominate over any questions that may affect individual members of the Class, within the meaning of Fed. R. Civ. P. 23(a)(2) and (b)(3), and Cal. Civ. Code §1781(b). Common questions of law and fact include, but are not limited to, the following:

a. Whether DEFENDANTS breached a contract;

b. Whether DEFENDANTS breached a warranty;

c. Whether DEFENDANTS concealed material information from the Plaintiffs, members of the Class, and the general public concerning the actual goods and services to be provided by under the Extended Warranties;

d. Whether DEFENDANTS concealed material information from the Plaintiffs, members of the Class, and the general public as part of a general scheme of deception;

e. Whether DEFENDANTS engaged in a fraudulent, unlawful and/or deceptive scheme of marketing and selling Class Devices and Extended Warranties;

f. Whether DEFENDANTS engaged in unfair competitive practices in the marketing and selling of Class Devices and Extended Warranties;

g. Whether DEFENDANTS violated labeling requirements of the law applicable to the sale of refurbished, secondhand, reconditioned, or used merchandise.

h. Whether DEFENDANTS are liable to members of the Class for damages;

i. Whether DEFENDANTS unjustly enriched themselves at the expense of members of the Class; and

Plaintiffs' Original Class Action Complaint

j.   Whether members of the Class are entitled to compensatory damages and, if so, the nature and extent of such damages.

k.   Whether DEFENDANTS trained their employees so that they did not disclose to consumers that new Class Devices would rarely, if ever, be provided in satisfaction of claims under Extended Warranties; and

l.   Whether DEFENDANTS trained their employees to sell Class Devices in such a way that consumers were led to believe that they were new when they were not in fact new.

**Superiority:** Further, this class action should be maintained because pursuing this cause as a class action is superior to other methods of adjudication as required by Fed. R. Civ. P. 23(b)(3) and Cal. Civ. Code §1781(b).  The Plaintiffs and members of the Class have suffered, and will continue to suffer, economic harm and damages as a result of DEFENDANTS' unlawful and wrongful conduct. Absent a class action, most members of the Class would likely find the cost of litigating their claims to be prohibitive, and would thus have no effective access to the courts or remedy at law. Given that many members of the Class own Class Devices that are still subject to Extended Warranties, those members would run the risk of retaliation, in the form of deliberately inferior warranty service and otherwise, if they were to serve as named plaintiffs in individual suits against these DEFENDANTS. The class treatment of common questions of law and fact also is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

26.     Plaintiffs seek nationwide certification. Plaintiffs allege that nationwide class certification is superior to all other available methods for the fair and efficient adjudication of this action, particularly in light of marketing APPLE Class Devices over the internet.

27.     APPLE specifies California law and venue in California for disputes concerning the subject products and services. California law thus applies under the explicit language of the Terms and Conditions of the Extended Warranties provided by DEFENDANTS, which provides: "These Terms and

Plaintiffs' Original Class Action Complaint

Conditions are governed by the laws of the State of California (without giving effect to its conflict of law provisions)." *See* **Exhibit B; Exhibit C**.

28.     In addition, the conduct that is complained of herein, in approving of the statements and omissions to state the true facts concerning the policies as to the Extended Warranties and sales of the Class Devices, as well as the training of employees as to those policies and the policies themselves, emanated from Apple, Inc.'s headquarters in Cupertino, California, giving California a strong interest in applying its laws to such conduct affecting persons affected by these policies nationwide.

This case presents common issues of fact and law that are appropriate for issues of class certification under Fed. R. Civ. P. 23(c)(4); and the management of this action may be facilitated through the certification of additional subclasses under Rule 23(c)(5), if necessary and appropriate.

## VI.     CAUSES OF ACTION

### BREACH OF CONTRACT

29.     Plaintiffs re-allege each and every allegation set forth above.

30.     Plaintiffs and the Class Members entered into a contract with APPLE.  Plaintiffs and the Class Members met their obligations under the contract; specifically, by tendering money to APPLE, either directly or as intended beneficiaries or as the recipients of a transferred Apple Plan.  APPLE accepted the monies and agreed to provide new replacement Devices under the Apple Plans.  Plaintiffs and the Class Members properly tendered their Devices to APPLE under the Apple Plans and were entitled to new Devices.  APPLE breached the contract by providing refurbished Devices, not new Devices.  As a result of APPLE's breach, Plaintiffs and the Class Members have suffered damage.

31.     Further, APPLE provided Class Members with Devices that were not new or equivalent to new in performance and reliability, either at the time of initial purchase (such as when a consumer was experiencing a service event and was permitted to purchase an Apple Plan at that time), or when they attempted to use one of their two service event replacements under the terms of their Apple Plan. At such times, Class Members expended monies for the initial purchase price of the Apple Plan and for the cost of what they believed to be new Devices, and/or had to pay the cost associated with making a

claim under their Apple Plan (or were the intended beneficiaries of such expenditures, or had an Apple Plan transferred to them).

32.     Plaintiffs and the Class Members were thereby deprived of the use and value of their original Devices, which APPLE takes possession of pursuant to the terms of the Apple Plans as part of a replacement incident, and did not receive the benefit of the bargain in that they did not receive replacement Devices that were new or equivalent to new in performance and reliability.  Plaintiffs and the Class Members suffered economic loss, in at least the amount of the cost of the Apple Plans, the amount of the loss of the value of their original Devices, which were not refurbished, and the purchase cost and replacement cost paid to APPLE, as well as the difference between the value of a Device that was not new or equivalent to new in performance and reliability and the value of a new Device.

33.     Plaintiff MCRIGHT timely provided APPLE with pre-suit written notice of its breach of contract via hand delivery and certified mail return receipt requested on August 3, 2015, thereby providing APPLE with an opportunity to correct or otherwise rectify the problems alleged herein before this Complaint was filed.  Plaintiff MALDONADO timely provided APPLE with pre-suit written notice of its breach of contract via certified mail return receipt requested on September 11, 2015, thereby providing APPLE with an opportunity to correct or otherwise rectify the problems alleged herein before this Complaint was filed.  APPLE did not avail itself of that opportunity.

**BREACH OF WARRANTY**

34.     Plaintiffs re-allege each and every allegation set forth above, and incorporate by reference the previous allegations as if they were fully set forth herein.

35.     APPLE's Extended Warranties are express warranties under California law.  APPLE breached and continues to breach its express warranties as they do not provide new or the equivalent to new Devices as promised.  APPLE sells refurbished and used Devices under their Extended Warranties.  There is a value, reliability, and performance difference between a new and a refurbished Device.  Plaintiffs and the Class Members were thereby deprived of the use and value of their original Devices, which APPLE takes possession of pursuant to the terms of the Apple Plans as part of a replacement incident, and did not receive the benefit of the bargain in that they did not receive replacement Devices

Plaintiffs' Original Class Action Complaint

that were new or equivalent to new in performance and reliability. Plaintiffs and the Class Members suffered economic loss, in at least the amount of the cost of the Apple Plans, the amount of the loss of the value of their original Devices, which were not refurbished, and the purchase cost and replacement cost paid to APPLE, as well as the difference between the value of a Device that was not new or equivalent to new in performance and reliability and the value of a new Device.

36.     Plaintiffs and the proposed Class Members have been and continue to be damaged by APPLE's breach of its express warranties because Plaintiffs and Class Members have received replacement Devices that were not new or equivalent to new in performance and reliability. Furthermore, as a result of APPLE's breach of its express warranties, Plaintiffs and Class Members have suffered damages in an amount to be determined at trial.

37.     Plaintiff MCRIGHT timely provided APPLE with pre-suit written notice of its breach of contract via hand delivery and certified mail return receipt requested on August 3, 2015, thereby providing APPLE with an opportunity to correct or otherwise rectify the problems alleged herein before this Complaint was filed. Plaintiff MALDONADO timely provided APPLE with pre-suit written notice of its breach of contract via certified mail return receipt requested on September 11, 2015, thereby providing APPLE with an opportunity to correct or otherwise rectify the problems alleged herein before this Complaint was filed.

**VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT**

38.     Plaintiffs incorporate by reference the previous allegations as if they were fully set forth herein.

39.     This Count is brought on behalf of the individual Plaintiffs and members of the Class against DEFENDANTS pursuant to the Consumers Legal Remedies Act, California Civil Code §1750 *et seq*. Each Plaintiff and Class member is a "consumer" as that term is defined by CLRA §1761(d) because each bought Class Devices and/or Extended Warranties for personal, family, or household purposes.

40.     Plaintiffs and members of the Class have engaged in a "transaction" with APPLE as that term is defined by CLRA §1761(e).

Plaintiffs' Original Class Action Complaint

41.     Plaintiffs, through counsel, served a demand letter upon DEFENDANTS as required by CLRA §1782(a). More than thirty days after delivery of said demand, DEFENDANTS have not ceased to engage in the conduct at issue or otherwise complied with the requests of the demand.

42.     The conduct alleged in this Complaint constitutes deceptive and/or false advertising and unfair and deceptive acts and practices for the purposes of the CLRA, and was undertaken by DEFENDANTS in transactions intended to result in, and which resulted in, the sale of goods and services to consumers.

43.     By engaging in the conduct alleged in this Complaint, DEFENDANTS have violated numerous provisions of CLRA, Cal. Civ. Code §1770, including subsections (a)(1), (a)(2), (a)(5), (a)(6), (a)(7), (a)(9), (a)(14) and (a)(16), by engaging in unlawful transactions resulting in the sales of goods and services to the Plaintiffs, and similarly situated persons in Texas, California, and throughout the United States. Consumers, such as Plaintiffs MALDONADO and MCRIGHT, unknowingly purchased the Extended Warranties as a result of DEFENDANTS' actions and suffered at a minimum economic injury by doing so. Plaintiff, and similarly situated members of the Class, suffered an economic injury when they were induced to buy either new or secondhand products and extended warranties they otherwise would not have purchased.

44.     CLRA §1770(a)(5) prohibits the conduct of "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . .." This statute was violated in the sale of AppleCare+ to MALDONADO and MCRIGHT because the Extended Warranties did not have the characteristics, ingredient, uses, or benefit of providing new or equivalent to new in performance or reliability (which can only be new) Class Devices, as promised by the AppleCare+ Terms and Conditions.  As such, unlike what had been represented to Plaintiffs, a replaced Class Device would be refurbished and/or reconditioned and/or secondhand.

45.     Additionally, Plaintiff MALDONADO is informed and believes that the replacement Class Devices she received (the first on October 24, 2012 and the second on May 22, 2015) were actually reconditioned and/or refurbished, and/or secondhand.  The first iPad (item number S4750Z/A) was represented as a new device on the sales receipt, which stated that the device was a "NEW IPAD DISC

Plaintiffs' Original Class Action Complaint

OOW REPAIR W/AC+ RETAIL." The second iPad was obtained under the AppleCare+ plan, which extended the 1-year manufacturer's warranty, and was listed on the sales receipt as an "IPAD/IPAD AIR FLAT RATE RETAIL."  The Class Devices MALDONADO received were certainly not new, nor the equivalent to new in performance and reliability.  Additionally, Apple, Inc. and AppleCare Service Company, Inc., and Apple, CSC, Inc. failed to provide Plaintiff MCRIGHT with a Device that was new and/or is the "equivalent to new in performance and reliability", thereby breaching the contract and/or warranties with Plaintiff MCRIGHT, in fact the phones had issues functioning.

46.     By representing that services, namely Extended Warranties, sold and administered by the DEFENDANTS, had characteristics and benefits which they did not have, in that the DEFENDANTS represented that the replacement devices under the Extended Warranties would be new devices or equivalent to new in performance and reliability, DEFENDANTS violated the CLRA.

47.     CLRA §1770(a)(6) prohibits the conduct of "Representing that goods are original or new if they have deteriorated unreasonably or are altered, reconditioned, reclaimed, used, or secondhand." This subsection was violated with respect to Plaintiffs MALDONADO and MCRIGHT because they read the Terms and Conditions prior to purchasing AppleCare+ and relied on the Terms and Conditions, which said that replacement devices were new or equivalent to new in performance and reliability. Furthermore, they were told the Extended Warranties would provide for new Class Devices and not refurbished and/or reconditioned and/or secondhand Class Devices. Additionally, when MALDONADO was replacing her old iPad and purchasing an iPad and Extended Warranty (on October 24, 2012), she was not told that she was, in fact, getting a refurbished iPad. As discussed above, the sales receipt listed the device as "new." Similarly, MALDONADO received a used, secondhand, and/or refurbished device in the May 22, 2015, transaction. This device was not new or equivalent to new in performance and reliability, as represented under the AppleCare+ plan. These misrepresentations were in violation of the CLRA.

48.     When MCRIGHT was replacing her cracked iPhone 6 and purchasing an iPhone 6 and Extended Warranty (on September 24, 2014), she was not told that she was, in fact, getting a refurbished iPhone. As discussed above, the sales receipt listed the device as "new." Similarly, MCRIGHT received

Plaintiffs' Original Class Action Complaint

a used, secondhand, and/or refurbished device in the July 24, 2015, transaction. This device was not new or equivalent to new in performance and reliability, as represented under the AppleCare+ plan. These misrepresentations were in violation of the CLRA.

49.   CLRA §1770(a)(7) prohibits the conduct of "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." This subsection was violated with respect to Plaintiffs MALDONADO and MCRIGHT because APPLE represents that it will provide consumers with new or equivalent to new in performance and reliability devices under the AppleCare+ service plan. However, what APPLE often provides consumers with are used, secondhand, and/or refurbished devices that are not new or equivalent to new in performance and reliability.   Additionally, MALDONADO received used, secondhand, and/or refurbished iPads from the October 24, 2012, and May 22, 2015 transactions. In the first transaction, the sales receipt listed the iPad as new when it was not. In the second transaction, the iPad MALDONADO received under the service plan was not new or equivalent to new in performance and reliability as represented by the AppleCare+ Terms and Conditions. Similarly, MCRIGHT received used, secondhand, and/or refurbished iPhones from the September 18, 2013, May 16, 2014, and July 4, 2015 transactions.   In each transaction, the iPhones were packaged in plain boxes and were not new or equivalent to new in performance and reliability as represented by the AppleCare+ Terms and Conditions.

50.   DEFENDANTS violated the CLRA by representing that services, namely Extended Warranties sold and administered by the DEFENDANTS, were of a particular standard and quality, when they in fact were of a different and inferior standard and quality, in that the DEFENDANTS represented that the replacement devices under the Extended Warranties would be new devices, or used devices that were equivalent to new in performance and reliability, when in fact new devices were rarely, if ever, provided.

51.   CLRA §1770(a)(9) prohibits the conduct of "advertising goods or services with intent not to sell them as advertised." This subsection was violated because APPLE advertises verbally that the Extended Warranties provide new Class Devices. APPLE advertises in printed material and on the

Plaintiffs' Original Class Action Complaint

internet on its website that the Extended Warranties provide new or the "equivalent to new in performance and reliability" replacement Class Devices. APPLE does not in fact intend to sell these goods or services as advertised. Plaintiffs believe that APPLE generally does not provide new Class Devices.

52.    DEFENDANTS violated the CLRA by advertising services with intent not to sell them as advertised, in that the DEFENDANTS advertised the sale of Extended Warranties under which replacement devices would be new devices, or used devices which were equivalent to new in performance and reliability, when in fact new devices were rarely, if ever, provided.

53.    CLRA §1770(a)(14) prohibits "Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." Subsection (a)(16) prohibits the conduct of "Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not." DEFENDANTS violated CLRA §1770 subsections (a)(14) and (a)(16) by representing to Plaintiffs MALDONADO and MCRIGHT that the Extended Warranties entitled them to new Class Devices in the event of repair or replacement. DEFENDANTS further violated these subsections by providing MALDONADO and MCRIGHT with replacement Class Devices that were not new or equivalent to new in performance and reliability.

54.    The Named Plaintiffs, and other purchasers of APPLE Class Devices and Extended Warranties, within Texas, California and throughout the United States, suffered economic loss, as well as other damages, as a result of DEFENDANTS' misrepresentations.

55.    Plaintiffs seek an order awarding actual damages and, because DEFENDANTS engaged in the conduct alleged herein deliberately and with willful and malicious intent, punitive damages. The total amount of damages suffered by Plaintiffs and the Class will be proved at trial

556.    Plaintiffs also seek an order or orders enjoining DEFENDANTS from violating the CLRA by issuing, *inter alia* –

(a) An order that DEFENDANTS cease and desist from replacing damaged or defective Class Devices with used, reconditioned, refurbished, or secondhand devices under existing Extended Warranties; and

Plaintiffs' Original Class Action Complaint

(b) An order that DEFENDANTS cease and desist from advertising that a new Class Device will be replaced with either (i) a new device or (ii) a used or reconditioned device equivalent to new in performance and reliability;

(c) An order that DEFENDANTS clearly identify which Class Devices, in fact, are refurbished, reconditioned, secondhand, or used; and

(d) An order that DEFENDANTS cease and desist from selling Extended Warranties unless and until DEFENDANTS comply with the orders requested above.

**FRAUD**

57.     Plaintiffs incorporate by reference the previous allegations as if they were fully set forth herein.

58.     At all times relevant herein, DEFENDANTS made misrepresentations of material fact to Plaintiffs and the Class (a) regarding the actual quality of service provided pursuant to the Extended Warranties; (b) regarding the rights of consumers to return or cancel the Extended Warranties; and (c) regarding the nature of Class Devices sold to consumers.

59.     DEFENDANTS have also concealed material facts from Plaintiffs and the Class, including the following:

a) that new Class Devices are not routinely provided under the Extended Warranties; and

b) that consumers can cancel or return the Extended Warranties for a full refund more than thirty days after purchase of the same; and

c) that Class Devices purchased in APPLE Stores by consumers who are led to believe they are receiving a new Class Device are not always new Class Devices, but are refurbished, reconditioned, secondhand, or used.

60.     DEFENDANTS had a duty to disclose these facts by virtue of (a) DEFENDANTS' exclusive knowledge about the quality of the replacement Class Devices and its awareness that Plaintiffs were not reasonably likely to discover these facts; (b) DEFENDANTS' active concealment of those facts from Plaintiffs and members of the Class (by, *inter alia*, making false representations about the nature and quality of DEFENDANTS' obligations under the Extended Warranties); and (c) DEFENDANTS'

Plaintiffs' Original Class Action Complaint

statutory and common law obligations to disclose material information to the consumers of Class Devices, as alleged herein. Plaintiffs would have acted differently if DEFENDANTS had disclosed this information to them and allowed them to make a fully-informed decision before purchasing Class Devices and/or Extended Warranties.

61.     DEFENDANTS' misrepresentations of material fact are uniform. APPLE represented to MALDONADO and MCRIGHT, both in the AppleCare+ terms and conditions and, in the case of MALDONADO, on the sales receipts, that they would receive new replacement Class Device, and they and other Class members saw the same information from DEFENDANTS and were treated in the same way by APPLE employees acting under APPLE's policies. The Apple Protection Plan and AppleCare+ warranties are the same for all Class members.

62.     The facts that DEFENDANTS have concealed from consumers are similarly material and uniform. DEFENDANTS made the misrepresentations of material facts and omitted the material facts alleged herein intentionally and/or recklessly, with the intention that Plaintiffs and members of the Class would rely on them. Plaintiffs and the proposed Class relied on DEFENDANTS' misrepresentations and would have acted differently had the omitted facts been disclosed to them. For instance, there are numerous extended warranties for APPLE products on the market with better terms than APPLE's Extended Warranties. If Plaintiffs had known they were not going to receive new replacement Class Devices, they would not have purchased the Extended Warranties, or the Class Devices, from DEFENDANTS.

63.     As a proximate result of DEFENDANTS' misrepresentations and concealment and suppression of material facts, Plaintiffs and the proposed Class have sustained damage by, *inter alia*, (a) paying for Class Devices that they would not have purchased if DEFENDANTS had not misrepresented and concealed the facts alleged herein; (b) paying for Extended Warranties that did not provide the quality of replacement Class Devices as represented by DEFENDANTS; and (c) being forced to pay for the repair or replacement of Class Devices, often multiple times due to the inferior quality of previous repairs or replacements.

Plaintiffs' Original Class Action Complaint

64.     Because DEFENDANTS engaged in the conduct alleged herein deliberately and with willful and malicious intent, Plaintiffs and the proposed class are entitled to an award of punitive damages. The total amount of damages suffered by Plaintiffs and the Class will be proved at trial. Plaintiffs and members of the proposed Class are entitled to legal and equitable relief against DEFENDANTS, including damages, specific performance, rescission, restitution, attorneys' fees, costs of suit, and other relief, as appropriate.

**VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW**

65.     Plaintiffs incorporates by reference the previous allegations as if they were fully set forth herein.

66.     This Count is brought pursuant to the False Advertising Law, California Business & Professions Code §17500 *et seq*.

67.     This claim is asserted by the Plaintiffs on their own behalf and on behalf of all other similarly situated members of the Class and against all DEFENDANTS.

68.     Plaintiffs allege that the DEFENDANTS' misrepresentations were an immediate cause of the injury-causing conduct.

69.     Plaintiffs allege that DEFENDANTS, regarding transactions within Texas, California, and throughout the United States of America and District of Columbia, caused to be made and disseminated untrue and misleading statements concerning personal property, namely Class Devices, and concerning services, namely fulfillment of Extended Warranties, which statements were known by DEFENDANTS to be untrue and misleading, with the intent not to sell the personal property and services as advertised.

70.     DEFENDANTS caused this making and dissemination of untrue and misleading statements through advertising, statements of warranty terms, and through direct contact with consumers, and by omitting material information in such advertising, statements of warranty terms, and direct contact with consumers, including the named Plaintiffs and other purchasers of APPLE Class Devices and APPLE Extended Warranties. Affirmative statements that were untrue and misleading included, but were not limited to, (a) statements that new devices would be provided to replace Class Devices under

Plaintiffs' Original Class Action Complaint

the Extended Warranties; and (b) that Class Devices being purchased were new when they were not. MALDONADO was told she would receive a new as a replacement, and was led to believe that the iPad she purchased from an Apple Store on October 24, 2012 was new when in fact it was not.

71.     Plaintiffs are informed and believe that new devices were rarely, if ever, used for purposes of satisfying Extended Warranty claims. Furthermore, in many instances DEFENDANTS entirely failed to disclose, by any means likely to reach consumers, the likelihood that used or reconditioned devices would be used to fulfill the terms and conditions of the Extended Warranties. For example, consumers are not given the terms and conditions of the Extended Warranties at the time of purchase. The only indication of the location of the terms and conditions is an inconspicuous website address printed on hard copy receipts. Consumers who opt to receive an emailed receipt may not even get this obscure reference to a website address.

72.     As a result, the named Plaintiffs and other purchasers of APPLE Class Devices and APPLE Extended Warranties, within Texas, California, and throughout the United States, suffered economic loss as a result of DEFENDANTS' misrepresentations. Plaintiffs and similarly situated members of the Class suffered an economic injury when they were induced to buy a product they otherwise would not have purchased. Plaintiffs relied on the false representations made by DEFENDANTS that the replacement devices would be new, which induced them to purchase the Class Devices, as well as induced them to purchase the Extended Warranties. There are numerous extended warranties for APPLE products on the market with better terms than APPLE's Extended Warranties, especially at the time of MALDONADO's and MCRIGHT'S purchases. If Plaintiffs had known they was not going to receive new replacement Class Devices, they would not have purchased the Extended Warranties, or the Class Devices, from APPLE.

73.     Therefore, Plaintiffs and members of the proposed Class are entitled to legal and equitable relief against DEFENDANTS, including restitution, injunctive relief, attorneys' fees, costs of suit, and other relief, as appropriate.

**VIOLATION OF SECONDHAND MERCHANDISE LABELING LAW**

Plaintiffs' Original Class Action Complaint

74.     Plaintiffs incorporate by reference the previous allegations as if they were fully set forth herein.

75.     This Count is brought pursuant to the provisions of California Business & Professions Code §17531, which is captioned "Secondhand, used, defective, second grade, or blemished merchandise; required statement."

76.     This claim is asserted by Plaintiffs on their own behalf and on behalf of all other similarly situated members of the Class and against all DEFENDANTS.

77.     Plaintiffs allege that DEFENDANTS, regarding transactions in the State of Texas, the State of California, and throughout the United States and District of Columbia, did unlawfully advertise, call attention to, and give publicity to the sale of secondhand, used, and defective merchandise, without conspicuously displaying directly in connection with the name and description of the merchandise a direct and unequivocal statement which would clearly indicate that the merchandise so advertised and publicized was secondhand, used, or defective.

78.     In direct sales and in fulfillment of the Extended Warranties that were sold to the named Plaintiffs and similarly situated consumers—warranties that had the purported purpose of providing new replacement Class Devices —DEFENDANTS utilized secondhand, used, and defective replacement devices without conspicuously displaying a label or other notice on the replacement devices and parts, or on boxes or other containers for said replacement devices, indicating that the replacement devices were secondhand, used, or defective. For instance, the Class Devices given to MALDONADO and MCRIGHT came out of plain white boxes. DEFENDANTS contend that no new devices are provided under the Extended Warranties; therefore, the boxes and or devices given to MALDONADO and MCRIGHT should have been labeled secondhand, used or defective. Merchandise is considered secondhand if any part of it has been replaced with materials that are not new. *See* Cal. Bus. & Prof. Code §17531.

79.     If such notice had been provided, it is likely that consumers would have insisted on knowing the actual condition of the replacement devices before accepting the devices in fulfillment of the Extended Warranties.

Plaintiffs' Original Class Action Complaint

80.     DEFENDANTS have also sold secondhand, refurbished, used, or defective goods to the public, representing that Class Devices are new when they are not. Plaintiff MALDONADO'S experience is representative of the quality of merchandise received by many consumers. For instance, the Class Device given to MALDONADO on or about October 24, 2012, was taken out of a plain box by the APPLE Store employee. This Class Device did not function adequately, as it would freeze up, i.e. stop working without warning, and even would "close" unexpectedly. It is MALDONADO'S information and belief that this Class Device was a refurbished, reconditioned, or second hand iPad, and is not equivalent to new in performance and reliability of a new iPad Class Device. MALDONADO paid $249.00 for this Class Device and $99.00 for an Extended Warranty.

81.     Plaintiffs have suffered injury in fact and have lost money or property as a result of the conduct described above. As a result, the named Plaintiffs and other purchasers of APPLE Class Devices and APPLE Extended Warranties have suffered economic loss as a result of DEFENDANTS' failure to provide such notice.

82.     Therefore, Plaintiffs and members of the proposed Class are entitled to legal and equitable relief against DEFENDANTS, including damages, specific performance, rescission, restitution, attorneys' fees, costs of suit, and other relief, as appropriate.

**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**

83.     Plaintiffs incorporate by reference the previous allegations as if they were fully set forth herein.

84.     This Count is brought pursuant to the Unfair Competition Law ("the UCL"), California Business & Professions Code §17200 *et seq.*

85.     This claim is asserted by Plaintiffs on their own behalf and on behalf of all other similarly situated members of the Class and against all DEFENDANTS.

86.     The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code §17200. The UCL provides that "unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice," including acts of intentional misrepresentation or concealment of material facts.

Plaintiffs' Original Class Action Complaint

87.     By committing the acts and practices alleged herein, DEFENDANTS have engaged in unlawful, unfair, and fraudulent business practices in violation of the UCL:

a) **Unlawful Conduct**: As a result of engaging in the conduct alleged in this Complaint, DEFENDANTS have engaged in unlawful conduct by virtue of (i) their fraudulent and deceitful conduct in violation of California Civil Code §§1709-1711; (ii) their violations of the Consumers Legal Remedies Act, California Civil Code §§1770 ((a)(1), (a)(2), (a)(5), (a)(6), (a)(7), (a)(9), (a)(14) and (a)(16); (iii) their violations of the False Advertising Law, California Business & Professions Code §17500 *et seq*; and (iv) their violations of California Business & Professions Code §17531.

b) **Unfair Conduct**: DEFENDANTS have violated the UCL by engaging in the unfair conduct alleged in this Complaint, including but not limited to, violating the statutes as listed above and by engaging in unfair competition. If MALDONADO had purchased the Best Buy warranty on February 15, 2013, instead of the APPLECare+ at the APPLE store, which she would have done had she known the true nature of the goods and services she was receiving from DEFENDANTS, the terms and conditions of the Best Buy extended warranty would have been drastically better. At that time (February 15, 2013), Best Buy had no deductible (but a monthly $14.99 fee), and an unlimited number of incidences, whereas APPLE charged $99.00 for the plan and had a $49.00 deductible per incident, with a limit of two incidences. *See http://www.geeksquad.com/ protection-plans/terms-and-conditions.aspx.* Thus, DEFENDANTS' actions are unfair and are depriving Plaintiff and members of the Class of true competition between companies vying for their business, and thus also depriving them of the best deals. UCL §17203 authorizes a private cause of action for injunctive relief against parties engaging in unfair competition. DEFENDANTS' actions are also unfair as they failed to disclose the used or reconditioned nature of the Class Devices when selling them as if they were new, which is in violation of California's public policy as expressed in Cal. Business & Professions Code §17531, regardless of whether DEFENDANTS' actions violated the

Plaintiffs' Original Class Action Complaint

letter of the law or not. The public has no way to distinguish "new" versus "refurbished" or "used" electronic devices and DEFENDANTS have unfairly taken advantage of this fact.

     c) **<u>Fraudulent Conduct</u>**: DEFENDANTS have violated the UCL by engaging in the fraudulent and deceitful conduct alleged generally in this Complaint. A reasonable consumer is likely to have been misled by DEFENDANTS' practices, representations, and omissions as to the true nature of the Extended Warranties, and is also likely to have been misled by Class Devices being represented as new when they were not.

88.    DEFENDANTS continue to violate the UCL as they have not changed their business acts or practices upon receipt of Plaintiff's notice. Further, as a direct and proximate result of APPLE'S violations of the UCL, Plaintiff and Class members have suffered actual damage in that they purchased Class Devices and/or Extended Warranties that they otherwise would not have had DEFENDANTS not represented that replacement Class Devices would be new.

89.    Pursuant to §17203 of the UCL, Plaintiffs and the Class seek an order that (a) enjoins DEFENDANTS from continuing to provide inferior replacement Class Devices and/or parts, and from continuing to make false representations to consumers that they will receive new Class Devices and/or parts pursuant to the Extended Warranties; (b) requires DEFENDANTS to honor the terms of the Extended Warranties as they are represented to consumers; (c) enjoins DEFENDANTS from continuing to make false representations regarding the characteristics and benefits of the Extended Warranties, and the nature and quality of the replacement Class Devices and/or parts; and (d) requires DEFENDANTS to make full restitution of all monies wrongfully obtained from its violations of the UCL, as alleged in this Complaint; and (e) requires DEFENDANTS to pay Plaintiffs' and the Class's attorneys' fees and costs.

## VII.   INJUNCTIVE RELIEF

90.    Plaintiffs re-allege each and every allegation set forth above.

Plaintiffs' Original Class Action Complaint

91.     As set forth above, Plaintiffs and the Class Members entered into a contract with APPLE. APPLE breached this contract by not providing new or equivalent to new Devices to Plainiff and the Class Members.  APPLE should be enjoined from continuing the practice of breaching their contract to Plaintiffs and the Class Members.  While Plaintiffs may recover some damages by way of this lawsuit, there are certain damages for which there is no adequate remedy at law for such harm.  If APPLE is not so enjoined, Plaintiffs and the Class Members (and future Class Members) will suffer irreparable harm in incurring costs and expense and time, in repeatedly returning Devices to APPLE until APPLE actually honors their agreement; and will be provided with deficient Devices.

92.     The Defendants are providing used or refurbished Devices to those putative Class Members who have purchased the Apple Plans (or were the intended beneficiaries of such purchases, or had an Apple Plan transferred to them).  Such is a breach of contract and/or breach of warranty. Defendants cannot establish that a refurbished Device will ever meet the promises it makes in the contract or warranties at issue between the parties.  Defendants' continued breaches of the contract at issue should be enjoined, by forcing through judicial action Defendants to provide new Devices to those putative Class Members who seek replacement of their Devices, or demonstrating that each Device provided is in fact equilavent to a new Device in all relevant respects (Defendants cannot do so).

93.     Therefore, Plaintiffs seek the entry of a preliminary and permanent injunction.

94.     Plaintiffs request that the Court enter a preliminary and permanent injunction:

    a.      Requiring Defendants to honor their contractual agreement to provide new replacement Devices under the Apple Plans.

95.     Plaintiffs will likely suffer irreparable injury if injunctive relief is not granted as they have been and will continue to suffer property damage and nuisance if the relief is not granted.

96.     The requested injunctive relief will not adversely affect public policy or the public interest. Rather, the entry of the requested injunctive relief will favorably affect the public interest.

97.     Plaintiffs are willing to post an appropriate bond in support of the requested injunctive relief.

Plaintiffs' Original Class Action Complaint

## PRAYER

WHEREFORE, Plaintiffs and the Class Members demand judgment against Defendants Apple, Inc., AppleCare Service Company, Inc., and Apple CSC, Inc. as follows:

    a.  An order certifying the Class for the purpose of going forward with any one or all of the causes of action alleged herein; appointing Plaintiffs as Class Representatives; and appointing undersigned counsel as counsel for the Class;

**AS TO THE FIRST CAUSE OF ACTION**

(Breach of Contract)

    b.  For reimbursement, restitution, and other such equitable relief as may be necessary, including specific performance, restitution, disgorgement of profits, attorneys' fees, costs of suit, and other relief, as appropriate;

**AS TO THE SECOND CAUSE OF ACTION**

(Breach of Warranty)

    c.  For reimbursement, restitution, and other such equitable relief as may be necessary, including specific performance, restitution, disgorgement of profits, attorneys' fees, costs of suit, and other relief, as appropriate;

**AS TO THE THIRD CAUSE OF ACTION**

(The CLRA, Cal. Civil Code §1770 *et seq.*)

    d.  For an order awarding damages pursuant to CLRA §1780(a)(1);

    e.  For an order awarding restitution pursuant to CLRA §1780(a)(3);

    f.  For an order awarding punitive damages pursuant to CLRA §1780 (a)(4);

    g.  For an order awarding attorneys' fees pursuant to CLRA §1780(d);

    h.  For orders pursuant to CLRA §1780(a)(2) enjoining DEFENDANT from violating the CLRA such as, *inter alia* -

        (i)    An order that DEFENDANTS cease and desist from replacing damaged or defective Class Devices with used, reconditioned, refurbished, or secondhand devices; and

Plaintiffs' Original Class Action Complaint

(ii)     An order that DEFENDANTS, in the future, only make repairs to damaged or defective Class Devices under existing Extended Warranties with new parts; and

(iii)    An order that DEFENDANTS cease and desist from advertising that a new Class Device will be replaced with either (i) a new device or (ii) a used or reconditioned device that is equivalent of new, unless at least 50% of the replacements are new;

(iv)    An order that DEFENDANTS cease and desist from advertising that repairs to damaged or defective Class Devices pursuant to the Extended Warranties will be done utilizing a new part or utilizing a used or reconditioned device that is equivalent of new, unless that truly is the case;

(v)     An order that DEFENDANTS clearly identify which Class Devices, in fact, are refurbished, reconditioned, secondhand, or used and which contain used, reconditioned, refurbished, or secondhand parts; and

(vi)    An order that DEFENDANTS cease and desist from selling Extended Warranties unless and until DEFENDANTS comply with the orders requested above;

(vii)   An order enjoining any method, act or practice of DEFENDANTS found by the Court to violate CLRA §1770;

**AS TO THE FOURTH CAUSE OF ACTION**

(Fraud)

i.    For an order providing Plaintiffs and the proposed Class with legal and equitable relief against DEFENDANTS, including damages, specific performance, restitution, attorneys' fees, costs of suit, and other relief, as appropriate;

j.    For an award of monetary damages, including but not limited to, compensatory, incidental and consequential damages commensurate with proof at trial for the acts

Plaintiffs' Original Class Action Complaint

complained of herein; disgorgement of profits; and for an award of punitive damages in an amount consistent with applicable statutes and precedent;

**AS TO THE FIFTH CAUSE OF ACTION**

(California False Advertising Law, Cal. Bus. & Prof. Code §17500)

k.   For an order providing Plaintiffs and the proposed Class with equitable relief against DEFENDANTS, including specific performance, restitution, disgorgement of profits, attorneys' fees, costs of suit, and other relief, as appropriate;

**AS TO THE SIXTH CAUSE OF ACTION**

(Secondhand Merchandise Labeling Law, Cal. Bus. & Prof. Code §17531)

l.   For an order providing Plaintiffs and the proposed Class with legal and equitable relief against DEFENDANTS, including damages, specific performance, restitution, attorneys' fees, costs of suit, and other relief, as appropriate;

**AS TO THE SEVENTH CAUSE OF ACTION**

(The UCL, Cal. Bus. & Prof. Code §17200)

m.   For restitution, disgorgement of profits, and such other injunctive and equitable relief as may be necessary, including but not limited to an order pursuant to UCL Bus. & Prof. Code §17200 *et seq.* that:

(i)   enjoins DEFENDANTS from continuing to provide replacement Class Devices and/or parts that are not new, and from continuing to make false representations to consumers that they will receive new Class Devices and/or parts pursuant to the Extended Warranties;

(ii)   requires DEFENDANTS to honor the terms of the basic and Extended Warranties as they are represented to consumers, including a refund of the purchase price;

(iii)   enjoins DEFENDANTS from continuing to make false representations regarding the characteristics and benefits of the

Plaintiffs' Original Class Action Complaint

Extended Warranties, and the nature and quality of the replacement Class Devices and/or parts;

(iv)   requires DEFENDANTS to provide an accounting of all moneys received and profits made as a result of the acts and practices found to constitute unfair competition, and to make full restitution of all moneys wrongfully obtained from its violations of the UCL, as alleged in this Complaint; and

(v)   requires DEFENDANTS to pay Plaintiffs' and the Class's attorney fees and costs;

### AS TO ALL CAUSES OF ACTION

n.   For an award of attorneys' fees;

o.   For an award of costs;

p.   For an award of pre- and post-judgment interest on any amounts awarded;

q.   For any and all other relief the Court deems just and appropriate.

**Plaintiffs demand a trial by jury on all appropriate issues.**

Respectfully submitted,

Dated: July 20, 2016       */s/ Renee Kennedy*
                          Renee Kennedy

                          */s/ Peter Kafin*
                          Peter Kafin

**Attorneys for Plaintiffs VICKY MALDONADO and JOANNE MCRIGHT**

Plaintiffs' Original Class Action Complaint

30