UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKY MALDONADO, et al.,<br><br>   Plaintiffs,<br><br>      v.<br><br>APPLE, INC, et al.,<br><br>   Defendants. | Case No. 3:16-cv-04067-WHO<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 50 |

## INTRODUCTION

In this putative class action, plaintiffs Vicky Maldonado and Justin Carter accuse defendants Apple, Inc. and AppleCare Service Company, Inc. (dba Apple CSC, Inc. in Texas)(collectively, "Apple") of misrepresentations and breach of contract in connection with AppleCare+ (AC+), the extended service plans Apple offers to purchasers of specific devices, including iPhones and iPads. Plaintiffs allege that the replacement devices that Apple provided under AC+ were not (and can never be) "equivalent to new" if they are refurbished or otherwise not new. Their alleged injury in receiving replacement devices that were not "equivalent to new in performance and reliability" is sufficient to confer standing. They have plausibly pleaded breach of contract and statutory warranty claims. But they fail to allege actual reliance on the AC+ terms and conditions, so their misrepresentation/fraud based claims fail. Apple's motion to dismiss is GRANTED IN PART AND DENIED IN PART.

# BACKGROUND

## I. FACTUAL BACKGROUND

### A. AppleCare+

AC+ is a two-year, fee-based service plan that covers hardware and accidental damage. FAC ¶ 49. Consumers can purchase AC+ at the same time as, or within 60 days of, purchasing an eligible device. *Id*. ¶ 48. Prior to September 10, 2013, AC+ promised to "repair the defect [in material or workmanship] at no charge, using new or refurbished parts that are equivalent to new in performance and reliability" or "exchange the Covered [device] with a replacement product that is new or equivalent to new in performance and reliability, and is at least functionally equivalent to the original product." *Id*. ¶ 52. For accidental damage, a consumer could pay a $49 "service fee" for Apple to "repair the defect using new or refurbished parts that are equivalent to new in performance and reliability" or "exchange the Covered [device] with a replacement product that is new or equivalent to new in performance and reliability, and is at least functionally equivalent to the original product." *Id*. ¶¶ 53–54.

On September 10, 2013, Apple changed the terms of the AC+ service for hardware repairs, "removing any reference to refurbished parts and promising to 'repair the defect at no charge, using new parts or parts that are equivalent to new in performance and reliability.'" *Id*. ¶ 60, 63.[1]

---

[1] The exact terms of the agreement provide:

> 3.1 Hardware Service: If during the Plan Term, you submit a valid claim [of a defect in materials or workmanship,] Apple will either (a) repair the defect at no charge, using new parts or parts that are equivalent to new in performance and reliability, or (b) exchange the Covered Equipment, with a replacement product that is new or equivalent to new in performance and reliability. All replacement products provided under this Plan will at a minimum be functionally equivalent to the original product...
>
> 3.2 Accidental Damage from Handling: If during the Plan Terms you submit a valid claim notifying Apple that the Covered Device has failed due to accidental damage from handling ("ADH"), Apple will, subject to the service fee described below, either (i) repair the defect using new or refurbished parts that are equivalent to new in performance and reliability, or (ii) exchange the Covered Device with a replacement product that is new or equivalent to new in performance and reliability ...

Under the accidental damage provision, the "service fee" ranges from $29 to $79 to receive a replacement device or repair. *Id*. ¶ 64. AC+ has had different iterations since September 2013, but "the repair and replacement terms have remained the same." *Id*. ¶ 65. AC+ has a cancellation provision that allows consumers to cancel for a full refund within 30 days of purchase. AC+ Terms and Conditions ¶ 9 (Dkt. No. 1-3).

### B.     Plaintiffs' Experiences

On September 8, 2013, Maldonado purchased a fourth-generation iPad and AC+ from the Apple retail store in Sugarland, Texas. First Am. Compl. ("FAC") ¶¶ 85–86. On May 22, 2015, Maldonado took her iPad back to the Apple Store where she purchased it "because it was constantly restarting and having hundreds of panics each day." FAC ¶ 87. She received a replacement device under her AC+ coverage, but, over the next week, she experienced persistent issues with the device restarting several times a day, so she returned to the Apple store for a second replacement device. FAC ¶¶ 92–95.

Carter purchased an iPhone6+ and AC+ from an Apple Store in Jacksonville, Florida in April 2015. FAC ¶¶ 100–101. By the beginning of 2016, he began experiencing problems with the battery, but did not call AppleCare+ to report the problem until July. *Id*. ¶ 102. He received a replacement device the same month, and by October reported "the same battery issues." *Id*. ¶ 103. He received a second replacement iPhone6+ on October 28, 2016. *Id*. ¶ 104. "Before even opening the second iPhone6+, Carter had the phone professionally inspected[,]" *id*. ¶ 106, and discovered it was bent with "dented and scratched internal parts and components, including a dented loud speaker." *Id*. ¶ 107–08. Additionally, the rear camera flex cable had a hand engraved marking on it that appeared to be a "1." *Id*. ¶ 110. He continued experiencing battery issues with the second replacement device, reported the issues, and received a third replacement device on November 4, 2016. *Id*. ¶¶ 112–14. He had the third device professionally inspected as well, and discovered "it was slightly bent out of the box and had a few small scratches on the interior of the device." *Id*. ¶ 117.

---

AC+ Terms and Conditions ¶¶ 3.1, 3.2 (Dkt. No. 1-3).

## II.   PROCEDURAL BACKGROUND

Putative class counsel Renee Kennedy sought to represent a nearly identical class asserting substantially similar allegations against Apple in *English v. Apple Inc.*, et al, Case No. 3:14-cv-01619-WHO.[2]  On January 5, 2016, class certification was denied in that case, and Apple's motion for summary judgment was granted on January 11, 2017.  *English* Dkt. Nos. 225, 336.

Represented by the same counsel, Joanne McRight[3] and Vicky Maldonado filed this action on July 20, 2016, and filed the FAC on November 14, 2016, adding Justin Carter.  Dkt. Nos. 1, 45.  They assert the following causes of action: (1) breach of contract, FAC ¶¶ 130–39; (2) violation of the Magnuson-Moss Warranty Act, *id*. ¶¶ 140–158; violation of the Song-Beverly Consumer Warranty Act, *id*. ¶¶ 159–70; (3) violation of the Consumer Legal Remedies Act ("CLRA"), *id*. ¶¶ 171–186; (5) violation of California's False Advertising Law ("FAL"), *id*. ¶¶ 187–193; and (6) violation of the California Unfair Competition Law ("UCL"), *id*. ¶¶ 194–201.

They seek to represent a class defined as:

> All individuals who purchased AppleCare or AppleCare+ (either directly or through the iPhone Upgrade Program) on or after January 1, 2009, and received a replacement Device that contained used parts, including refurbished or remanufactured parts, or who purchased AppleCare+ on or after September 10, 2013, and had their Device repaired under the hardware provision with used parts, including refurbished or remanufactured parts.

---

[2] Apple requests the court take judicial notice of the following filings in *English*: (1) Order Denying Motion for Class Certification (Dkt. No. 225); (2) Order Denying Motion for Reconsideration (Dkt. No. 263); (3) Civil Minutes from January 20, 2015 telephone conference discussing discovery disputes (Dkt. No. 119); (4) Order Regarding Plaintiffs' Motion for Leave to File Third Amended Complaint and Parties' Joint Statement on Discovery Dispute (Dkt. No. 138); (5) Order Relating Cases (Dkt. No. 281); and (6) Declaration of Renee Kennedy in Support of Supplemental Motion for Extension of Time and Testing of Newly Discovered Evidence and Exhibit B thereto (Dkt. Nos. 295-1 and 295-3).  Defs.' Request for Judicial Notice (Dkt. No. 51).  Plaintiffs do not object to defendants' request.  Because the documents are materials from a proceeding in related litigation, they are appropriate for judicial notice and Apple's request is GRANTED.  *See Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005).

[3] McRight filed a nearly identical complaint a year earlier, on July 18, 2015.  *See* MTD at 4 n.5; *McRight v. Apple Inc.*, Case No. 5:15-cv-0330-HRL.  McRight voluntarily dismissed that complaint without prejudice after counsel filed a notice of related cases, stating that McRight and English involved "the exact same transactions and events ..., identical defendants, allegations based on these transactions and events, and similar proposed classes of plaintiffs."  *English* Dkt. No. 195 at 2; *see also* Dkt. No. 196 at 2–3.  McRight was represented by putative class counsel Kennedy in that matter as well.

1   FAC ¶ 122. On December 19, 2016, Apple moved to dismiss the FAC, or in the alternative, strike
2   the class allegations. Mot. to Dismiss ("MTD")(Dkt. No. 50). At the commencement of oral
3   argument on the motion to dismiss, Steve Berman of Hagens Berman Sobol Shapiro LLP
4   represented that he and his firm are lead counsel for plaintiffs and are responsible for the conduct
5   of plaintiffs' entire litigation team.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See*

5

*Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard where a complaint alleges fraud or mistake.  Under FRCP 9(b), to state a claim for fraud, a party must plead with particularity the circumstances constituting the fraud, and the allegations must be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong."  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.2009) (citation omitted).  "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."  *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

## DISCUSSION

### I.   PLAINTIFFS HAVE ARTICLE III STANDING

Apple argues that plaintiffs lack Article III standing because they do not allege any problems with their replacement devices that AC+ did not remedy.  MTD at 9–10; Reply at 2–4 (Dkt. No. 57).  It reasons that because Maldonado "does not claim that the second replacement iPad she received suffered from any defects or problems with performance or reliability[,]" she lacks any concrete, actual injury.  *Id*.  And Carter "does not allege that he ever used the [third replacement] iPhone at all, and thus could not plausibly allege that he suffered any injury as a result of receiving that iPhone."  *Id*. at 10.

Maldonado and Carter have standing.  Under Article III of the United States Constitution, a plaintiff must show "injury in fact" to have standing in federal court.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "A 'quintessential injury-in-fact' occurs when the 'plaintiffs spent money that, absent defendants' action, they would not have spent.'"  *Adkins v. Apple Inc.*, 147 F. Supp. 3d 913, 918 (N.D. Cal. 2014)(Order on Defs.' Mot. to Dismiss in *English*, Dkt. No. 78)(quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011)).

Apple's argument depends on ignoring plaintiffs' factual allegations as well as the nature of plaintiffs' asserted injury.  First, plaintiffs allege "that when Apple replaces a Device with one that has used, refurbished, or remanufactured parts, it is not new or equivalent to new in performance and reliability, and it can never be new or equivalent to new in performance and

reliability because of the load conditions." Opp'n at 3 (citing FAC ¶¶ 67–71, 78–84)(Dkt. No. 52).  They contend that they "need not allege that the [replacement devices] suffered from a defect or problem with performance[.]" *Id*. at 5.  I disagree with that assertion; they must point to some "problem" with their devices to support their allegations that the devices were not "new or equivalent to new in performance and reliability."  Otherwise, their injuries are merely "conjectural or hypothetical."  *Lujan*, 504 U.S. at 560.  But both Maldonado and Carter reported experiencing problems with at least one of their replacement devices soon after receiving them from Apple.  FAC ¶¶ 91–93; 103.  Further, Carter alleges that his device was bent, dented, and scratched out of the box.[4]  Apple maintains that allegations of external damage are insufficient— "Carter offers no explanation as to how the alleged markings have had any effect on the iPhones' performance or reliability."  Reply at 2.  While this may be true, that is not the only injury he alleges.

Plaintiffs urge, "Apple does not fulfill its AC+ obligations by simply providing a replacement Device," rather the "replacement Device must be new or equivalent to new in performance and reliability."  MTD at 4 (citing FAC ¶¶ 57, 62, 67–68, 73).  Moreover, "promptly provid[ing consumers] with a replacement" does not erase the alleged injury in receiving a device that did not perform as promised.  Accepting their allegations as true, it is reasonable to infer that the replacement devices were not "new or equivalent to new in performance and reliability," and therefore, they suffered an injury-in-fact by not receiving the benefit of their bargain with Apple.[5]

---

[4] Carter reportedly had his replacement devices professionally inspected, which led to the discovery of the internal dents and scratches.  FAC ¶¶ 106–117.  Apple urges that Carter's claims should be dismissed due to spoliation of the evidence.  MTD at 10.  While the reliability of the "evidence" may be questionable, Carter's acts do not amount to willful spoliation warranting dismissal.  *Cf. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006)("The district court concluded that Leon's behavior amounted to willful spoliation because he knew he was under a duty to preserve all data on the laptop, but intentionally deleted many files and then wrote a program to write over deleted documents.").  Further, plaintiffs highlight that dismissal due to spoliation would be premature without an evidentiary hearing.  Opp'n at 6–7 (citing *Rieve v. Coventry Health Care*, Inc., 870 F. Supp. 2d 856, 877–78 (C.D. Cal. 2012)).

[5] Apple argues that Carter's act of opening his replacement phones "nullif[ies] AppleCare's obligations under the agreement."  MTD at 11.  But Apple misunderstands the nature of Carter's claims, as AC+ merely provides that "damage caused as a result of opening the equipment is not covered by this Plan."  AC+ Terms and Conditions (Dkt. No. 1-3 at 10).  And further, "The Plan does not apply to damage caused by ... abuse, misuse ..., [or] service performed by anyone who is

Second, plaintiffs allege that had they "known [they] would receive a refurbished, remanufactured, or used replacement Device, [they] would not have purchased AC+ or would not have purchased it for the full contract price." Opp'n at 3 (Dkt. No. 52)(citing FAC ¶ 99). They claim that Apple misrepresents the types of devices it provides as replacements under AC+. Opp'n at 3–4. But, as currently pleaded in the FAC, this theory fails. Plaintiffs must plausibly allege reliance[6] on a purported misrepresentation to establish the causation element of standing. *Lujan*, 504 U.S. at 560 ("there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant'").

## II. PLAINTIFFS' BREACH OF CONTRACT, MAGNUSON-MOSS, AND SONG-BEVERLY CLAIMS ARE ADEQUATELY PLEAD

Apple argues that plaintiffs fail to allege a breach of contract because AC+ provides for a "new or equivalent to new" replacement device, which necessarily provides for two options: new or not new. MTD at 13. Because plaintiffs' replacement devices were either new or not new, Apple could not have breached the agreement. *Id*. As for the alleged statutory violations, Apple insists that "[b]ecause these claims are based on the same unreasonable and irrational reading of the contract's language, they should likewise be dismissed." MTD at 15.

"A cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (Ct. App. 2008). "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting... ." Cal. Civ. Code § 1636. Moreover, "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit... ." Cal. Civ. Code § 1638.

---

not a representative of Apple or an Apple Authorized Service Provider ('AASP')." *Id*. (Dkt. No. 1-3 at 8–9). Since Carter alleges the visual inspection merely detected the damage—not caused it—his actions should have no bearing on AppleCare's obligations to provide coverage, at least at this stage.

[6] *See* infra section III.A.

8

Plaintiffs allege that Apple breached its contract with them by failing to provide devices that were "new or equivalent to new." Opp'n at 9. They provide the "***how*** and ***why***" that Apple seeks, Reply at 6 (emphasis in original), by supporting their allegations with specific facts about the performance of their replacement devices, as well as additional contentions that "used, refurbished, or remanufactured parts can never be new or equivalent to new in performance and reliability."[7] *Id*. (citing FAC ¶¶ 78–84). Accepting their interpretation of AC+, plaintiffs' facts plausibly allege a breach of contract and statutory warranty violations.[8]

### III.  PLAINTIFFS' UCL, FAL AND CLRA CLAIMS FAIL

The FAL prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. and Prof. Code § 17500. "[A]ny violation of the false advertising law ... necessarily violates the DUCL." *Kasky v. Nike, Inc.* 27 Cal.4th 939, 950 (2002)(internal quotation marks and citation omitted). California's CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. And one of the prongs of California's UCL prohibits any "fraudulent business act or practice." Cal. Bus. and Prof.Code § 17200. Any claim arising under the FAL, CLRA or fraudulent practices prong of the UCL must be pleaded with particularity under Federal Rule of Civil Procedure 9(b). As described below, plaintiffs have not adequately pleaded reliance, necessitating a dismissal of those claims with leave to amend.

#### A.  Plaintiffs Fail to Allege Actual Reliance

Plaintiffs concede that their fraud-based claims must be plead with particularity under Federal Rule of Civil Procedure 9(b). *See* Opp'n at 13. Allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud

---

[7] Plaintiffs also "identify variations in the contracts to show that replacement Devices and parts cannot contain used or refurbished parts." Opp'n at 9. These allegations are relevant to their misrepresentation/omission-based claims, but not the breach of contract claim.

[8] In a footnote, Apple argues that "Carter's statutory claims fail because he cannot establish that any issues he experienced with the second replacement iPhones were not the result of his unauthorized and improper 'inspection' of that iPhone." MTD at 16 n.17 (alteration omitted)(citing Cal. Civ. Code 1794.3). While he may have trouble establishing that, it would be premature to dismiss his claims at this time when Apple has not even argued that the issues Carter experienced were caused by his professional's visual inspection.

9

charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003)(quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997)).

While plaintiffs argue that they fulfilled their duty to provide the requisite "who, what, when, where, and how" to provide Apple with notice, they seemingly concede that their "when" allegations lack the requisite specificity. *See* Opp'n at 13. Plaintiffs cannot meet their pleading requirements by merely concluding that they relied on the misrepresentations "prior to purchase" without alleging that they ever saw or read the alleged misrepresentations in the AC+ terms and conditions.[9] *See* MTD at 17; Reply at 8. Their accusations are insufficient to meet the particularity requirements of Rule 9(b).

### B.     Plaintiffs Adequately Allege Misrepresentation

This Order makes clear that plaintiffs' other allegations are plausible. Apple argues that "plaintiffs do not plead any actionable misrepresentation because AppleCare+ is not misleading or deceptive on its face." MTD at 17 (capitalization omitted). Plaintiffs' "claims under these California statutes are governed by the 'reasonable consumer' test." *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). This test requires a showing that "members of the public are likely to be deceived." *Id*. (quoting another source). While plaintiffs must plausibly allege their claims, "California courts ... have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Id*.

Apple perceives plaintiffs' theory of misrepresentation as follows: "[p]laintiffs allege that this provision [of AC+] is misleading because it does not warn customers that they may receive a replacement device that is not new." MTD at 18. Apple misstates the nature of plaintiffs' claims.

---

[9] Plaintiffs allege the following: "Maldonado relied on Defendants' representations that she would receive a new or equivalent to new Device when purchasing AppleCare+[,]" FAC ¶ 98; "Carter believed he was receiving iPhones that were new or equivalent to new in performance and reliability, based on the representations in his AppleCare+ contracts[,]" *id*. ¶ 119; "Carter, when purchasing AppleCare+, understood from Defendants' representations that he would receive a device that was new or equivalent to new in performance and reliability." *id*. ¶ 120.

Instead, plaintiffs allege that they were misled to believe that any device they received as a replacement would perform as "*equivalent* to new," when in fact, their replacement devices did not perform as such; moreover, that is an impossible standard to achieve. Contrary to Apple's position, plaintiffs' factual allegations are plausible.

Additionally, they allege misrepresentations in the choice to use "refurbished" in one context in the Apple contracts, but not in others. FAC ¶ 73 ("Defendants do not disclose in the Apple Contracts that replacement Devices will contain refurbished, remanufactured, or used parts, but instead represent that the parts are new or equivalent to new in performance and reliability."); *id*. ¶ 74 ("Apple Contracts state that certain repairs may use refurbished parts, indicating that 'new or equivalent to new in performance and reliability' cannot mean 'refurbished.'"). Accepting these allegations as true, they have plausibly alleged that the "equivalent to new" language is deceptive to a reasonable consumer.

### C. Plaintiffs Adequately Allege an Omission

Plaintiffs allege "the material omission that devices would be replaced or repaired with parts that are not new or equivalent to new, despite a misrepresentation to the contrary and use of parts failing to meet this quality guarantee." Opp'n at 17. Apple fails to persuade me that this alleged omission is insufficient. *See* Reply at 9–10 ("This theory is merely Plaintiffs' misrepresentation claims recast as an omissions claim, and fails for the same reasons.").

### D. UCL

To state a claim under the UCL's unlawful prong, plaintiffs must properly allege a violation of other laws. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010). Plaintiffs' claims under the CLRA, FAL, and warranty statutes are sufficient to state a claim under the UCL. *E.g.*, *Tietsworth v. Sears*, 09-cv-00288-JF, 720 F. Supp. 2d 1123, 1136 (N.D. Cal. 2010)(finding predicate violations of the CLRA, Song-Beverly Act, and Magnuson-Moss sufficient to state a claim under the unlawful prong of the UCL).

Under the unfairness prong, plaintiffs may allege that "the challenged business practice is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers[.]" *Herskowitz v. Apple Inc.*, 12-cv-02131-LHK, 940 F. Supp. 2d 1131, 1146 (N.D. Cal.

2013)(citations omitted).  This "requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim[.]"  *Id*.  Plaintiffs "allege that replacing a Device with another that is not equivalent to new as promised—and charging them to do so, in the case of accidental damage—is unscrupulous and injures consumers, outweighing the benefits."  Opp'n at 18.  In the case of accidental damage, plaintiffs are required to pay for a replacement device.  *Id*.  If consumers are not receiving the benefit of their bargain in the form of a replacement device that is "equivalent to new in performance or reliability," the potential for harm is considerable.  Plaintiffs' allegations also state a claim under the unfairness prong of the UCL.

## IV. CLASS ALLEGATIONS NEED NOT BE STRICKEN

Apple argues that the class claims should be stricken because "[t]his Court has already dismissed near-identical class allegations ***with prejudice*** in the duplicative and overlapping *English* action."  MTD at 21 (emphasis in original).  But plaintiffs point out that "[t]he FAC sets forth three causes of action that were not in the *English* complaint: breach of contract, violation of the Magnuson-Moss Warranty Act, and violation of the Song-Beverly Consumer Warranty Act."[10]  Opp'n at 20.  Moreover, plaintiffs identify other differences, such as a distinct basis for their UCL, FAL, and CLRA claims, and no lost incident theory or Secondhand Merchandising Claim.  *Id*.  Plaintiffs also allege that the court's concerns with adequacy of counsel are not an issue here because Hagens Berman is serving as lead counsel, per written agreement with Ms. Kennedy.  Opp'n at 21–22.  While I recognize Apple's point that the agreement between Ms. Kennedy and Hagens Berman "provides no assurance Hagens Berman will remain in this case for its duration[,]" that alone is insufficient to justify striking the class allegations at this stage.  Apple's arguments fail to convince me that the class allegations should be stricken.

## CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is GRANTED IN PART

---

[10] Apple points out that the First Amended Complaint in *English* included claims for "breach of warranty" and violation of Song-Beverly, Reply at 11, but that does not change my conclusion.

1  AND DENIED IN PART.  Plaintiffs shall file an amended complaint within 20 days.

2  **IT IS SO ORDERED.**

3  Dated: March 2, 2017

William H. Orrick
United States District Judge