PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
MARGARET E. MAYO (SBN 259685)
MMayo@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

PURVI G. PATEL (SBN 270702)
PPatel@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendants
APPLE INC., APPLECARE SERVICE
COMPANY, INC., and APPLE CSC INC.

SHANA E. SCARLETT (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: shanas@hbsslaw.com

STEVE W. BERMAN
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

[Additional Counsel on Signature Page]

Attorneys for Plaintiffs
VICKY MALDONADO and JUSTIN
CARTER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated, | Case No. 3:16-cv-04067-WHO |
|---|---|
| Plaintiffs, | Related Case: *English v. Apple Inc., et al.* Case No. 3:14-cv-01619-WHO |
| v. | **STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |
| APPLE INC., APPLECARE SERVICE COMPANY, INC., and APPLE CSC INC., Defendants. | Courtroom 2, 17th Floor Judge William H. Orrick |
|  | Complaint Filed:  July 20, 2016 Trial Date:  December 10, 2018 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs Vicky Maldonado and Justin Carter ("Plaintiffs"), and Defendants Apple Inc.,

AppleCare Service Company, Inc., and Apple CSC Inc. ("Defendants") anticipate that

documents, testimony, or information containing or reflecting confidential, proprietary, trade

secret, and/or commercially sensitive information are likely to be disclosed or produced

during the course of discovery, initial disclosures, and supplemental disclosures in this case

and request that the Court enter this Order setting forth the conditions for treating, obtaining,

and using such information.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for the

following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials

("Order" or "Protective Order").

### 1.     PURPOSES AND LIMITATIONS

(a)     Protected Material designated under the terms of this Protective Order shall

be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for

any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket

protections on all disclosures or responses to discovery and that the protection it affords from

public disclosure and use extends only to the limited information or items that are entitled to

confidential treatment under the applicable legal principles.  The parties further acknowledge, as

set forth in Section 13, below, that this Stipulated Protective Order does not entitle them to file

confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

followed and the standards that will be applied when a party seeks permission from the court to

file material under seal.  If it comes to a Designating Party's attention that designated material

does not qualify for protection at all, or does not qualify for the level of protection initially

asserted, the Designating Party must promptly notify all other Parties that it is withdrawing or

changing the designation.

## 2.   DEFINITIONS

(a)   "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case, as well as any information copied or extracted therefrom, and any copies, excerpts, summaries, or compilations thereof.

(b)   "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is necessary to disclose the information for this litigation.

(c)   "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(d)   "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e)   "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as provided for in this Order, as well as any information copied or extracted therefrom, and any copies, excerpts, summaries, or compilations thereof.  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(f)   "Designating Party" means any Party or non-party that designates any Discovery Material as Protected Material.

(g)   "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

## 3.   COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

1

## 4.   <u>**SCOPE**</u>

2   (a)   The protections conferred by this Order cover not only Protected Material

3   governed by this Order as addressed herein, but also any information copied or extracted

4   therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

5   conversations, or presentations by Parties or their counsel in court or in other settings that might

6   reveal Protected Material.

7   (b)   Nothing in this Protective Order shall prevent or restrict a Producing

8   Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this

9   Order shall preclude any Producing Party from showing its Protected Material to an individual

10   who prepared the Protected Material.

11   (c)   Nothing in this Order shall be construed to prejudice any Party's right to

12   use any Protected Material in court or in any court filing with the consent of the Producing Party

13   and the Designating Party or by order of the Court.

14   (d)   This Order is without prejudice to the right of any Party to seek further or

15   additional protection of any Discovery Material or seek to modify this Order in any way,

16   including, without limitation, an order that certain matter not be produced at all.

17   (e)   The Parties agree that this Protective Order does not address the production

18   of source code (including computer code, scripts, assembly, object code, source code listings and

19   descriptions of source code, object code listings and descriptions of object code, and Hardware

20   Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware

21   design of any ASIC or other chip).  The Parties further agree that, at this time, Plaintiffs do not

22   anticipate propounding any discovery specifically requesting the production of Apple's source

23   code, and Apple agrees that none of its responses to Plaintiffs' discovery served as of the date of

24   this Order requires the production of source code.  To the extent Apple determines that its

25   responses to any discovery subsequently served by Plaintiffs would reveal or require the

26   production of source code, Apple shall promptly provide notice of same to Plaintiffs.  To the

27   extent Plaintiffs specifically request in discovery for Apple to reveal or produce Apple's source

28   code, Plaintiffs shall promptly provide notice of same to Apple.  Within fourteen (14) days of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

either such notice, the Parties shall meet and confer regarding the negotiation of a protective order governing the production of source code.  If the Parties are unable to reach agreement as to an acceptable protective order, Apple shall move the Court for protective order addressing the potential production of its source code and materials related to its source code.

**5.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(b)     Secure Storage, No Export.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

(c)     Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

        (d)    <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or lawfully known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

        (e)    <u>Decisions regarding Disclosure of Protected Material</u>.  Where Plaintiffs are the Receiving Party, decisions regarding who shall receive Protected Material, including the manner in which Protected Material is conveyed, shall rest solely with lead counsel Hagens Berman.

**7.**      **DESIGNATING PROTECTED MATERIAL**

        (a)    <u>Available Designations</u>.  Any Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        (b)    <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Designating Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the

original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)      Native Files.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 10, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation a .tiff, .pdf, or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(d)      Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions

within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party or Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a) A Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects trade secret or other confidential research, development, or commercial information as set forth in Federal Rule of Civil Procedure 26(c), as well as any other confidential, proprietary, and/or commercially sensitive information that qualifies for protection under the principles provided by the Ninth Circuit. It shall be presumed that Discovery Material may be designated as "CONFIDENTIAL" if it contains or reflects internal business information that is not publicly available and that Apple takes steps to protect from disclosure to the public.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)      The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of the "Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A-1);

(ii)      The Receiving Party or representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff working on this case to whom disclosure is necessary, provided that (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(iii)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1 or A-2; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction.

(iv)      Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)      The Court, jury, and court personnel;

(vi)      Graphics, translation, design, litigation and discovery support, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(vii)     Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential, and having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1;

(viii)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(ix)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed Exhibit A-1, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(x)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(xi)     Any other person with the prior written consent of the Producing Party and the Designating Party.

9.     **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY"**

(a)     A Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering

1
2

documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

3
4

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

5
6
7
8
9
10
11
12

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) ("a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor"), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-2; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) ("a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions made in light of similar or corresponding information about a competitor"), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties

28

as set forth in Paragraph 10 below; and (f) such expert or consultant otherwise complies with the requirements set forth in Paragraph 10;

            (iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

            (iv)    The Court, jury, and court personnel;

            (v)    Graphics, translation, design, litigation and discovery support, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1;

            (vi)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

            (vii)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

            (viii)    Any other person with the prior written consent of the Producing Party and the Designating Party.

**10.**     **NOTICE OF DISCLOSURE**

    (a)    Prior to disclosing any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person described in Paragraphs 9(b)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Designating Party with written notice that includes:

(i) the full name of the Person and the city and state of his or her primary residence;

(ii) a current curriculum vitae and resume of the Person;

(iii) the current employer and job title of the Person;

(iv) each person or entity from whom the Person has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years; and

(v) any litigation (by name and number of the case, filing date, and location of court) in connection with which the Person has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Designating Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.

(b)     Within fourteen (14) days of receipt of the disclosure of the Person, the Designating Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period.  If the Designating Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person shall sign and abide by the terms of the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached as Exhibit A-2, confirming that he or she is not presently employed by, and within the one year prior to the date of retention as an expert in

these proceedings has not been employed by, has not provided any form of consulting services to, and has not been and does not anticipate becoming an officer or director or otherwise be involved with decision-making for, any companies or entities engaged in the manufacture, sale, or distribution of products that compete with Apple's iPhone, iPad, or iPod products. If the Person provides notice to the Receiving Party pursuant to Exhibit A-2 during the pendency of this action, including all appeals, or if the Receiving Party otherwise becomes aware, that the Person is contemplating accepting employment, work or position described therein, the Receiving Party shall immediately provide written notice to the Designating Party of such contemplated employment.

(e)     An initial failure to object to a Person under this Paragraph 10 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Designating Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

**11.     CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     Any Party or Non-Party may challenge a designation of Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)      The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c)      If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.  Each party reserves the right, in the event that the other party makes more than five challenges, to seek relief from the Court to shift the burden to file a motion challenging the designation to the Challenging Party.  The parties agree to meet and confer before seeking such relief.  If the burden to file a motion shifts, the burden of persuasion will remain on the Designating Party.

Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within

21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

## 12.    SUBPOENAS OR COURT ORDERS

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

## 13.    FILING PROTECTED MATERIAL

(a)     Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

### 14.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

(a)    The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

### 15.   INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen

(14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 15(c)) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials while the materials were not marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from engaging in the activities set forth in this Order.

## 16.     INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party and the Designating Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly

1
2
disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

3
4
(b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

5
6
**17.    FINAL DISPOSITION**

7
8
9
(a)    Not later than ninety (90) days after the final disposition of this case, as defined in Paragraph 5 above, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.

10
11
12
13
14
(b)    All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence, and attorney and consultant work product (but not document productions) for archival purposes.

15
16
**18.    MISCELLANEOUS**

17
18
19
(a)    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

20
21
22
23
(b)    Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.  The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

24
25
26
27
(c)    Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(d)    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)    <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)    <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

(g)    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.

Dated:  March 29, 2017                                         Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

1

2        By:   /s/ Steve W. Berman

3               Steve W. Berman (*Pro Hac Vice*)
                HAGENS BERMAN SOBOL
                SHAPIRO LLP

4               1918 Eighth Avenue, Suite 3300
                Seattle, WA 98101

5               Telephone: (206) 623-7292
                Facsimile: (206) 623-0594

6               Email: steve@hbsslaw.com

7               Robert B. Carey (*Pro Hac Vice*)
                Michella A. Kras (*Pro Hac Vice*)

8               HAGENS BERMAN SOBOL
                SHAPIRO LLP

9               11 W. Jefferson Street, Suite 1000
                Phoenix, Arizona 85003

10              Telephone: (602) 840-5900
                Facsimile: (602) 840-3012

11              Email: michellak@hbsslaw.com

12              Renee Fagan Kennedy (*Pro Hac Vice*)
                P.O. Box 2222

13              Friendswood, TX  77549
                Telephone: (832) 428-1552

14              Email: reneekennedy.esq@gmail.com

15              ***Attorneys for Plaintiffs***
                ***Vicky Maldonado and Justin Carter***

16

17   Dated:  March 29, 2017          MORRISON & FOERSTER LLP

18

19        By:   /s/ Purvi G. Patel
                Purvi G. Patel

20              ***Attorneys for Defendants***
                ***Apple Inc., AppleCare Service***

21              ***Company, Inc., and Apple CSC Inc.***

22

23

24

25

26

27

28

1

2

3   **IT IS SO ORDERED.**

4

5   Dated: April 3, 2017

6   _____
    HON. WILLIAM H. ORRICK
    U.S. District Court Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT A-1**

## **ACKNOWLEDGMENT OF CONFIDENTIALITY**
## **AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Maldonado, et al. v. Apple Inc., et al.*, United States District Court, District of Northern California, San Francisco Division, Civil Action No. 3:16-CV-04067-WHO.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.  I further agree I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION made available to me pursuant to the Order.

Name of individual:_____

Present occupation/job description:_____

Name of Company or Firm:_____

Address:_____

Dated:_____

_____
[Signature]

1

**EXHIBIT A-2**

2

**EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY
AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

3

4

I, _____, acknowledge and declare that I have received a

5

copy of the Protective Order ("Order") in *Maldonado, et al. v. Apple Inc., et al.*, United States

6

District Court, District of Northern California, San Francisco Division, Civil Action No. 3:16-

7

CV-04067-WHO.  Having read and understood the terms of the Order, I agree to be bound by the

8

terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding

9

to enforce the terms of the Order.

10

By signing below, I hereby confirm that I am not presently employed by, and within the

11

one year prior to the date of retention as an Expert in these proceedings have not been employed

12

by, have not provided any form of consulting services to, and have not been and do not anticipate

13

to be an officer or director or otherwise been involved with decision-making for, any companies

14

or entities engaged in the manufacture, sale, or distribution of products that compete with Apple's

15

iPhone, iPad, and iPod products, and further agree that: (1) during the pendency of my retention

16

as an Expert in this case, should I be contemplating or accept employment or consulting work or

17

other officer, director or decision-making position with any such competing companies, I will

18

notify the Party or Counsel for whom I am employed in this matter, twenty-one (21) days prior to

19

commencing any such employment, work or position; and (2) that I shall not at any time, either

20

during the pendency of these proceedings or after conclusion of these proceedings, use or divulge

21

any of the CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS'

22

EYES ONLY made available to me pursuant to the Order.

23

Name of individual:_____

24

Present occupation/job description:_____

25

_____

26

_____

27

28

Name of Company or Firm:_____

Address:_____

Dated:_____

                                    _____
                                    [Signature]