PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
MARGARET E. MAYO (SBN 259685)
MMayo@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

PURVI G. PATEL (SBN 270702)
PPatel@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., and APPLE CSC INC.,<br><br>Defendants. | Case No.   3:16-cv-04067-WHO<br><br>Related Case:<br>*English v. Apple Inc., et al.*<br>Case No. 3:14-cv-01619-WHO<br><br>**DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Complaint Filed:  July 20, 2016<br>Trial Date:  December 10, 2018 |

Defendant Apple Inc. hereby answers Plaintiffs Vicky Maldonado and Justin Carter's First Amended Complaint ("FAC").  Any and all allegations not specifically admitted herein are denied.  To the extent the FAC asserts conclusions of law, such conclusions of law require no response in this Answer.  To the extent any response is required to headings or other unnumbered paragraphs in the FAC, Apple denies the factual allegations, if any, contained in such headings or unnumbered paragraphs.

## I.  INTRODUCTION

1.     Responding to paragraph 1 of the FAC, Apple states that insofar as the allegation in paragraph 1 states conclusions of law, no response thereto is required.

2.     Responding to paragraph 2 of the FAC, Apple admits that a limited warranty comes with the purchase of iPhones, iPads, and iPods.  Apple further admits that, at certain times in the past, it has offered the AppleCare Protection Plan for iPhone, iPad, and iPod.  Apple further admits that it offers AppleCare+ for iPhone, iPad, and iPod.  To the extent paragraph 2 references or purports to summarize, interpret, or quote from any iteration of the terms and conditions for the limited warranty, AppleCare Protection Plan, or AppleCare+, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 2.

3.     Responding to paragraph 3 of the FAC, Apple states that to the extent paragraph 3 references or purports to summarize, interpret, or quote from any iteration of the terms and conditions for the limited warranty, AppleCare Protection Plan, or AppleCare+, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Apple admits that there are charges associated with AppleCare Protection Plan and AppleCare+.  Except as otherwise stated, Apple denies the allegations in paragraph 3.

4.     Responding to paragraph 4 of the FAC, Apple states that to the extent paragraph 4 references or purports to summarize, interpret, or quote from any iteration of the terms and conditions for the limited warranty, AppleCare Protection Plan, or AppleCare+, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 4.

5.      Responding to paragraph 5 of the FAC, Apple states that to the extent paragraph 5 references or purports to summarize, interpret, or quote from any iteration of the terms and conditions for the limited warranty, AppleCare Protection Plan, or AppleCare+, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Apple further states that insofar as the allegations in paragraph 5 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies the allegations in paragraph 5.

6.      Responding to paragraph 6 of the FAC, Apple states that insofar as the allegations in paragraph 6 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies the allegations in paragraph 6.

7.      Responding to paragraph 7 of the FAC, Apple admits that Plaintiffs purport to bring this action as a class action.  Apple denies that class treatment is appropriate or warranted.  Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)  Plaintiffs did not file an amended complaint.  As a result, the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  Except as otherwise admitted or stated, Apple denies the allegations in paragraph 7.

## II.  PARTIES

8.      Responding to paragraph 8 of the FAC, Apple admits that Plaintiff Vicky Maldonado purchased AppleCare+.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Plaintiff Maldonado, and on that basis denies those allegations.

9.      Responding to paragraph 9 of the FAC, Apple admits that Plaintiff Justin Carter purchased AppleCare+.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Plaintiff Carter, and on that basis denies those allegations.

10.     Responding to paragraph 10 of the FAC, Apple admits that it is incorporated in California and that its principal place of business is located at 1 Infinite Loop, Cupertino, California 95014.

11.     Responding to paragraph 11 of the FAC, Apple admits that AppleCare Service Company, Inc. is a wholly-owned subsidiary of Apple.  Apple further admits that AppleCare Service Company, Inc. is incorporated in Arizona and has its principal place of business at 1 Infinite Loop, Cupertino, California 95014.  Apple further admits that Apple CSC Inc. is a "d/b/a" for AppleCare Service Company, Inc. in Texas.

### III.  JURISDICTION AND VENUE

12.     Responding to paragraph 12 of the FAC, Apple admits that this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332, *et seq.*, and that Plaintiffs purport to summarize, interpret, or state the contents of CAFA.  Apple denies any characterization of CAFA that is inconsistent with its content.  Apple denies that class treatment is appropriate or warranted.  Except as otherwise admitted or stated, Apple denies the allegations in paragraph 12.

13.     Responding to paragraph 13 of the FAC, Apple admits that this Court has personal jurisdiction over Plaintiffs for the reasons stated.  Apple states that insofar as the allegations in paragraph 13 state conclusions of law, no response thereto is required.

14.     Responding to paragraph 14 of the FAC, Apple admits that it is incorporated in California, and that its principal place of business is in California.  Apple further admits that it conducts business in California.  Apple states that insofar as the allegations in paragraph 14 state conclusions of law, no response thereto is required.

15.     Responding to paragraph 15 of the FAC, Apple admits that AppleCare Service Company, Inc.'s principal place of business is in California, and that it conducts business in California.  Apple further admits that Apple CSC Inc. is a "d/b/a" for AppleCare Service Company, Inc. in Texas, which is registered with the Texas Secretary of State.  Apple states that insofar as the allegations in paragraph 15 state conclusions of law, no response thereto is required. Except as otherwise admitted or stated, Apple denies the allegations in paragraph 15.

16.     Responding to paragraph 16 of the FAC, Apple admits that venue is proper in this Court.  Apple states that insofar as the allegations in paragraph 16 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies the allegations in paragraph 16.

17.     Responding to paragraph 17 of the FAC, Apple admits that decisions regarding the terms and conditions for AppleCare Protection Plan and AppleCare+ are made in California.  Except as otherwise stated, Apple denies the allegations in paragraph 17.

18.     Responding to paragraph 18 of the FAC, Apple admits that decisions regarding the marketing of AppleCare Protection Plan and AppleCare+ are made in California.  Except as otherwise stated, Apple denies the allegations in paragraph 18.

19.     Responding to paragraph 19 of the FAC, Apple admits that certain policies and procedures regarding AppleCare Protection Plan and AppleCare+ are developed in California.  Except as otherwise stated, Apple denies the allegations in paragraph 19.

## IV. CHOICE OF LAW

20.     Responding to paragraph 20 of the FAC, Apple states that to the extent paragraph 20 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan or AppleCare+ terms and conditions, those documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Apple further states that insofar as the allegations in paragraph 20 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies the allegations in paragraph 20.

21.     Responding to paragraph 21 of the FAC, Apple admits that certain policies and procedures regarding AppleCare Protection Plan and AppleCare+ were developed in California.  Except as otherwise stated, Apple denies the allegations in paragraph 21.

## V.  FACTS

**A.     Apple Products**

22.     Responding to paragraph 22 of the FAC, Apple admits that it designs, manufactures, and markets mobile communication and media devices, personal computers, and portable digital music players throughout the United States.  Apple further admits that it sells

related software, services, accessories, networking solutions, and third-party digital content and applications.  Apple further admits that its products and services include the iPhone, iPod, iPad, Mac, Apple Watch, Apple TV, iCloud, and Apple Pay.  Apple further admits that it also offers iOS, OS X, and watchOS operating systems.  Except as otherwise stated, Apple denies the allegations in paragraph 22.

23.     Responding to paragraph 23 of the FAC, Apple admits it designs, develops, and markets iPhone smartphones, which run on the iOS mobile operating system.  Apple further admits that it released the first-generation iPhone in June 2007.  Apple further admits it released the iPhone 7 and iPhone 7 Plus in September 2016.  Apple further admits that the iPhone's features (available on qualifying models) include voice-activated Siri, Apple Pay, Touch ID, and 3D Touch.  Apple further admits that the iPhone is compatible with Apple Mac computers and Windows personal computers, and that content available from the iTunes Store, App Store, and iBooks Store may be purchased from and displayed on the iPhone.  Except as otherwise admitted, Apple denies the allegations in paragraph 23.

24.     Responding to paragraph 24 of the FAC, Apple admits it designs, develops, and markets iPad tablet computers, which run on the iOS mobile operating system.  Apple further admits that it designs, develops, and markets multiple iPad models, including the iPad Mini, iPad Air, and iPad Pro.  Apple further admits that the iPad Pro was released in September 2015, and includes a 12.9 inch screen with Retina display.  Apple further admits that the iPad's features (available on qualifying models) include voice-activated Siri and Touch ID, and that the iPad is compatible with Apple Mac computers and Windows personal computers.  Apple further admits that the content available from the iTunes Store, App Store, and iBooks Store may be purchased from and displayed on the iPad.  Except as otherwise admitted, Apple denies the allegations in paragraph 24.

25.     Responding to paragraph 25 of the FAC, Apple admits it designs, develops, and markets the iPod, a portable digital music and media player.  Apple further admits that it released the first generation iPod on October 23, 2001, and that Apple has released several iPod models, including the iPod Classic, iPod Mini, iPod Shuffle, iPod Nano, and iPod Touch.  Apple further

admits that it currently markets the iPod Shuffle, iPod Nano, and iPod Touch for sale.  Apple further admits that AppleCare Protection Plan extends hardware repair coverage and telephone technical support for two years from the date of purchase of the covered product.  Apple further admits that, in addition to the services offered by AppleCare Protection Plan, AppleCare+ offers coverage for up to two incidents of accidental damage.  Except as otherwise admitted, Apple denies the allegations in paragraph 25.

26.     Responding to paragraph 26 of the FAC, Apple states that AppleCare Protection Plan was launched in 2009 and AppleCare+ was launched in 2011.  Apple admits that AppleCare Protection Plan and AppleCare+ are available for purchase through the Apple Online Store, Apple retail stores, and certain Apple-authorized resellers and wireless service providers.  Apple further admits that AppleCare Service Company, Inc. is a wholly-owned subsidiary of Apple.  Apple further admits that AppleCare Protection Plan and AppleCare+ may be purchased simultaneously with the Apple product it covers, or within a set period of time after the purchase of the Apple product it covers.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 26.

27.     Responding to paragraph 27 of the FAC, Apple admits that, under the iPhone Upgrade Program, customers make monthly payments that spread the cost of an iPhone and AppleCare+ over twenty-four (24) months.  Apple further states that a customer who purchases the iPhone Upgrade Program and has made at least twelve (12) payments is entitled to upgrade to a new iPhone after six months.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 27.

**B.     Apple's Limited Warranty**

28.     Responding to paragraph 28 of the FAC, Apple admits that Apple iPhones, iPods, and iPads come with a one-year limited warranty.  Apple states that to the extent paragraph 28 references or purports to summarize, interpret, or quote from any iteration of the terms and conditions of any limited warranty, the documents speak for themselves, and Apple denies any characterization of the document that is inconsistent with their content.   Except as otherwise admitted or stated, Apple denies the allegations in paragraph 28.

29.     Responding to paragraph 29 of the FAC, Apple states that to the extent paragraph 29 references or purports to quote from any iteration of the terms and conditions of any limited warranty, the documents speak for themselves, and Apple denies any characterization of the document that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 29.

30.     Responding to paragraph 30 of the FAC, Apple states that to the extent paragraph 30 references or purports to summarize, interpret, or quote from any iteration of the terms and conditions of any limited warranty, the documents speak for themselves, and Apple denies any characterization of the document that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 30.

31.     Responding to paragraph 31 of the FAC, Apple states that to the extent paragraph 30 references or purports to summarize, interpret, or quote from any iteration of the terms and conditions of any limited warranty, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 31.

32.     Responding to paragraph 32 of the FAC, Apple admits that Plaintiffs purport to place at issue the "precision" of the language of the terms of conditions of the one-year limited warranty that comes with Apple iPhones, iPods, and iPads.  Except as otherwise stated, Apple denies the allegations in paragraph 32.

**C.     AppleCare Promises to Replace with New or Equivalent to New Devices**

33.     Responding to paragraph 33 of the FAC, Apple admits that AppleCare Protection Plan extends hardware repair coverage and telephone technical support for two years from the date of purchase of the covered product.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 33.

34.     Responding to paragraph 34 of the FAC, Apple admits AppleCare Protection Plan for iPhone was available for purchase beginning in 2009 and ending in 2011.  Apple admits AppleCare Protection Plan for iPad was available for purchase beginning in 2010 and ending in 2011.  Apple admits AppleCare Protection Plan for iPod was available for purchase beginning in

2009 and ending in 2013.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 34.

35.     Responding to paragraph 35 of the FAC, Apple admits AppleCare Protection Plan for iPhones was available for purchase beginning in 2009 and ending in 2011.  Apple admits AppleCare Protection Plan for iPads was available for purchase beginning in 2010 and ending in 2011.  Apple admits AppleCare Protection Plan for iPods was available for purchase beginning in 2009 and ending in 2013.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 35.

36.     Responding to paragraph 36 of the FAC, Apple admits that, when it was available, AppleCare Protection Plan for iPhone, iPad, or iPod could only be purchased within one year of purchase of the device.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 36.

37.     Responding to paragraph 37 of the FAC, Apple admits that a customer who purchases the AppleCare Protection Plan enters into a service contract with AppleCare Service Company, Inc.  Apple further admits that AppleCare Service Company, Inc. is a wholly-owned subsidiary of Apple.  Apple further admits that Apple is the administrator of the AppleCare Protection Plan.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 37.

38.     Responding to paragraph 38 of the FAC, Apple states that to the extent paragraph 38 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan terms and conditions, the documents speaks for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 38.

39.     Responding to paragraph 39 of the FAC, Apple states that to the extent paragraph 39 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan terms and conditions, the documents speaks for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 39.

40.     Responding to paragraph 40 of the FAC, Apple states that to the extent paragraph 40 references or purports to summarize from any iteration of the AppleCare Protection Plan terms and conditions, the documents speaks for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 40.

41.     Responding to paragraph 41 of the FAC, Apple states that to the extent paragraph 41 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan terms and conditions, the documents speaks for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 41.

42.     Responding to paragraph 42 of the FAC, Apple states that to the extent paragraph 42 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan terms and conditions, the documents speaks for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Apple states that insofar as the allegations in paragraph 42 state conclusions of law, no response thereto is required. Except as otherwise stated, Apple denies the allegations in paragraph 42.

43.     Responding to paragraph 43 of the FAC, Apple states that to the extent paragraph 43 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan terms and conditions, the documents speaks for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 43.

44.     Responding to paragraph 44 of the FAC, Apple states that to the extent paragraph 44 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan terms and conditions, the documents speaks for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 44.

45.     Responding to paragraph 45 of the FAC, Apple admits that, when it was available for the following devices, AppleCare Protection Plan for iPhone cost $69, AppleCare Protection

1    Plan for iPad cost $99, AppleCare Protection Plan for iPod Touch and iPod Classic cost $59, and

2    AppleCare Protection Plan for iPod Nano and iPod Shuffle cost $39.  Except as otherwise

3    admitted, Apple denies the allegations in paragraph 45.

4    **A.      AppleCare+ Promises to Replace or Repair with New or Equivalent to New Devices**

5             46.      Responding to paragraph 46 of the FAC, Apple admits that it launched

6    AppleCare+ for iPhone in October 2011.  Except as otherwise stated or admitted, Apple denies

7    the allegation in paragraph 46.

8             47.      Responding to paragraph 47 of the FAC, Apple admits that from 2012 to the

9    present, AppleCare+ has been the only service plan customers can purchase from Apple that

10   covers iPhone and iPad.  Apple further admits that AppleCare+ for iPods became available in

11   September 2013.  Except as otherwise stated or admitted, Apple denies the allegation in

12   paragraph 47.

13            48.      Responding to paragraph 48 of the FAC, Apple admits that AppleCare+ previously

14   could only be purchased within thirty (30) days of the date of purchase of the covered product.

15   Apple further admits that AppleCare+ currently must be purchased within sixty (60) days of the

16   purchase of the covered product.  Except as otherwise stated or admitted, Apple denies the

17   allegations in paragraph 48.

18            49.      Responding to paragraph 49 of the FAC, Apple admits that AppleCare+ extends

19   hardware repair coverage and telephone technical support for two years from the date of purchase

20   of the covered product, and also offers coverage for up to two incidents of accidental damage.

21   Except as otherwise stated, Apple denies the allegations in paragraph 49.

22            50.      Responding to paragraph 50 of the FAC, Apple admits that a customer who

23   purchases AppleCare+ enters into a service contract with AppleCare Service Company, Inc.

24   Apple further admits that AppleCare Service Company, Inc. is a wholly-owned subsidiary of

25   Apple.  Apple further admits that Apple is the administrator of AppleCare+.  Except as otherwise

26   stated or admitted, Apple denies the allegations in paragraph 50.

27            51.      Responding to paragraph 51 of the FAC, Apple admits that from 2012 to

28   September 2013, AppleCare+ did not cover any products other than iPhone and iPad.  Apple

1   further admits that AppleCare+ for iPods became available in September 2013.  Except as

2   otherwise stated or admitted, Apple denies the allegation in paragraph 51.

3          52.     Responding to paragraph 52 of the FAC, Apple states that to the extent paragraph

4   52 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+

5   terms and conditions, the documents speak for themselves, and Apple denies any characterization

6   of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies

7   the allegations in paragraph 52.

8          53.     Responding to paragraph 53 of the FAC, Apple states that to the extent paragraph

9   53 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+

10  terms and conditions, the documents speak for themselves, and Apple denies any characterization

11  of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies

12  the allegations in paragraph 53.

13         54.     Responding to paragraph 54 of the FAC, Apple admits that until September 10,

14  2013, a customer making a claim under the accidental damage provision of AppleCare+ for

15  iPhone or iPad could repair or replace their covered product subject to a $49 service fee.  Except

16  as otherwise stated, Apple denies the allegations in paragraph 54.

17         55.     Paragraph 55 of the FAC has no content, and does not require a response.

18         56.     Responding to paragraph 56 of the FAC, Apple states that to the extent paragraph

19  56 references or purports to summarize from any iteration of the AppleCare+ terms and

20  conditions, the documents speak for themselves, and Apple denies any characterization of the

21  documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the

22  allegations in paragraph 56.

23         57.     Responding to paragraph 57 of the FAC, Apple states that to the extent paragraph

24  57 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+

25  terms and conditions, the documents speak for themselves, and Apple denies any characterization

26  of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies

27  the allegations in paragraph 57.

28

58.     Responding to paragraph 58 of the FAC, Apple states that to the extent paragraph 58 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 58.

59.     Responding to paragraph 59 of the FAC, Apple admits that in September 2013, AppleCare+ for iPod became available.  Except as otherwise admitted, Apple denies the allegations in paragraph 59.

60.     Responding to paragraph 60 of the FAC, Apple states that to the extent paragraph 60 references or purports to summarize from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 60.

61.     Responding to paragraph 61 of the FAC, Apple states that to the extent paragraph 61 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 61.

62.     Responding to paragraph 62 of the FAC, Apple states that to the extent paragraph 62 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 62.

63.     Responding to paragraph 63 of the FAC, Apple states that to the extent paragraph 63 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 63.

64.     Responding to paragraph 64 of the FAC, Apple states that a customer making a claim under the accidental damage provision of AppleCare+ for iPhone, iPad, or iPod could repair or replace their covered product subject to a service fee that ranged from $29 to $99. Except as otherwise stated or admitted, Apple denies the allegations in paragraph 64.

65.     Responding to paragraph 65 of the FAC, Apple states that to the extent paragraph 65 references or purports to summarize from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 65.

66.     Responding to paragraph 66 of the FAC, Apple admits that AppleCare+ currently costs $129 for current iPhones, excluding the iPhone SE; $99 for all other iPhones and all iPads; and $59 for all iPods, which includes the iPod Classic and iPod Touch.  Apple further admits that AppleCare+ is included with Apple's iPhone Upgrade Program.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 66.

**B.    Replacement Devices**

67.     Responding to paragraph 67 of the FAC, Apple states that to the extent paragraph 67 references or purports to summarize from any iteration of the AppleCare+ or AppleCare Protection Plan terms and conditions, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 67.

68.     Responding to paragraph 68 of the FAC, Apple states that to the extent paragraph 67 references or purports to summarize from any iteration of the AppleCare+ or AppleCare Protection Plan terms and conditions, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 68.

69.     Responding to paragraph 69 of the FAC, Apple states that replacement devices provided under AppleCare Protection Plan or AppleCare+ are shipped in plain, unbranded boxes. Except as otherwise stated, Apple denies the allegations in paragraph 69.

70.     Responding to paragraph 70 of the FAC, Apple admits that some replacement devices provided under the AppleCare Protection Plan or AppleCare+ are new.  Except as otherwise admitted, Apple denies the allegations in paragraph 70.

71.     Responding to paragraph 71 of the FAC, Apple states that replacement devices provided under AppleCare Protection Plan or AppleCare+ are shipped in plain, unbranded boxes. Except as otherwise stated, Apple denies the allegations in paragraph 71.

72.     Responding to paragraph 72 of the FAC, Apple states that replacement devices provided under AppleCare Protection Plan or AppleCare+ are shipped in plain, unbranded boxes. Apple states that a customer making a claim under the accidental damage provision of AppleCare+ for iPhone, iPad, or iPod could repair or replace their covered product subject to a service fee.  Except as otherwise stated or admitted, Apple denies the allegations in paragraph 72.

73.     Responding to paragraph 73 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.) Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple states that to the extent paragraph 73 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ or AppleCare Protection Plan terms and conditions, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 73.

74.     Responding to paragraph 74 of the FAC, Apple states that to the extent paragraph 74 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ or AppleCare Protection Plan terms and conditions, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 74.

75.     Responding to paragraph 75 of the FAC, Apple states that to the extent paragraph 75 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and Apple denies any characterization of the documents that is inconsistent with their content.  Except as otherwise stated, Apple denies the allegations in paragraph 75.

76.     Apple denies the allegations in paragraph 76 of the FAC.

77.     Responding to paragraph 77 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.) Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the allegations in paragraph 77.

**C.     Refurbished, Remanufactured, or Used Parts Are Not New or Equivalent to New in Performance and Reliability**

78.     Responding to paragraph 78 of the FAC, Apple states that insofar as the allegations in paragraph 78 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies the allegations in paragraph 78.

79.     Apple denies the allegations in paragraph 79 of the FAC.

80.     Apple denies the allegations in paragraph 80 of the FAC.

81.     Apple denies the allegations in paragraph 81 of the FAC.

82.     Apple denies the allegations in paragraph 82 of the FAC.

83.     Responding to paragraph 83 of the FAC, Apple states that insofar as the allegations in paragraph 83 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies the allegations in paragraph 83.

84.     Responding to paragraph 84 of the FAC, Apple states that insofar as the allegations in paragraph 84 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies the allegations in paragraph 84.

**D.     Plaintiffs**

85.     Responding to paragraph 85 of the FAC, Apple states that its records indicate Plaintiff Maldonado purchased a fourth-generation iPad from the First Colony Mall Apple Store in Sugarland, Texas, on September 9, 2013, serial number DMPKN0FZF18G, for $829.00.

86.     Responding to paragraph 86 of the FAC, Apple states that its records indicate Plaintiff Maldonado purchased AppleCare+ for iPad from the First Colony Mall Apple Store in Sugarland, Texas, on September 9, 2013, for $99.00.

87.     Responding to paragraph 87 of the FAC, Apple states that its records indicate Plaintiff Maldonado visited the Memorial City Apple Store in Houston, Texas, on or about May 8, 2015.  Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the remaining allegations in paragraph 87.  Except as otherwise stated, Apple denies the allegations in paragraph 87.

88.     Responding to paragraph 88 of the FAC, Apple states that its records indicate that Plaintiff Maldonado visited the Memorial City Apple Store in Houston, Texas, on May 8, 2015.  Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the remaining allegations in paragraph 88.  Except as otherwise stated, Apple denies the allegations in paragraph 88.

89.     Responding to paragraph 89 of the FAC, Apple states that its records indicate that Plaintiff Maldonado received a replacement iPad under her AppleCare+ service plan on or about May 8, 2015.  Except as otherwise stated, Apple denies the allegations in paragraph 89.

90.     Paragraph 90 of the FAC has no content, and does not require a response.

91.     Responding to paragraph 91 of the FAC, Apple states that, based on Apple's records, the replacement iPad Plaintiff Maldonado received on or about May 8, 2015 was a remanufactured iPad, meaning that it was assembled using the same manufacturing process as a

new iPad, and contains both new parts and recovered parts that have been extensively tested.
Except as otherwise stated, Apple denies the allegation in paragraph 91.

92.     Responding to paragraph 92 of the FAC, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, and on that basis denies the allegations in paragraph 92.

93.     Responding to paragraph 93 of the FAC, Apple states that its records indicate that Plaintiff Maldonado visited the First Colony Apple Store in Sugarland, Texas, on or about May 22, 2015.  Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the remaining allegations in paragraph 93.  Except as otherwise stated, Apple denies the allegations in paragraph 93.

94.     Responding to paragraph 94 of the FAC, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, and on that basis denies the allegations in paragraph 94.

95.     Responding to paragraph 95 of the FAC, Apple states that its records indicate that Plaintiff Maldonado received a second replacement iPad unit under her AppleCare+ service plan on or about May 22, 2015.  Except as otherwise stated, Apple denies the allegations in paragraph 95.

96.     Responding to paragraph 96 of the FAC, Apple states that, based on Apple's records, the replacement iPad Plaintiff Maldonado received on or about May 22, 2015 was a remanufactured iPad, meaning that it was assembled using the same manufacturing process as a new iPad, and contains both new parts and recovered parts that have been extensively tested. Except as otherwise stated, Apple denies the allegation in paragraph 96.

97.     Responding to paragraph 97 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.) Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition

Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the allegations in paragraph 97.

98.     Responding to paragraph 98 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.) Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the allegations in paragraph 98.

99.     Responding to paragraph 99 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.) Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the allegations in paragraph 99.

100.     Responding to paragraph 100 of the FAC, Apple states that its records indicate Plaintiff Carter purchased an iPhone 6 Plus from the St. Johns Apple Store in Jacksonville, Florida, on April 16, 2015, serial number FK1NW29QG5QL, for $849.00.

101.     Responding to paragraph 101 of the FAC, Apple states that its records indicate Plaintiff Carter purchased AppleCare+ for iPhone 6 Plus from the St. Johns Apple Store in Jacksonville, Florida, on April 16, 2015, for $99.00.  Apple further states that its records indicate that Plaintiff Carter paid a total of $1,014.36, including tax, for the iPhone 6 Plus and AppleCare+ on April 16, 2015.  Except as otherwise stated, Apple denies the allegations in paragraph 101.

102.     Responding to paragraph 102 of the FAC, Apple states that its records indicate that it provided Plaintiff Carter with a replacement iPhone 6 Plus, serial number F9CRT08CG5QL, on

or about July 11, 2016.  Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 102, and on that basis denies the remaining allegations in paragraph 102.

103.     Responding to paragraph 103 of the FAC, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103, and on that basis denies the allegations in paragraph 103.

104.     Responding to paragraph 104 of the FAC, Apple states that its records indicate that it provided Plaintiff Carter a replacement iPhone 6 Plus, serial number F9CSC0TNG5QL, on or about October 27, 2016.  Except as otherwise stated, Apple denies the allegations in paragraph 104.

105.     Responding to paragraph 105 of the FAC, Apple states that, based on Apple's records, the replacement iPhone provided to Plaintiff Carter on or about October 27, 2016 was a remanufactured iPhone, meaning that it was assembled using the same manufacturing process as a new iPhone, and contains both new parts and recovered parts that have been extensively tested. Except as otherwise stated, Apple denies the allegation in paragraph 105.

106.     Responding to paragraph 106 of the FAC, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, and on that basis denies the allegations in paragraph 106.

107.     Responding to paragraph 107 of the FAC, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, and on that basis denies the allegations in paragraph 107.

108.     Responding to paragraph 108 of the FAC, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108, and on that basis denies the allegations in paragraph 108.

109.     Responding to paragraph 109 of the FAC, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109, and on that basis denies the allegations in paragraph 109.

110.     Responding to paragraph 110 of the FAC, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and on that basis denies the allegations in paragraph 110.

111.     Responding to paragraph 111 of the FAC, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, and on that basis denies the allegations in paragraph 111.

112.     Responding to paragraph 112 of the FAC, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and on that basis denies the allegations in paragraph 112.

113.     Responding to paragraph 113 of the FAC, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113, and on that basis denies the allegations in paragraph 113.

114.     Responding to paragraph 114 of the FAC, Apple states that its records indicate it provided Plaintiff Carter a replacement iPhone 6 Plus, serial number DTRSG0D5G5QL, on or about November 4, 2016.

115.     Apple denies the allegations in paragraph 115 of the FAC.

116.     Responding to paragraph 116 of the FAC, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, and on that basis denies the allegations in paragraph 116.

117.     Responding to paragraph 117 of the FAC, Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, and on that basis denies the allegations in paragraph 117.

118.     Responding to paragraph 118 of the FAC, Apple states that its records show Plaintiff Carter returned his third replacement iPhone 6 Plus.  Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, and on that basis denies the allegations in paragraph 118.

119.     Responding to paragraph 119 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)

1   Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is

2   required because the following claims are no longer asserted:  Count IV for alleged violations of

3   the California Consumers Legal Remedies Act, Count V for alleged violations of the California

4   False Advertising Law, or Count V for alleged violations of the California Unfair Competition

5   Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the

6   allegations in paragraph 119.

7        120.    Responding to paragraph 120 of the FAC, Apple states that the Court dismissed

8   Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)

9   Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is

10  required because the following claims are no longer asserted:  Count IV for alleged violations of

11  the California Consumers Legal Remedies Act, Count V for alleged violations of the California

12  False Advertising Law, or Count V for alleged violations of the California Unfair Competition

13  Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the

14  allegations in paragraph 120.

15       121.    Responding to paragraph 121 of the FAC, Apple states that the Court dismissed

16  Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)

17  Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is

18  required because the following claims are no longer asserted:  Count IV for alleged violations of

19  the California Consumers Legal Remedies Act, Count V for alleged violations of the California

20  False Advertising Law, or Count V for alleged violations of the California Unfair Competition

21  Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the

22  allegations in paragraph 121.

23                          **VI.  CLASS ACTION ALLEGATIONS**

24       122.    Responding to paragraph 122 of the FAC, Apple admits that Plaintiffs purport to

25  bring a class action against Apple and seek to represent a purported class as stated.  Apple denies

26  that class treatment is appropriate.  Except as otherwise stated, Apple denies the allegations in

27  paragraph 122.

28

123.     Responding to paragraph 123 of the FAC, Apple admits that Plaintiffs purport to bring a class action against Apple and seek to represent a purported class, excluding the persons stated.  Apple denies that class treatment is appropriate.  Insofar as the allegations in paragraph 123 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies the allegations in paragraph 123.

124.     Responding to paragraph 124 of the FAC, Apple admits that on July 27, 2016, Apple announced that it had sold one billion iPhones.  Apple admits that Plaintiffs purport to bring a class action against Apple.  Apple denies that class treatment is appropriate.  Insofar as the allegations in paragraph 124 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies the allegations in paragraph 124.

125.     Responding to paragraph 125 (including subparagraphs 125a through 125l) of the FAC, Apple admits that Plaintiffs purport to bring a class action against Apple.  Apple denies that class treatment is appropriate.  Insofar as the allegations in paragraph 125 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies the allegations in paragraph 125.

126.     Responding to paragraph 126 of the FAC, Apple admits that Plaintiffs purport to bring a class action against Apple.  Apple denies that class treatment is appropriate.  Insofar as the allegations in paragraph 126 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies the allegations in paragraph 126.

127.     Responding to paragraph 127 of the FAC, Apple admits that Plaintiffs purport to bring a class action against Apple.  Apple denies that class treatment is appropriate.  Insofar as the allegations in paragraph 127 state conclusions of law, no response thereto is required.  With respect to the adequacy of Plaintiffs' counsel Renee F. Kennedy, Apple denies the allegations.  Apple is without knowledge or information sufficient to form a basis as to the truth of the allegations regarding adequacy of Plaintiffs or Plaintiffs' counsel Hagens Berman Sobol Shapiro LLP, and on that basis denies those allegations.  Except as otherwise stated, Apple denies the allegations in paragraph 127.

128.     Responding to paragraph 128 of the FAC, Apple admits that Plaintiffs purport to bring a class action against Apple.  Apple denies that class treatment is appropriate, and denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.  Insofar as the allegations in paragraph 128 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies the allegations in paragraph 128.

129.     Responding to paragraph 129 of the FAC, Apple admits that Plaintiffs purport to bring a class action against Apple.  Apple denies that class treatment is appropriate.  Insofar as the allegations in paragraph 129 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies the allegations in paragraph 129.

### VII.  COUNTS

### COUNT I
### BREACH OF CONTRACT
### (Against Defendant AppleCare Services)

130.     No response to paragraph 130 of the FAC is required because Count I is not asserted against Apple.

131.     No response to paragraph 131 of the FAC is required because Count I is not asserted against Apple.

132.     No response to paragraph 132 of the FAC is required because Count I is not asserted against Apple.

133.     No response to paragraph 133 of the FAC is required because Count I is not asserted against Apple.

134.     No response to paragraph 134 of the FAC is required because Count I is not asserted against Apple.

135.     No response to paragraph 135 of the FAC is required because Count I is not asserted against Apple.

136.     No response to paragraph 136 of the FAC is required because Count I is not asserted against Apple.

1     137.    No response to paragraph 137 of the FAC is required because Count I is not
2  asserted against Apple.

3     138.    No response to paragraph 138 of the FAC is required because Count I is not
4  asserted against Apple.

5     139.    No response to paragraph 139 of the FAC is required because Count I is not
6  asserted against Apple.

7                                **COUNT II**
8          **VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**
                     **15 U.S.C. § 2301, *et seq.***
9              **(Against Defendant AppleCare Services)**

10    140.    No response to paragraph 140 of the FAC is required because Count II is not
11 asserted against Apple.

12    141.    No response to paragraph 141 of the FAC is required because Count II is not
13 asserted against Apple.

14    142.    No response to paragraph 142 of the FAC is required because Count II is not
15 asserted against Apple.

16    143.    No response to paragraph 143 of the FAC is required because Count II is not
17 asserted against Apple.

18    144.    No response to paragraph 144 of the FAC is required because Count II is not
19 asserted against Apple.

20    145.    No response to paragraph 145 of the FAC is required because Count II is not
21 asserted against Apple.

22    146.    No response to paragraph 146 of the FAC is required because Count II is not
23 asserted against Apple.

24    147.    No response to paragraph 147 of the FAC is required because Count II is not
25 asserted against Apple.

26    148.    No response to paragraph 148 of the FAC is required because Count II is not
27 asserted against Apple.

28

149.    No response to paragraph 149 of the FAC is required because Count II is not asserted against Apple.

150.    No response to paragraph 150 of the FAC is required because Count II is not asserted against Apple.

151.    No response to paragraph 151 of the FAC is required because Count II is not asserted against Apple.

152.    No response to paragraph 152 of the FAC is required because Count II is not asserted against Apple.

153.    No response to paragraph 153 of the FAC is required because Count II is not asserted against Apple.

154.    No response to paragraph 154 of the FAC is required because Count II is not asserted against Apple.

155.    No response to paragraph 155 of the FAC is required because Count II is not asserted against Apple.

156.    No response to paragraph 156 of the FAC is required because Count II is not asserted against Apple.

157.    No response to paragraph 157 of the FAC is required because Count II is not asserted against Apple.

158.    No response to paragraph 158 of the FAC is required because Count II is not asserted against Apple.

**COUNT III**
**VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**
**CAL. CIV. CODE § 1790,** *et seq.*
**(Against Defendant AppleCare Services)**

159.    No response to paragraph 159 of the FAC is required because Count II is not asserted against Apple.

160.    No response to paragraph 160 of the FAC is required because Count III is not asserted against Apple.

161.    No response to paragraph 161 of the FAC is required because Count III is not asserted against Apple.

162.    No response to paragraph 162 of the FAC is required because Count III is not asserted against Apple.

163.    No response to paragraph 163 of the FAC is required because Count III is not asserted against Apple.

164.    No response to paragraph 164 of the FAC is required because Count III is not asserted against Apple.

165.    No response to paragraph 165 of the FAC is required because Count III is not asserted against Apple.

166.    No response to paragraph 166 of the FAC is required because Count III is not asserted against Apple.

167.    No response to paragraph 167 of the FAC is required because Count III is not asserted against Apple.

168.    No response to paragraph 168 of the FAC is required because Count III is not asserted against Apple.

169.    No response to paragraph 169 of the FAC is required because Count III is not asserted against Apple.

170.    No response to paragraph 170 of the FAC is required because Count III is not asserted against Apple.

**COUNT IV**
**VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**
**CAL. CIV. CODE § 1750, *et seq.***
**(Against All Defendants)**

171.    Responding to paragraph 171 of the FAC, Apple realleges and incorporates by reference each and every preceding paragraph of this answer as if fully set forth herein.

172.    Responding to paragraph 172 of the FAC, Apple states that insofar as allegations in paragraph 172 state conclusions of law, no response thereto is required.  Apple denies the remaining allegations in paragraph 172.

173.   Responding to paragraph 173 of the FAC, Apple states that insofar as allegations in paragraph 173 state conclusions of law, no response thereto is required.  Apple denies the remaining allegations in paragraph 173.

174.   Responding to paragraph 174 of the FAC, Apple states that insofar as allegations in paragraph 174 state conclusions of law, no response thereto is required.  Apple denies the remaining allegations in paragraph 174.

175.   Responding to paragraph 175 of the FAC, Apple states that insofar as allegations in paragraph 175 state conclusions of law, no response thereto is required.  Apple denies the remaining allegations in paragraph 175.

176.   Responding to paragraph 176 of the FAC, Apple states that insofar as allegations in paragraph 176 state conclusions of law, no response thereto is required.  Apple denies the remaining allegations in paragraph 176.

177.   Responding to paragraph 177 (including subparagraphs 177a through 177d) of the FAC, Apple states that insofar as allegations in paragraph 177 state conclusions of law, no response thereto is required.  Responding to subparagraphs 177a through 177d of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)  Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the allegations in subparagraphs 177a through 177d.

178.   Responding to paragraph 178 of the FAC, Apple states that insofar as allegations in paragraph 178 state conclusions of law, no response thereto is required.  Apple denies the remaining allegations in paragraph 178.

179.   Responding to paragraph 179 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)  Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is

required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the allegations in paragraph 179.

180.   Responding to paragraph 180 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)  Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the allegations in paragraph 180.

181.   Responding to paragraph 181 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)  Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the allegations in paragraph 181.

182.   Responding to paragraph 182 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)  Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition

Law with respect to the fraudulent prong.  To the extent a response is required, Apple admits Plaintiffs seek the relief stated, and otherwise denies the allegations in paragraph 182.

183.    Responding to paragraph 183 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.) Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple admits Plaintiffs seek the relief stated, and otherwise denies the allegations in paragraph 183.

184.    Responding to paragraph 184 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.) Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple admits Plaintiffs seek the relief stated, and otherwise denies the allegations in paragraph 184.

185.    Responding to paragraph 185 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.) Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple admits Plaintiffs seek the relief stated, and otherwise denies the allegations in paragraph 185.

186.    Responding to paragraph 186 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)

1  Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is

2  required because the following claims are no longer asserted:  Count IV for alleged violations of

3  the California Consumers Legal Remedies Act, Count V for alleged violations of the California

4  False Advertising Law, or Count V for alleged violations of the California Unfair Competition

5  Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the

6  allegations in paragraph 186.

7                                   **COUNT V**
8           **VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW**
             **CAL. BUS. & PROF. CODE § 17500,** *et seq.*
9                          **(Against All Defendants)**

10         187.    Responding to paragraph 187 of the FAC, Apple realleges and incorporates by

11  reference each and every preceding paragraph of this answer as if fully set forth herein.

12         188.    Responding to paragraph 188 of the FAC, Apple states that the Court dismissed

13  Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)

14  Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is

15  required because the following claims are no longer asserted:  Count IV for alleged violations of

16  the California Consumers Legal Remedies Act, Count V for alleged violations of the California

17  False Advertising Law, or Count V for alleged violations of the California Unfair Competition

18  Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the

19  allegations in paragraph 188.

20         189.    Responding to paragraph 189 of the FAC, Apple states that the Court dismissed

21  Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)

22  Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is

23  required because the following claims are no longer asserted:  Count IV for alleged violations of

24  the California Consumers Legal Remedies Act, Count V for alleged violations of the California

25  False Advertising Law, or Count V for alleged violations of the California Unfair Competition

26  Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the

27  allegations in paragraph 189.

28

190.     Responding to paragraph 190 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.) Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the allegations in paragraph 190.

191.     Responding to paragraph 191 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.) Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the allegations in paragraph 191.

192.     Responding to paragraph 192 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.) Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the allegations in paragraph 192.

193.     Responding to paragraph 193 of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.) Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is required because the following claims are no longer asserted:  Count IV for alleged violations of

1  the California Consumers Legal Remedies Act, Count V for alleged violations of the California

2  False Advertising Law, or Count V for alleged violations of the California Unfair Competition

3  Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the

4  allegations in paragraph 193.

**COUNT VI**
**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**
**CAL. BUS. & PROF. CODE § 17200, *et seq.***
**(Against All Defendants)**

8  194.    Responding to paragraph 194 of the FAC, Apple realleges and incorporates by

9  reference each and every preceding paragraph of this answer as if fully set forth herein.

10  195.    Responding to paragraph 195 of the FAC, Apple states that insofar as allegations

11  in paragraph 195 state conclusions of law, no response thereto is required.  Apple denies the

12  remaining allegations in paragraph 195.

13  196.    Responding to paragraph 196 (including subparagraphs 196a through 196d) of the

14  FAC, Apple states that insofar as allegations in paragraph 196 state conclusions of law, no

15  response thereto is required.  Responding to subparagraph 196c of the FAC, Apple denies the

16  allegations in subparagraph 196c of the FAC.  Responding to subparagraphs 196a, 196b, and

17  196d of the FAC, Apple states that the Court dismissed Plaintiffs' fraud-based claims in its

18  March 2, 2017 order with leave to amend.  (ECF No. 64.)  Plaintiffs did not file an amended

19  complaint.  As a result, no response to this paragraph is required because the following claims are

20  no longer asserted:  Count IV for alleged violations of the California Consumers Legal Remedies

21  Act, Count V for alleged violations of the California False Advertising Law, or Count V for

22  alleged violations of the California Unfair Competition Law with respect to the fraudulent prong.

23  To the extent a response is required, Apple denies the allegations in subparagraphs 196a, 196b,

24  and 196d.

25  197.    Responding to paragraph 197 of the FAC, Apple states that the Court dismissed

26  Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)

27  Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is

28  required because the following claims are no longer asserted:  Count IV for alleged violations of

the California Consumers Legal Remedies Act, Count V for alleged violations of the California

False Advertising Law, or Count V for alleged violations of the California Unfair Competition

Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the

allegations in paragraph 197.

198.    Responding to paragraph 198 of the FAC, Apple states that the Court dismissed

Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.  (ECF No. 64.)

Plaintiffs did not file an amended complaint.  As a result, no response to this paragraph is

required because the following claims are no longer asserted:  Count IV for alleged violations of

the California Consumers Legal Remedies Act, Count V for alleged violations of the California

False Advertising Law, or Count V for alleged violations of the California Unfair Competition

Law with respect to the fraudulent prong.  To the extent a response is required, Apple denies the

allegations in paragraph 198.

199.    Apple denies the allegations in paragraph 199.

200.    Responding to paragraph 200 of the FAC, Apple admits Plaintiffs seek injunctive

relief.  Apple denies that Plaintiffs have suffered any injury or are entitled to any injunctive or

other relief in this action.  Apple denies the remaining allegations in paragraph 200.

201.    Apple denies the allegations in paragraph 201.

## PRAYER FOR RELIEF

Apple denies that Plaintiffs are entitled to any of the requested relief, including the relief

requested in paragraphs A through I under the section entitled "Prayer for Relief."

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the FAC, Apple does not, by stating the matters set forth in

these defenses, allege or admit that it has the burden of proof or persuasion with respect to any of

these matters, and does not assume the burden of proof or persuasion on any matters as to which

Plaintiffs have the burden of proof or persuasion.  The following affirmative defenses are based

on Apple's knowledge, information, and belief at this time, and Apple specifically reserves the

right to modify, amend, or supplement any affirmative defense contained in this Answer.  Apple

1    reserves the right to assert other defenses as information is gathered through discovery and

2    investigation.

3                                   **FIRST AFFIRMATIVE DEFENSE**
                                          **(Lack of Standing)**
4

5            The claims of Plaintiffs and the claims of the purported class are barred, in whole or in

6    part, because they lack of standing to assert any or all of the causes of action alleged in the FAC.

7                                   **SECOND AFFIRMATIVE DEFENSE**
                                         **(Waiver, Estoppel)**
8

9            The FAC, and each of its purported causes of action, is barred, in whole or in part, by the

10   doctrines of waiver or estoppel.

11                                  **THIRD AFFIRMATIVE DEFENSE**
                                        **(Failure to Mitigate)**
12

13           Plaintiffs and the purported class have failed to mitigate damages, if any.

14                                  **FOURTH AFFIRMATIVE DEFENSE**
                                             **(Offset)**
15

16           Any claims for damages or other monetary recovery by Plaintiffs or the purported class

17   must be offset and reduced by the value received.

18                                  **FIFTH AFFIRMATIVE DEFENSE**
                          **(No Injury in Fact or Loss of Money or Property)**
19

20           Apple alleges on information and belief that Plaintiffs and the members of the purported

21   class have not sustained an injury in fact or lost the requisite money or property necessary to

22   confer standing pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. and §§ 17500, *et seq*.

23                                  **SIXTH AFFIRMATIVE DEFENSE**
                                        **(No Injury or Damage)**
24

25           Apple denies that Plaintiffs or any member of the purported class have suffered any injury

26   or damage whatsoever, and further denies that they are liable to Plaintiffs or any member of the

27   purported class for any of the injury or damage claimed or for any injury or damage whatsoever.

28

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Provide Pre-Lawsuit CLRA Notice as to Plaintiff Carter)**

To the extent Plaintiff Maldonado is found to lack standing, Plaintiff Carter's California Consumers Legal Remedies Act claim is barred because he failed to provide pre-suit notice as required by the CLRA pursuant to California Civil Code § 1782(a).

**EIGHTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

The class definition includes putative class members whose claims are time-barred under the applicable statutes of limitations.

**<u>DEMAND FOR JURY TRIAL</u>**

Apple hereby demands a trial by jury on all issues upon which trial by jury may be had.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Apple prays for the following relief:

1.      That judgment on the FAC, and on each cause of action herein, be entered in favor of Apple;

2.      That this Court finds that this suit cannot be maintained as a class action;

3.      That this Court denies Plaintiffs or the members of the purported class relief of any kind;

4.      That the request for injunctive relief be denied;

5.      That Apple be awarded its costs incurred, including reasonable attorneys' fees; and

6.      For such other or further relief as this Court may deem just and proper.

Dated:  April 5, 2017                                    MORRISON & FOERSTER LLP

By: */s/ Purvi G. Patel*
Purvi G. Patel

*Attorneys for Defendant*
*Apple Inc.*