PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
MARGARET E. MAYO (SBN 259685)
MMayo@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

PURVI G. PATEL (SBN 270702)
PPatel@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendants
APPLECARE SERVICE
COMPANY, INC. and APPLE CSC INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

APPLE INC., APPLECARE SERVICE COMPANY, INC., and APPLE CSC INC.,

Defendants.

Case No. 3:16-cv-04067-WHO

Related Case:
*English v. Apple Inc., et al.*
Case No. 3:14-cv-01619-WHO

**DEFENDANTS APPLECARE SERVICE COMPANY, INC. AND APPLE CSC INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Complaint Filed: July 20, 2016
Trial Date: December 10, 2018

Defendants AppleCare Service Company, Inc. and Apple CSC Inc. ("AppleCare Defendants") hereby answer Plaintiffs Vicky Maldonado and Justin Carter's First Amended Complaint ("FAC"). Any and all allegations not specifically admitted herein are denied. To the extent the FAC asserts conclusions of law, such conclusions of law require no response in this Answer. To the extent any response is required to headings or other unnumbered paragraphs in the FAC, AppleCare Defendants deny the factual allegations, if any, contained in such headings or unnumbered paragraphs.

## I. INTRODUCTION

1. Responding to paragraph 1 of the FAC, AppleCare Defendants state that insofar as the allegation in paragraph 1 states conclusions of law, no response thereto is required.

2. Responding to paragraph 2 of the FAC, AppleCare Defendants admit that a limited warranty comes with the purchase of iPhones, iPads, and iPods. AppleCare Defendants further admit that, at certain times in the past, Apple has offered the AppleCare Protection Plan for iPhone, iPad, and iPod. AppleCare Defendants further admit that Apple offers AppleCare+ for iPhone, iPad, and iPod. To the extent paragraph 2 references or purports to summarize, interpret, or quote from any iteration of the terms and conditions for the limited warranty, AppleCare Protection Plan, or AppleCare+, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 2.

3. Responding to paragraph 3 of the FAC, AppleCare Defendants state that to the extent paragraph 3 references or purports to summarize, interpret, or quote from any iteration of the terms and conditions for the limited warranty, AppleCare Protection Plan, or AppleCare+, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. AppleCare Defendants admit that there are charges associated with AppleCare Protection Plan and AppleCare+. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 3.

4. Responding to paragraph 4 of the FAC, AppleCare Defendants state that to the extent paragraph 4 references or purports to summarize, interpret, or quote from any iteration of

the terms and conditions for the limited warranty, AppleCare Protection Plan, or AppleCare+, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 4.

5. Responding to paragraph 5 of the FAC, AppleCare Defendants state that to the extent paragraph 5 references or purports to summarize, interpret, or quote from any iteration of the terms and conditions for the limited warranty, AppleCare Protection Plan, or AppleCare+, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. AppleCare Defendants further state that insofar as the allegations in paragraph 5 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 5.

6. Responding to paragraph 6 of the FAC, AppleCare Defendants state that insofar as the allegations in paragraph 6 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 6.

7. Responding to paragraph 7 of the FAC, AppleCare Defendants admit that Plaintiffs purport to bring this action as a class action. AppleCare Defendants deny that class treatment is appropriate or warranted. AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. Except as otherwise admitted or stated, AppleCare Defendants deny the allegations in paragraph 7.

## II. PARTIES

8. Responding to paragraph 8 of the FAC, AppleCare Defendants admit that Plaintiff Vicky Maldonado purchased AppleCare+. AppleCare Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Plaintiff Maldonado, and on that basis deny those allegations.

9. Responding to paragraph 9 of the FAC, AppleCare Defendants admit that Plaintiff Justin Carter purchased AppleCare+. AppleCare Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Plaintiff Carter, and on that basis deny those allegations.

10. Responding to paragraph 10 of the FAC, AppleCare Defendants admit that Apple is incorporated in California and that its principal place of business is located at 1 Infinite Loop, Cupertino, California 95014.

11. Responding to paragraph 11 of the FAC, AppleCare Defendants admit that AppleCare Service Company, Inc. is a wholly-owned subsidiary of Apple. AppleCare Defendants further admit that AppleCare Service Company, Inc. is incorporated in Arizona and has its principal place of business at 1 Infinite Loop, Cupertino, California 95014. AppleCare Defendants further admit that Apple CSC Inc. is a "d/b/a" for AppleCare Service Company, Inc. in Texas. AppleCare Defendants state that Apple CSC Inc. is not a separate entity from AppleCare Service Company, Inc.

## III. JURISDICTION AND VENUE

12. Responding to paragraph 12 of the FAC, AppleCare Defendants admit that this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332, *et seq*., and that Plaintiffs purport to summarize, interpret, or state the contents of CAFA. AppleCare Defendants deny any characterization of CAFA that is inconsistent with its content. AppleCare Defendants deny that class treatment is appropriate or warranted. Except as otherwise admitted or stated, AppleCare Defendants deny the allegations in paragraph 12.

13. Responding to paragraph 13 of the FAC, AppleCare Defendants admit that this Court has personal jurisdiction over Plaintiffs for the reasons stated. AppleCare Defendants state that insofar as the allegations in paragraph 13 state conclusions of law, no response thereto is required.

14. Responding to paragraph 14 of the FAC, AppleCare Defendants admit that Apple is incorporated in California, and that its principal place of business is in California. AppleCare Defendants further admit that Apple conducts business in California. AppleCare Defendants state

that insofar as the allegations in paragraph 14 state conclusions of law, no response thereto is required.

15. Responding to paragraph 15 of the FAC, AppleCare Defendants admit that AppleCare Service Company, Inc.'s principal place of business is in California, and that it conducts business in California. AppleCare Defendants further admit that Apple CSC Inc. is a "d/b/a" for AppleCare Service Company, Inc. in Texas, which is registered with the Texas Secretary of State. AppleCare Defendants state that Apple CSC Inc. is not a separate entity from AppleCare Service Company, Inc. AppleCare Defendants state that insofar as the allegations in paragraph 15 state conclusions of law, no response thereto is required. Except as otherwise admitted or stated, AppleCare Defendants deny the allegations in paragraph 15.

16. Responding to paragraph 16 of the FAC, AppleCare Defendants admit that venue is proper in this Court. AppleCare Defendants state that insofar as the allegations in paragraph 16 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 16.

17. Responding to paragraph 17 of the FAC, AppleCare Defendants state that decisions regarding the terms and conditions for AppleCare Protection Plan and AppleCare+ are made by Apple. AppleCare Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny those allegations.

18. Responding to paragraph 18 of the FAC, AppleCare Defendants state that decisions regarding the marketing of AppleCare Protection Plan and AppleCare+ are made by Apple. AppleCare Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny those allegations.

19. Responding to paragraph 19 of the FAC, AppleCare Defendants state that certain policies and procedures regarding AppleCare Protection Plan and AppleCare+ are developed by Apple. AppleCare Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny those allegations.

## IV. CHOICE OF LAW

20. Responding to paragraph 20 of the FAC, AppleCare Defendants state that to the extent paragraph 20 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan or AppleCare+ terms and conditions, those documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. AppleCare Defendants further state that insofar as the allegations in paragraph 20 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 20.

21. Responding to paragraph 21 of the FAC, AppleCare Defendants state that certain policies and procedures regarding AppleCare Protection Plan and AppleCare+ were developed by Apple. AppleCare Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny those allegations.

## V. FACTS

### A. Apple Products

22. Responding to paragraph 22 of the FAC, AppleCare Defendants admit that Apple designs, manufactures, and markets mobile communication and media devices, personal computers, and portable digital music players throughout the United States. AppleCare Defendants further admit that Apple sells related software, services, accessories, networking solutions, and third-party digital content and applications. AppleCare Defendants further admit that Apple's products and services include the iPhone, iPod, iPad, Mac, Apple Watch, Apple TV, iCloud, and Apple Pay. AppleCare Defendants further admit that Apple also offers iOS, OS X, and watchOS operating systems. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 22.

23. Responding to paragraph 23 of the FAC, AppleCare Defendants admit Apple designs, develops, and markets iPhone smartphones, which run on the iOS mobile operating system. AppleCare Defendants further admit that Apple released the first-generation iPhone in June 2007. AppleCare Defendants further admit Apple released the iPhone 7 and iPhone 7 Plus in September 2016. AppleCare Defendants further admit that the iPhone's features (available on

qualifying models) include voice-activated Siri, Apple Pay, Touch ID, and 3D Touch. AppleCare Defendants further admit that the iPhone is compatible with Apple Mac computers and Windows personal computers, and that content available from the iTunes Store, App Store, and iBooks Store may be purchased from and displayed on the iPhone. Except as otherwise admitted, AppleCare Defendants deny the allegations in paragraph 23.

24. Responding to paragraph 24 of the FAC, AppleCare Defendants admit Apple designs, develops, and markets iPad tablet computers, which run on the iOS mobile operating system. AppleCare Defendants further admit that Apple designs, develops, and markets multiple iPad models, including the iPad Mini, iPad Air, and iPad Pro. AppleCare Defendants further admit that the iPad Pro was released in September 2015, and includes a 12.9 inch screen with Retina display. AppleCare Defendants further admit that the iPad's features (available on qualifying models) include voice-activated Siri and Touch ID, and that the iPad is compatible with Apple Mac computers and Windows personal computers. AppleCare Defendants further admit that the content available from the iTunes Store, App Store, and iBooks Store may be purchased from and displayed on the iPad. Except as otherwise admitted, AppleCare Defendants deny the allegations in paragraph 24.

25. Responding to paragraph 25 of the FAC, AppleCare Defendants admit Apple designs, develops, and markets the iPod, a portable digital music and media player. AppleCare Defendants further admit that Apple released the first generation iPod on October 23, 2001, and that Apple has released several iPod models, including the iPod Classic, iPod Mini, iPod Shuffle, iPod Nano, and iPod Touch. AppleCare Defendants further admit that Apple currently markets the iPod Shuffle, iPod Nano, and iPod Touch for sale. AppleCare Defendants further admit that AppleCare Protection Plan extends hardware repair coverage and telephone technical support for two years from the date of purchase of the covered product. AppleCare Defendants further admit that, in addition to the services offered by AppleCare Protection Plan, AppleCare+ offers coverage for up to two incidents of accidental damage. Except as otherwise admitted, AppleCare Defendants deny the allegations in paragraph 25.

26. Responding to paragraph 26 of the FAC, AppleCare Defendants state that AppleCare Protection Plan was launched in 2009 and AppleCare+ was launched in 2011. AppleCare Defendants admit that AppleCare Protection Plan and AppleCare+ are available for purchase through the Apple Online Store, Apple retail stores, and certain Apple-authorized resellers and wireless service providers. AppleCare Defendants further admit that AppleCare Service Company, Inc. is a wholly-owned subsidiary of Apple. AppleCare Defendants further admit that AppleCare Protection Plan and AppleCare+ may be purchased simultaneously with the Apple product it covers, or within a set period of time after the purchase of the Apple product it covers. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 26.

27. Responding to paragraph 27 of the FAC, AppleCare Defendants admit that, under the iPhone Upgrade Program, customers make monthly payments that spread the cost of an iPhone and AppleCare+ over twenty-four (24) months. AppleCare Defendants further state that a customer who purchases the iPhone Upgrade Program and has made at least twelve (12) payments is entitled to upgrade to a new iPhone after six months. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 27.

**B. Apple's Limited Warranty**

28. Responding to paragraph 28 of the FAC, AppleCare Defendants admit that Apple iPhones, iPods, and iPads come with a one-year limited warranty. AppleCare Defendants state that to the extent paragraph 28 references or purports to summarize, interpret, or quote from any iteration of the terms and conditions of any limited warranty, the documents speak for themselves, and AppleCare Defendants deny any characterization of the document that is inconsistent with their content. Except as otherwise admitted or stated, AppleCare Defendants deny the allegations in paragraph 28.

29. Responding to paragraph 29 of the FAC, AppleCare Defendants state that to the extent paragraph 29 references or purports to quote from any iteration of the terms and conditions of any limited warranty, the documents speak for themselves, and AppleCare Defendants deny

any characterization of the document that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 29.

30. Responding to paragraph 30 of the FAC, AppleCare Defendants state that to the extent paragraph 30 references or purports to summarize, interpret, or quote from any iteration of the terms and conditions of any limited warranty, the documents speak for themselves, and AppleCare Defendants deny any characterization of the document that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 30.

31. Responding to paragraph 31 of the FAC, AppleCare Defendants state that to the extent paragraph 30 references or purports to summarize, interpret, or quote from any iteration of the terms and conditions of any limited warranty, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 31.

32. Responding to paragraph 32 of the FAC, AppleCare Defendants admit that Plaintiffs purport to place at issue the "precision" of the language of the terms of conditions of the one-year limited warranty that comes with Apple iPhones, iPods, and iPads. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 32.

**C. AppleCare Promises to Replace with New or Equivalent to New Devices**

33. Responding to paragraph 33 of the FAC, AppleCare Defendants admit that AppleCare Protection Plan extends hardware repair coverage and telephone technical support for two years from the date of purchase of the covered product. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 33.

34. Responding to paragraph 34 of the FAC, AppleCare Defendants admit AppleCare Protection Plan for iPhone was available for purchase beginning in 2009 and ending in 2011. AppleCare Defendants admit AppleCare Protection Plan for iPad was available for purchase beginning in 2010 and ending in 2011. AppleCare Defendants admit AppleCare Protection Plan for iPod was available for purchase beginning in 2009 and ending in 2013. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 34.

35. Responding to paragraph 35 of the FAC, AppleCare Defendants admit AppleCare Protection Plan for iPhones was available for purchase beginning in 2009 and ending in 2011. AppleCare Defendants admit AppleCare Protection Plan for iPads was available for purchase beginning in 2010 and ending in 2011. AppleCare Defendants admit AppleCare Protection Plan for iPods was available for purchase beginning in 2009 and ending in 2013. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 35.

36. Responding to paragraph 36 of the FAC, AppleCare Defendants admit that, when it was available, AppleCare Protection Plan for iPhone, iPad, or iPod could only be purchased within one year of purchase of the device. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 36.

37. Responding to paragraph 37 of the FAC, AppleCare Defendants admit that a customer who purchases the AppleCare Protection Plan enters into a service contract with AppleCare Service Company, Inc. AppleCare Defendants further admit that AppleCare Service Company, Inc. is a wholly-owned subsidiary of Apple. AppleCare Defendants further admit that Apple is the administrator of the AppleCare Protection Plan. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 37.

38. Responding to paragraph 38 of the FAC, AppleCare Defendants state that to the extent paragraph 38 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan terms and conditions, the documents speaks for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 38.

39. Responding to paragraph 39 of the FAC, AppleCare Defendants state that to the extent paragraph 39 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan terms and conditions, the documents speaks for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 39.

40. Responding to paragraph 40 of the FAC, AppleCare Defendants state that to the extent paragraph 40 references or purports to summarize from any iteration of the AppleCare

Protection Plan terms and conditions, the documents speaks for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 40.

41. Responding to paragraph 41 of the FAC, AppleCare Defendants state that to the extent paragraph 41 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan terms and conditions, the documents speaks for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 41.

42. Responding to paragraph 42 of the FAC, AppleCare Defendants state that to the extent paragraph 42 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan terms and conditions, the documents speaks for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. AppleCare Defendants state that insofar as the allegations in paragraph 42 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 42.

43. Responding to paragraph 43 of the FAC, AppleCare Defendants state that to the extent paragraph 43 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan terms and conditions, the documents speaks for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 43.

44. Responding to paragraph 44 of the FAC, AppleCare Defendants state that to the extent paragraph 44 references or purports to summarize, interpret, or quote from any iteration of the AppleCare Protection Plan terms and conditions, the documents speaks for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 44.

45. Responding to paragraph 45 of the FAC, AppleCare Defendants admit that, when it was available for the following devices, AppleCare Protection Plan for iPhone cost $69, AppleCare Protection Plan for iPad cost $99, AppleCare Protection Plan for iPod Touch and iPod

Classic cost $59, and AppleCare Protection Plan for iPod Nano and iPod Shuffle cost $39. Except as otherwise admitted, AppleCare Defendants deny the allegations in paragraph 45.

**A. AppleCare+ Promises to Replace or Repair with New or Equivalent to New Devices**

46. Responding to paragraph 46 of the FAC, AppleCare Defendants admit that Apple launched AppleCare+ for iPhone in October 2011. Except as otherwise stated or admitted, AppleCare Defendants deny the allegation in paragraph 46.

47. Responding to paragraph 47 of the FAC, AppleCare Defendants admit that from 2012 to the present, AppleCare+ has been the only service plan customers can purchase from Apple that covers iPhone and iPad. AppleCare Defendants further admit that AppleCare+ for iPods became available in September 2013. Except as otherwise stated or admitted, AppleCare Defendants deny the allegation in paragraph 47.

48. Responding to paragraph 48 of the FAC, AppleCare Defendants admit that AppleCare+ previously could only be purchased within thirty (30) days of the date of purchase of the covered product. AppleCare Defendants further admit that AppleCare+ currently must be purchased within sixty (60) days of the purchase of the covered product. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 48.

49. Responding to paragraph 49 of the FAC, AppleCare Defendants admit that AppleCare+ extends hardware repair coverage and telephone technical support for two years from the date of purchase of the covered product, and also offers coverage for up to two incidents of accidental damage. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 49.

50. Responding to paragraph 50 of the FAC, AppleCare Defendants admit that a customer who purchases AppleCare+ enters into a service contract with AppleCare Service Company, Inc. AppleCare Defendants further admit that AppleCare Service Company, Inc. is a wholly-owned subsidiary of Apple. AppleCare Defendants further admit that Apple is the administrator of AppleCare+. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 50.

51. Responding to paragraph 51 of the FAC, AppleCare Defendants admit that from 2012 to September 2013, AppleCare+ did not cover any products other than iPhone and iPad. AppleCare Defendants further admit that AppleCare+ for iPods became available in September 2013. Except as otherwise stated or admitted, AppleCare Defendants deny the allegation in paragraph 51.

52. Responding to paragraph 52 of the FAC, AppleCare Defendants state that to the extent paragraph 52 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 52.

53. Responding to paragraph 53 of the FAC, AppleCare Defendants state that to the extent paragraph 53 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 53.

54. Responding to paragraph 54 of the FAC, AppleCare Defendants admit that until September 10, 2013, a customer making a claim under the accidental damage provision of AppleCare+ for iPhone or iPad could repair or replace their covered product subject to a $49 service fee. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 54.

55. Paragraph 55 of the FAC has no content, and does not require a response.

56. Responding to paragraph 56 of the FAC, AppleCare Defendants state that to the extent paragraph 56 references or purports to summarize from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 56.

57. Responding to paragraph 57 of the FAC, AppleCare Defendants state that to the extent paragraph 57 references or purports to summarize, interpret, or quote from any iteration of

the AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 57.

58. Responding to paragraph 58 of the FAC, AppleCare Defendants state that to the extent paragraph 58 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 58.

59. Responding to paragraph 59 of the FAC, AppleCare Defendants admit that in September 2013, AppleCare+ for iPod became available. Except as otherwise admitted, AppleCare Defendants deny the allegations in paragraph 59.

60. Responding to paragraph 60 of the FAC, AppleCare Defendants state that to the extent paragraph 60 references or purports to summarize from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 60.

61. Responding to paragraph 61 of the FAC, AppleCare Defendants state that to the extent paragraph 61 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 61.

62. Responding to paragraph 62 of the FAC, AppleCare Defendants state that to the extent paragraph 62 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 62.

63. Responding to paragraph 63 of the FAC, AppleCare Defendants state that to the extent paragraph 63 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 63.

64. Responding to paragraph 64 of the FAC, AppleCare Defendants state that a customer making a claim under the accidental damage provision of AppleCare+ for iPhone, iPad, or iPod could repair or replace their covered product subject to a service fee that ranged from $29 to $99. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 64.

65. Responding to paragraph 65 of the FAC, AppleCare Defendants state that to the extent paragraph 65 references or purports to summarize from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 65.

66. Responding to paragraph 66 of the FAC, AppleCare Defendants admit that AppleCare+ currently costs $129 for current iPhones, excluding the iPhone SE; $99 for all other iPhones and all iPads; and $59 for all iPods, which includes the iPod Classic and iPod Touch. AppleCare Defendants further admit that AppleCare+ is included with Apple's iPhone Upgrade Program. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 66.

**B. Replacement Devices**

67. Responding to paragraph 67 of the FAC, AppleCare Defendants state that to the extent paragraph 67 references or purports to summarize from any iteration of the AppleCare+ or AppleCare Protection Plan terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 67.

68. Responding to paragraph 68 of the FAC, AppleCare Defendants state that to the extent paragraph 67 references or purports to summarize from any iteration of the AppleCare+ or AppleCare Protection Plan terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 68.

69. Responding to paragraph 69 of the FAC, AppleCare Defendants state that replacement devices provided under AppleCare Protection Plan or AppleCare+ are shipped in plain, unbranded boxes. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 69.

70. Responding to paragraph 70 of the FAC, AppleCare Defendants admit that some replacement devices provided under the AppleCare Protection Plan or AppleCare+ are new. Except as otherwise admitted, AppleCare Defendants deny the allegations in paragraph 70.

71. Responding to paragraph 71 of the FAC, AppleCare Defendants state that replacement devices provided under AppleCare Protection Plan or AppleCare+ are shipped in plain, unbranded boxes. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 71.

72. Responding to paragraph 72 of the FAC, AppleCare Defendants state that replacement devices provided under AppleCare Protection Plan or AppleCare+ are shipped in plain, unbranded boxes. AppleCare Defendants state that a customer making a claim under the accidental damage provision of AppleCare+ for iPhone, iPad, or iPod could repair or replace their covered product subject to a service fee. Except as otherwise stated or admitted, AppleCare Defendants deny the allegations in paragraph 72.

73. Responding to paragraph 73 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the

California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants state that to the extent paragraph 73 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ or AppleCare Protection Plan terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 73.

74. Responding to paragraph 74 of the FAC, AppleCare Defendants state that to the extent paragraph 74 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ or AppleCare Protection Plan terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 74.

75. Responding to paragraph 75 of the FAC, AppleCare Defendants state that to the extent paragraph 75 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 75.

76. AppleCare Defendants deny the allegations in paragraph 76 of the FAC.

77. Responding to paragraph 77 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 77.

**C. Refurbished, Remanufactured, or Used Parts Are Not New or Equivalent to New in Performance and Reliability**

78. Responding to paragraph 78 of the FAC, AppleCare Defendants state that insofar as the allegations in paragraph 78 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 78.

79. AppleCare Defendants deny the allegations in paragraph 79 of the FAC.

80. AppleCare Defendants deny the allegations in paragraph 80 of the FAC.

81. AppleCare Defendants deny the allegations in paragraph 81 of the FAC.

82. AppleCare Defendants deny the allegations in paragraph 82 of the FAC.

83. Responding to paragraph 83 of the FAC, AppleCare Defendants state that insofar as the allegations in paragraph 83 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 83.

84. Responding to paragraph 84 of the FAC, AppleCare Defendants state that insofar as the allegations in paragraph 84 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 84.

**D. Plaintiffs**

85. Responding to paragraph 85 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, and on that basis deny the allegations in paragraph 85.

86. Responding to paragraph 86 of the FAC, AppleCare Defendants state that Plaintiff Maldonado purchased AppleCare+ for iPad from the First Colony Mall Apple Store in Sugarland, Texas, on September 9, 2013. AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny the remaining allegations in paragraph 86.

87. Responding to paragraph 87 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, and on that basis deny the allegations in paragraph 87.

88. Responding to paragraph 88 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, and on that basis deny the allegations in paragraph 88.

89. Responding to paragraph 89 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and on that basis deny the allegations in paragraph 89.

90. Paragraph 90 of the FAC has no content, and does not require a response.

91. Responding to paragraph 91 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and on that basis deny the allegations in paragraph 91.

92. Responding to paragraph 92 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, and on that basis deny the allegations in paragraph 92.

93. Responding to paragraph 93 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and on that basis deny the allegations in paragraph 93.

94. Responding to paragraph 94 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, and on that basis deny the allegations in paragraph 94.

95. Responding to paragraph 95 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, and on that basis deny the allegations in paragraph 95.

96. Responding to paragraph 96 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, and on that basis deny the allegations in paragraph 96.

97. Responding to paragraph 97 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this

paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 97.

98. Responding to paragraph 98 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 98.

99. Responding to paragraph 99 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 99.

100. Responding to paragraph 100 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, and on that basis deny the allegations in paragraph 100.

101. Responding to paragraph 101 of the FAC, AppleCare Defendants state that Plaintiff Carter purchased AppleCare+ for iPhone 6 Plus from the St. Johns Apple Store in Jacksonville, Florida, on April 16, 2015. AppleCare Defendants state that they are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny the remaining allegations in paragraph 101.

102. Responding to paragraph 102 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102, and on that basis deny the allegations in paragraph 102.

103. Responding to paragraph 103 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103, and on that basis deny the allegations in paragraph 103.

104. Responding to paragraph 104 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, and on that basis deny the allegations in paragraph 104.

105. Responding to paragraph 105 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, and on that basis deny the allegations in paragraph 105.

106. Responding to paragraph 106 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, and on that basis deny the allegations in paragraph 106.

107. Responding to paragraph 107 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, and on that basis deny the allegations in paragraph 107.

108. Responding to paragraph 108 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108, and on that basis deny the allegations in paragraph 108.

109. Responding to paragraph 109 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109, and on that basis deny the allegations in paragraph 109.

110. Responding to paragraph 110 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and on that basis deny the allegations in paragraph 110.

111. Responding to paragraph 111 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, and on that basis deny the allegations in paragraph 111.

112. Responding to paragraph 112 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and on that basis deny the allegations in paragraph 112.

113. Responding to paragraph 113 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113, and on that basis deny the allegations in paragraph 113.

114. Responding to paragraph 114 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114, and on that basis deny the allegations in paragraph 114.

115. Responding to paragraph 115 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, and on that basis deny the allegations in paragraph 115.

116. Responding to paragraph 116 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, and on that basis deny the allegations in paragraph 116.

117. Responding to paragraph 117 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, and on that basis deny the allegations in paragraph 117.

118. Responding to paragraph 118 of the FAC, AppleCare Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, and on that basis deny the allegations in paragraph 118.

119. Responding to paragraph 119 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 119.

120. Responding to paragraph 120 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 120.

121. Responding to paragraph 121 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 121.

## VI. CLASS ACTION ALLEGATIONS

122. Responding to paragraph 122 of the FAC, AppleCare Defendants admit that Plaintiffs purport to bring a class action against AppleCare Defendants and seek to represent a

purported class as stated. AppleCare Defendants deny that class treatment is appropriate. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 122.

123. Responding to paragraph 123 of the FAC, AppleCare Defendants admit that Plaintiffs purport to bring a class action against AppleCare Defendants and seek to represent a purported class, excluding the persons stated. AppleCare Defendants deny that class treatment is appropriate. Insofar as the allegations in paragraph 123 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 123.

124. Responding to paragraph 124 of the FAC, AppleCare Defendants admit that on July 27, 2016, Apple announced that it had sold one billion iPhones. AppleCare Defendants admit that Plaintiffs purport to bring a class action against AppleCare Defendants. AppleCare Defendants deny that class treatment is appropriate. Insofar as the allegations in paragraph 124 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 124.

125. Responding to paragraph 125 (including subparagraphs 125a through 125l) of the FAC, AppleCare Defendants admit that Plaintiffs purport to bring a class action against AppleCare Defendants. AppleCare Defendants deny that class treatment is appropriate. Insofar as the allegations in paragraph 125 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 125.

126. Responding to paragraph 126 of the FAC, AppleCare Defendants admit that Plaintiffs purport to bring a class action against AppleCare Defendants. AppleCare Defendants deny that class treatment is appropriate. Insofar as the allegations in paragraph 126 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 126.

127. Responding to paragraph 127 of the FAC, AppleCare Defendants admit that Plaintiffs purport to bring a class action against AppleCare Defendants. AppleCare Defendants deny that class treatment is appropriate. Insofar as the allegations in paragraph 127 state conclusions of law, no response thereto is required. With respect to the adequacy of Plaintiffs'

counsel Renee F. Kennedy, AppleCare Defendants deny the allegations. AppleCare Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations regarding adequacy of Plaintiffs or Plaintiffs' counsel Hagens Berman Sobol Shapiro LLP, and on that basis deny those allegations. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 127.

128. Responding to paragraph 128 of the FAC, AppleCare Defendants admit that Plaintiffs purport to bring a class action against AppleCare Defendants. AppleCare Defendants deny that class treatment is appropriate, and deny that Plaintiffs or the members of the purported class have been injured or damaged in any way and further deny that Plaintiffs or the members of the purported class are entitled to relief of any kind. Insofar as the allegations in paragraph 128 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 128.

129. Responding to paragraph 129 of the FAC, AppleCare Defendants admit that Plaintiffs purport to bring a class action against AppleCare Defendants. AppleCare Defendants deny that class treatment is appropriate. Insofar as the allegations in paragraph 129 state conclusions of law, no response thereto is required. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 129.

## VII. COUNTS

### COUNT I
### BREACH OF CONTRACT
### (Against Defendant AppleCare Services)

130. Responding to paragraph 130 of the FAC, AppleCare Defendants reallege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

131. Responding to paragraph 131, AppleCare Defendants admit that a customer who purchases AppleCare Protection Plan or AppleCare+ enters into a service contract with AppleCare Service Company, Inc. AppleCare Defendants further state that insofar as the allegations in paragraph 131 state conclusions of law, no response thereto is required.

132. Responding to paragraph 132, AppleCare Defendants admit that a customer who purchases AppleCare Protection Plan or AppleCare+ enters into a service contract with AppleCare Service Company, Inc. AppleCare Defendants further state that insofar as the allegations in paragraph 132 state conclusions of law, no response thereto is required.

133. Responding to paragraph 133, AppleCare Defendants state that to the extent paragraph 133 references or purports to summarize from any iteration of the AppleCare Protection Plan or AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. AppleCare Defendants deny the remaining allegations in paragraph 133.

134. Responding to paragraph 134, AppleCare Defendants state that to the extent paragraph 134 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the document speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. AppleCare Defendants deny the remaining allegations in paragraph 134.

135. Responding to paragraph 135, AppleCare Defendants state that to the extent paragraph 135 references or purports to summarize from any iteration of the AppleCare Protection Plan or AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. AppleCare Defendants deny the remaining allegations in paragraph 135.

136. AppleCare Defendants deny the allegations in paragraph 136.

137. AppleCare Defendants deny the allegations in paragraph 137.

138. AppleCare Defendants deny the allegations in paragraph 138.

139. AppleCare Defendants deny the allegations in paragraph 139.

**COUNT II**
**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**
**15 U.S.C. § 2301, *et seq.***
**(Against Defendant AppleCare Services)**

140. Responding to paragraph 140 of the FAC, AppleCare Defendants reallege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

141. Responding to paragraph 141 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 141 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 141.

142. Responding to paragraph 142 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 142 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 142.

143. Responding to paragraph 143 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 143 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 143.

144. Responding to paragraph 144 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 144 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 144.

145. Responding to paragraph 145 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 145 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 145.

146. Responding to paragraph 146 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 146 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 146.

147. Responding to paragraph 147 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 147 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 147.

148. Responding to paragraph 148 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 148 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 148.

149. Responding to paragraph 149, AppleCare Defendants state that to the extent paragraph 149 references or purports to summarize from any iteration of the AppleCare Protection Plan or AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. AppleCare Defendants deny the remaining allegations in paragraph 149.

150. Responding to paragraph 150, AppleCare Defendants state that to the extent paragraph 150 references or purports to summarize from any iteration of the AppleCare Protection Plan or AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. AppleCare Defendants further state that insofar as allegations in paragraph 150 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 150.

151. Responding to paragraph 151, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 151.

152. Responding to paragraph 152, AppleCare Defendants state that to the extent paragraph 152 references or purports to summarize from the AppleCare Protection Plan or AppleCare+ Terms and Conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. AppleCare Defendants deny the remaining allegations in paragraph 152.

153. Responding to paragraph 153, AppleCare Defendants state that to the extent paragraph 153 references or purports to summarize from the AppleCare Protection Plan or AppleCare+ Terms and Conditions, the documents speak for themselves, and AppleCare Defendants deny any characterization of the documents that is inconsistent with their content. AppleCare Defendants further state that insofar as allegations in paragraph 153 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 153.

154. Responding to paragraph 154, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 154.

155. AppleCare Defendants deny the allegations in paragraph 155.

156. Responding to paragraph 156, AppleCare Defendants state that insofar as allegations in paragraph 156 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 156.

157. Responding to paragraph 157, AppleCare Defendants admit that Plaintiffs seek actual damages on behalf of themselves and the purported class they seek to represent. AppleCare Defendants deny that class treatment is appropriate. AppleCare Defendants deny that Plaintiffs have suffered any injury or are entitled to any monetary recovery or other relief in this action. AppleCare Defendants state that insofar as allegations in paragraph 157 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 157.

158. Responding to paragraph 158, AppleCare Defendants admit that Plaintiffs seek declaratory relief. AppleCare Defendants deny that Plaintiffs have suffered any injury or are

entitled to any relief in this action. AppleCare Defendants state that insofar as allegations in paragraph 158 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 158.

**COUNT III**
**VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**
**CAL. CIV. CODE § 1790, *et seq.***
**(Against Defendant AppleCare Services)**

159. Responding to paragraph 159 of the FAC, AppleCare Defendants reallege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

160. Responding to paragraph 160 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 160 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 160.

161. Responding to paragraph 161 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 161 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 161.

162. Responding to paragraph 162 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 162 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 162.

163. Responding to paragraph 163 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 163 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 163.

164. Responding to paragraph 164 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 164 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 164.

165. Responding to paragraph 165, AppleCare Defendants state that to the extent paragraph 165 references or purports to summarize, interpret, or quote from any iteration of the AppleCare+ terms and conditions, the documents speak for themselves, and AppleCare

Defendants deny any characterization of the documents that is inconsistent with their content. Except as otherwise stated, AppleCare Defendants deny the allegations in paragraph 165.

166. AppleCare Defendants deny the allegations in paragraph 166.

167. AppleCare Defendants deny the allegations in paragraph 167.

168. AppleCare Defendants deny the allegations in paragraph 168.

169. Responding to paragraph 169 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 169 state conclusions of law, no response thereto is required. AppleCare Defendants deny that Plaintiffs have suffered damages or are entitled to any monetary recovery or other relief in this action. AppleCare Defendants deny the remaining allegations in paragraph 169.

170. AppleCare Defendants deny the allegations in paragraph 170.

**COUNT IV**
**VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**
**CAL. CIV. CODE § 1750, *et seq.***
**(Against All Defendants)**

171. Responding to paragraph 171 of the FAC, AppleCare Defendants reallege and incorporate by reference each and every preceding paragraph of this answer as if fully set forth herein.

172. Responding to paragraph 172 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 172 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 172.

173. Responding to paragraph 173 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 173 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 173.

174. Responding to paragraph 174 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 174 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 174.

175. Responding to paragraph 175 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 175 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 175.

176. Responding to paragraph 176 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 176 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 176.

177. Responding to paragraph 177 (including subparagraphs 177a through 177d) of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 177 state conclusions of law, no response thereto is required. Responding to subparagraphs 177a through 177d of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in subparagraphs 177a through 177d.

178. Responding to paragraph 178 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 178 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 178.

179. Responding to paragraph 179 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 179.

180. Responding to paragraph 180 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 180.

181. Responding to paragraph 181 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 181.

182. Responding to paragraph 182 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants admit Plaintiffs seek the relief stated, and otherwise deny the allegations in paragraph 182.

183. Responding to paragraph 183 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this

paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants admit Plaintiffs seek the relief stated, and otherwise deny the allegations in paragraph 183.

184. Responding to paragraph 184 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants admit Plaintiffs seek the relief stated, and otherwise deny the allegations in paragraph 184.

185. Responding to paragraph 185 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants admit Plaintiffs seek the relief stated, and otherwise deny the allegations in paragraph 185.

186. Responding to paragraph 186 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged

violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 186.

**COUNT V**
**VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW**
**CAL. BUS. & PROF. CODE § 17500, *et seq.***
**(Against All Defendants)**

187. Responding to paragraph 187 of the FAC, AppleCare Defendants reallege and incorporate by reference each and every preceding paragraph of this answer as if fully set forth herein.

188. Responding to paragraph 188 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 188.

189. Responding to paragraph 189 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 189.

190. Responding to paragraph 190 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend.

(ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 190.

191. Responding to paragraph 191 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 191.

192. Responding to paragraph 192 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 192.

193. Responding to paragraph 193 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair

Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 193.

**COUNT VI**
**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**
**CAL. BUS. & PROF. CODE § 17200, *et seq.***
**(Against All Defendants)**

194. Responding to paragraph 194 of the FAC, AppleCare Defendants reallege and incorporate by reference each and every preceding paragraph of this answer as if fully set forth herein.

195. Responding to paragraph 195 of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 195 state conclusions of law, no response thereto is required. AppleCare Defendants deny the remaining allegations in paragraph 195.

196. Responding to paragraph 196 (including subparagraphs 196a through 196d) of the FAC, AppleCare Defendants state that insofar as allegations in paragraph 196 state conclusions of law, no response thereto is required. Responding to subparagraph 196c of the FAC, AppleCare Defendants deny the allegations in subparagraph 196c of the FAC. Responding to subparagraphs 196a, 196b, and 196d of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in subparagraphs 196a, 196b, and 196d.

197. Responding to paragraph 197 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the

California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 197.

198. Responding to paragraph 198 of the FAC, AppleCare Defendants state that the Court dismissed Plaintiffs' fraud-based claims in its March 2, 2017 order with leave to amend. (ECF No. 64.) Plaintiffs did not file an amended complaint. As a result, no response to this paragraph is required because the following claims are no longer asserted: Count IV for alleged violations of the California Consumers Legal Remedies Act, Count V for alleged violations of the California False Advertising Law, or Count V for alleged violations of the California Unfair Competition Law with respect to the fraudulent prong. To the extent a response is required, AppleCare Defendants deny the allegations in paragraph 198.

199. AppleCare Defendants deny the allegations in paragraph 199.

200. Responding to paragraph 200 of the FAC, AppleCare Defendants admit Plaintiffs seek injunctive relief. AppleCare Defendants deny that Plaintiffs have suffered any injury or are entitled to any injunctive or other relief in this action. AppleCare Defendants deny the remaining allegations in paragraph 200.

201. AppleCare Defendants deny the allegations in paragraph 201.

## PRAYER FOR RELIEF

AppleCare Defendants deny that Plaintiffs are entitled to any of the requested relief, including the relief requested in paragraphs A through I under the section entitled "Prayer for Relief."

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the FAC, AppleCare Defendants do not, by stating the matters set forth in these defenses, allege or admit that they have the burden of proof or persuasion with respect to any of these matters, and do not assume the burden of proof or persuasion on any matters as to which Plaintiffs have the burden of proof or persuasion. The following affirmative defenses are based on AppleCare Defendants' knowledge, information, and belief at this time, and AppleCare Defendants specifically reserve the right to modify, amend, or

supplement any affirmative defense contained in this Answer. AppleCare Defendants reserve the right to assert other defenses as information is gathered through discovery and investigation.

**FIRST AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

The claims of Plaintiffs and the claims of the purported class are barred, in whole or in part, because they lack of standing to assert any or all of the causes of action alleged in the FAC.

**SECOND AFFIRMATIVE DEFENSE**
**(Waiver, Estoppel)**

The FAC, and each of its purported causes of action, is barred, in whole or in part, by the doctrines of waiver or estoppel.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Plaintiffs and the purported class have failed to mitigate damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**
**(Offset)**

Any claims for damages or other monetary recovery by Plaintiffs or the purported class must be offset and reduced by the value received.

**FIFTH AFFIRMATIVE DEFENSE**
**(No Injury in Fact or Loss of Money or Property)**

AppleCare Defendants allege on information and belief that Plaintiffs and the members of the purported class have not sustained an injury in fact or lost the requisite money or property necessary to confer standing pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. and §§ 17500, *et seq*.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Injury or Damage)**

AppleCare Defendants deny that Plaintiffs or any member of the purported class have suffered any injury or damage whatsoever, and further deny that they are liable to Plaintiffs or

any member of the purported class for any of the injury or damage claimed or for any injury or damage whatsoever.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Provide Pre-Lawsuit CLRA Notice as to Plaintiff Carter)**

To the extent Plaintiff Maldonado is found to lack standing, Plaintiff Carter's California Consumers Legal Remedies Act claim is barred because he failed to provide pre-suit notice as required by the CLRA pursuant to California Civil Code § 1782(a).

**EIGHTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

The class definition includes putative class members whose claims are time-barred under the applicable statutes of limitations.

**DEMAND FOR JURY TRIAL**

AppleCare Defendants hereby demand a trial by jury on all issues upon which trial by jury may be had.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, AppleCare Defendants pray for the following relief:

1. That judgment on the FAC, and on each cause of action herein, be entered in favor of AppleCare Defendants;

2. That this Court finds that this suit cannot be maintained as a class action;

3. That this Court denies Plaintiffs or the members of the purported class relief of any kind;

4. That the request for injunctive relief be denied;

5. That AppleCare Defendants be awarded their costs incurred, including reasonable attorneys' fees; and

6. For such other or further relief as this Court may deem just and proper.

Dated: April 5, 2017

MORRISON & FOERSTER LLP

By: /s/ *Purvi G. Patel*
Purvi G. Patel

***Attorneys for Defendants AppleCare Service Company, Inc. and Apple CSC Inc.***