UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICKY MALDONADO, et al.,

          Plaintiffs,

    v.

APPLE, INC, et al.,

          Defendants.

Case No. 3:16-cv-04067-WHO

**ORDER ON JOINT REPORT RE:
OUTSTANDING DISCOVERY
DISPUTES**

Re: Dkt. No. 83

The parties previously filed a broad-ranging letter describing significant discovery disputes, Dkt. No. 73, to which I responded, directing them to try harder to resolve their issues. Dkt. No. 77. They proceeded to resolve many issues, and have now presented me with one outstanding dispute and one "potential" outstanding dispute. Dkt. No. 83.

First, they dispute whether plaintiffs are entitled to discovery on iPods (and AppleCare Protection Plans sold with iPods), since no plaintiff alleges that he or she purchased an iPod. I agree with defendants that they should not be required to expend significant resources obtaining information about a product that no plaintiff has purchased. Plaintiffs' request for this information is DENIED.

Second, plaintiffs raise a "potential" dispute regarding Apple's responses and production of documents pertaining to the testing of remanufactured iPhones and iPads,[1] and the "failure rates" for new and remanufactured iPhones and iPads. The dispute is only "potential" because the

---

[1] To the extent defendants contend that plaintiffs are only entitled to documents regarding the testing of recovered parts, and not "any testing done on the finished devices that differs from testing on new devices[,]" Joint Report at 6, I agree with plaintiffs. They are entitled to documents pertaining to the testing done on the finished devices. But I do not see a need for defendants to produce documents regarding the testing on the underlying devices *that supply* the recovered parts.

defendants have agreed to produce these documents, and any "data" they can find associated with failure rates, now that the term has been defined. Plaintiffs assert that they cannot evaluate whether certain disputes have been resolved until they see the documents and information. Accordingly, I understand that another letter may be necessary. But plaintiffs are also concerned that the timing of the production may impact their ability to file a motion for class certification by the February 8, 2018 deadline. On this point, defendants are ordered to produce the documents no later than December 22, 2017, but hopefully sooner. However, if it is impossible to produce the documents by December 22, 2017, and that failure means that plaintiffs will not be able to file their motion for class certification as previously ordered, the parties should stipulate to an extension of the briefing and hearing schedule and I will approve it.

**IT IS SO ORDERED.**

Dated: November 30, 2017

William H. Orrick
United States District Judge

United States District Court
Northern District of California