EXHIBIT 4

PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
MARGARET E. MAYO (SBN 259685)
MMayo@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

PURVI G. PATEL (SBN 270702)
PPatel@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., and APPLE CSC INC.,<br><br>Defendants. | Case No. 3:16-cv-04067-WHO<br><br>Related Case:<br>*English v. Apple Inc. et al.*<br>Case No. 3:14-cv-01619-WHO<br><br>**DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF "NON-UNIFORM" INTERROGATORIES**<br><br>Complaint Filed:  July 20, 2016<br>Trial Date:  December 10, 2018 |

PROPOUNDING PARTY:    Plaintiffs VICKY MALDONADO and JUSTIN CARTER

RESPONDING PARTY:    Defendant APPLE INC.

SET NO.:              ONE

**CONTAINS INFORMATION DESIGNATED CONFIDENTIAL AND HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Apple Inc. hereby objects and responds to Plaintiffs Vicky Maldonado and Justin Carter's First Set of "Non-Uniform" Interrogatories, dated May 31, 2017.  The responses to Interrogatory Nos. 6, 7, 8, 14, and 17 contain information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order entered on April 3, 2017 (ECF No. 68) and should be treated as confidential pursuant to the terms of the order.

## PRELIMINARY STATEMENT

Apple has not yet completed its investigation in this matter.  Apple's objections and responses are based only upon such information and documents as are currently available and specifically known to Apple, upon Apple's information and belief, and upon Apple's current understanding of the facts and Plaintiffs' claims.  As discovery in this action proceeds, Apple anticipates that it may discover additional or different documents or information.  Without in any way obligating itself to do so, Apple reserves the right to amend, modify, supplement, clarify, or further explain its response at any time in the future, and to make any use of, or to introduce at any hearing or trial, documents or information discovered after Apple's initial response or production.

In responding to the Interrogatories, Apple does not concede the relevancy, materiality, or admissibility of the subject matter to which the Interrogatories refer.  Apple's response to the Interrogatories is made subject to, and without waiving or intending to waive, any objections as to the competence, relevance, materiality, privileged nature, or admissibility as evidence or for any other purpose, of the response given herein, or of the subject matter thereof, in any proceeding.

Subject to the foregoing, Apple objects and responds to the Interrogatories as follows:

## GENERAL OBJECTIONS

The following general objections are stated with respect to each definition and Interrogatory, and are incorporated by reference into the specific objections stated below:

1.      Apple objects to the Definitions, Instructions, and Interrogatories to the extent that they purport to impose burdens on Apple that are inconsistent with or not otherwise authorized by

APPLE INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 3:16-cv-04067-WHO
sf-3777190

1

the Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the Court, or any applicable Standing Order or other order of the Court.

2.     Apple objects to the Interrogatories as premature and unduly burdensome to the extent they seek information that is not tethered to the issues to be litigated at class certification. Apple further objects on the ground that such Interrogatories do not comport with the Court's directive that the parties focus discovery on class certification issues.

3.     Apple objects to the Interrogatories the extent they seek information that is outside the relevant period or beyond the geographic scope for the case.  Unless otherwise specified, Apple will produce responsive, non-privileged documents from July 20, 2012 to the present limited to the United States.

4.     Apple objects to Definition **1** ("YOU" and "YOUR") in that it purports to include Apple Inc., AppleCare Service Company, Inc., and Apple CSC Inc. and "its present or former officers, directors, attorneys, agents, subsidiaries, divisions, sister corporations, affiliates, holding companies, employees, contractors, agents, whether actual, apparent or otherwise of each, and any entities that merged to form Apple Inc., Applecare [*sic*] Service Company, Inc., and Apple CSC Inc., and any of their officers, directors, attorneys, agents, subsidiaries, divisions, sister corporations, affiliates, holding companies, employees, contractors, or agents, whether actual, apparent or otherwise of each," thereby making the Interrogatories vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.  Apple is responding to the Interrogatories on its own behalf.

5.     Apple objects to Definition **3** ("COMPLAINT") as vague and ambiguous in that it purports to include "any amended complaints."  Apple will treat the term "COMPLAINT" as meaning the operative First Amended Complaint (ECF No. 45), of which only the following claims remain:  Counts I, II, and III for breach of contract and alleged violations of Magnuson-Moss and Song-Beverly against AppleCare Service Co., Inc., and Count VI for alleged violation of the UCL unlawful and unfair prongs.

6.     Apple objects to Definition **11** ("APPLECARE") on the grounds that it seeks information that is not relevant, reasonably calculated to lead to the discovery of admissible

evidence, or proportional to the needs of the case, including because (i) it seeks information regarding AppleCare Protection Plan and iPods, which no Plaintiff purchased and (ii) it is overbroad as to time.

7.    Apple objects to Definition **12** ("APPLECARE+") on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case, including because (i) it seeks information regarding AppleCare+ for iPod, which no Plaintiff purchased, and (ii) it is overbroad as to time.  Apple will treat the term "APPLECARE+" as referring to AppleCare+ plans for iPhone and iPad sold from July 20, 2012 through the present.

8.    Apple objects to Definition **13** ("DEVICE") on the grounds that it is overbroad, unduly burdensome, and purports to encompass information that is not relevant, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  Apple will treat the term "DEVICE" as referring to iPhones and iPads only.

9.    Apple objects to Definition **14** ("REPLACEMENT DEVICE") on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case, including because (i) it seeks information regarding the AppleCare Protection Plan and iPods, which no Plaintiff purchased and (ii) it is overbroad as to time.  Apple further objects to the definition on the grounds that it is vague and ambiguous, including with respect to the phrase "that was replaced."  Apple will treat the term "REPLACEMENT DEVICE" as referring to an iPhone or an iPad that was provided as a whole unit replacement under AppleCare+ plans for iPhone and iPad sold from July 20, 2012 through the present.

10.    Apple objects to Definition **15** ("LOAD CONDITIONS") on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

11.    Apple objects to the Interrogatories to the extent that they seek information or documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, policy, or immunity.  Any inadvertent disclosure shall not be deemed a waiver of any applicable privilege, policy, or immunity.

APPLE INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 3:16-cv-04067-WHO
sf-3777190

12.    Apple objects to the Interrogatories to the extent that they seek disclosure of commercially sensitive or proprietary business or trade secret information.

13.    Apple objects to the Interrogatories to the extent that they seek information that, if disclosed, would violate the privacy right of any person.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

IDENTIFY the types of DEVICES YOU use as REPLACEMENT DEVICES under APPLECARE and APPLECARE+, for example whether those DEVICES are new, refurbished, remanufactured, or reclaimed.

**RESPONSE TO INTERROGATORY NO. 1:**

There are three types of iPhones and iPads that are provided to customers as replacements under AppleCare+:  (1) new units; (2) remanufactured units; and (3) reclaimed units.  Each of these types of replacements has been tested to ensure that they meet Apple's high standards.  New units are made of entirely new parts, and therefore are exactly the same as the iPhones and iPads Apple sells as new in Apple-branded boxes.  Remanufactured units are assembled using the same manufacturing process as new iPhones or iPads, and could contain both new parts and recovered parts that have been extensively tested.  Reclaimed units are iPhones or iPads that are either unused stock from Apple retail stores or are so-called "buyer's remorse" iPhones or iPads that customers returned undamaged to Apple within fourteen (14) days of purchase.  These (essentially new) reclaimed units undergo a testing and screening process before they are approved for use as replacement devices under AppleCare+.  No "refurbished" devices are provided to customers as replacements under AppleCare+.  A "refurbished" device is a device that Apple separately sells as "certified refurbished," and therefore has no bearing on the issues to be litigated in this action.

Apple otherwise objects to this Interrogatory for the following reasons.  Apple objects to this Interrogatory and the defined terms "DEVICES," "REPLACEMENT DEVICES," "APPLECARE," and "APPLECARE+" on the grounds that they seek information that is not relevant, reasonably calculated to lead to the discovery of admissible evidence, or proportional to

AppleCare+ for iPod, which no Plaintiff purchased. Apple objects to this Interrogatory on the grounds that it seeks information that is not relevant, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case, including because it seeks information regarding a service plan that no Plaintiff purchased and regarding same-unit repairs, which no Plaintiff obtained. Apple further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Apple is providing the information set forth above subject to the terms of the Stipulated Protective Order entered on April 3, 2017 (ECF No. 68). Apple further objects to this Interrogatory on the grounds that it is overbroad as to time, and undefined and therefore overbroad as to geographic scope.

**INTERROGATORY NO. 15:**

IDENTIFY the supply chains for REPLACEMENT DEVICES.

**RESPONSE TO INTERROGATORY NO. 15:**

There are three types of iPhones and iPads that are provided to customers as replacements under AppleCare+: (1) new units; (2) remanufactured units; and (3) reclaimed units. New units are made of entirely new parts and are assembled using the same contract manufacturers, production lines, and manufacturing process as the iPhones and iPads Apple sells as new in Apple-branded boxes, and therefore are exactly the same as the iPhones and iPads Apple sells as new in Apple-branded boxes. Remanufactured units are assembled using the same contract manufacturers, production lines, and manufacturing process as the iPhones and iPads Apple sells as new in Apple-branded boxes, and could contain both new parts and recovered parts that have been extensively tested. Reclaimed units are iPhones or iPads that are either unused stock from Apple retail stores or are so-called "buyer's remorse" iPhones or iPads that customers returned undamaged to Apple within fourteen (14) days of purchase.

Apple otherwise objects to this Interrogatory for the following reasons. Apple objects to this Interrogatory and the defined term "REPLACEMENT DEVICES" on the grounds that they seek information that is not relevant, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case, including because they seek information

regarding iPods, which no Plaintiff purchased. Apple further objects to this Interrogatory on the grounds that it is vague and ambiguous, including as to the term "supply chains." Apple interprets "supply chains" to mean the sources for and types of replacement devices provided under AppleCare+. Apple further objects to this Interrogatory on the grounds that it is undefined and therefore overbroad as to geographic scope. Apple further objects to this Interrogatory on the grounds that it is premature and unduly burdensome because it seeks information that is not tethered to the issues to be litigated at class certification, and therefore violates the Court's directive that the parties focus discovery on class certification issues. Apple further objects to this Interrogatory because it seeks disclosure of commercially sensitive or proprietary business or trade secret information. Apple further objects to this Interrogatory on the grounds that it is overbroad as to time, and undefined and therefore overbroad as to geographic scope.

**INTERROGATORY NO. 16:**

IDENTIFY the number of APPLECARE and APPLECARE+ service plans YOU have sold.

**RESPONSE TO INTERROGATORY NO. 16:**

Apple objects to this Interrogatory and the defined terms "APPLECARE" and "APPLECARE+" on the grounds that they seek information that is not relevant, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case, including because they seek information regarding the AppleCare Protection Plan and AppleCare+ for iPod, which no Plaintiff purchased. Apple further objects to this Interrogatory because it seeks disclosure of commercially sensitive or proprietary business or trade secret information; Apple provides the information set forth above subject to the terms of the Stipulated Protective Order entered on April 3, 2017 (ECF No. 68). Apple further objects to this Interrogatory on the grounds that it is overbroad as to time, and undefined and therefore overbroad as to geographic scope.

**INTERROGATORY NO. 17:**

IDENTIFY the number of DEVICES that YOU have replaced under APPLECARE and APPLECARE+.

**INTERROGATORY NO. 20:**

IDENTIFY the failure rate of refurbished, remanufactured, and reclaimed DEVICES.

**RESPONSE TO INTERROGATORY NO. 20:**

Apple otherwise objects to this Interrogatory for the following reasons. Apple objects to this Interrogatory and the defined term "DEVICES" on the grounds that they seek information that is not relevant, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case, including because they seek information regarding iPods, which no Plaintiff purchased. Apple further objects to this Interrogatory on the grounds that it is vague, ambiguous, and is disproportionate to the needs of the case, including as to the terms "failure rate" and "refurbished." In the ordinary course of business (and for the purposes of this Interrogatory), Apple uses the term "refurbished" to refer to a device that Apple separately sells as "certified refurbished," and therefore has no bearing on the issues to be litigated in this action. Apple further objects to this Interrogatory on the grounds that it is premature and unduly burdensome because it seeks information that is not tethered to the issues to be litigated at class certification, and therefore violates the Court's directive that the parties focus discovery on class certification issues. Apple further objects to this Interrogatory because it seeks disclosure of commercially sensitive or proprietary business or trade secret information. Apple further objects to this Interrogatory on the grounds that it is overbroad as to time, and undefined and therefore overbroad as to geographic scope.

Dated: July 28, 2017

MORRISON & FOERSTER LLP

By: _____
Margaret E. Mayo

*Attorneys For Defendants*
*AppleCare Service Company, Inc.*
*and Apple CSC Inc.*

**VERIFICATION**

I, Michael Lanigan, am an employee of Defendant Apple Inc., a party to this action. I am authorized to execute this verification on behalf of Defendant Apple Inc. I have read Defendant Apple Inc.'s Responses to Plaintiffs' Vicky Maldonado and Justin Carter's First Set of Non-Uniform Interrogatories, and declare that, based on reasonable inquiry and with the assistance of employees at Apple Inc., the facts set forth in the Responses to Interrogatory Nos. 1, 3, 4, 5, 6, 7, 8, 12, and 15 are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of July, 2017, at Cupertino, California.

_____
Michael Lanigan

**VERIFICATION**

I, Jackie Healy, am an employee of Defendant Apple Inc., a party to this action. I am authorized to execute this verification on behalf of Defendant Apple Inc. I have read Defendant Apple Inc.'s Responses to Plaintiffs' Vicky Maldonado and Justin Carter's First Set of Non-Uniform Interrogatories, and declare that, based on reasonable inquiry and with the assistance of employees at Apple Inc., the facts set forth in the Response to Interrogatory No. 17 is true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of July, 2017, at Cupertino, California.

_____
Jackie Healy

## CERTIFICATE OF SERVICE
### (Fed. Rule Civ. Proc. Rule 5(b))

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, CA 94105. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on the date hereof I served a copy of:

**DEFENDANT APPLE INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF NON-UNIFORM INTERROGATORIES**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b)

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105, in accordance with Morrison & Foerster's ordinary business practices:

Robert B. Carey
Michella A. Kras
Hagens Berman Sobol Shapiro LLP
11 W. Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Email: rob@hbsslaw.com
Email: michellak@hbsslaw.com
Email: audreym@hbsslaw.com
Email: cindyj@hbsslaw.com

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Email: steve@hbsslaw.com

Shana E. Scarlett
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Email: shanas@hbsslaw.com

Renee Kennedy
P.O. Box 2222
Friendswood, Texas 77546
Email: Kennedyrk22@gmail.com

I declare under penalty of perjury that the above is true and correct.

Executed at San Francisco, California, this 28th day of July, 2017.

_____
Lisa Flores
(typed)

_____
*Lisa Flores*
(signature)

CERTIFICATE OF SERVICE
sf-3777190

1