UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| VICKY MALDONADO, et al., | Case No. 3:16-cv-04067-WHO |
| Plaintiffs, | |
| v. | **ORDER ON DISCOVERY DISPUTE** |
| APPLE, INC, et al., | Re: Dkt. No. 191 |
| Defendants. | |

On February 25, 2020, plaintiffs Vicky Maldonado and Justin Carter and defendants Apple, Inc., AppleCare Service Company Inc., and Apple CSC Inc. (collectively, "Apple") submitted a joint letter outlining disagreements over three fact witnesses that Apple disclosed after fact discovery had closed. Apple does not counter plaintiffs' assertion that their disclosures were untimely after so many years of litigation, instead asserting that plaintiffs are not prejudiced because Apple has offered to make the witnesses available for deposition, because certain fact discovery remains to be completed, and because expert discovery is open.

Plaintiffs have already deposed Jack Horan, who has taken up the mantle for service device manufacturing lines from prior witness Michael Lanigan. Horan may testify at trial, given that he was disclosed before the end of the discovery period and his deposition has been taken. But I cannot agree with Apple that the late introduction of Tara Bunch and Randy Teele would cause no prejudice to plaintiffs. This case has been pending for close to four years, and its companion case goes back two years before that. Even according to Apple, Burch would provide testimony that "is central to the case and overlaps with the topics on which discovery has been extensively sought and taken." Apple offers little justification for its failure to timely disclose these supposedly central witnesses, and it would prejudice plaintiffs to allow Apple to expand the witnesses in this

case after so many years of litigation.  Bunch and Teele will not be permitted to testify at trial.

As for the parties' second dispute over plaintiffs' request for additional information regarding life span, plaintiffs represent that Apple agreed to supplement its interrogatory response over a month before the February letter.  Apple shall do so without delay.  Apple indicates that it is willing to discuss with plaintiffs why they believe they require additional testimony on the topic of life span; the parties should promptly meet and confer to resolve this issue.

**IT IS SO ORDERED.**

Dated: March 4, 2020

William H. Orrick
United States District Judge