March 10, 2020

*Via ECF*

The Honorable William H. Orrick
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:**   *Vicky Maldonado, et al. v. Apple Inc., et al.,* **Case No. 3:16-cv-04067-WHO**

Dear Judge Orrick:

Plaintiffs Vicky Maldonado and Justin Carter and Defendants Apple Inc., AppleCare Service Co., Inc., and Apple CSC Inc. ("Apple") submit the following joint discovery dispute letter regarding Apple's disclosure of a non-retained expert, Lisa Jackson. The parties have met and conferred as required by Rule 37(a) and this Court's scheduling order but are at an impasse. The parties have set forth their respective positions below.

010637-11

## I.    PLAINTIFFS' STATEMENT

The deadline for disclosing facts and non-expert witnesses was November 22, 2019. On February 11, 2020, Apple disclosed an employee as a non-retained expert to testify regarding "environmental considerations as relevant to Apple's practice of reusing and recycling component parts in devices provided to consumers under AppleCare and AppleCare+ contracts." Apple never previously disclosed the witness or the underlying facts (documents, witnesses, etc.) she discusses, and admits the facts were known to Apple at all times. Environmental concern is not a defense to the contract or other claims here and Apple never asserted the defense. Apple's evidence should be excluded because the witness and the basis for her testimony, including the facts and data Apple admits she observed as an employee of Apple, were never properly disclosed and are irrelevant.

### A.  Background:

Rule 26(a) requires the disclosure of all facts and witnesses supporting a claim or defense. Rule 37 prohibits a party from using information or witnesses not properly disclosed under Rule 26(a). *See* Fed. R. Civ. P. 37(c)(1); *Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (holding "Rule 37(c)(1) gives teeth to [Rule 26(a)] by forbidding the use at trial of any information required to be disclosed under Rule 26(a) that is not properly disclosed"). Here, Apple disclosed Lisa Jackson, an Apple executive, as an expert witness three months after the November 22, 2019, fact discovery deadline. Ms. Jackson was presented to testify about best practices (the industry's and Apple's) for dealing with electronic waste ("e-waste") and Apple's efforts to "pioneer a closed-loop supply chain." Ex. A (Defendants' Rule 26(a)(2)(C) Disclosure). Apple's disclosure states: "Apple's practice of reusing and recycling component parts in devices provided to consumers under AppleCare and AppleCare+ contracts is consistent with regulatory efforts and mandates" and "industry best practices." It appears Apple is offering "expert" testimony showing it, and the industry, is environmentally responsible as an excuse for Apple's failure to meet its contract promise. Apple admits that her testimony will be based on "Apple's practices" regarding e-waste, yet this "defense" was never disclosed during fact discovery, nor was any witness, document, or other discoverable material.

### B.  Argument

Apple should be precluded from offering Ms. Jackson's testimony and the facts underlying her testimony because the underlying subject matter should have been disclosed during fact discovery under Rule 26(a). Rule 26(a) requires parties to disclose all witnesses with discoverable information and all documents they will use to support a claim or defense. *See* Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii). Apple's disclosures do not mention Apple's environmental concerns or e-waste practices, and no substantive documents were produced on the topic, nor did any witness substantively discuss the topic (a single statement each by one Apple witness and one expert are insufficient). That Plaintiffs asked questions about Apple's motivation for re-using parts as it relates to profit (showing why Apple would fail to meet its contract obligations) does not open the door to an undisclosed defense. Because Apple failed to disclose information regarding environmental concerns and practices, absent a showing the failure was substantially justified or harmless, the evidence *must* be excluded under Rule 37(c). *See Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).

Apple claims the subject was disclosed through one sentence in its summary judgment motion and because it produced documents in response to Plaintiffs' request for testing documents that mention some variation on the word "environment." One reference in a motion is not proper disclosure of a new defense, especially where Apple failed to identify a single fact witness or document supporting the defense. Apple seeks to avoid this obvious shortcoming by pointing to documents immaterial to Jackson's testimony. APL-MLDNDO_00035235 is a 114-page on-boarding document whose sole reference is in a glossary of Apple's acronyms, which contains "FMD" or "Full Disclosure Materials," which is defined as an, "[i]nitiative that requires suppliers to provide the full chemical composition of components to ensure ***environmental***

*compliance* and enable toxicity evaluations of all Apple Products." APL-MLDNDO_00015027 is a study of a new method of testing iPhones where the document mentions that the "amount of waste" from returned devices "not being environmentally friendly" is one downside to this testing. APL-MLDNDO_00106970 is a 69-page slide show with one statement about "environmental impact:" "Reduce environmental impact from PFs." (Plaintiffs do not know what PF means.) None of these documents discuss Apple's initiatives, policies, or procedures on e-waste and would not be sufficient to inform Plaintiffs of a new, undisclosed defense.

Apple's expert disclosure states Apple always had the underlying facts supporting Ms. Jackson's opinions in its possession, custody, and control. Apple identifies its ongoing efforts regarding environmental concerns and confirms Ms. Jackson has worked with Apple since 2013 and in the same capacity throughout the litigation. Because there is no substantial justification for Apple's discovery failure, the evidence must be excluded. *See R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008) (holding burden of showing substantial justification is on party facing sanction)).

Apple also cannot show the failure was harmless. Offering Ms. Jackson as a fact witness does not satisfy Apple's obligation to disclose early in the litigation all witnesses and documents with discoverable information. Taking a single deposition of a witness selected by Apple without full disclosure on the *issue* illustrates the harm. Apple's late, cherry-picked disclosure (Apple has produced nothing else) precludes Plaintiffs from investigating, conducting substantive and meaningful discovery on the issue, and securing their own subject-matter expert (for opinion/guidance during fact discovery). Had Plaintiffs known industry-wide and Apple-specific environmental concerns were at issue, it would have investigated, served discovery on Apple *and* third-party sources, and retained an expert to understand, analyze, and refute Apple's claims. Ms. Jackson is plainly offered to discuss Apple operations, which is information that must be disclosed, not appear at the last minute as "expert" testimony. Plaintiffs also requested Apple produce all documents and data relied on by its experts and it produced nothing for Ms. Jackson. That she is a fact witness is confirmed by Apple's expert, Dr. Hillman, who is offering an opinion on industry e-waste issues based on Ms. Jackson's work at Apple.[1]

Ms. Jackson's proposed testimony is broad, covering "industry best practices" and "current and likely future domestic and international regulatory efforts with respect to controlling e-waste." Plaintiffs cannot effectively assess, analyze, or refute this issue if limited to a deposition of Apple's hand-picked witness. Plaintiffs will be unduly harmed if Apple can present evidence not tested by Plaintiffs' informed opposition. Because Apple has failed to meet its burden of showing its failure was harmless, the evidence must be excluded. *R&R Sails, Inc.*, 673 F.3d at 1246 (holding burden of showing discovery failure was harmless is on party facing sanction).

Simply put, this is not how discovery works. Apple must disclose *all* individuals with information Apple may use to support its environmental-issue defense,[2] including Ms. Jackson and all others with relevant information, describing the information known to them without "awaiting a discovery request." *Id*. Likewise, Apple had to timely disclose—during *fact* discovery—all documents supporting the issue. Apple needed to disclose not just information related to Ms. Jackson's testimony, but all discoverable information related to the issue. By waiting until expert discovery to disclose the topic, Apple has eliminated Plaintiffs' ability to properly discover evidence and evaluate and prosecute the issue. In such a situation, the evidence must be excluded. *Goodman,* 644 F.3d at 827; *see also New World Solutions, Inc. v. Namemedia,* 150 F. Supp. 3d 287, 304 (S.D.N.Y. 2015) (exclusion under Rule 37(c)(1) is to "prevent the practice of sandbagging an opposing party with new evidence").

---

[1] Plaintiffs agreed to hold a deposition date for Ms. Jackson pending the Court's decision, but she was not available for deposition until after the rebuttal deadline, so Plaintiffs have no discovery on this topic for rebuttals.

[2] The proper vehicle to exclude irrelevant evidence is a motion in limine, which, if not excluded here, Plaintiffs will include in their motion in limine filing. Under the Court's Civil Pretrial Order, all such motions shall be contained in one document. This issue is likely moot because the evidence should be excluded under Rule 37(c).

Also, Plaintiffs are not objecting to Ms. Jackson as an expert under Fed. R. Evid. 703 per se. They are objecting because the underlying facts and data were never timely disclosed under Rule 26(a). She is relying on information she learned while working at Apple and testifying about Apple's policies and procedures on e-waste—none of which was disclosed to Plaintiffs. While an employee of a party may act as a non-retained witness, it must be on a topic that was previously disclosed to the opposing party. The issue is not whether she is a qualified expert, but whether the subject matter of this defense was properly disclosed. It was not. To the extent Ms. Jackson offers testimony based on her observations at Apple, she is not offering expert testimony.

Excluding the evidence will not affect Apple's defense because the evidence is irrelevant. *See* Fed. R. Evid. 402 (permitting only relevant evidence to support a claim or defense). Environmental consciousness and an industry-wide effort to reduce waste is not a defense to Plaintiffs' contract claim. Plaintiffs found no case law that excuses a contractual obligation to help support a corporation's effort to recycle, especially when the entity seeking to avoid the obligation drafted the adhesion contract. *Cf. Arvin Kam Constr. Corp. v. Envtl. Chemical Co.*, No. 16-cv-02643-JD, 2005 WL 1598220, *4 (N.D. Cal. April 15, 2019) (explaining unusual circumstances where courts void contracts as void against public policy).

Apple's only purpose for presenting environmental evidence is to confuse, mislead, or improperly inflame the jury. Parties are bound by their mutual promises, even if there is a "better way" or performing under the contract produces an externality. Apple's desire to be socially responsible cannot alter or trump its contractual duties to consumers or excuse unfair conduct under the UCL, making the newly disclosed evidence irrelevant. It should be excluded.

## II.   DEFENDANTS' STATEMENT

Apple properly and timely disclosed expert witness, Lisa Jackson (former Administrator of the U.S. Environmental Protection Agency), on February 11 in accordance with the Court's scheduling order. Plaintiffs are free to take discovery from Ms. Jackson—just as with all of the other experts in the case—during the expert discovery period. The parties have already agreed that Ms. Jackson will be available to be deposed on March 18. If Plaintiffs believe there are grounds to exclude her expert testimony, they can do so via a proper, fully-briefed motion on April 1 per the schedule for filing such motions. Apple objects to the submission of this issue to the Court via a five-page letter brief under the Court's rules for "discovery disputes." It is Apple—not Plaintiffs—who faces the risk of suffering prejudice based on this dispute. Apple is entitled to offer expert testimony on its defenses through qualified and timely disclosed expert witnesses like Ms. Jackson, and preventing that would be highly prejudicial.

Plaintiffs' letter brief tellingly does not attempt to challenge that Ms. Jackson is an expert in her field. Nor could it; she has extensive specialized knowledge in the field of e-waste practices by electronics companies, regulatory efforts, and initiatives to develop a closed-loop supply chain for the manufacture of consumer electronics. Employees are routinely offered as non-retained experts under Rule 26(a)(2)(C), and Plaintiffs do not dispute that. Nor do they dispute that Ms. Jackson's disclosure (Ex. A) on the opening expert disclosure deadline satisfied the requirements of that rule. The legal standard to qualify as an expert—whether the witness has relevant "scientific, technical, or other specialized knowledge" that will be "helpful" to the jury—is exactly the same for employees and retained experts alike.[3] *Pajas v. Cty. of Monterey*, 2019 WL 188660, at *2 (N.D. Cal. Jan. 14, 2019) (allowing employee to offer expert testimony without providing expert report); *Medtronic Vascular Inc. v. Abbott Cardio. Sys., Inc.*, 2009 WL 1421632, at *4 (N.D. Cal. May 15, 2009) (same); *see* Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment ("Frequent examples" of experts under Rule 26(a)(2)(C) include "employees of a party who do not regularly provide expert testimony").

---

[3] The only difference is that most employee experts (including Ms. Jackson) are not required to submit a full expert report when opining on matters within the scope of their employment duties. Fed R. Civ. P. 26(a)(2)(B)-(C).

010637-11

Ms. Jackson's disclosure explains that she will provide expert opinion testimony about regulatory and industry efforts toward environmentally conscious manufacturing, and how Apple's environmental practices—including its reuse, recycling, durability, and reparability initiatives—comport with regulations, industry best practices, and the feasibility of a closed-loop supply chain. Ex. A. Plaintiffs incorrectly contend that Ms. Jackson is "not offering expert testimony" and that Apple's retention of an expert on consumer electronics manufacturing industry customs and practices, Craig Hillman, somehow "confirms" that Ms. Jackson is a fact witness. It does not. All experts have to have a factual basis for their opinions, regardless of whether they are an employee of a company or not. Retained experts typically review the litigation record (document productions, deposition transcripts, etc.) and provide expert opinions based on that review. Non-retained experts, on the other hand, provide opinions based on facts obtained within their own personal knowledge, and that personal knowledge can accrue during the course of their work. *Gyrodata Inc. v. Atlantic Inertial Sys. Inc.*, 2011 WL 13116732, at \*3 (E.D. Cal. Oct. 11, 2011) (employee experts allowed to offer expert testimony on areas of specialized knowledge "based on facts and data observed pursuant to their employment").

Plaintiffs also try to exclude Ms. Jackson's *expert* testimony by arguing that Apple has failed to satisfy its *fact discovery* obligations. [4] That is wrong in two ways. *First*, Apple disclosed these topics as relevant to its defenses during discovery; as discussed below, it was explicit in its summary judgment papers that environmental issues are part of its defenses and Plaintiffs themselves raised during depositions the issue of Apple's motivations for using recovered parts through their examination of witnesses and their expert reports. *Second*, there is no support for Plaintiffs' contention that every single topic of *expert testimony* be specifically identified during fact discovery. Plaintiffs' cases about late fact witness disclosures are therefore inapposite.[5]

## A. Apple Explicitly Disclosed Environmental Concerns and Practices As A Defense.

Plaintiffs are incorrect that the defense never was asserted.[6] In mid-2019 (before fact discovery closed), in its summary judgment brief Apple set out a full paragraph explaining the relevance of environmental considerations bearing on its use of non-new parts and motivations:

> [T]here is a larger benefit to Apple's practice of reusing certain non-new parts in its remanufactured iPhones and iPads. One of the main reasons Apple recovers certain non-new parts for use in remanufactured iPhones and iPads (instead of scrapping them) is for environmental reasons. (Lanigan Decl. ¶ 5.) . . . Apple is providing a benefit to consumers in the form of reduced environmental impact of the consumer products they use. On balance, the benefits provided to consumers far outweigh the nonexistent alleged harm.

Dkt. 110-3 at 21; *see also* Dkt. 110-15 at ¶ 5. In discovery, Plaintiffs levied sets of RFPs and Interrogatories on many topics and Apple's defenses related to its policies and practices. Plaintiffs were free to seek discovery on environmental or profit-motivation topics, and did so— Plaintiffs' damages expert testified about business considerations and profit motivations months before discovery closed. 3/7/19 Kaufman Dep. Tr. at 207:4-25. ("...Financial analysis, for similar

---

[4] The disclosure notes that "Ms. Jackson will also be available to testify as a fact witness" only to clarify that Apple will not prevent Plaintiffs from asking Ms. Jackson about facts within her knowledge during deposition or trial.

[5] In *Wallace*, for instance, the Court was evaluating the timeliness of disclosure of a *fact witness*. 862 F. Supp. 2d at 1062. Plaintiffs' other cases are inapposite because they involved expert disclosures ***after the deadline*** or failure to provide a required written report. There is no such allegation here. *Compare Yeti By Molly*, 259 F.3d at 1105-06 (expert report disclosed one month before trial); *Goodman*, 644 F.3d at 827 (late disclosure of expert reports was neither justified nor harmless); *Torres*, 548 F.3d at 1212-13 (expert did not qualify as non-retained expert and thus report untimely).

[6] Even if environmental issues had not been explicitly raised, that would still not constitute waiver. That is especially true here, given that the issues were raised at summary judgment and are pressed in response to Plaintiffs' inability to meet their burden rather than as a standalone affirmative defense. *Nw. Accept. Corp. v. Lynnwood Equip.*, 841 F.2d 918, 924 (9th Cir. 1988) (theories of defense raised in the pretrial order not waived); *Dietz Int'l Pub. Adjusters of California, Inc. v. Evanston Ins. Co.*, 796 F. Supp. 2d 1197, 1210 (C.D. Cal. 2011).

reason, you know, you're looking at what do we price -- what do we price the plan ... is it priced at a point that's ... going to be profitable for Apple... [I]n order to make that determination, *you need to have some understandings of the expected costs of ...- providing the service...*").[7]

Plaintiffs argue no "substantive documents" were produced, but it is unclear what this means. In response to Plaintiffs' document requests seeking "All documents relating to the manufacturing or assembly process for replacement devices that are not new," Ex. B at RFP 8, Apple produced many documents referencing environmental issues.[8] Apple's documents could hardly be more substantive. They are internal company documents from years ago detailing Apple's specifications, processes, and policies for manufacturing devices, including as to e-waste. APL-15027, for example, listed pros and cons of possible use of exclusively "new buy" devices (service devices that do not contain any recovered parts). Among the cons are "Huge amount of waste . . . *not environmentally friendly*." Plaintiffs also argue that the documents do not "indicate that the topic is relevant to Apple's defense in this case"—but one would not expect internal business documents to discuss legal defenses. Rather, they provide the factual context for legal defenses that are asserted by counsel. While Plaintiffs' letter brief suggests they wish they had chosen to focus more on these issues that have long been in the case, *Plaintiffs'* failures cannot be pinned on nondisclosure *by Apple*.

Finally, Plaintiffs' argument that "environmental concern is not a defense to the contract claim here" is off-base. Apple's process to determine which parts will be recycled and the reasons, including environmental ones, is relevant to evaluating whether Apple's devices are equivalent to new and the amount of damages (if any) Plaintiffs are entitled to seek. Plaintiffs' argument is also premature; if Plaintiffs want to challenge this evidence as irrelevant to their contract claim, they can do so via a motion *in limine*. Plaintiffs' argument also ignores the bearing that environmental issues have on other claims, like the UCL claim, which require weighing "the reasons, justifications, and motives of the alleged wrongdoer." *Rivera v. BAC Home Loans Serv.*, 756 F. Supp. 2d 1193, 1201 (N.D. Cal. 2010). Part of Apple's reason for recovering parts from returned devices is to mitigate the environmental impact of wasting that material.

## B. Expert Discovery Is Ongoing, So There Is No Prejudice.

Ms. Jackson is available for deposition on March 18, within the agreed-upon expert discovery period that closes March 25. There is thus no untimeliness and no prejudice to Plaintiffs. Ms. Jackson is an expert witness disclosed on the date required for identifying experts. Plaintiffs have ample time to explore her opinions and move to exclude her on *Daubert* grounds, if they wish. They can also put in admissible evidence at trial from the record in this case to test Ms. Jackson's opinions, or this long-ago-disclosed theory of defense.[9] Finally, Plaintiffs argue that they are prejudiced by the fact that Ms. Jackson is available for deposition on March 18 but the rebuttal expert deadline is March 13. That can be easily remedied—Apple consents to Plaintiffs putting in a rebuttal expert disclosure on these issues within a reasonable timeframe after her deposition (provided that Apple is given an opportunity to depose the witness before April 1).

---

[7] *E.g.*, 4/16/2019 Glew (Apple expert) Dep. Tr. at 135:22-136:7 ("[U]sing remanufactured parts allows [Apple] to environmentally accommodate electronic material."); 2/6/2020 Rule 30(b)(6) Dep. Tr. (R. Teele) at 47:10-49:10 (Q: Are you striving to get to a certain level of excess, or is it the excess just what natural arises? A: No. No. No. So -- so in a perfect world there's no excess, right. Uhm, we want to run our supply chain as efficiently as possible. We want to be as environmentally friendly as possible. . . .); Bardwell Class Cert. Report at 16-18 (requesting production of AppleCare profitability documents "to assist in characterizing past and future damage").

[8] *E.g.*, APL-MLDNDO-15027 at -39 (re environmental impact of waste; cost considerations); APL-MLDNDO-35235 at -85-86 (re initiative to "ensure environmental compliance and enable toxicity evaluations of all Apple Products"); APL-MLDNDO-106970 at -7022 (re "key initiative" to "[r]educe environmental impact from PFs").

[9] Plaintiffs' argue that they "requested Apple produce all documents and data relied on by its experts" and that Apple "produced nothing for Ms. Jackson." But Plaintiffs did not make such a request for production (and their brief points to none). In any event, Ms. Jackson's expert opinions are based on her observations during the course of her work, at the EPA and Apple and elsewhere.

Respectfully submitted,

| HAGENS BERMAN SOBOL SHAPIRO LLP | BOIES SCHILLER FLEXNER LLP |
|---|---|
| By */s/ Steve W. Berman* | By */s/ Karen L. Dunn* |
| Steve W. Berman (*Pro Hac Vice*) | Karen L. Dunn (*Pro Hac Vice*) |
| *Attorneys for Plaintiffs* | *Attorneys for Apple Defendants* |