Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Robert B. Carey (*Pro Hac Vice*)
Michella A. Kras (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
michellak@hbsslaw.com

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., AND APPLE CSC, INC.<br><br>Defendants. | No. 3:16-cv-04067-WHO<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE THE FORM AND MANNER OF CLASS NOTICE**<br><br>Date: July 15, 2020<br>Time: 2:00 p.m.<br>Judge: William H. Orrick<br>Courtroom: 2, 17th Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on July 15, 2020 at 2:00 p.m. in the courtroom of the Honorable William H. Orrick of the United States District Court of the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, 17th Floor, Courtroom 2, Plaintiffs will and hereby do move the Court pursuant to Federal Rules of Civil Procedure 23 for an order approving the Plaintiffs' proposed form of notice and manner of dissemination.

This motion is based on this notice and motion, the accompanying memorandum of points and authorities in support of the motion, and the concurrently filed Declaration of Cameron Azari, with accompanying Attachments.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

In any case certified under Federal Rule of Civil Procedure 23(b)(3), the Court must direct notice to the certified class. On September 17, 2019, the Court certified the following Class under Federal Rules of Civil Procedure 23(b)(3):

> All individuals who purchased AppleCare or AppleCare+, either directly or through the iPhone Upgrade Program, on or after July 20, 2012, and received a remanufactured replacement Device. [1]

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), Plaintiffs now move the Court for an order approving the form and manner of class notice in this certified class action.[2]

The proposed form and manner of notice dissemination here is supported by an experienced notice and claims administrator. In order to prepare for class notice, Class Counsel sent a request for proposal to five reputable notice and claims administrators requesting proposed

---

[1] Order Certifying Class and Denying Defendants' Motion for Summary Judgment, Sept. 17, 2019, ECF No. 155.

[2] Class Counsel have conferred with Counsel for Defendants and the parties are in agreement on the content of the notice forms and the manner of dissemination. The parties have agreed that the internet address for the dedicated, case-specific notice website, which address is known as the Uniform Resource Locator, or "URL," will be "www.replacementdevicelawsuit.com."

notice plans and costs estimates. Each of the five potential notice administrators proposed a notice program relying on direct email notice to reach the class members. After this competitive bidding process, Class Counsel—in consultation with Defendants—worked collaboratively with Epiq Class Action & Claims Solutions, Inc. ("Epiq") and with Epiq's Notice business unit, Hilsoft Notifications ("Hilsoft"), in preparing the notice and the plan of dissemination. This is Epiq's tenth engagement with Hagens Berman Sobol Shapiro over the past two years.

As set forth in more detail in the supporting Declaration of Cameron R. Azari, Esq, Hilsoft's Director of Legal Notice, Epiq and Hilsoft have been appointed as notice, claims, and/or settlement administrator in hundreds of high-volume consumer, civil rights, insurance, antitrust, ERISA, securities, and wage and hour cases, administering some of the largest and most complex class action notice programs and settlements in the country.[3] Class Counsel has worked with Mr. Azari and his team at Epiq/Hilsoft to develop the proposed form(s) of class notice as well as the proposed manner of dissemination to the Class, and Mr. Azari submits a declaration in support of the Proposed Notice Plan attesting to its adequacy and constitutionality. The proposed form of notice provides the information required by Rule 23(c)(2)(B) to the Class, in language that is plain and easy to understand. Plaintiffs have followed, as closely as possible, the relevant language for notice recommended by this District's Procedural Guidance for Class Action Settlements.[4] With this motion, Plaintiffs provide proposed forms for the Email Notice, mailed Postcard Notice, and full Detailed Notice.[5]

Class Counsel will take responsibility for the cost of the proposed notice program, which is estimated to be approximately $74,000.

The Class notice and the manner of dissemination proposed here meet the requirements of Federal Rule of Civil Procedure 23 and of constitutional due process and should be approved.

---

[3] Declaration of Cameron R. Azari in Support of Motion for Approval of Class Notice Program ("Azari Decl.") ¶ 6, June 1, 2020.

[4] *See* Procedural Guidance for Class Action Settlements, U.S. District Court for the Northern District of California, http://www.cand.uscourts.gov/ClassActionSettlementGuidance (last visited May 28, 2020).

[5] Azari Decl. Attachments 2-4.

## II. AUTHORITY AND ARGUMENT

### A. Plaintiffs' proposed Class notice clearly and fairly apprises Class members of the nature of this class action and the scope of their rights and should be approved.

In any class action certified under Rule 23(b)(3), the Court must direct notice of class certification to class members using the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."[6] The class notice must "clearly and concisely state in plain, easily understood language" the following: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney; (v) that the court will exclude from the class any member who requests exclusion; (v) the time and manner for requesting exclusion; and (vi) the binding effect of a class judgment on class members.[7]

Because class members are bound by the results of a certified Rule 23(b)(3) class action unless they affirmatively opt out, this class notice is required as a matter of constitutional due process to protect the rights of the absent class members.[8] To meet these requirements of Rule 23 and constitutional due process, the class notice should "clearly and fairly apprise" class members of "the nature of the class action and the scope of their rights."[9]

In a class settlement, notice is adequate and satisfies Rule 23 and due process if it "fairly apprise[s] the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings."[10] More generally, class notice

---

[6] Fed. R. Civ. P. 23(c)(2)(B).

[7] *Id.*

[8] *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974).

[9] *See Issen v. GSC Enters., Inc.*, 538 F. Supp. 745, 750 (N.D. Ill. 1982) (citing Fed. R. Civ. P. 23(c)(2)).

[10] *Walsh v. Core Power Yoga LLC,* No. 16-cv-05610-MEJ, 2017 WL 589199, at *12 (N.D. Cal. Feb. 14, 2017) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974)).

must afford potential class members the ability to "make an informed decision about their participation [in the litigation]."[11]

Plaintiffs' proposed Detailed Notice[12] meets these requirements and follows the model class notice guidelines set forth in leading class action treatises.[13] The proposed Detailed Notice contains all of the information necessary to allow Class members here to make informed decisions and includes the information required by Rule 23(c)(2)(B), describing the central elements of Plaintiffs' claims in clear and simple language.[14] The proposed Detailed Notice states the class definition, a brief overview of the case, the option for any Class member to opt out and the procedure to do so, a statement that a judgment will bind Class members who do not opt out, and the right of any member who does not opt out to appear in the case through his or her own lawyer.[15] Also, should additional information be needed, the proposed Detailed Notice clearly designates and provides contact information for the claims administrator and Class Counsel.[16]

The proposed Detailed Notice plainly satisfies the requirements of due process and the specific requirements of Rule 23(c)(2)(B).

**B. The proposed manner of notice dissemination is reasonable and represents the best notice practicable under the circumstances.**

Although Rule 23 requires that reasonable efforts be made to reach all Class members, it does not require that each individual actually receive notice.[17] And while direct mail notice is typically considered the best form of notice under Rule 23(c)(2)(B), courts routinely approve notice programs that do not include direct mailed notice when such notice is impracticable, but include other approaches to notice, tailored to the relevant circumstances and designed to reach class

---

[11] Certification Notice, Ann. Manual Complex Lit. § 21.311 (4th ed.).

[12] Azari Decl. Attachment 4.

[13] *See* 3 Newberg on Class Actions § *8*:31 at 253-59 (4th ed. 2002); Certification Notice, Ann. Manual Complex Lit. § 21.311 (4th ed.).

[14] Azari Decl. ¶ 21, Attachment 4.

[15] *Id.*

[16] *Id.*

[17] *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

members.[18] Indeed, the recent amendments to Rule 23(c)(2)(B) that went into effect on December 1, 2018, actually codify what the caselaw has long held and puts notice by "electronic means, or other appropriate means" - such as notice via Email - on an equal footing as notice by "United States mail."

As described in the supporting Declaration of Cameron Azari, the proposed notice program here includes direct Email Notice to nearly all Class members, direct mailed Postcard Notice, and a dedicated case website, as well as a toll-free telephone number with answers to frequently asked questions, and a postal mailing address for correspondence about the case.[19]

Class counsel proposes that Defendants provide the direct contact data for Class members in its possession to Epiq within 30 days of this Court's Order approving the form and manner of notice and that the notice program begin within 30 days Epiq's receipt of the final and approved data from Defendants ("Notice Start Date").

---

[18] *Ross v. Trex Co., Inc.*, No. C 09-00670, JSW, 2013 U.S. Dist. LEXIS 29081, at *6 (N.D. Cal. Mar. 4, 2013) ("Courts have consistently recognized that due process does not require that every class member receive actual notice. . . . Due Process does not entitle a class member to 'actual notice,' but rather to the best notice practicable, reasonably calculated under the circumstances to apprise him of the pendency of the class action and give him a chance to be heard."); *see also Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 238 (N.D. Cal. 2014) ("[O]ur law has long recognized that direct notice to every class member is not always possible. What Rule 23 and the Due Process Clause require is "the best notice that is practicable under the circumstances[.]"; *In re Sugar Indus. Antitrust Litig.*, No. C 750-2562 GHB,1976 WL 1374, at *31 (N.D. Cal. May 21, 1976) ("Individual notice has never been required to be given every possible member of every class certified. Rather, in construing the clear provisions of Rule 23(c)(2), courts have required individual notice to be given to every "identifiable" class member concurrently with substituted notice to the unidentifiable class members. . . . In addition, due process mandates that to be sufficient, any notification technique in lieu of an actual mailing, must provide the maximum opportunity for notice to unidentifiable class members."); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 177 F.R.D. 216, 231 (D.N.J. 1997) ("Courts have consistently recognized that due process does not require that every class member receive actual notice so long as the court reasonably selected a means likely to apprise interested parties"); *Bissonette v. Enter. Leasing Companywest*, No. 10-CV-00326-LRH-WGC, 2014 U.S. Dist. LEXIS 132634 (D. Nev. Sept. 22, 2014) ("Under this 'best notice practicable' standard, courts retain considerable discretion to tailor notice to the relevant circumstances. . . .").

[19] Azari Decl. ¶¶ 13-20.

Specifically, Class Notice will include an Email Notice to be sent to all potential Class members for whom a facially valid email address is available. The Email Notice will be created using an embedded html text format. This format will provide text that is easy to read without graphics, tables, images and other elements that would increase the likelihood that the message could be blocked by Internet Service Providers (ISPs) and/or SPAM filters. The emails will be sent using a server known to the major emails providers as one not used to send bulk "SPAM" or "junk" email blasts. Also, the emails will be sent in small groups so as to not be erroneously flagged as a bulk junk email blast. Each Email Notice will be transmitted with a unique message identifier. If the receiving email server cannot deliver the message, a "bounce code" should be returned along with the unique message identifier. For any Email Notice for which a bounce code is received indicating that the message is undeliverable, at least two additional attempts will be made to deliver the Notice by email.[20]

The Email Notice will include the website address of the case website. By accessing the website, recipients will be able to easily access a Detailed Notice, the Amended Complaint and important court documents, and answers to frequently asked questions.[21]

For all Class members for whom a facially valid email address does not exist, but a physical address does, a standard 4" by 6" Postcard Notice will be mailed. The Postcard Notice will be sent via USPS first class mail. Before mailing, all mailing addresses will be checked against the National Change of Address ("NCOA") database maintained by the USPS. Any addresses returned by the NCOA database as invalid will be updated through a third-party address search service. In addition, the addresses will be certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses. This address updating process is standard for the industry and for most promotional mailings that occur today.[22]

---

[20] *Id.* ¶ 13.

[21] *Id.* ¶ 14, Attachment 2.

[22] *Id.* ¶ 15, Attachment 3.

Postcard Notices returned as undeliverable will be re-mailed to any new address available through USPS information, for example, to the address provided by USPS on returned pieces for which the automatic forwarding order has expired, or to better addresses that may be found using a third-party lookup service that uses public lookup information. Upon successfully locating better addresses, Postcard Notices will be promptly re-mailed.[23]

The proposed Email and Postcard Notices both feature a prominent headline and are identified as a Notice from the District Court. Important information about the lawsuit, including Plaintiffs' claims, the definition of the Class and the right to request exclusion is summarized. The Email Notice includes embedded links directly to the Detailed Notice at the case website. These design elements alert recipients and readers that the Notice is an important document authorized by a court and that the content may affect them, thereby supplying reasons to read the Notice and visit the Case Website for additional information.[24] Finally, a full Detailed Notice will be mailed via USPS first class mail to all persons who requested one via the toll-free telephone number.[25]

To assist potential Class members in understanding the information concerning the lawsuit and their rights, Epiq will establish a dedicated and case-specific website. Class Members will be able to obtain detailed information about the case and review key documents, including the Complaint, the Detailed Notice (available in both English and Spanish), important court documents, and answers to frequently asked questions. The case website will also include information on how Class members can request exclusion from the Class. The case website address will be displayed prominently on all notice documents. A toll-free telephone number will also be established to allow Class members to call for additional information, listen to answers to FAQs, and request that a Notice be mailed to them. The toll-free telephone number will be prominently displayed in the Notice documents as well. Finally, a post office box for correspondence about the case will also be

[23] *Id.* ¶ 16.

[24] *Id.* ¶ 22.

[25] *Id.* ¶ 17, Attachment 4.

established and maintained, allowing Class members to contact the Notice Administrator by mail with any specific requests or questions, including requests for exclusion.[26]

Because of the availability of Class member data, Epiq estimates that individual, direct notice is expected to reach over 90% of the identified Class. This follows the reach and frequency recommended by the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, which considers a 70-95% reach among class members to be reasonable. Epiq also opines the Notice Plan described above provides for the best notice practicable under the circumstances, conforms to all aspects of the Rule 23, and comports with the guidance for effective notice set out in the Manual for Complex Litigation, Fourth edition.[27]

Finally, Class Counsel proposes that the deadline for Class members to request exclusion from the Class be set at 60 days following the start of the direct Notice Campaign ("Notice Start Date"), which Epiq opines affords sufficient time to provide full and proper notice to Class Members before the opt-out deadline, and which also follows the recommendations of the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide.[28]

## III. CONCLUSION

With the Class now certified under Rule 23(b)(3), the Court must direct notice to the certified Class pursuant to Rule 23(c)(2)(B). For all the foregoing reasons, Plaintiffs respectfully request that the Court approve the proposed form of Notice and the proposed manner of dissemination to the Class. Plaintiffs further request the Court Order that (1) Defendants provide the direct contact data for Class members in its possession to Epiq within 30 days of this Court's Order approving the form and manner of notice; (2) the notice program begin within 30 days of Epiq's receipt of the final and approved data from Defendants ("Notice Start Date"); (3) the deadline for Class members to request exclusion from the Class be set at 60 days following the

[26] *Id.* ¶ 18-20.

[27] *Id.* ¶ 24-25.

[28] *Id.* ¶ 26. The Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide recommends that class members should have a minimum of 30 days and preferably 60 to 90 days from notice dissemination to act on their rights.

Notice Start Date; and (4) the internet address for the notice website be set as "www.replacementdevicelawuit.com."

DATED: June 2, 2020

Respectfully submitted by,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*

Steve W. Berman (*Pro Hac Vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: shanas@hbsslaw.com

Robert B. Carey (*Pro Hac Vice*)
Michella A. Kras (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
Email: michellak@hbsslaw.com

Renee F. Kennedy *(Pro Hac Vice)*
P.O. Box 2222
Friendswood, TX 77549
Telephone: (832) 428-1552
Email: kennedyrk22@gmail.com

*Attorneys for Plaintiffs*