**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., AND APPLE CSC, INC.,<br><br>Defendants, | ) | Case No. 3:16-cv-04067-WHO<br><br>**DECLARATION OF CAMERON R. AZARI, ESQ. ON NOTICE PLAN** |

I, Cameron Azari, declare as follows:

1. My name is Cameron R. Azari, Esq. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2. I am a nationally recognized expert in the field of legal notice, and I have served as an expert in dozens of federal and state cases involving class action notice plans.

3. I am the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"), a firm that specializes in designing, developing, analyzing and implementing, large-scale legal notification plans. Hilsoft is a business unit of Epiq Class Action & Claims Solutions, Inc. ("Epiq").

4. Epiq was established in 1968 as a client services and data processing company. Epiq has administered bankruptcies since 1985 and settlements since 1993. Epiq has routinely developed and executed notice programs and administrations in a wide variety of mass and class action contexts including settlements of consumer, antitrust, products liability, and labor and employment class actions, settlements of mass tort litigation, Securities and Exchange

Commission enforcement actions, Federal Trade Commission disgorgement actions, insurance disputes, bankruptcies, and other major litigation. Epiq has administered more than 4,500 settlements, including some of the largest and most complex cases ever settled. Epiq's class action case administration services include administering notice requirements, designing direct-mail notices, implementing notice fulfillment services, coordinating with the United States Postal Service ("USPS"), developing and maintaining notice websites and dedicated telephone numbers with recorded information and/or live operators, processing exclusion requests, objections, claim forms and correspondence, maintaining class member databases, adjudicating claims, managing settlement funds, and calculating claim payments and distributions. As an experienced neutral third-party administrator working with settling parties, courts, and mass action participants, Epiq has handled hundreds of millions of notices, disseminated hundreds of millions of emails, handled millions of phone calls, processed tens of millions of claims, and distributed hundreds of billions in payments.

5. Hilsoft has been involved with some of the most complex and significant notice programs in recent history, examples of which are discussed below. With experience in more than 400 cases, including more than 35 multi-district litigations, Hilsoft has prepared notices which have appeared in 53 languages and been distributed in almost every country, territory, and dependency in the world. Courts have recognized and approved numerous notice plans developed by Hilsoft, and those decisions have invariably withstood appellate and collateral review.

## EXPERIENCE

6. I have served as a notice expert and have been recognized and appointed by courts to design and provide notice in many large and significant cases, including:

(a) *In re Takata Airbag Products Liability Litigation*, Case No. 1:15-md-02599-FAM (S.D. Fla), involved $1.49 billion in settlements with BMW, Mazda, Subaru, Toyota, Honda, Nissan, and Ford regarding Takata airbags. The notice plans in those settlements included individual mailed notice to more than 59.6 million potential class members and extensive nationwide media via consumer publications, U.S. Territory newspapers, radio spots, internet banners, mobile banners, and specialized behaviorally targeted digital media. Combined, the notice plans reached more than 95% of adults aged 18 and over in the U.S. who owned or leased a subject vehicle, an average of 4.0 times each.

(b) *Hale v. State Farm Mutual Automobile Insurance Company, et al.*, 12-cv-00660 (S.D. Ill.), involved a $250 million settlement with approximately 4.7 million class members. The extensive notice program provided individual notice via postcard or email to approximately 1.43 million class members and implemented a robust publication program which, combined with individual notice, reached approximately 78.8% of all U.S. adults aged 35, approximately 2.4 times each.

(c) *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement)*, MDL No. 2672 (N.D. Cal.), involved a comprehensive notice program that provided individual notice to more than 946,000 vehicle owners via first class mail and to more than 855,000 via email. A targeted internet campaign further enhanced the notice effort.

(d) *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.), involved a $7.2 billion settlement with Visa and MasterCard in which the intensive notice program included over 19.8 million direct mail notices and insertions in over 1,500 newspapers, consumer magazines, national business publications,

trade and specialty publications, and language and ethnic targeted publications, as well as online banner notices, all of which generated more than 770 million adult impressions.

(e) *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.), involved dual landmark settlement notice programs to distinct "Economic and Property Damages" and "Medical Benefits" settlement classes after the BP oil spill. Notice efforts included more than 7,900 television spots, 5,200 radio spots, and 5,400 print insertions and reached over 95% of Gulf Coast residents.

(f) *In re: Checking Account Overdraft Litigation*, MDL No. 2036 (S.D. Fla.), for multiple bank settlements between 2010-2018, the notice programs involved direct mail and email to millions of class members, as well as publication in relevant local newspapers. Representative banks included Fifth Third Bank, National City Bank, Bank of Oklahoma, Webster Bank, Harris Bank, M & I Bank, PNC Bank, Compass Bank, Commerce Bank, Citizens Bank, Great Western Bank, TD Bank, BancorpSouth, Comerica Bank, Susquehanna Bank, Associated Bank, Capital One, M&T Bank, Iberiabank, and Synovus.

7. Courts have recognized our testimony as to which method of notification is appropriate for a given case, and I have provided testimony on numerous occasions on whether a certain method of notice represents the best notice practicable under the circumstances. For example:

a) *In re: Takata Airbag Products Liability Litigation (Ford),* MDL No. 2599 (S.D. Fla.), Judge Federico A. Moreno on December 20, 2018:

> *The record shows and the Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: .(i) is reasonable and constitutes the best practicable notice to Class Members under the*

> *circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED. R. Civ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

b) *Hale v. State Farm Mutual Automobile Insurance Company, et al.,* 3:12-cv-00660-DRH-SCW (S.D. Ill.), Judge Herndon on December 16, 2018:

> *The Class here is estimated to include approximately 4.7 million members. Approximately 1.43 million of them received individual postcard or email notice of the terms of the proposed Settlement, and the rest were notified via a robust publication program "estimated to reach 78.8% of all U.S. Adults Aged 35+ approximately 2.4 times." Doc. 966-2 ¶¶ 26, 41. The Court previously approved the notice plan (Doc. 947), and now, having carefully reviewed the declaration of the Notice Administrator (Doc. 966-2), concludes that it was fully and properly executed, and reflected "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." See Fed. R. Civ. P. 23(c)(2)(B). The Court further concludes that CAFA notice was properly effectuated to the attorneys general and insurance commissioners of all 50 states and District of Columbia.*

c) *Vergara, et al., v. Uber Technologies, Inc.,* 1:15-CV-06972 (N.D. Ill.), Judge Thomas M. Durkin on March 1, 2018:

> *The Court finds that the Notice Plan set forth in Section IX of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of the pendency of this case, certification of the Settlement Classes for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.*

*Further, the Court finds that Defendant has timely satisfied the notice requirements of 28 U.S.C. Section 1715.*

d) *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation* (Bosch Settlement), MDL No. 2672 (N.D. Cal.), Judge Charles R. Breyer on May 17, 2017:

*The Court is satisfied that the Notice Program was reasonably calculated to notify Class Members of the proposed Settlement. The Notice "apprise[d] interested parties of the pendency of the action and afford[ed] them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Indeed, the Notice Administrator reports that the notice delivery rate of 97.04% "exceed[ed] the expected range and is indicative of the extensive address updating and re-mailing protocols used." (Dkt. No. 3188-2 ¶ 24.)*

e) *Chimeno-Buzzi v. Hollister Co. and Abercrombie & Fitch Co.,* No. 14-23120 (S.D. Fla.), Judge Marcia G. Cooke on April 11, 2016:

*Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator, Epiq Systems, Inc. [Hilsoft Notifications], has complied with the approved notice process as confirmed in its Declaration filed with the Court on March 23, 2016. The Court finds that the notice process was designed to advise Class Members of their rights. The form and method for notifying Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order, constituted the best notice practicable under the circumstances, and satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and due process under the United States Constitution and other applicable laws.*

f) *Rose v. Bank of America Corporation, and FIA Card Services, N.A.,* Nos. 5:11-CV-02390-EJD; 5:12-CV-04009-EJD (N.D. Cal.), Judge Edward J. Davila on August 29, 2014:

*The Court finds that the notice was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this action, all material elements of the Settlement, the opportunity for Settlement Class Members to exclude themselves from, object to, or comment on the settlement and to appear at the final approval hearing. The notice was the*

*best notice practicable under the circumstances, satisfying the requirements of Rule 23(c)(2)(B); provided notice in a reasonable manner to all class members, satisfying Rule 23(e)(1)(B); was adequate and sufficient notice to all Class Members; and, complied fully with the laws of the United States and of the Federal Rules of Civil Procedure, due process and any other applicable rules of court.*

g) *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-cv-03800 (E.D.N.Y.), Judge John Gleeson stated on December 13, 2013:

*The Class Administrator notified class members of the terms of the proposed settlement through a mailed notice and publication campaign that included more than 20 million mailings and publication in more than 400 publications. The notice here meets the requirements of due process and notice standards… The objectors' complaints provide no reason to conclude that the purposes and requirements of a notice to a class were not met here.*

h) *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* MDL No. 2179 (E.D. La.), Judge Carl J. Barbier stated on January 11, 2013:

*The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(b) and 23(e), the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation.*

*The notice program surpassed the requirements of Due Process, Rule 23, and CAFA. Based on the factual elements of the Notice Program as detailed below, the Notice Program surpassed all of the requirements of Due Process, Rule 23, and CAFA.*

*The media notice effort alone reached an estimated 95% of adults in the Gulf region an average of 10.3 times each, and an estimated 83% of all adults in the United States an average of 4 times each. These figures do not include notice efforts that cannot be measured, such as advertisements in trade publications and sponsored search engine listings. The Notice Program fairly and adequately covered and notified the class without excluding any demographic group or geographic area, and it exceeded the reach percentage achieved in most other court-approved notice programs.*

8. Numerous other court opinions and comments regarding my testimony, and the adequacy of our notice efforts, are included in Hilsoft's curriculum vitae included as **Attachment 1**.

9. In forming expert opinions, my staff and I draw from our in-depth class action case experience, as well as our educational and related work experiences. I am an active member of the Oregon State Bar, having received my Bachelor of Science from Willamette University and my Juris Doctor from Northwestern School of Law at Lewis and Clark College. I have served as the Director of Legal Notice for Hilsoft since 2008 and have overseen the detailed planning of virtually all of our court-approved notice programs during that time. Before assuming my current role with Hilsoft, I served in a similar role as Director of Epiq Legal Noticing (previously called Huntington Legal Advertising). Overall, I have over 20 years of experience in the design and implementation of legal notification and claims administration programs, having been personally involved in hundreds of successful notice programs.

10. This declaration details the Notice Plan proposed here for the certification of a Class in *Maldonado v. Apple Inc., et al.*, that is pending in the United States District Court for the Northern District of California (Case No. 3:16-cv-04067-WHO). The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Hilsoft and Epiq.

## NOTICE PLAN

11. The Notice Plan is designed to provide notice to the following Class:

> Anyone who, on or after July 20, 2012, (1) purchased AppleCare Protection Plan or AppleCare+ for an iPhone or iPad, either directly or through the iPhone Upgrade Program and (2) received a remanufactured replacement device.

12. Rule 23 of the Federal Rules of Civil Procedure directs that the best notice practicable under the circumstances must include "individual notice to all members who can be identified through reasonable effort."[1] The proposed Notice Plan satisfies this requirement. The Notice Plan provides for individual notice (primarily via email) to all Class Members who are reasonably identifiable. It is my understanding that the Defendant will provide data for a significant percentage of Class Members.

### *Individual Notice*

13. Class Notice will include an Email Notice to be sent to all potential Class Members for whom a facially valid email address is available. The Email Notice will be created using an embedded html text format. This format will provide text that is easy to read without graphics, tables, images and other elements that would increase the likelihood that the message could be blocked by Internet Service Providers (ISPs) and/or SPAM filters. The emails will be sent using a server known to the major emails providers as one not used to send bulk "SPAM" or "junk" email blasts. Also, the emails will be sent in small groups so as to not be erroneously flagged as a bulk junk email blast. Each Email Notice will be transmitted with a unique message identifier. If the receiving email server cannot deliver the message, a "bounce code" should be returned along with the unique message identifier. For any Email Notice for which a bounce code is received indicating that the message is undeliverable, at least two additional attempts will be made to deliver the Notice by email.

14. The Email Notice will include the website address of the case website. By accessing the website, recipients will be able to easily access a Detailed Notice, the Amended

[1] FRCP 23(c)(2)(B).

Complaint and important court documents, and answers to frequently asked questions. The proposed Email Notice is included as **Attachment 2**.

15. For all Class Members for whom a facially valid email address does not exist, but a physical address does, a standard 4" by 6" Postcard Notice will be mailed. The Postcard Notice will be sent via USPS first class mail. Prior to mailing, all mailing addresses will be checked against the National Change of Address ("NCOA") database maintained by the USPS.[2] Any addresses that are returned by the NCOA database as invalid will be updated through a third-party address search service. In addition, the addresses will be certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses. This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

16. Postcard Notices returned as undeliverable will be re-mailed to any new address available through USPS information, for example, to the address provided by USPS on returned pieces for which the automatic forwarding order has expired, or to better addresses that may be found using a third-party lookup service. Upon successfully locating better addresses, Postcard Notices will be promptly re-mailed. The proposed Postcard Notice is included as **Attachment 3**.

17. Additionally, a full Detailed Notice will be mailed via USPS first class mail to all persons who requested one via the toll-free telephone number. The proposed Detailed Notice is included as **Attachment 4**.

---

[2] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address.

***Case Website, Toll-free Telephone Number, and Postal Mailing Address***

18. A dedicated website will be established for the case with an easy-to-remember domain name. Class Members will be able to obtain detailed information about the case and review key documents, including the Complaint, a Detailed Notice, important court documents, and answers to frequently asked questions. The case website will also include information on how Class Members can request exclusion from the Class. The case website address will be displayed prominently on all notice documents.

19. A toll-free telephone number will also be established to allow Class Members to call for additional information, listen to answers to FAQs, and request that a Notice be mailed to them. The toll-free telephone number will be prominently displayed in the Notice documents as well.

20. A post office box for correspondence about the case will also be established and maintained, allowing Class Members to contact the Notice Administrator by mail with any specific requests or questions, including requests for exclusion.

**PLAIN LANGUAGE NOTICE DESIGN**

21. The proposed Detailed Notice contains all of the information necessary to allow Class Members to make informed decisions and includes all of the information required by Rule 23(c)(2)(B), describing the central elements of Plaintiffs' claims in plain, easily understood language. The proposed Detailed Notice states the class definition, a brief overview of the case, the option for any Class Member to opt-out and the procedure to do so, a statement that a judgment would be binding on Class members who do not opt-out, and the right of any member who does not opt-out to appear in the case through his or her own lawyer. Also, should additional information be needed, the proposed Detailed Notice clearly designates and provides contact

information for the Notice Administrator and Class Counsel.

22. The proposed Email and Postcard Notices both feature a prominent headline and are clearly identified as a Notice from the District Court. Important information about the lawsuit, including Plaintiffs' claims, the definition of the Class and the right to request exclusion is summarized. The Email Notice includes embedded links directly to the Detailed Notice at the case website. These design elements alert recipients and readers that the Notice is an important document authorized by a court and that the content may affect them, thereby supplying reasons to read the Notice and visit the Case Website for additional information.

## CONCLUSION

23. In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by state and local rules and statutes, and by case law pertaining to the recognized notice standards under Rule 23. This framework directs that the notice plan be optimized to reach the class and that the notice or notice plan itself not limit knowledge of the availability of options—nor the ability to exercise those options—to class members in any way. All of these requirements will be met in this case.

24. The Notice Plan includes individual, direct emailed notice to all Class Members who can be identified with reasonable effort. Because of the availability of Class Member data, individual notice is expected to reach over 90% of the identified Class. The case website will expand the reach of the notice further. In 2010, the Federal Judicial Center issued a Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide. This Guide states that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class. It is reasonable to reach between 70–95%." Here, we have developed a Notice Plan that will readily achieve a reach at

the higher end of that standard.

25. The Notice Plan described above provides for the best notice practicable under the circumstances of this case, conforms to all aspects of Rule 23 and Constitutional Due Process, and comports with the guidance for effective notice set out in the Manual for Complex Litigation, Fourth.

26. The Notice Plan schedule affords sufficient time to provide full and proper notice to Class Members before the opt-out deadline.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 1, 2020, at Beaverton, Oregon.

Cameron R. Azari

# Attachment 1

HILSOFT NOTIFICATIONS

Hilsoft Notifications is a leading provider of legal notice services for large-scale class action and bankruptcy matters. We specialize in providing quality, expert, notice plan development – designing notice programs that satisfy due process requirements and withstand judicial scrutiny. Hilsoft Notifications ("Hilsoft") has been retained by defendants and/or plaintiffs for more than 400 cases, including more than 35 MDL cases, with notices appearing in more than 53 languages and in almost every country, territory and dependency in the world. For more than 24 years, Hilsoft's notice plans have been approved and upheld by courts. Case examples include:

- Hilsoft designed and implemented monumental notice campaigns to notify current or former owners or lessees of certain BMW, Mazda, Subaru, Toyota, Honda, Nissan, and Ford vehicles as part of $1.49 billion in settlements regarding Takata airbags. The Notice Plans included individual mailed notice to more than 59.6 million potential Class Members and notice via consumer publications, U.S. Territory newspapers, radio spots, internet banners, mobile banners, and specialized behaviorally targeted digital media. Combined, the Notice Plans reached more than 95% of adults aged 18+ in the U.S. who owned or leased a subject vehicle with a frequency of 4.0 times each. ***In re: Takata Airbag Products Liability Litigation (OEMS – BMW, Mazda, Subaru, Toyota, Honda, Nissan and Ford)***, MDL No. 2599 (S.D. Fla.).
- For a $250 million settlement with approximately 4.7 million class members, Hilsoft designed and implemented a Notice Program with individual notice via postcard or email to approximately 1.43 million class members and a robust publication program, which combined, reached approximately 80% of all U.S. Adults Aged 35+ approximately 2.4 times each. ***Hale v. State Farm Mutual Automobile Insurance Company, et al.***, 12-cv-00660 (S.D. Ill.)
- Hilsoft designed a Notice Program that included extensive data acquisition and mailed notice to notify owners and lessees of specific models of Mercedes-Benz vehicles. The Notice Program designed and implemented by Hilsoft reached approximately 96.5% of all Class Members. ***Callaway v. Mercedes-Benz USA, LLC***, No. 8:14-cv-02011–JVS-DFM (C.D. Cal.).
- For a $20 million TCPA settlement that involved Uber, Hilsoft created a Notice Program, which resulted in notice via mail or email to more than 6.9 million identifiable class members. The combined measurable effort reached approximately 90.6% of the Settlement Class with direct mail and email, measured newspaper and internet banner ads. ***Vergara, et al., v. Uber Technologies, Inc.*** No. 1:15-CV-06972 (N.D. Ill.).
- A comprehensive notice program within the *Volkswagen Emissions Litigation* that provided individual notice to more than 946,000 vehicle owners via first class mail and to more than 855,000 via email. A targeted internet campaign further enhanced the notice effort. ***In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement)***, MDL No. 2672 (N.D. Cal.).
- Hilsoft designed and implemented an extensive settlement Notice Plan for a class period spanning more than 40 years for smokers of light cigarettes. The Notice Plan delivered a measured reach of approximately 87.8% of Arkansas Adults 25+ with a frequency of 8.9 times and approximately 91.1% of Arkansas Adults 55+ with a frequency of 10.8 times. Hispanic newspaper notice, an informational release, radio PSAs, sponsored search listings and a case website further enhanced reach. ***Miner v. Philip Morris USA, Inc.***, No. 60CV03-4661 (Ark. Cir.).
- One of the largest claim deadline notice campaigns ever implemented, for BP's $7.8 billion settlement claim deadline relating to the Deepwater Horizon oil spill. Hilsoft Notifications designed and implemented the claim deadline notice program, which resulted in a combined measurable paid print, television, radio and Internet effort that reached in excess of 90% of adults aged 18+ in the 26 identified DMAs covering the Gulf Coast Areas an average of 5.5 times each. ***In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010***, MDL No. 2179 (E.D. La.).

- Large asbestos bar date notice effort, which included individual notice, national consumer publications, hundreds of local and national newspapers, Spanish newspapers, union labor publications, and digital media to reach the target audience. ***In re: Energy Future Holdings Corp., et al. (Asbestos Claims Bar Date Notice)***, 14-10979(CSS) (Bankr. D. Del.).

- Landmark $6.05 billion settlement reached by Visa and MasterCard. The intensive notice program involved over 19.8 million direct mail notices to class members together with insertions in over 1,500 newspapers, consumer magazines, national business publications, trade & specialty publications, and language & ethnic targeted publications. Hilsoft also implemented an extensive online notice campaign with banner notices, which generated more than 770 million adult impressions, a case website in eight languages, and acquisition of sponsored search listings to facilitate locating the website. ***In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation***, MDL No. 1720 (E.D.N.Y.).

- BP's $7.8 billion settlement of claims related to the Deepwater Horizon oil spill emerged from possibly the most complex class action in U.S. history. Hilsoft Notifications drafted and opined on all forms of notice. The 2012 notice program designed by Hilsoft reached at least 95% Gulf Coast region adults via television, radio, newspapers, consumer publications, trade journals, digital media and individual notice. ***In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010***, MDL No. 2179 (E.D. La.).

- Momentous injunctive settlement reached by American Express regarding merchant payment card processing. The notice program provided extensive individual notice to more than 3.8 million merchants as well as coverage in national and local business publications, retail trade publications and placement in the largest circulation newspapers in each of the U.S. territories and possessions. ***In re American Express Anti-Steering Rules Antitrust Litigation (II)***, MDL No. 2221 (E.D.N.Y.) ("Italian Colors").

- Overdraft fee class actions have been brought against nearly every major U.S. commercial bank. For related settlements, Hilsoft Notifications has developed programs that integrate individual notice and paid media efforts. Fifth Third Bank, National City Bank, Bank of Oklahoma, Webster Bank, Harris Bank, M& I Bank, PNC Bank, Compass Bank, Commerce Bank, Citizens Bank, Great Western Bank, TD Bank, BancorpSouth, Comerica Bank, Susquehanna Bank, Associated Bank, Capital One, M&T Bank, Iberiabank and Synovus are among the more than 20 banks that have retained Hilsoft. ***In re Checking Account Overdraft Litigation***, MDL No. 2036 (S.D. Fla.).

- One of the largest data breach in U.S. history with approximately 130 million credit and debit card numbers stolen. ***In re Heartland Data Security Breach Litigation***, MDL No. 2046 (S.D. Tex.)

- One of the largest and most complex class action in Canadian history. Designed and implemented groundbreaking notice to disparate, remote aboriginal people in the multi-billion dollar settlement. ***In re Residential Schools Class Action Litigation***, 00-CV-192059 CPA (Ont. Super. Ct.).

- Extensive point of sale notice program of a settlement providing payments up to $100,000 related to Chinese drywall – 100 million notices distributed to Lowe's purchasers during a six-week period. ***Vereen v. Lowe's Home Centers***, SU10-CV-2267B (Ga. Super. Ct.).

- One of the largest discretionary class action notice campaign involving virtually every adult in the U.S. for the settlement. ***In re Trans Union Corp. Privacy Litigation***, MDL No. 1350 (N.D. Ill.).

- One of the most complex national data theft class action settlement involving millions of class members. ***Lockwood v. Certegy Check Services, Inc.***, 8:07-cv-1434-T-23TGW (M.D. Fla.).

- Large combined U.S. and Canadian retail consumer security breach notice program. ***In re TJX Companies, Inc., Customer Data Security Breach Litigation***, MDL No. 1838 (D. Mass.).

- A comprehensive notice effort in a securities class action for the $1.1 billion settlement of ***In re Royal Ahold Securities and ERISA Litigation***, MDL No. 1539 (D. Md.).

## LEGAL NOTICING EXPERTS

***Cameron Azari, Esq., Director of Legal Notice***

Cameron Azari, Esq. has more than 18 years of experience in the design and implementation of legal notice and claims administration programs. He is a nationally recognized expert in the creation of class action notification campaigns in compliance with Fed R. Civ. P. 23(c)(2) (d)(2) and (e) and similar state class action statutes. Cameron has been responsible for hundreds of legal notice and advertising programs. During his career, he has been involved in an array of high profile class action matters, including *In re: Takata Airbag Products Liability Litigation, In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation (MasterCard & Visa), In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement), In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, In re: Checking Account Overdraft Litigation,* and *In re Residential Schools Class Action Litigation*. He is an active author and speaker on a broad range of legal notice and class action topics ranging from amendments to FRCP Rule 23 to email noticing, response rates and optimizing settlement effectiveness. Cameron is an active member of the Oregon State Bar. He received his B.S. from Willamette University and his J.D. from Northwestern School of Law at Lewis and Clark College. Cameron can be reached at caza@legalnotice.com.

***Lauran Schultz, Epiq Managing Director***

Lauran Schultz consults with Hilsoft clients on complex noticing issues. Lauran has more than 20 years of experience as a professional in the marketing and advertising field, specializing in legal notice and class action administration since 2005. High profile actions he has been involved in include companies such as BP, Bank of America, Fifth Third Bank, Symantec Corporation, Lowe's Home Centers, First Health, Apple, TJX, CNA and Carrier Corporation. Prior to joining Epiq in 2005, Lauran was a Senior Vice President of Marketing at National City Bank in Cleveland, Ohio. Lauran's education includes advanced study in political science at the University of Wisconsin-Madison along with a Ford Foundation fellowship from the Social Science Research Council and American Council of Learned Societies. Lauran can be reached at lschultz@hilsoft.com.

***Kyle Bingham, Manager of Strategic Communications***

Kyle Bingham has 14 years of experience in the advertising industry. At Hilsoft and Epiq, Kyle is responsible for overseeing the research, planning, and execution of advertising campaigns for legal notice programs including class action, bankruptcy and other legal cases.

## ARTICLES AND PRESENTATIONS

- **Cameron Azari** Moderator, "Prepare for the Future of Automotive Class Actions." Bloomberg Next, Webinar-CLE, November 6, 2018.
- **Cameron Azari** Speaker, "The Battleground for Class Certification: Plaintiff and Defense Burdens, Commonality Requirements and Ascertainability." 30th National Forum on Consumer Finance Class Actions and Government Enforcement, Chicago, IL, July 17, 2018.
- **Cameron Azari** Speaker, "Recent Developments in Class Action Notice and Claims Administration." PLI's Class Action Litigation 2018 Conference, New York, NY, June 21, 2018.
- **Cameron Azari** Speaker, "One Class Action or 50? Choice of Law Considerations as Potential Impediment to Nationwide Class Action Settlements." 5th Annual Western Regional CLE Program on Class Actions and Mass Torts. Clyde & Co LLP, San Francisco, CA, June 22, 2018.
- **Cameron Azari** Co-Author, *A Practical Guide to Chapter 11 Bankruptcy Publication Notice*. E-book, published, May 2017.
- **Cameron Azari** Featured Speaker, "Proposed Changes to Rule 23 Notice and Scrutiny of Claim Filing Rates," DC Consumer Class Action Lawyers Luncheon, December 6, 2016.
- **Cameron Azari** Speaker, "Recent Developments in Consumer Class Action Notice and Claims Administration." Berman DeValerio Litigation Group, San Francisco, CA, June 8, 2016.

- **Cameron Azari** Speaker, "2016 Cybersecurity & Privacy Summit. Moving From 'Issue Spotting' To Implementing a Mature Risk Management Model." King & Spalding, Atlanta, GA, April 25, 2016.

- **Cameron Azari** Speaker, "Live Cyber Incident Simulation Exercise." Advisen's Cyber Risk Insights Conference, London, UK, February 10, 2015.

- **Cameron Azari** Speaker, "Pitfalls of Class Action Notice and Claims Administration." PLI's Class Action Litigation 2014 Conference, New York, NY, July 9, 2014.

- **Cameron Azari** Co-Author, "What You Need to Know About Frequency Capping In Online Class Action Notice Programs." *Class Action Litigation Report*, June 2014.

- **Cameron Azari** Speaker, "Class Settlement Update – Legal Notice and Court Expectations." PLI's 19th Annual Consumer Financial Services Institute Conference, New York, NY, April 7-8, 2014 and Chicago, IL, April 28-29, 2014.

- **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements - Recent Developments." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 29-30, 2014.

- **Cameron Azari** Speaker, "Legal Notice in Building Products Cases." HarrisMartin's Construction Product Litigation Conference, Miami, FL, October 25, 2013.

- **Cameron Azari** Co-Author, "Class Action Legal Noticing: Plain Language Revisited." *Law360*, April 2013.

- **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements Getting your Settlement Approved." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 31-February 1, 2013.

- **Cameron Azari** Speaker, "Perspectives from Class Action Claims Administrators: Email Notices and Response Rates." CLE International's 8th Annual Class Actions Conference, Los Angeles, CA, May 17-18, 2012.

- **Cameron Azari** Speaker, "Class Action Litigation Trends: A Look into New Cases, Theories of Liability & Updates on the Cases to Watch." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 26-27, 2012.

- **Lauran Schultz** Speaker, "Legal Notice Best Practices: Building a Workable Settlement Structure." CLE International's 7th Annual Class Action Conference, San Francisco, CA, May 2011.

- **Cameron Azari** Speaker, "Data Breaches Involving Consumer Financial Information: Litigation Exposures and Settlement Considerations." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 2011.

- **Cameron Azari** Speaker, "Notice in Consumer Class Actions: Adequacy, Efficiency and Best Practices." CLE International's 5th Annual Class Action Conference: Prosecuting and Defending Complex Litigation, San Francisco, CA, 2009.

- **Lauran Schultz** Speaker, "Efficiency and Adequacy Considerations in Class Action Media Notice Programs." Chicago Bar Association, Chicago, IL, 2009.

- **Cameron Azari** Author, "Clearing the Five Hurdles of Email - Delivery of Class Action Legal Notices." *Thomson Reuters Class Action Litigation Reporter*, June 2008.

- **Cameron Azari** Speaker, "Planning for a Smooth Settlement." ACI: Class Action Defense – Complex Settlement Administration for the Class Action Litigator, Phoenix, AZ, 2007.

- **Cameron Azari** Speaker, "Structuring a Litigation Settlement." CLE International's 3rd Annual Conference on Class Actions, Los Angeles, CA, 2007.
- **Cameron Azari** Speaker, "Noticing and Response Rates in Class Action Settlements" – Class Action Bar Gathering, Vancouver, British Columbia, 2007.
- **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Skadden Arps Slate Meagher & Flom, LLP, New York, NY, 2006.
- **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Bridgeport Continuing Legal Education, Class Action and the UCL, San Diego, CA, 2006.
- **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stoel Rives litigation group, Portland, OR / Seattle, WA / Boise, ID / Salt Lake City, UT, 2005.
- **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stroock & Stroock & Lavan Litigation Group, Los Angeles, CA, 2005.
- **Cameron Azari** Author, "Twice the Notice or No Settlement." Current Developments – Issue II, August 2003.
- **Cameron Azari** Speaker, "A Scientific Approach to Legal Notice Communication" – Weil Gotshal litigation group, New York, NY, 2003.

## JUDICIAL COMMENTS

**Judge Alison J. Nathan, *Pantelyat v. Bank of America, N.A., et al.*** (January 31, 2019) 16-cv-8964 (S.D.N.Y.):

> *The Class Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.*

**Kenneth M. Hoyt, *Al's Pals Pet Card, LLC, et al v. Woodforest National Bank, N.A., et al.*** (January 30, 2019) 4:17-cv-3852 (S.D. Tex):

> *[T]he Court finds that the class has been notified of the Settlement pursuant to the plan approved by the Court. The Court further finds that the notice program constituted the best practicable notice to the class under the circumstances and fully satisfies the requirements of due process, including Fed. R. Civ. P. 23(e)(1) and 28 U.S.C. § 1715.*

**Judge Robert M. Dow, Jr., *In re: Dealer Management Systems Antitrust Litigation*** (January 23, 2019) MDL No. 2817 (N.D. Ill.):

> *The Court finds that the Settlement Administrator fully complied with the Preliminary Approval Order and that the form and manner of providing notice to the Dealership Class of the proposed Settlement with Reynolds was the best notice practicable under the circumstances, including individual notice to all members of the Dealership Class who could be identified through the exercise of reasonable effort. The Court further finds that the notice program provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715(b), and constitutional due process.*

**Judge Federico A. Moreno,** ***In re: Takata Airbag Products Liability Litigation (Ford)*** (December 20, 2018) MDL No. 2599 (S.D. Fla.):

> *The record shows and the Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: .(i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED. R. Civ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

**Judge Herndon,** ***Hale v. State Farm Mutual Automobile Insurance Company, et al.*** (December 16, 2018) 3:12-cv-00660-DRH-SCW (S.D. Ill.):

> *The Class here is estimated to include approximately 4.7 million members. Approximately 1.43 million of them received individual postcard or email notice of the terms of the proposed Settlement, and the rest were notified via a robust publication program "estimated to reach 78.8% of all U.S. Adults Aged 35+ approximately 2.4 times." Doc. 966-2 ¶¶ 26, 41. The Court previously approved the notice plan (Doc. 947), and now, having carefully reviewed the declaration of the Notice Administrator (Doc. 966-2), concludes that it was fully and properly executed, and reflected "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." See Fed. R. Civ. P. 23(c)(2)(B). The Court further concludes that CAFA notice was properly effectuated to the attorneys general and insurance commissioners of all 50 states and District of Columbia.*

**Judge Jesse M. Furman,** ***Alaska Electrical Pension Fund, et al. v. Bank of America, N.A., et al.*** (November 13, 2018) 14-cv-7126 (S.D.N.Y.):

> *The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice efforts described in the Motion for Final Approval, as provided for in the Court's June 26, 2018 Preliminary Approval Order, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.*

**Judge William L. Campbell, Jr.,** ***Ajose v. Interline Brands, Inc.*** (October 23, 2018) 3:14-cv-01707 (M.D. Tenn.):

> *The Court finds that the Notice Plan, as approved by the Preliminary Approval Order: (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was reasonable and the best practicable notice under the circumstances; (iii) reasonably apprised the Settlement Class of the pendency of the action, the terms of the Agreement, their right to object to the proposed settlement or opt out of the Settlement Class, the right to appear at the Final Fairness Hearing, and the Claims Process; and (iv) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice.*

**Judge Joseph C. Spero,** ***Abante Rooter and Plumbing v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN*** (October 15, 2018) 3:16-cv-05486 (N.D. Cal.):

> *[T]the Court finds that notice to the class of the settlement complied with Rule 23(c)(3) and (e) and due process. Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement, voluntary dismissal, or compromise. Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B)…The notice program included notice sent by first class mail to 1,750,564 class members and reached approximately 95.2% of the class.*

**Judge Marcia G. Cooke, *Dipuglia v. US Coachways, Inc.*** (*September 28, 2018)* 1:17-cv-23006-MGC (S.D. Fla):

> *The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the Case 1:17-cv-23006-MGC Document 66 Entered on FLSD Docket 09/28/2018 Page 3 of 7 4 proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Judge Beth Labson Freeman, *Gergetz v. Telenav, Inc.*** (September 27, 2018) 5:16-cv-04261-BLF (N.D. Cal.):

> *The Court finds that the Notice and Notice Plan implemented pursuant to the Settlement Agreement, which consists of individual notice sent via first-class U.S. Mail postcard, notice provided via email, and the posting of relevant Settlement documents on the Settlement Website, has been successfully implemented and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Rules of this Court.*

**Judge M. James Lorenz, *Farrell v. Bank of America, N.A.*** (August 31, 2018) 3:16-cv-00492-L-WVG (S.D. Cal.):

> *The Court therefore finds that the Class Notices given to Settlement Class Case 3:16-cv-00492-L-WVG Document 133 Filed 08/31/18 PageID.2484 Page 10 of 17 11 3:16-cv-00492-L-WVG 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 members adequately informed Settlement Class members of all material elements of the proposed Settlement and constituted valid, due, and sufficient notice to Settlement Class members. The Court further finds that the Notice Program satisfies due process and has been fully implemented.*

**Judge Dean D. Pregerson, *Falco et al. v. Nissan North America, Inc. et al.*** (July 16, 2018) 2:13-cv-00686 DDP (MANx) (C.D. Cal.):

> *Notice to the Settlement Class as required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice by first-class mail was given in an adequate and sufficient manner, and constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

**Judge Lynn Adelman, *In re: Windsor Wood Clad Window Product Liability Litigation*** (July 16, 2018) MDL No. 16-MD-02688 (E.D. Wis.):

> *The Court finds that the Notice Program was appropriately administered, and was the best practicable notice to the Class under the circumstances, satisfying the requirements of Rule 23 and due process. The Notice Program, constitutes due, adequate, and sufficient notice to all persons, entities, and/or organizations entitled to receive notice; fully satisfied the requirements of the Constitution of the United States (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law; and is based on the Federal Judicial Center's illustrative class action notices.*

**Judge Stephen K. Bushong, *Surrett et al. v. Western Culinary Institute, et al.*** (June 18, 2018) No. 0803-03530 (Ore. Cir., County of Multnomah)

> *This Court finds that the distribution of the Notice of Settlement was effected in accordance with the Preliminary Approval/Notice Order, dated February 9, 2018, was made pursuant to ORCP 32 D, and fully met the requirements of the Oregon Rules of Civil Procedure, due process, the United States Constitution, the Oregon Constitution, and any other applicable law.*

**Judge Jesse M. Furman, *Alaska Electrical Pension Fund, et al. v. Bank of America, N.A., et al.*** (June 1, 2018) No. 14-cv-7126 (JMF) (S.D.N.Y.):

> *The mailing of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice distribution efforts described in the Motion for Final Approval, as provided for in the Court's October 24, 2017 Order Providing for Notice to the Settlement Class and Preliminarily Approving the Plan of Distribution, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.*

**Judge Brad Seligman, *Larson v. John Hancock Life Insurance Company (U.S.A.)*** (May 8, 2018) No. RG16813803 (Cal. Sup. Ct., County of Alameda):

> *The Court finds that the Class Notice and dissemination of the Class Notice as carried out by the Settlement Administrator complied with the Court's order granting preliminary approval and all applicable requirements of law, including, but not limited to California Rules of Court, rule 3.769(f) and the Constitutional requirements of due process, and constituted the best notice practicable under the circumstances and sufficient notice to all persons entitled to notice of the Settlement.*
>
> *[T]he dissemination of the Class Notice constituted the best notice practicable because it included mailing individual notice to all Settlement Class Members who are reasonably identifiable using the same method used to inform class members of certification of the class, following a National Change of Address search and run through the LexisNexis Deceased Database.*

**Judge Federico A. Moreno, *Masson v. Tallahassee Dodge Chrysler Jeep, LLC*** (May 8, 2018), No. 17-cv-22967 (S.D. Fla.):

> *The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Chancellor Russell T. Perkins, *Morton v. GreenBank*** (April 18, 2018) 11-135-IV (20th Jud. Dist. Tenn.):

> *The Notice Program as provided or in the Agreement and the Preliminary Amended Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class members who could be identified through reasonable effort. The Notice Plan fully satisfied the requirements of Tennessee Rule of Civil Procedure 23.03, due process and any other applicable law.*

**Judge James V. Selna, *Callaway v. Mercedes-Benz USA, LLC*** (March 8, 2018) 8:14-cv-02011-JVS-DFM (C.D. Cal.):

> *The Court finds that the notice given to the Class was the best notice practicable under the circumstances of this case, and that the notice complied with the requirements of Federal Rule of Civil Procedure 23 and due process.*
>
> *The notice given by the Class Administrator constituted due and sufficient notice to the Settlement Class, and adequately informed members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement and how to object to the Settlement.*
>
> *The Court has considered and rejected the objection . . . [regarding] the adequacy of the notice plan. The notice given provided ample information regarding the case. Class members also had the ability to seek additional information from the settlement website, from Class Counsel or from the Class Administrator*

**Judge Thomas M. Durkin, *Vergara, et al., v. Uber Technologies, Inc.*** (March 1, 2018) 1:15-CV-06972 (N.D. Ill.):

> *The Court finds that the Notice Plan set forth in Section IX of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of the pendency of this case, certification of the Settlement Classes for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the*

*United States Constitution, and any other applicable law. Further, the Court finds that Defendant has timely satisfied the notice requirements of 28 U.S.C. Section 1715.*

**Judge Federico A. Moreno, *In re: Takata Airbag Products Liability Litigation (Honda & Nissan)*** (February 28, 2018) MDL No. 2599 (S.D. Fla.):

*The Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED R. CIV. R. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

**Judge Susan O. Hickey, *Larey v. Allstate Property and Casualty Insurance Company*** (February 9, 2018) 4:14-cv-04008-SOF (W.D. Kan.):

*Based on the Court's review of the evidence submitted and argument of counsel, the Court finds and concludes that the Class Notice and Claim Form was mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the Publication Notice, the automated toll-free telephone number, and the settlement website: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Lawsuit, this Stipulation, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.*

**Judge Muriel D. Hughes, *Glaske v. Independent Bank Corporation*** (January 11, 2018) 13-009983-CZ:

*The Court-approved Notice Plan satisfied due process requirements . . . The notice, among other things, was calculated to reach Settlement Class Members because it was sent to their last known email or mail address in the Bank's files.*

**Judge Naomi Reice Buchwald, *Orlander v. Staples, Inc.*** (December 13, 2017) 13-CV-0703-NRB (S.D.N.Y.):

*The Notice of Class Action Settlement ("Notice") was given to all Class Members who could be identified with reasonable effort in accordance with the terms of the Settlement Agreement and Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and the terms and conditions of the proposed Settlement met the requirements of Federal Rule of Civil Procedure 23 and the Constitution of the United States (including the Due Process Clause); and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.*

**Judge Lisa Godbey Wood, *T.A.N. v. PNI Digital Media, Inc.*** (December 1, 2017) 2:16-cv-132 LGW-RSB (S.D. GA.):

*Notice to the Settlement Class Members required by Rule 23 has been provided as directed by this Court in the Preliminary Approval Order, and such notice constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the Settlement Class Members, and satisfied the requirements of Rule 23 and due process, and all other applicable laws.*

**Judge Robin L. Rosenberg, *Gottlieb v. Citgo Petroleum Corporation*** (November 29, 2017) 9:16-cv-81911-RLR (S.D. Fla):

*The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Judge Donald M. Middlebrooks, *Mahoney v TT of Pine Ridge, Inc.*** (November 20, 2017) 9:17-cv-80029-DMM (S.D. Fla.):

*Based on the Settlement Agreement, Order Granting Preliminary Approval of Class Action Settlement Agreement, and upon the Declaration of Cameron Azari, Esq. (DE 61-1), the Court finds that Class Notice provided to the Settlement Class was the best notice practicable under the circumstances, and that it satisfied the requirements of due process and Federal Rule of Civil Procedure 23(e)(1).*

**Judge Gerald Austin McHugh, *Sobiech v. U.S. Gas & Electric, Inc., i/t/d/b/a Pennsylvania Gas & Electric, et al.*** (November 8, 2017) 2:14-cv-04464-GAM (E.D. Penn.):

*Notice has been provided to the Settlement Class of the pendency of this Action, the conditional certification of the Settlement Class for purposes of this Settlement, and the preliminary approval of the Settlement Agreement and the Settlement contemplated thereby. The Court finds that the notice provided was the best notice practicable under the circumstances to all persons entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.*

**Judge Federico A. Moreno, *In re: Takata Airbag Products Liability Litigation (BMW, Mazda, Toyota, & Subaru)*** (November 1, 2017) MDL No. 2599 (S.D. Fla.):

*[T]he Court finds that the Class Notice has been given to the Class in the manner approved in the Preliminary Approval Order. The Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

**Judge Charles R. Breyer, *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*** (May 17, 2017) MDL No. 2672 (N.D. Cal.):

*The Court is satisfied that the Notice Program was reasonably calculated to notify Class Members of the proposed Settlement. The Notice "apprise[d] interested parties of the pendency of the action and afford[ed] them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Indeed, the Notice Administrator reports that the notice delivery rate of 97.04% "exceed[ed] the expected range and is indicative of the extensive address updating and re-mailing protocols used." (Dkt. No. 3188-2 ¶ 24.)*

**Judge Rebecca Brett Nightingale, *Ratzlaff et al. v. BOKF, NA d/b/a Bank of Oklahoma et al.*** (May 15, 2017) No. CJ-2015-00859 (Dist. Ct. Okla.):

*The Court-approved Notice Plan satisfies Oklahoma law because it is "reasonable" ( 12 O.S. § 2023(E)(I)) and it satisfies due process requirements because it was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812 (quoting Mullane, 339 U.S. at 314-15).*

**Judge Joseph F. Bataillon, *Klug v. Watts Regulator Company*** (April 13, 2017) No. 8:15-cv-00061-JFB-FG3 (D. Neb.):

*The court finds that the notice to the Settlement Class of the pendency of the Class Action and of this settlement, as provided by the Settlement Agreement and by the Preliminary Approval Order dated December 7, 2017, constituted the best notice practicable under the circumstances to all persons and entities within the definition of the Settlement Class, and fully complied with the requirements of Federal Rules of Civil Procedure Rule 23 and due process. Due and sufficient proof of the execution of the Notice Plan as outlined in the Preliminary Approval Order has been filed.*

**Judge Yvonne Gonzalez Rogers, *Bias v. Wells Fargo & Company, et al.*** (April 13, 2017) No. 4:12-cv-00664-YGR (N.D. Cal.):

> *The form, content, and method of dissemination of Notice of Settlement given to the Settlement Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including both individual notice to all Settlement Class Members who could be identified through reasonable effort and publication notice.*
>
> *Notice of Settlement, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.*
>
> *Notice of the Settlement was provided to the appropriate regulators pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(c)(1).*

**Judge Carlos Murguia, *Whitton v. Deffenbaugh Industries, Inc., et al*** (December 14, 2016) No. 2:12-cv-02247 (D. Kan.) and ***Gary, LLC v. Deffenbaugh Industries, Inc., et al*** (December 14, 2016) No. 2:13-cv-2634 (D. Kan.):

> *The Court determines that the Notice Plan as implemented was reasonably calculated to provide the best notice practicable under the circumstances and contained all required information for members of the proposed Settlement Class to act to protect their interests. The Court also finds that Class Members were provided an adequate period of time to receive Notice and respond accordingly.*

**Judge Yvette Kane, *In re: Shop-Vac Marketing and Sales Practices Litigation*** (December 9, 2016) MDL No. 2380 (M.D. Pa.):

> *The Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws.*

**Judge Timothy D. Fox, *Miner v. Philip Morris USA, Inc.*** (November 21, 2016) No. 60CV03-4661 (Ark. Cir.):

> *The Court finds that the Settlement Notice provided to potential members of the Class constituted the best and most practicable notice under the circumstances, thereby complying fully with due process and Rule 23 of the Arkansas Rules of Civil Procedure.*

**Judge Eileen Bransten, *In re: HSBC Bank USA, N.A., Checking Account Overdraft Litigation*** (October 13, 2016) No. 650562/2011 (Sup. Ct. N.Y.):

> *This Court finds that the Notice Program and the Notice provided to Settlement Class members fully satisfied the requirements of constitutional due process, the N.Y. C.P.L.R., and any other applicable laws, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all persons entitled thereto.*

**Judge Jerome B. Simandle, *In re: Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation*** (September 20, 2016) MDL No. 2540 (D. N.J.):

> *The Court hereby finds that the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23, requirements of due process and any other applicable law.*

**Judge Marcia G. Cooke, *Chimeno-Buzzi v. Hollister Co. and Abercrombie & Fitch Co.*** (April 11, 2016) No. 14-23120 (S.D. Fla.):

> *Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator, Epiq Systems, Inc. [Hilsoft Notifications], has complied with the approved notice process as confirmed in its Declaration filed with the Court on March 23, 2016. The Court finds that the notice process was designed to advise Class Members of their rights. The form and method for notifying Class Members of the settlement and its terms and*

*conditions was in conformity with this Court's Preliminary Approval Order, constituted the best notice practicable under the circumstances, and satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and due process under the United States Constitution and other applicable laws.*

**Judge Yvonne Gonzalez Rogers, *In Re: Lithium Ion Batteries Antitrust Litigation*** (March 22, 2016) No. 4:13-MD-02420-YGR (N.D. Cal.):

*From what I could tell, I liked your approach and the way you did it. I get a lot of these notices that I think are all legalese and no one can really understand them. Yours was not that way.*

**Judge Christopher S. Sontchi, *In re: Energy Future Holdings Corp, et al.,*** (July 30, 2015) 14-10979(CSS) (Bankr. D. Del.):

*Notice of the Asbestos Bar Date as set forth in this Asbestos Bar Date Order and in the manner set forth herein constitutes adequate and sufficient notice of the Asbestos Bar Date and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.*

**Judge David C. Norton, *In re: MI Windows and Doors Inc. Products Liability Litigation*** (July 22, 2015) MDL No. 2333, No. 2:12-mn-00001 (D. S.C.):

*The court finds that the Notice Plan, as described in the Settlement and related declarations, has been faithfully carried out and constituted the best practicable notice to Class Members under the circumstances of this Action, and was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with Notice.*

*The court also finds that the Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of: (1) the pendency of this class action; (2) their right to exclude themselves from the Settlement Class and the proposed Settlement; (3) their right to object to any aspect of the proposed Settlement (including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of the Settlement Class's representation by Named Plaintiffs or Class Counsel, or the award of attorney's and representative fees); (4) their right to appear at the fairness hearing (either on their own or through counsel hired at their own expense); and (5) the binding and preclusive effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all Persons who do not request exclusion from the Settlement Class. As such, the court finds that the Notice fully satisfied the requirements of the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 23(c)(2) and (e), the United States Constitution (including the Due Process Clause), the rules of this court, and any other applicable law, and provided sufficient notice to bind all Class Members, regardless of whether a particular Class Member received actual notice.*

**Judge Robert W. Gettleman, *Adkins v. Nestle Purina PetCare Company, et al.***, (June 23, 2015) No. 12-cv-2871 (N.D. Ill.):

*Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice fully and accurately informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class Members adequate instructions and a variety of means to obtain additional information; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Settlement Class members; and complied fully with the laws of the State of Illinois, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law.*

**Judge James Lawrence King, *Steen v. Capital One, N.A.*** (May 22, 2015) No. 2:10-cv-01505-JCZ-KWR (E.D. La.) and No. 1:10-cv-22058-JLK (S.D. Fla.) as part of ***In Re: Checking Account Overdraft Litigation***, MDL 2036 (S.D. Fla.)

The Court finds that the Settlement Class Members were provided with the best practicable notice; the notice was reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Shutts*, 472 U.S. at 812 (quoting *Mullane*, 339 U.S. at 314-15). This Settlement with Capital One was widely publicized, and any Settlement Class Member who wished to express comments or objections had ample opportunity and means to do so. Azari Decl. ¶¶ 30-39.

**Judge Rya W. Zobel, *Gulbankian et al. v. MW Manufacturers, Inc.,*** (December 29, 2014) No. 1:10-cv-10392-RWZ (D. Mass.):

*This Court finds that the Class Notice was provided to the Settlement Class consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law. The Court finds that the Notice Plan that was implemented by the Claims Administrator satisfies the requirements of FED. R. CIV. P. 23, 28 U.S.C. § 1715, and Due Process, and is the best notice practicable under the circumstances. The Notice Plan constituted due and sufficient notice of the Settlement, the Final Approval Hearing, and the other matters referred to in the notices. Proof of the giving of such notices has been filed with the Court via the Azari Declaration and its exhibits.*

**Judge Edward J. Davila, *Rose v. Bank of America Corporation, and FIA Card Services, N.A.***, (August 29, 2014) No. 5:11-CV-02390-EJD; 5:12-CV-04009-EJD (N.D. Cal.):

*The Court finds that the notice was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this action, all material elements of the Settlement, the opportunity for Settlement Class Members to exclude themselves from, object to, or comment on the settlement and to appear at the final approval hearing. The notice was the best notice practicable under the circumstances, satisfying the requirements of Rule 23(c)(2)(B); provided notice in a reasonable manner to all class members, satisfying Rule 23(e)(1)(B); was adequate and sufficient notice to all Class Members; and, complied fully with the laws of the United States and of the Federal Rules of Civil Procedure, due process and any other applicable rules of court.*

**Judge James A. Robertson, II, *Wong et al. v. Alacer Corp.*** (June 27, 2014) No. CGC-12-519221 (Cal. Super. Ct.):

*Notice to the Settlement Class has been provided in accordance with the Preliminary Approval Order. Based on the Declaration of Cameron Azari dated March 7, 2014, such Class Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of California Civil Code Section 1781, California Civil Code of Civil Procedure Section 382, Rules 3.766 of the California Rules of Court, and due process.*

**Judge John Gleeson, *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,** (December 13, 2013) No. 1:05-cv-03800 (E.D. NY.):

*The Class Administrator notified class members of the terms of the proposed settlement through a mailed notice and publication campaign that included more than 20 million mailings and publication in more than 400 publications. The notice here meets the requirements of due process and notice standards… The objectors' complaints provide no reason to conclude that the purposes and requirements of a notice to a class were not met here.*

**Judge Lance M. Africk, *Evans, et al. v. TIN, Inc., et al,*** (July 7, 2013) No. 2:11-cv-02067 (E.D. La.):

*The Court finds that the dissemination of the Class Notice… as described in Notice Agent Lauran Schultz's Declaration: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances…; (c) constituted notice that was reasonable, due, adequate, and sufficient; and (d) constituted notice that fully satisfied all applicable legal requirements, including Rules 23(c)(2)(B) and (e)(1) of the Federal Rules of Civil Procedure, the United States Constitution (including Due Process Clause), the Rules of this Court, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.*

**Judge Edward M. Chen, *Marolda v. Symantec Corporation,*** (April 5, 2013) No. 08-cv-05701 (N.D. Cal.):

*Approximately 3.9 million notices were delivered by email to class members, but only a very small percentage objected or opted out . . . The Court . . . concludes that notice of settlement to the class was adequate and satisfied all requirements of Federal Rule of Civil Procedure 23(e) and due process. Class members received direct notice by email, and additional notice was given by publication in numerous widely circulated publications as well as in numerous targeted publications. These were the best practicable means of informing class members of their rights and of the settlement's terms.*

**Judge Ann D. Montgomery, *In re Zurn Pex Plumbing Products Liability Litigation*,** (February 27, 2013) No. 0:08cv01958 (D. Minn.):

> *The parties retained Hilsoft Notifications ("Hilsoft"), an experienced class-notice consultant, to design and carry out the notice plan. The form and content of the notices provided to the class were direct, understandable, and consistent with the "plain language" principles advanced by the Federal Judicial Center.*
>
> *The notice plan's multi-faceted approach to providing notice to settlement class members whose identity is not known to the settling parties constitutes "the best notice [*26] that is practicable under the circumstances" consistent with Rule 23(c)(2)(B).*

**Magistrate Judge Stewart, *Gessele et al. v. Jack in the Box, Inc.*,** (January 28, 2013) No. 3:10-cv-960 (D. Or.):

> *Moreover, plaintiffs have submitted [a] declaration from Cameron Azari (docket #129), a nationally recognized notice expert, who attests that fashioning an effective joint notice is not unworkable or unduly confusing. Azari also provides a detailed analysis of how he would approach fashioning an effective notice in this case.*

**Judge Carl J. Barbier, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*** *(Medical Benefits Settlement)*, (January 11, 2013) MDL No. 2179 (E.D. La.):

> *Through August 9, 2012, 366,242 individual notices had been sent to potential [Medical Benefits] Settlement Class Members by postal mail and 56,136 individual notices had been e-mailed. Only 10,700 mailings—or 3.3%—were known to be undeliverable. (Azari Decl. ¶¶ 8, 9.) Notice was also provided through an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, highly-trafficked websites, and Sunday local newspapers (via newspaper supplements). Notice was also provided in non-measured trade, business and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The combined measurable paid print, television, radio, and Internet effort reached an estimated 95% of adults aged 18+ in the Gulf Coast region an average of 10.3 times each, and an estimated 83% of all adults in the United States aged 18+ an average of 4 times each. (Id. ¶¶ 8, 10.) All notice documents were designed to be clear, substantive, and informative. (Id. ¶ 5.)*
>
> *The Court received no objections to the scope or content of the [Medical Benefits] Notice Program. (Azari Supp. Decl. ¶ 12.) The Court finds that the Notice and Notice Plan as implemented satisfied the best notice practicable standard of Rule 23(c) and, in accordance with Rule 23(e)(1), provided notice in a reasonable manner to Class Members who would be bound by the Settlement, including individual notice to all Class Members who could be identified through reasonable effort. Likewise, the Notice and Notice Plan satisfied the requirements of Due Process. The Court also finds the Notice and Notice Plan satisfied the requirements of CAFA.*

**Judge Carl J. Barbier, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*** *(Economic and Property Damages Settlement)*, (December 21, 2012) MDL No. 2179 (E.D. La.):

> *The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(b) and 23(e), the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation. The notice program surpassed the requirements of Due Process, Rule 23, and CAFA. Based on the factual elements of the Notice Program as detailed below, the Notice Program surpassed all of the requirements of Due Process, Rule 23, and CAFA.*
>
> *The Notice Program, as duly implemented, surpasses other notice programs that Hilsoft Notifications has designed and executed with court approval. The Notice Program included notification to known or potential Class Members via postal mail and e-mail; an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, and Sunday local newspapers. Notice placements also appeared in non-measured trade, business, and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The Notice Program met the objective of reaching the greatest possible number of class members and providing them with every reasonable opportunity to understand their legal rights. See Azari Decl. ¶¶ 8, 15, 68. The*

*Notice Program was substantially completed on July 15, 2012, allowing class members adequate time to make decisions before the opt-out and objections deadlines.*

*The media notice effort alone reached an estimated 95% of adults in the Gulf region an average of 10.3 times each, and an estimated 83% of all adults in the United States an average of 4 times each. These figures do not include notice efforts that cannot be measured, such as advertisements in trade publications and sponsored search engine listings. The Notice Program fairly and adequately covered and notified the class without excluding any demographic group or geographic area, and it exceeded the reach percentage achieved in most other court-approved notice programs.*

***Judge Alonzo Harris, Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C. v. FairPay Solutions, Inc.,*** (August 17, 2012) No. 12-C-1599 (27th Jud. D. Ct. La.):

*Notice given to Class Members and all other interested parties pursuant to this Court's order of April 18, 2012, was reasonably calculated to apprise interested parties of the pendency of the action, the certification of the Class as Defined for settlement purposes only, the terms of the Settlement Agreement, Class Members rights to be represented by private counsel, at their own costs, and Class Members rights to appear in Court to have their objections heard, and to afford persons or entities within the Class Definition an opportunity to exclude themselves from the Class. Such notice complied with all requirements of the federal and state constitutions, including the Due Process Clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Class as Defined.*

***Judge James Lawrence King, In re Checking Account Overdraft Litigation (IBERIABANK)*, **(April 26, 2012) MDL No. 2036 (S.D. Fla):

*The Court finds that the Notice previously approved was fully and properly effectuated and was sufficient to satisfy the requirements of due process because it described "the substantive claims . . . [and] contained information reasonably necessary to [allow Settlement Class Members to] make a decision to remain a class member and be bound by the final judgment." In re Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1104-05 (5th Cir. 1977). The Notice, among other things, defined the Settlement Class, described the release as well as the amount and method and manner of proposed distribution of the Settlement proceeds, and informed Settlement Class Members of their rights to opt-out or object, the procedures for doing so, and the time and place of the Final Approval Hearing. The Notice also informed Settlement Class Members that a class judgment would bind them unless they opted out, and told them where they could obtain more information, such as access to a full copy of the Agreement. Further, the Notice described in summary form the fact that Class Counsel would be seeking attorneys' fees of up to 30 percent of the Settlement. Settlement Class Members were provided with the best practicable notice "reasonably calculated, under [the] circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314. The content of the Notice fully complied with the requirements of Rule 23.*

**Judge Bobby Peters, *Vereen v. Lowe's Home Centers,*** (April 13, 2012) SU10-CV-2267B (Ga. Super. Ct.):

*The Court finds that the Notice and the Notice Plan was fulfilled, in accordance with the terms of the Settlement Agreement, the Amendment, and this Court's Preliminary Approval Order and that this Notice and Notice Plan constituted the best practicable notice to Class Members under the circumstances of this action, constituted due and sufficient Notice of the proposed Settlement to all persons entitled to participate in the proposed Settlement, and was in full compliance with Ga. Code Ann § 9-11-23 and the constitutional requirements of due process. Extensive notice was provided to the class, including point of sale notification, publication notice and notice by first-class mail for certain potential Class Members.*

*The affidavit of the notice expert conclusively supports this Court's finding that the notice program was adequate, appropriate, and comported with Georgia Code Ann. § 9-11-23(b)(2), the Due Process Clause of the Constitution, and the guidance for effective notice articulate in the FJC's Manual for Complex Litigation, 4th.*

**Judge Lee Rosenthal,** ***In re Heartland Payment Systems, Inc. Customer Data Security Breach Litigation,*** (March 2, 2012) MDL No. 2046 (S.D. Tex.):

> *The notice that has been given clearly complies with Rule 23(e)(1)'s reasonableness requirement… Hilsoft Notifications analyzed the notice plan after its implementation and conservatively estimated that notice reached 81.4 percent of the class members. (Docket Entry No. 106, ¶ 32). Both the summary notice and the detailed notice provided the information reasonably necessary for the presumptive class members to determine whether to object to the proposed settlement. See Katrina Canal Breaches, 628 F.3d at 197. Both the summary notice and the detailed notice "were written in easy-to-understand plain English." In re Black Farmers Discrimination Litig., — F. Supp. 2d —, 2011 WL 5117058, at *23 (D.D.C. 2011); accord AGGREGATE LITIGATION § 3.04(c).15 The notice provided "satisf[ies] the broad reasonableness standards imposed by due process" and Rule 23. Katrina Canal Breaches, 628 F.3d at 197.*

**Judge John D. Bates,** ***Trombley v. National City Bank,*** (December 1, 2011) No. 1:10-CV-00232 (D.D.C.) as part of ***In Re: Checking Account Overdraft Litigation***, MDL 2036 (S.D. Fla.):

> *The form, content, and method of dissemination of Notice given to the Settlement Class were in full compliance with the Court's January 11, 2011 Order, the requirements of Fed. R. Civ. P. 23(e), and due process. The notice was adequate and reasonable, and constituted the best notice practicable under the circumstances. In addition, adequate notice of the proceedings and an opportunity to participate in the final fairness hearing were provided to the Settlement Class.*

**Judge Robert M. Dow, Jr.,** ***Schulte v. Fifth Third Bank*****,** (July 29, 2011) No. 1:09-cv-6655 (N.D. Ill.):

> *The Court has reviewed the content of all of the various notices, as well as the manner in which Notice was disseminated, and concludes that the Notice given to the Class fully complied with Federal Rule of Civil Procedure 23, as it was the best notice practicable, satisfied all constitutional due process concerns, and provided the Court with jurisdiction over the absent Class Members.*

**Judge Ellis J. Daigle,** ***Williams v. Hammerman & Gainer Inc.*****,** (June 30, 2011) No. 11-C-3187-B (27th Jud. D. Ct. La.):

> *Notices given to Settlement Class members and all other interested parties throughout this proceeding with respect to the certification of the Settlement Class, the proposed settlement, and all related procedures and hearings—including, without limitation, the notice to putative Settlement Class members and others more fully described in this Court's order of 30th day of March 2011 were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination, to apprise interested parties and members of the Settlement Class of the pendency of the action, the certification of the Settlement Class, the Settlement Agreement and its contents, Settlement Class members' right to be represented by private counsel, at their own cost, and Settlement Class members' right to appear in Court to have their objections heard, and to afford Settlement Class members an opportunity to exclude themselves from the Settlement Class. Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedures, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.*

**Judge Stefan R. Underhill,** ***Mathena v. Webster Bank, N.A.*****,** (March 24, 2011) No. 3:10-cv-1448 (D. Conn.) as part of ***In Re: Checking Account Overdraft Litigation***, MDL 2036 (S.D. Fla.):

> *The form, content, and method of dissemination of Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.*

**Judge Ted Stewart,** ***Miller v. Basic Research, LLC*****,** (September 2, 2010) No. 2:07-cv-871 (D. Utah):

> *Plaintiffs state that they have hired a firm specializing in designing and implementing large scale, unbiased, legal notification plans. Plaintiffs represent to the Court that such notice will include: 1) individual notice by electronic mail and/or first-class mail sent to all reasonably identifiable Class members; 2) nationwide paid media notice through a combination of print publications, including newspapers, consumer magazines, newspaper supplements and the Internet; 3) a neutral, Court-approved, informational press release; 4) a*

*neutral, Court-approved Internet website; and 5) a toll-free telephone number. Similar mixed media plans have been approved by other district courts post class certification. The Court finds this plan is sufficient to meet the notice requirement.*

**Judge Sara Loi, *Pavlov v. Continental Casualty Co.*,** (October 7, 2009) No. 5:07cv2580 (N.D. Ohio):

*As previously set forth in this Memorandum Opinion, the elaborate notice program contained in the Settlement Agreement provides for notice through a variety of means, including direct mail to each class member, notice to the United States Attorney General and each State, a toll free number, and a website designed to provide information about the settlement and instructions on submitting claims. With a 99.9% effective rate, the Court finds that the notice program constituted the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and clearly satisfies the requirements of Rule 23(c)(2)(B).*

**Judge James Robertson, *In re Department of Veterans Affairs (VA) Data Theft Litigation*,** (September 23, 2009) MDL No. 1796 (D.D.C.):

*The Notice Plan, as implemented, satisfied the requirements of due process and was the best notice practicable under the circumstances. The Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the action, the terms of the Settlement, and their right to appear, object to or exclude themselves from the Settlement. Further, the notice was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.*

**Judge Lisa F. Chrystal, *Little v. Kia Motors America, Inc.*,** (August 27, 2009) No. UNN-L-0800-01 (N.J. Super. Ct.):

*The Court finds that the manner and content of the notices for direct mailing and for publication notice, as specified in the Notice Plan (Exhibit 2 to the Affidavit of Lauran R. Schultz), provides the best practicable notice of judgment to members of the Plaintiff Class.*

**Judge Barbara Crowder, *Dolen v. ABN AMRO Bank N.V.*,** (March 23, 2009) No. 01-L-454, 01-L-493 (3rd Jud. Cir. Ill.):

*The Court finds that the Notice Plan is the best notice practicable under the circumstances and provides the Eligible Members of the Settlement Class sufficient information to make informed and meaningful decisions regarding their options in this Litigation and the effect of the Settlement on their rights. The Notice Plan further satisfies the requirements of due process and 735 ILCS 5/2-803. That Notice Plan is approved and accepted. This Court further finds that the Notice of Settlement and Claim Form comply with 735 ILCS 5/2-803 and are appropriate as part of the Notice Plan and the Settlement, and thus they are hereby approved and adopted. This Court further finds that no other notice other than that identified in the Notice Plan is reasonably necessary in this Litigation.*

**Judge Robert W. Gettleman, *In re Trans Union Corp.*,** (September 17, 2008) MDL No. 1350 (N.D. Ill.):

*The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Preliminary Approval Order constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law… Accordingly, all objections are hereby OVERRULED.*

**Judge Steven D. Merryday, *Lockwood v. Certegy Check Services, Inc.*,** (September 3, 2008) No. 8:07-cv-1434-T-23TGW (M.D. Fla.):

*The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable and constituted the best notice practicable in the circumstances. The notice as given provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions of the Settlement Agreement, and these proceedings to all persons entitled to such notice, and the notice satisfied the requirements of Rule 23, Federal Rules of Civil Procedure, and due process.*

**Judge William G. Young, *In re TJX Companies*,** (September 2, 2008) MDL No. 1838 (D. Mass.):

*The form, content, and method of dissemination of notice provided to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in*

*the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.*

**Judge Philip S. Gutierrez, *Shaffer v. Continental Casualty Co.,*** (June 11, 2008) SACV-06-2235-PSG (PJWx) (C.D. Cal.):

> *…was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and met all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clauses), the Rules of the Court, and any other applicable law.*

**Judge Robert L. Wyatt, *Gunderson v. AIG Claim Services, Inc.,*** (May 29, 2008) No. 2004-002417 (14th Jud. D. Ct. La.):

> *Notices given to Settlement Class members…were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination…Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.*

**Judge Mary Anne Mason, *Palace v. DaimlerChrysler Corp.,*** (May 29, 2008) No. 01-CH-13168 (Ill. Cir. Ct.):

> *The form, content, and method of dissemination of the notice given to the Illinois class and to the Illinois Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed Settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings, to all Persons entitled to such notice, and said notice fully satisfied the requirements of due process and complied with 735 ILCS §§5/2-803 and 5/2-806.*

**Judge David De Alba, *Ford Explorer Cases,*** (May 29, 2008) JCCP Nos. 4226 & 4270 (Cal. Super. Ct.):

> *[T]he Court is satisfied that the notice plan, design, implementation, costs, reach, were all reasonable, and has no reservations about the notice to those in this state and those in other states as well, including Texas, Connecticut, and Illinois; that the plan that was approved—submitted and approved, comports with the fundamentals of due process as described in the case law that was offered by counsel.*

**Judge Kirk D. Johnson**, ***Webb v. Liberty Mutual Ins. Co.,*** (March 3, 2008) No. CV-2007-418-3 (Ark. Cir. Ct.):

> *The Court finds that there was minimal opposition to the settlement. After undertaking an extensive notice campaign to Class members of approximately 10,707 persons, mailed notice reached 92.5% of potential Class members.*

**Judge Carol Crafton Anthony, *Johnson v. Progressive Casualty Ins. Co.*,** (December 6, 2007) No. CV-2003-513 (Ark. Cir. Ct.):

> *Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated…Notice was direct mailed to all Class members whose current whereabouts could be identified by reasonable effort. Notice reached a large majority of the Class members. The Court finds that such notice constitutes the best notice practicable…The forms of Notice and Notice Plan satisfy all of the requirements of Arkansas law and due process.*

**Judge Kirk D. Johnson, *Sweeten v. American Empire Insurance Co*.,** (August 20, 2007) No. CV-2007-154-3 (Ark. Cir. Ct.):

> *The Court does find that all notices required by the Court to be given to class members was done within the time allowed and the manner best calculated to give notice and apprise all the interested parties of the litigation. It was done through individual notice, first class mail, through internet website and the toll-free telephone call center…The Court does find that these methods were the best possible methods to advise the class members of the pendency of the action and opportunity to present their objections and finds that these notices do comply with all the provisions of Rule 23 and the Arkansas and United States Constitutions.*

**Judge Robert Wyatt**, ***Gunderson v. F.A. Richard & Associates, Inc.,*** (July 19, 2007) No. 2004-2417-D (14th Jud. D. Ct. La.):

> *This is the final Order and Judgment regarding the fairness, reasonableness and adequacy. And I am satisfied in all respects regarding the presentation that's been made to the Court this morning in the Class memberships, the representation, the notice, and all other aspects and I'm signing that Order at this time.*

**Judge Lewis A. Kaplan, *In re Parmalat Securities Litigation*,** (July 19, 2007) MDL No. 1653-LAK (S.D.N.Y.):

> *The Court finds that the distribution of the Notice, the publication of the Publication Notice, and the notice methodology…met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, (including the Due Process clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. 78u-4, et seq.) (the "PSLRA"), the Rules of the Court, and any other applicable law.*

**Judge Joe Griffin, *Beasley v. The Reliable Life Insurance Co.,*** (March 29, 2007) No. CV-2005-58-1 (Ark. Cir. Ct.):

> *[T]he Court has, pursuant to the testimony regarding the notification requirements, that were specified and adopted by this Court, has been satisfied and that they meet the requirements of due process. They are fair, reasonable, and adequate. I think the method of notification certainly meets the requirements of due process…So the Court finds that the notification that was used for making the potential class members aware of this litigation and the method of filing their claims, if they chose to do so, all those are clear and concise and meet the plain language requirements and those are completely satisfied as far as this Court is concerned in this matter.*

**Judge Lewis A. Kaplan, *In re Parmalat Securities Litigation,*** (March 1, 2007) MDL No. 1653-LAK (S.D.N.Y.):

> *The court approves, as to form and content, the Notice and the Publication Notice, attached hereto as Exhibits 1 and 2, respectively, and finds that the mailing and distribution of the Notice and the publication of the Publication Notice in the manner and the form set forth in Paragraph 6 of this Order…meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934, as emended by Section 21D(a)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.*

**Judge Anna J. Brown, *Reynolds v. The Hartford Financial Services Group, Inc.,*** (February 27, 2007) No. CV-01-1529-BR (D. Or):

> *[T]he court finds that the Notice Program fairly, fully, accurately, and adequately advised members of the Settlement Class and each Settlement Subclass of all relevant and material information concerning the proposed settlement of this action, their rights under Rule 23 of the Federal Rules of Civil Procedure, and related matters, and afforded the Settlement Class with adequate time and an opportunity to file objections to the Settlement or request exclusion from the Settlement Class. The court finds that the Notice Program constituted the best notice practicable under the circumstances and fully satisfied the requirements of Rule 23 and due process.*

**Judge Kirk D. Johnson**, ***Zarebski v. Hartford Insurance Company of the Midwest,*** (February 13, 2007) No. CV-2006-409-3 (Ark. Cir. Ct.):

> *Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all members of the Settlement Class. Accordingly, the Class Notice and Claim Form as disseminated are finally approved as fair, reasonable, and adequate notice under the circumstances. The Court finds and concludes that due and adequate notice of the pendency of this Action, the Stipulation, and the Final Settlement Hearing has been provided to members of the Settlement Class, and the Court further finds and concludes that the notice campaign described in the Preliminary Approval Order and completed by the parties complied fully with the requirements of Arkansas Rule of Civil Procedure 23 and the requirements of due process under the Arkansas and United States Constitutions.*

**Judge Richard J. Holwell, *In re Vivendi Universal, S.A. Securities Litigation,*** 2007 WL 1490466, at *34 (S.D.N.Y.):

> *In response to defendants' manageability concerns, plaintiffs have filed a comprehensive affidavit outlining the effectiveness of its proposed method of providing notice in foreign countries. According to this…the*

*Court is satisfied that plaintiffs intend to provide individual notice to those class members whose names and addresses are ascertainable, and that plaintiffs' proposed form of publication notice, while complex, will prove both manageable and the best means practicable of providing notice.*

**Judge Samuel Conti, *Ciabattari v. Toyota Motor Sales, U.S.A., Inc.,*** (November 17, 2006) No. C-05-04289-SC (N.D. Cal.):

*After reviewing the evidence and arguments presented by the parties…the Court finds as follows…The class members were given the best notice practicable under the circumstances, and that such notice meets the requirements of the Due Process Clause of the U.S. Constitution, and all applicable statutes and rules of court.*

**Judge Ivan L.R. Lemelle**, ***In re High Sulfur Content Gasoline Prods. Liability Litigation,*** (November 8, 2006) MDL No. 1632 (E.D. La.):

*This Court approved a carefully-worded Notice Plan, which was developed with the assistance of a nationally-recognized notice expert, Hilsoft Notifications…The Notice Plan for this Class Settlement was consistent with the best practices developed for modern-style "plain English" class notices; the Court and Settling Parties invested substantial effort to ensure notice to persons displaced by the Hurricanes of 2005; and as this Court has already determined, the Notice Plan met the requirements of Rule 23 and constitutional due process.*

**Judge Catherine C. Blake, *In re Royal Ahold Securities and "ERISA" Litigation,*** (November 2, 2006) MDL No. 1539 (D. Md.):

*The global aspect of the case raised additional practical and legal complexities, as did the parallel criminal proceedings in another district. The settlement obtained is among the largest cash settlements ever in a securities class action case and represents an estimated 40% recovery of possible provable damages. The notice process appears to have been very successful not only in reaching but also in eliciting claims from a substantial percentage of those eligible for recovery.*

**Judge Elaine E. Bucklo, *Carnegie v. Household International,*** (August 28, 2006) No. 98 C 2178 (N.D. Ill.):

*[T]he Notice was disseminated pursuant to a plan consisting of first class mail and publication developed by Plaintiff's notice consultant, Hilsoft Notification[s]…who the Court recognized as experts in the design of notice plans in class actions. The Notice by first-class mail and publication was provided in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies all requirements of Rule 23(e) and due process.*

**Judge Joe E. Griffin, *Beasley v. Hartford Insurance Company of the Midwest,*** (June 13, 2006) No. CV-2005-58-1 (Ark. Cir. Ct.):

*Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Individual Notice and the Publication Notice, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminarily Approval Order, was the best notice practicable under the circumstances…and the requirements of due process under the Arkansas and United States Constitutions.*

**Judge Norma L. Shapiro, *First State Orthopedics et al. v. Concentra, Inc., et al.,*** (May 1, 2006) No. 2:05-CV-04951-NS (E.D. Pa.):

*The Court finds that dissemination of the Mailed Notice, Published Notice and Full Notice in the manner set forth here and in the Settlement Agreement meets the requirements of due process and Pennsylvania law. The Court further finds that the notice is reasonable, and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, is the best practicable notice; and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed settlement.*

**Judge Thomas M. Hart, *Froeber v. Liberty Mutual Fire Ins. Co.,*** (April 19, 2006) No. 00C15234 (Or. Cir. Ct.):

> *The court has found and now reaffirms that dissemination and publication of the Class Notice in accordance with the terms of the Third Amended Order constitutes the best notice practicable under the circumstances.*

**Judge Catherine C. Blake, *In re Royal Ahold Securities and "ERISA" Litigation,*** (January 6, 2006) MDL No. 1539 (D. Md.):

> *I think it's remarkable, as I indicated briefly before, given the breadth and scope of the proposed Class, the global nature of the Class, frankly, that again, at least on a preliminary basis, and I will be getting a final report on this, that the Notice Plan that has been proposed seems very well, very well suited, both in terms of its plain language and in terms of its international reach, to do what I hope will be a very thorough and broad-ranging job of reaching as many of the shareholders, whether individual or institutional, as possibly can be done to participate in what I also preliminarily believe to be a fair, adequate and reasonable settlement.*

**Judge Catherine C. Blake, *In re Royal Ahold Securities & "ERISA" Litigation,*** 437 F.Supp.2d 467, 472 (D. Md. 2006):

> *The court hereby finds that the Notice and Notice Plan described herein and in the Order dated January 9, 2006 provided Class Members with the best notice practicable under the circumstances. The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.*

**Judge Robert H. Wyatt, Jr., *Gray v. New Hampshire Indemnity Co., Inc*.,** (December 19, 2005) No. CV-2002-952-2-3 (Ark. Cir. Ct.):

> *Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated. The Notice contained the essential elements necessary to satisfy due process, including the Settlement Class definition, the identities of the Parties and of their counsel, a summary of the terms of the proposed settlement, Class Counsel's intent to apply for fees, information regarding the manner in which objections could be submitted, and requests for exclusions could be filed. The Notice properly informed Class members of the formula for the distribution of benefits under the settlement…Notice was direct mailed to all Class members whose current whereabouts could be identified by reasonable effort. Notice was also effected by publication in many newspapers and magazines throughout the nation, reaching a large majority of the Class members multiple times. The Court finds that such notice constitutes the best notice practicable.*

**Judge Michael J. O'Malley, *Defrates v. Hollywood Entm't Corp.*,** (June 24, 2005) No. 02 L 707 (Ill. Cir. Ct.):

> *[T]his Court hereby finds that the notice program described in the Preliminary Approval Order and completed by HEC complied fully with the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.*

**Judge Wilford D. Carter, *Thibodeaux v. Conoco Phillips Co.,*** (May 26, 2005) No. 2003-481 F (14th J.D. Ct. La.):

> *Notice given to Class Members…were reasonably calculated under all the circumstances and have been sufficient, both as to the form and content…Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due process and sufficient notice to all potential members of the Class as Defined.*

**Judge Michael Canaday, *Morrow v. Conoco Inc*.,** (May 25, 2005) No. 2002-3860 G (14th J.D. Ct. La.):

> *The objections, if any, made to due process, constitutionality, procedures, and compliance with law, including, but not limited to, the adequacy of notice and the fairness of the proposed Settlement Agreement, lack merit and are hereby overruled.*

**Judge John R. Padova, *Nichols v. SmithKline Beecham Corp*.,** (April 22, 2005) No. 00-6222 (E.D. Pa.):

> *Pursuant to the Order dated October 18, 2004, End-Payor Plaintiffs employed Hilsoft Notifications to design*

*and oversee Notice to the End-Payor Class. Hilsoft Notifications has extensive experience in class action notice situations relating to prescription drugs and cases in which unknown class members need to receive notice…After reviewing the individual mailed Notice, the publication Notices, the PSAs and the informational release, the Court concludes that the substance of the Notice provided to members of the End-Payor Class in this case was adequate to satisfy the concerns of due process and the Federal Rules.*

**Judge Douglas Combs, *Morris v. Liberty Mutual Fire Ins. Co.,*** (February 22, 2005) No. CJ-03-714 (D. Okla.):

*I am very impressed that the notice was able to reach – be delivered to 97 ½ percent members of the class. That, to me, is admirable. And I'm also – at the time that this was initially entered, I was concerned about the ability of notice to be understood by a common, nonlawyer person, when we talk about legalese in a court setting. In this particular notice, not only the summary notice but even the long form of the notice were easily understandable, for somebody who could read the English language, to tell them whether or not they had the opportunity to file a claim.*

**Judge Joseph R. Goodwin, *In re Serzone Products Liability Litigation,*** 231 F.R.D. 221, 231 (S.D. W. Va. 2005):

*The Notice Plan was drafted by Hilsoft Notifications, a Pennsylvania firm specializing in designing, developing, analyzing and implementing large-scale, unbiased legal notification plans. Hilsoft has disseminated class action notices in more than 150 cases, and it designed the model notices currently displayed on the Federal Judicial Center's website as a template for others to follow…To enhance consumer exposure, Hilsoft studied the demographics and readership of publications among adults who used a prescription drug for depression in the last twelve months. Consequently, Hilsoft chose to utilize media particularly targeting women due to their greater incidence of depression and heavy usage of the medication.*

**Judge Richard G. Stearns, *In re Lupron® Marketing and Sales Practice Litigation*,** (November 24, 2004) MDL No. 1430 (D. Mass.):

*After review of the proposed Notice Plan designed by Hilsoft Notifications…is hereby found to be the best practicable notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 the Federal Rules of Civil Procedure and due process.*

**Judge Richard G. Stearns, *In re Lupron® Marketing and Sales Practice Litigation*,** (November 23, 2004) MDL No. 1430 (D. Mass.):

*I actually find the [notice] plan as proposed to be comprehensive and extremely sophisticated and very likely be as comprehensive as any plan of its kind could be in reaching those most directly affected.*

**Judge James S. Moody, Jr., *Mantzouris v. Scarritt Motor Group Inc.,*** (August 10, 2004) No. 8:03 CV- 0015-T-30 MSS (M.D. Fla.):

*Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the members of the Class to participate in the Settlement Hearing, or object to the certification of the Class and the Agreement, it is hereby determined that all members of the Class, except for Ms. Gwendolyn Thompson, who was the sole person opting out of the Settlement Agreement, are bound by this Order and Final Judgment entered herein.*

**Judge Robert E. Payne, *Fisher v. Virginia Electric & Power Co*.,** (July 1, 2004) No. 3:02CV431 (E.D. Va.)**:**

*The record here shows that the class members have been fully and fairly notified of the existence of the class action, of the issues in it, of the approaches taken by each side in it in such a way as to inform meaningfully those whose rights are affected and to thereby enable them to exercise their rights intelligently…The success rate in notifying the class is, I believe, at least in my experience, I share Ms. Kauffman's experience, it is as great as I have ever seen in practicing or serving in this job…So I don't believe we could have had any more effective notice.*

**Judge John Kraetzer, *Baiz v. Mountain View Cemetery*,** (April 14, 2004) No. 809869-2 (Cal. Super. Ct.):

*The notice program was timely completed, complied with California Government Code section 6064, and*

*provided the best practicable notice to all members of the Settlement Class under the circumstances. The Court finds that the notice program provided class members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement so that a full opportunity has been afforded to class members and all other persons wishing to be heard…The Court has determined that the Notice given to potential members of the Settlement Class fully and accurately informed potential Members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all potential members of the Settlement Class, and that it constituted the best practicable notice under the circumstances.*

***Hospitality Mgmt. Assoc., Inc. v. Shell Oil Co.,*** 356 S.C. 644, 663, 591 S.E.2d 611, 621 (Sup. Ct. S.C. 2004):

*Clearly, the Cox court designed and utilized various procedural safeguards to guarantee sufficient notice under the circumstances. Pursuant to a limited scope of review, we need go no further in deciding the Cox court's findings that notice met due process are entitled to deference.*

**Judge Joseph R. Goodwin, *In re Serzone Prods. Liability Litigation,*** 2004 U.S. Dist. LEXIS 28297, at *10 (S.D. W. Va.):

*The Court has considered the Notice Plan and proposed forms of Notice and Summary Notice submitted with the Memorandum for Preliminary Approval and finds that the forms and manner of notice proposed by Plaintiffs and approved herein meet the requirements of due process and Fed.R.Civ.P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice.*

**Judge James D. Arnold, *Cotten v. Ferman Mgmt. Servs. Corp.,*** (November 26, 2003) No. 02-08115 (Fla. Cir. Ct.):

*Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the member of the Class to participate in the Settlement Hearing, or object to the certification of the Class and the Agreement…*

**Judge Judith K. Fitzgerald, *In re Pittsburgh Corning Corp.,*** (November 26, 2003) No. 00-22876-JKF (Bankr.W.D. Pa.):

*The procedures and form of notice for notifying the holders of Asbestos PI Trust Claims, as described in the Motion, adequately protect the interests of the holders of Asbestos PI Trust Claims in a manner consistent with the principles of due process, and satisfy the applicable requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.*

**Judge Carter Holly, *Richison v. American Cemwood Corp.,*** (November 18, 2003) No. 005532 (Cal. Super. Ct.):

*As to the forms of Notice, the Court finds and concludes that they fully apprised the Class members of the pendency of the litigation, the terms of the Phase 2 Settlement, and Class members' rights and options…Not a single Class member—out of an estimated 30,000—objected to the terms of the Phase 2 Settlement Agreement, notwithstanding a comprehensive national Notice campaign, via direct mail and publication Notice…The notice was reasonable and the best notice practicable under the circumstances, was due, adequate, and sufficient notice to all Class members, and complied fully with the laws of the State of California, the Code of Civil Procedure, due process, and California Rules of Court 1859 and 1860.*

**Judge Thomas A. Higgins, *In re Columbia/HCA Healthcare Corp.,*** (June 13, 2003) MDL No. 1227 (M.D. Tenn.):

*Notice of the settlement has been given in an adequate and sufficient manner. The notice provided by mailing the settlement notice to certain class members and publishing notice in the manner described in the settlement was the best practicable notice, complying in all respects with the requirements of due process.*

**Judge Harold Baer, Jr., *Thompson v. Metropolitan Life Ins. Co.,*** 216 F.R.D. 55, 68 (S.D.N.Y. 2003):

*In view of the extensive notice campaign waged by the defendant, the extremely small number of class members objecting or requesting exclusion from the settlement is a clear sign of strong support for the settlement…The notice provides, in language easily understandable to a lay person, the essential terms of the settlement, including the claims asserted…who would be covered by the settlement…[T]he notice campaign that defendant agreed to undertake was extensive…I am satisfied, having reviewed the contents of the notice package, and the extensive steps taken to disseminate notice of the settlement, that the class*

*notice complies with the requirements of Rule 23 (c)(2) and 23(e). In summary, I have reviewed all of the objections, and none persuade me to conclude that the proposed settlement is unfair, inadequate or unreasonable.*

**Judge Edgar E. Bayley, *Dimitrios v. CVS, Inc.,*** (November 27, 2002) No. 99-6209; ***Walker v. Rite Aid Corp.,*** No. 99-6210; and ***Myers v. Rite Aid Corp.*, ** No. 01-2771 (Pa. Ct. C.P.):

*The Court specifically finds that: fair and adequate notice has been given to the class, which comports with due process of law.*

**Judge Dewey C. Whitenton, *Ervin v. Movie Gallery, Inc.,*** (November 22, 2002) No. 13007 (Tenn. Ch.):

*The content of the class notice also satisfied all due process standards and state law requirements…The content of the notice was more than adequate to enable class members to make an informed and intelligent choice about remaining in the class or opting out of the class.*

**Judge James R. Williamson, *Kline v. The Progressive Corp*.,** (November 14, 2002) No. 01-L-6 (Ill. Cir. Ct.):

*Notice to the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated. The notice contained the essential elements necessary to satisfy due process…*

**Judge Marina Corodemus, *Talalai v. Cooper Tire & Rubber Co.,*** (September 13, 2002) No. L-008830.00 (N.J. Super. Ct.):

*Here, the comprehensive bilingual, English and Spanish, court-approved Notice Plan provided by the terms of the settlement meets due process requirements. The Notice Plan used a variety of methods to reach potential class members. For example, short form notices for print media were placed…throughout the United States and in major national consumer publications which include the most widely read publications among Cooper Tire owner demographic groups.*

**Judge Harold Baer, Jr., *Thompson v. Metropolitan Life Ins. Co.,*** (September 3, 2002) No. 00 Civ. 5071-HB (S.D.N.Y.):

*The Court further finds that the Class Notice and Publication Notice provided in the Settlement Agreement are written in plain English and are readily understandable by Class Members. In sum, the Court finds that the proposed notice texts and methodology are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.*

**Judge Milton Gunn Shuffield, *Scott v. Blockbuster Inc.,*** (January 22, 2002) No. D 162-535 (Tex. Jud. Dist. Ct.) ultimately withstood challenge to Court of Appeals of Texas. *Peters v. Blockbuster* 65 S.W.3d 295, 307 (Tex. App.-Beaumont, 2001):

*In order to maximize the efficiency of the notice, a professional concern, Hilsoft Notifications, was retained. This Court concludes that the notice campaign was the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the settlement and afford them an opportunity to present their objections…The notice campaign was highly successful and effective, and it more than satisfied the due process and state law requirements for class notice.*

**Judge Marina Corodemus, *Talalai v. Cooper Tire & Rubber Co.,*** (October 30, 2001) No. MID-L-8839-00-MT (N.J. Super. Ct.):

*The parties have crafted a notice program which satisfies due process requirements without reliance on an unreasonably burdensome direct notification process…The form of the notice is reasonably calculated to apprise class members of their rights. The notice program is specifically designed to reach a substantial percentage of the putative settlement class members.*

**Judge Marina Corodemus, *Talalai v. Cooper Tire & Rubber Co.,*** (October 29, 2001) No. L-8830-00-MT (N.J. Super. Ct.):

> *I saw the various bar graphs for the different publications and the different media dissemination, and I think that was actually the clearest bar graph I've ever seen in my life…it was very clear of the time periods that you were doing as to each publication and which media you were doing over what market time, so I think that was very clear.*

**Judge Stuart R. Pollak, *Microsoft I-V Cases,*** (April 1, 2001) J.C.C.P. No. CJC-00-004106 (Cal. Super. Ct.):

> *[C]oncerning dissemination of class notice; and I have reviewed the materials that have been submitted on that subject and basically I'm satisfied. I think it's amazing if you're really getting 80 percent coverage. That's very reassuring. And the papers that you submitted responded to a couple things that had been mentioned before and I am satisfied with all that.*

**Judge Stuart R. Pollak, *Microsoft I-V Cases,*** (March 30, 2001) J.C.C.P. No. 4106 (Cal. Super. Ct.):

> *Plaintiffs and Defendant Microsoft Corporation have submitted a joint statement in support of their request that the Court approve the plan for dissemination of class action notice and proposed forms of notice, and amend the class definition. The Court finds that the forms of notice to Class members attached hereto as Exhibits A and B fairly and adequately inform the Class members of their rights concerning this litigation. The Court further finds that the methods for dissemination of notice are the fairest and best practicable under the circumstances, and comport with due process requirements.*

## LEGAL NOTICE CASES

Hilsoft Notifications has served as a notice expert for planning, implementation and/or analysis in the following partial listing of cases:

| | |
|---|---|
| ***Andrews v. MCI (900 Number Litigation)*** | S.D. Ga., No. CV 191-175 |
| ***Harper v. MCI (900 Number Litigation)*** | S.D. Ga., No. CV 192-134 |
| ***In re Bausch & Lomb Contact Lens Litigation*** | N.D. Ala., No. 94-C-1144-WW |
| ***In re Ford Motor Co. Vehicle Paint Litigation*** | E.D. La., MDL No. 1063 |
| ***Castano v. Am. Tobacco*** | E.D. La., No. CV 94-1044 |
| ***Cox v. Shell Oil (Polybutylene Pipe Litigation)*** | Tenn. Ch., No. 18,844 |
| ***In re Amino Acid Lysine Antitrust Litigation*** | N.D. Ill., MDL No. 1083 |
| ***In re Dow Corning Corp. (Breast Implant Bankruptcy)*** | E.D. Mich., No. 95-20512-11-AJS |
| ***Kunhel v. CNA Ins. Companies*** | N.J. Super. Ct., No. ATL-C-0184-94 |
| ***In re Factor Concentrate Blood Prods. Litigation (Hemophiliac HIV)*** | N.D. Ill., MDL No. 986 |
| ***In re Ford Ignition Switch Prods. Liability Litigation*** | D. N.J., No. 96-CV-3125 |
| ***Jordan v. A.A. Friedman (Non-Filing Ins. Litigation)*** | M.D. Ga., No. 95-52-COL |
| ***Kalhammer v. First USA (Credit Card Litigation)*** | Cal. Cir. Ct., No. C96-45632010-CAL |
| ***Navarro-Rice v. First USA (Credit Card Litigation)*** | Ore. Cir. Ct., No. 9709-06901 |

| | |
|---|---|
| ***Spitzfaden v. Dow Corning (Breast Implant Litigation)*** | La. D. Ct., No. 92-2589 |
| ***Robinson v. Marine Midland (Finance Charge Litigation)*** | N.D. Ill., No. 95 C 5635 |
| ***McCurdy v. Norwest Fin. Alabama*** | Ala. Cir. Ct., No. CV-95-2601 |
| ***Johnson v. Norwest Fin. Alabama*** | Ala. Cir. Ct., No. CV-93-PT-962-S |
| ***In re Residential Doors Antitrust Litigation*** | E.D. Pa., MDL No. 1039 |
| ***Barnes v. Am. Tobacco Co. Inc.*** | E.D. Pa., No. 96-5903 |
| ***Small v. Lorillard Tobacco Co. Inc.*** | N.Y. Super. Ct., No. 110949/96 |
| ***Naef v. Masonite Corp (Hardboard Siding Litigation)*** | Ala. Cir. Ct., No. CV-94-4033 |
| ***In re Synthroid Mktg. Litigation*** | N.D. Ill., MDL No. 1182 |
| ***Raysick v. Quaker State Slick 50 Inc.*** | D. Tex., No. 96-12610 |
| ***Castillo v. Mike Tyson (Tyson v. Holyfield Bout)*** | N.Y. Super. Ct., No. 114044/97 |
| ***Avery v. State Farm Auto. Ins. (Non-OEM Auto Parts)*** | Ill. Cir. Ct., No. 97-L-114 |
| ***Walls v. The Am. Tobacco Co. Inc.*** | N.D. Okla., No. 97-CV-218-H |
| ***Tempest v. Rainforest Café (Securities Litigation)*** | D. Minn., No. 98-CV-608 |
| ***Stewart v. Avon Prods. (Securities Litigation)*** | E.D. Pa., No. 98-CV-4135 |
| ***Goldenberg v. Marriott PLC Corp (Securities Litigation)*** | D. Md., No. PJM 95-3461 |
| ***Delay v. Hurd Millwork (Building Products Litigation)*** | Wash. Super. Ct., No. 97-2-07371-0 |
| ***Gutterman v. Am. Airlines (Frequent Flyer Litigation)*** | Ill. Cir. Ct., No. 95CH982 |
| ***Hoeffner v. The Estate of Alan Kenneth Vieira (Un-scattered Cremated Remains Litigation)*** | Cal. Super. Ct., No. 97-AS 02993 |
| ***In re Graphite Electrodes Antitrust Litigation*** | E.D. Pa., MDL No. 1244 |
| ***In re Silicone Gel Breast Implant Prods. Liability Litigation, Altrichter v. INAMED*** | N.D. Ala., MDL No. 926 |
| ***St. John v. Am. Home Prods. Corp. (Fen/Phen Litigation)*** | Wash. Super. Ct., No. 97-2-06368 |
| ***Crane v. Hackett Assocs. (Securities Litigation)*** | E.D. Pa., No. 98-5504 |
| ***In re Holocaust Victims Assets Litigation (Swiss Banks)*** | E.D.N.Y., No. CV-96-4849 |
| ***McCall v. John Hancock (Settlement Death Benefits)*** | N.M. Cir. Ct., No. CV-2000-2818 |
| ***Williams v. Weyerhaeuser Co. (Hardboard Siding Litigation)*** | Cal. Super. Ct., No. CV-995787 |
| ***Kapustin v. YBM Magnex Int'l Inc. (Securities Litigation)*** | E.D. Pa., No. 98-CV-6599 |
| ***Leff v. YBM Magnex Int'l Inc. (Securities Litigation)*** | E.D. Pa., No. 95-CV-89 |

| | |
|---|---|
| ***In re PRK/LASIK Consumer Litigation*** | Cal. Super. Ct., No. CV-772894 |
| ***Hill v. Galaxy Cablevision*** | N.D. Miss., No. 1:98CV51-D-D |
| ***Scott v. Am. Tobacco Co. Inc.*** | La. D. Ct., No. 96-8461 |
| ***Jacobs v. Winthrop Financial Associates (Securities Litigation)*** | D. Mass., No. 99-CV-11363 |
| ***Int'l Comm'n on Holocaust Era Ins. Claims – Worldwide Outreach Program*** | Former Secretary of State Lawrence Eagleburger Commission |
| ***Bownes v. First USA Bank (Credit Card Litigation)*** | Ala. Cir. Ct., No. CV-99-2479-PR |
| ***Whetman v. IKON (ERISA Litigation)*** | E.D. Pa., No. 00-87 |
| ***Mangone v. First USA Bank (Credit Card Litigation)*** | Ill. Cir. Ct., No. 99AR672a |
| ***In re Babcock and Wilcox Co. (Asbestos Related Bankruptcy)*** | E.D. La., No. 00-10992 |
| ***Barbanti v. W.R. Grace and Co. (Zonolite / Asbestos Litigation)*** | Wash. Super. Ct., No. 00201756-6 |
| ***Brown v. Am. Tobacco*** | Cal. Super. Ct., No. J.C.C.P. 4042, 711400 |
| ***Wilson v. Servier Canada Inc. (Canadian Fen/Phen Litigation)*** | Ont. Super. Ct., No. 98-CV-158832 |
| ***In re Texaco Inc. (Bankruptcy)*** | S.D.N.Y. No. 87 B 20142, No. 87 B 20143, No. 87 B 20144 |
| ***Olinde v. Texaco (Bankruptcy, Oil Lease Litigation)*** | M.D. La., No. 96-390 |
| ***Gustafson v. Bridgestone/Firestone, Inc. (Recall Related Litigation)*** | S.D. Ill., No. 00-612-DRH |
| ***In re Bridgestone/Firestone Tires Prods. Liability Litigation*** | S.D. Ind., MDL No. 1373 |
| ***Gaynoe v. First Union Corp. (Credit Card Litigation)*** | N.C. Super. Ct., No. 97-CVS-16536 |
| ***Carson v. Daimler Chrysler Corp. (Fuel O-Rings Litigation)*** | W.D. Tenn., No. 99-2896 TU A |
| ***Providian Credit Card Cases*** | Cal. Super. Ct., No. J.C.C.P. 4085 |
| ***Fields v. Great Spring Waters of Am., Inc. (Bottled Water Litigation)*** | Cal. Super. Ct., No. 302774 |
| ***Sanders v. Great Spring Waters of Am., Inc. (Bottled Water Litigation)*** | Cal. Super. Ct., No. 303549 |
| ***Sims v. Allstate Ins. Co. (Diminished Auto Value Litigation)*** | Ill. Cir. Ct., No. 99-L-393A |
| ***Peterson v. State Farm Mutual Auto. Ins. Co. (Diminished Auto Value Litigation)*** | Ill. Cir. Ct., No. 99-L-394A |
| ***Microsoft I-V Cases (Antitrust Litigation Mirroring Justice Dept.)*** | Cal. Super. Ct., No. J.C.C.P. 4106 |
| ***Westman v. Rogers Family Funeral Home, Inc. (Remains Handling Litigation)*** | Cal. Super. Ct., No. C-98-03165 |

| | |
|---|---|
| ***Rogers v. Clark Equipment Co.*** | Ill. Cir. Ct., No. 97-L-20 |
| ***Garrett v. Hurley State Bank (Credit Card Litigation)*** | Miss. Cir. Ct., No. 99-0337 |
| ***Ragoonanan v. Imperial Tobacco Ltd. (Firesafe Cigarette Litigation)*** | Ont. Super. Ct., No. 00-CV-183165 CP |
| ***Dietschi v. Am. Home Prods. Corp. (PPA Litigation)*** | W.D. Wash., No. C01-0306L |
| ***Dimitrios v. CVS, Inc. (PA Act 6 Litigation)*** | Pa. C.P., No. 99-6209 |
| ***Jones v. Hewlett-Packard Co. (Inkjet Cartridge Litigation)*** | Cal. Super. Ct., No. 302887 |
| ***In re Tobacco Cases II (California Tobacco Litigation)*** | Cal. Super. Ct., No. J.C.C.P. 4042 |
| ***Scott v. Blockbuster, Inc. (Extended Viewing Fees Litigation)*** | 136th Tex. Jud. Dist., No. D 162-535 |
| ***Anesthesia Care Assocs. v. Blue Cross of Cal.*** | Cal. Super. Ct., No. 986677 |
| ***Ting v. AT&T (Mandatory Arbitration Litigation)*** | N.D. Cal., No. C-01-2969-BZ |
| ***In re W.R. Grace & Co. (Asbestos Related Bankruptcy)*** | Bankr. D. Del., No. 01-01139-JJF |
| ***Talalai v. Cooper Tire & Rubber Co. (Tire Layer Adhesion Litigation)*** | N.J. Super. Ct.,, No. MID-L-8839-00 MT |
| ***Kent v. Daimler Chrysler Corp. (Jeep Grand Cherokee Park-to-Reverse Litigation)*** | N.D. Cal., No. C01-3293-JCS |
| ***Int'l Org. of Migration – German Forced Labour Compensation Programme*** | Geneva, Switzerland |
| ***Madsen v. Prudential Federal Savings & Loan (Homeowner's Loan Account Litigation)*** | 3rd Jud. Dist. Ct. Utah, No. C79-8404 |
| ***Bryant v. Wyndham Int'l., Inc. (Energy Surcharge Litigation)*** | Cal. Super. Ct., No. GIC 765441, No. GIC 777547 |
| ***In re USG Corp. (Asbestos Related Bankruptcy)*** | Bankr. D. Del., No. 01-02094-RJN |
| ***Thompson v. Metropolitan Life Ins. Co. (Race Related Sales Practices Litigation)*** | S.D.N.Y., No. 00-CIV-5071 HB |
| ***Ervin v. Movie Gallery Inc. (Extended Viewing Fees)*** | Tenn. Ch., No. CV-13007 |
| ***Peters v. First Union Direct Bank (Credit Card Litigation)*** | M.D. Fla., No. 8:01-CV-958-T-26 TBM |
| ***National Socialist Era Compensation Fund*** | Republic of Austria |
| ***In re Baycol Litigation*** | D. Minn., MDL No. 1431 |
| ***Claims Conference–Jewish Slave Labour Outreach Program*** | German Government Initiative |
| ***Wells v. Chevy Chase Bank (Credit Card Litigation)*** | Md. Cir. Ct., No. C-99-000202 |
| ***Walker v. Rite Aid of PA, Inc. (PA Act 6 Litigation)*** | C.P. Pa., No. 99-6210 |
| ***Myers v. Rite Aid of PA, Inc. (PA Act 6 Litigation)*** | C.P. Pa., No. 01-2771 |
| ***In re PA Diet Drugs Litigation*** | C.P. Pa., No. 9709-3162 |

| | |
|---|---|
| ***Harp v. Qwest Communications (Mandatory Arbitration Lit.)*** | Ore. Circ. Ct., No. 0110-10986 |
| ***Tuck v. Whirlpool Corp. & Sears, Roebuck & Co. (Microwave Recall Litigation)*** | Ind. Cir. Ct., No. 49C01-0111-CP-002701 |
| ***Allison v. AT&T Corp. (Mandatory Arbitration Litigation)*** | 1st Jud. D.C. N.M., No. D-0101-CV-20020041 |
| ***Kline v. The Progressive Corp.*** | Ill. Cir. Ct., No. 01-L-6 |
| ***Baker v. Jewel Food Stores, Inc. & Dominick's Finer Foods, Inc. (Milk Price Fixing)*** | Ill. Cir. Ct., No. 00-L-9664 |
| ***In re Columbia/HCA Healthcare Corp. (Billing Practices Litigation)*** | M.D. Tenn., MDL No. 1227 |
| ***Foultz v. Erie Ins. Exchange (Auto Parts Litigation)*** | C.P. Pa., No. 000203053 |
| ***Soders v. General Motors Corp. (Marketing Initiative Litigation)*** | C.P. Pa., No. CI-00-04255 |
| ***Nature Guard Cement Roofing Shingles Cases*** | Cal. Super. Ct., No. J.C.C.P. 4215 |
| ***Curtis v. Hollywood Entm't Corp. (Additional Rental Charges)*** | Wash. Super. Ct., No. 01-2-36007-8 SEA |
| ***Defrates v. Hollywood Entm't Corp.*** | Ill. Cir. Ct., No. 02L707 |
| ***Pease v. Jasper Wyman & Son, Merrill Blueberry Farms Inc., Allen's Blueberry Freezer Inc. & Cherryfield Foods Inc.*** | Me. Super. Ct., No. CV-00-015 |
| ***West v. G&H Seed Co. (Crawfish Farmers Litigation)*** | 27th Jud. D. Ct. La., No. 99-C-4984-A |
| ***Linn v. Roto-Rooter Inc. (Miscellaneous Supplies Charge)*** | C.P. Ohio, No. CV-467403 |
| ***McManus v. Fleetwood Enter., Inc. (RV Brake Litigation)*** | D. Ct. Tex., No. SA-99-CA-464-FB |
| ***Baiz v. Mountain View Cemetery (Burial Practices)*** | Cal. Super. Ct., No. 809869-2 |
| ***Stetser v. TAP Pharm. Prods, Inc. & Abbott Laboratories (Lupron Price Litigation)*** | N.C. Super. Ct., No. 01-CVS-5268 |
| ***Richison v. Am. Cemwood Corp. (Roofing Durability Settlement)*** | Cal. Super. Ct., No. 005532 |
| ***Cotten v. Ferman Mgmt. Servs. Corp.*** | 13th Jud. Cir. Fla., No. 02-08115 |
| ***In re Pittsburgh Corning Corp. (Asbestos Related Bankruptcy)*** | Bankr. W.D. Pa., No. 00-22876-JKF |
| ***Mostajo v. Coast Nat'l Ins. Co.*** | Cal. Super. Ct., No. 00 CC 15165 |
| ***Friedman v. Microsoft Corp. (Antitrust Litigation)*** | Ariz. Super. Ct., No. CV 2000-000722 |
| ***Multinational Outreach - East Germany Property Claims*** | Claims Conference |
| ***Davis v. Am. Home Prods. Corp. (Norplant Contraceptive Litigation)*** | D. La., No. 94-11684 |
| ***Walker v. Tap Pharmaceutical Prods., Inc. (Lupron Price Litigation)*** | N.J. Super. Ct., No. CV CPM-L-682-01 |
| ***Munsey v. Cox Communications (Late Fee Litigation)*** | Civ. D. La., No. Sec. 9, 97 19571 |

| | |
|---|---|
| ***Gordon v. Microsoft Corp. (Antitrust Litigation)*** | 4th Jud. D. Ct. Minn., No. 00-5994 |
| ***Clark v. Tap Pharmaceutical Prods., Inc.*** | 5th Dist. App. Ct. Ill., No. 5-02-0316 |
| ***Fisher v. Virginia Electric & Power Co.*** | E.D. Va., No. 3:02-CV-431 |
| ***Mantzouris v. Scarritt Motor Group, Inc.*** | M.D. Fla., No. 8:03-CV-0015-T-30-MSS |
| ***Johnson v. Ethicon, Inc. (Product Liability Litigation)*** | W. Va. Cir. Ct., No. 01-C-1530, 1531, 1533, No. 01-C-2491 to 2500 |
| ***Schlink v. Edina Realty Title*** | 4th Jud. D. Ct. Minn., No. 02-018380 |
| ***Tawney v. Columbia Natural Res. (Oil & Gas Lease Litigation)*** | W. Va. Cir. Ct., No. 03-C-10E |
| ***White v. Washington Mutual, Inc. (Pre-Payment Penalty Litigation)*** | 4th Jud. D. Ct. Minn., No. CT 03-1282 |
| ***Acacia Media Techs. Corp. v. Cybernet Ventures Inc., (Patent Infringement Litigation)*** | C.D. Cal., No. SACV03-1803 GLT (Anx) |
| ***Bardessono v. Ford Motor Co. (15 Passenger Vans)*** | Wash. Super. Ct., No. 32494 |
| ***Gardner v. Stimson Lumber Co. (Forestex Siding Litigation)*** | Wash. Super. Ct., No. 00-2-17633-3SEA |
| ***Poor v. Sprint Corp. (Fiber Optic Cable Litigation)*** | Ill. Cir. Ct., No. 99-L-421 |
| ***Thibodeau v. Comcast Corp.*** | E.D. Pa., No. 04-CV-1777 |
| ***Cazenave v. Sheriff Charles C. Foti (Strip Search Litigation)*** | E.D. La., No. 00-CV-1246 |
| ***National Assoc. of Police Orgs., Inc. v. Second Chance Body Armor, Inc. (Bullet Proof Vest Litigation)*** | Mich. Cir. Ct., No. 04-8018-NP |
| ***Nichols v. SmithKline Beecham Corp. (Paxil)*** | E.D. Pa., No. 00-6222 |
| ***Yacout v. Federal Pacific Electric Co. (Circuit Breaker)*** | N.J. Super. Ct., No. MID-L-2904-97 |
| ***Lewis v. Bayer AG (Baycol)*** | 1st Jud. Dist. Ct. Pa., No. 002353 |
| ***In re Educ. Testing Serv. PLT 7-12 Test Scoring Litigation*** | E.D. La., MDL No. 1643 |
| ***Stefanyshyn v. Consol. Indus. Corp. (Heat Exchanger)*** | Ind. Super. Ct., No. 79 D 01-9712-CT-59 |
| ***Barnett v. Wal-Mart Stores, Inc.*** | Wash. Super. Ct., No. 01-2-24553-8 SEA |
| ***In re Serzone Prods. Liability Litigation*** | S.D. W. Va., MDL No. 1477 |
| ***Ford Explorer Cases*** | Cal. Super. Ct., No. J.C.C.P. 4226 & 4270 |
| ***In re Solutia Inc. (Bankruptcy)*** | S.D.N.Y., No. 03-17949-PCB |
| ***In re Lupron Marketing & Sales Practices Litigation*** | D. Mass., MDL No. 1430 |
| ***Morris v. Liberty Mutual Fire Ins. Co.*** | D. Okla., No. CJ-03-714 |
| ***Bowling, et al. v. Pfizer Inc. (Bjork-Shiley Convexo-Concave Heart Valve)*** | S.D. Ohio, No. C-1-91-256 |

| | |
|---|---|
| ***Thibodeaux v. Conoco Philips Co.*** | D. La., No. 2003-481 |
| ***Morrow v. Conoco Inc.*** | D. La., No. 2002-3860 |
| ***Tobacco Farmer Transition Program*** | U.S. Dept. of Agric. |
| ***Perry v. Mastercard Int'l Inc.*** | Ariz. Super. Ct., No. CV2003-007154 |
| ***Brown v. Credit Suisse First Boston Corp.*** | C.D. La., No. 02-13738 |
| ***In re Unum Provident Corp.*** | D. Tenn., No. 1:03-CV-1000 |
| ***In re Ephedra Prods. Liability Litigation*** | D.N.Y., MDL No. 1598 |
| ***Chesnut v. Progressive Casualty Ins. Co.*** | Ohio C.P., No. 460971 |
| ***Froeber v. Liberty Mutual Fire Ins. Co.*** | Ore. Cir. Ct., No. 00C15234 |
| ***Luikart v. Wyeth Am. Home Prods. (Hormone Replacement)*** | W. Va. Cir. Ct., No. 04-C-127 |
| ***Salkin v. MasterCard Int'l Inc. (Pennsylvania)*** | Pa. C.P., No. 2648 |
| ***Rolnik v. AT&T Wireless Servs., Inc.*** | N.J. Super. Ct., No. L-180-04 |
| ***Singleton v. Hornell Brewing Co. Inc. (Arizona Ice Tea)*** | Cal. Super. Ct., BC No. 288 754 |
| ***Becherer v. Qwest Commc'ns Int'l, Inc.*** | Ill. Cir. Ct., No. 02-L140 |
| ***Clearview Imaging v. Progressive Consumers Ins. Co.*** | Fla. Cir. Ct., No. 03-4174 |
| ***Mehl v. Canadian Pacific Railway, Ltd*** | D.N.D., No. A4-02-009 |
| ***Murray v. IndyMac Bank. F.S.B*** | N.D. Ill., No. 04 C 7669 |
| ***Gray v. New Hampshire Indemnity Co., Inc.*** | Ark. Cir. Ct., No. CV-2002-952-2-3 |
| ***George v. Ford Motor Co.*** | M.D. Tenn., No. 3:04-0783 |
| ***Allen v. Monsanto Co.*** | W. Va. Cir. Ct., No. 041465 |
| ***Carter v. Monsanto Co.*** | W. Va. Cir. Ct., No. 00-C-300 |
| ***Carnegie v. Household Int'l, Inc.*** | N. D. Ill., No. 98-C-2178 |
| ***Daniel v. AON Corp.*** | Ill. Cir. Ct., No. 99 CH 11893 |
| ***In re Royal Ahold Securities and "ERISA" Litigation*** | D. Md., MDL No. 1539 |
| ***In re Pharmaceutical Industry Average Wholesale Price Litigation*** | D. Mass., MDL No. 1456 |
| ***Meckstroth v. Toyota Motor Sales, U.S.A., Inc.*** | 24th Jud. D. Ct. La., No. 583-318 |
| ***Walton v. Ford Motor Co.*** | Cal. Super. Ct., No. SCVSS 126737 |
| ***Hill v. State Farm Mutual Auto Ins. Co.*** | Cal. Super. Ct., BC No. 194491 |

| | |
|---|---|
| ***First State Orthopaedics et al. v. Concentra, Inc., et al.*** | E.D. Pa. No. 2:05-CV-04951-AB |
| ***Sauro v. Murphy Oil USA, Inc.*** | E.D. La., No. 05-4427 |
| ***In re High Sulfur Content Gasoline Prods. Liability Litigation*** | E.D. La., MDL No. 1632 |
| ***Homeless Shelter Compensation Program*** | City of New York |
| ***Rosenberg v. Academy Collection Service, Inc.*** | E.D. Pa., No. 04-CV-5585 |
| ***Chapman v. Butler & Hosch, P.A.*** | 2nd Jud. Cir. Fla., No. 2000-2879 |
| ***In re Vivendi Universal, S.A. Securities Litigation*** | S.D.N.Y., No. 02-CIV-5571 RJH |
| ***Desportes v. American General Assurance Co.*** | Ga. Super. Ct., No. SU-04-CV-3637 |
| ***In re: Propulsid Products Liability Litigation*** | E.D. La., MDL No. 1355 |
| ***Baxter v. The Attorney General of Canada (In re Residential Schools Class Action Litigation)*** | Ont. Super. Ct., No. 00-CV-192059 CP |
| ***McNall v. Mastercard Int'l, Inc. (Currency Conversion Fees)*** | 13th Tenn. Jud. Dist. Ct., No. CT-002506-03 |
| ***Lee v. Allstate*** | Ill. Cir. Ct., No. 03 LK 127 |
| ***Turner v. Murphy Oil USA, Inc.*** | E.D. La., No. 2:05-CV-04206-EEF-JCW |
| ***Carter v. North Central Life Ins. Co.*** | Ga. Super. Ct., No. SU-2006-CV-3764-6 |
| ***Harper v. Equifax*** | E.D. Pa., No. 2:04-CV-03584-TON |
| ***Beasley v. Hartford Insurance Co. of the Midwest*** | Ark. Cir. Ct., No. CV-2005-58-1 |
| ***Springer v. Biomedical Tissue Services, LTD (Human Tissue Litigation)*** | Ind. Cir. Ct., No. 1:06-CV-00332-SEB-VSS |
| ***Spence v. Microsoft Corp. (Antitrust Litigation)*** | Wis. Cir. Ct., No. 00-CV-003042 |
| ***Pennington v. The Coca Cola Co. (Diet Coke)*** | Mo. Cir. Ct., No. 04-CV-208580 |
| ***Sunderman v. Regeneration Technologies, Inc. (Human Tissue Litigation)*** | S.D. Ohio, No. 1:06-CV-075-MHW |
| ***Splater v. Thermal Ease Hydronic Systems, Inc.*** | Wash. Super. Ct., No. 03-2-33553-3-SEA |
| ***Peyroux v. The United States of America (New Orleans Levee Breech)*** | E.D. La., No. 06-2317 |
| ***Chambers v. DaimlerChrysler Corp. (Neon Head Gaskets)*** | N.C. Super. Ct., No. 01:CVS-1555 |
| ***Ciabattari v. Toyota Motor Sales, U.S.A., Inc. (Sienna Run Flat Tires)*** | N.D. Cal., No. C-05-04289-BZ |
| ***In re Bridgestone Securities Litigation*** | M.D. Tenn., No. 3:01-CV-0017 |
| ***In re Mutual Funds Investment Litigation (Market Timing)*** | D. Md., MDL No. 1586 |
| ***Accounting Outsourcing v. Verizon Wireless*** | M.D. La., No. 03-CV-161 |

| | |
|---|---|
| ***Hensley v. Computer Sciences Corp.*** | Ark. Cir. Ct., No. CV-2005-59-3 |
| ***Peek v. Microsoft Corporation*** | Ark. Cir. Ct., No. CV-2006-2612 |
| ***Reynolds v. The Hartford Financial Services Group, Inc.*** | D. Or., No. CV-01-1529 BR |
| ***Schwab v. Philip Morris USA, Inc.*** | E.D.N.Y., No. CV-04-1945 |
| ***Zarebski v. Hartford Insurance Co. of the Midwest*** | Ark. Cir. Ct., No. CV-2006-409-3 |
| ***In re Parmalat Securities Litigation*** | S.D.N.Y., MDL No. 1653 (LAK) |
| ***Beasley v. The Reliable Life Insurance Co.*** | Ark. Cir. Ct., No. CV-2005-58-1 |
| ***Sweeten v. American Empire Insurance Company*** | Ark. Cir. Ct., No. 2007-154-3 |
| ***Govt. Employees Hospital Assoc. v. Serono Int., S.A.*** | D. Mass., No. 06-CA-10613-PBS |
| ***Gunderson v. Focus Healthcare Management, Inc.*** | 14th Jud. D. Ct. La., No. 2004-2417-D |
| ***Gunderson v. F.A. Richard & Associates, Inc., et al.*** | 14th Jud. D. Ct. La., No. 2004-2417-D |
| ***Perez v. Manor Care of Carrollwood*** | 13th Jud. Cir. Fla., No. 06-00574-E |
| ***Pope v. Manor Care of Carrollwood*** | 13th Jud. Cir. Fla., No. 06-01451-B |
| ***West v. Carfax, Inc.*** | Ohio C.P., No. 04-CV-1898 (ADL) |
| ***Hunsucker v. American Standard Ins. Co. of Wisconsin*** | Ark. Cir. Ct., No. CV-2007-155-3 |
| ***In re Conagra Peanut Butter Products Liability Litigation*** | N.D. Ga., MDL No. 1845 (TWT) |
| ***The People of the State of CA v. Universal Life Resources (Cal DOI v. CIGNA)*** | Cal. Super. Ct., No. GIC838913 |
| ***Burgess v. Farmers Insurance Co., Inc.*** | D. Okla., No. CJ-2001-292 |
| ***Grays Harbor v. Carrier Corporation*** | W.D. Wash., No. 05-05437-RBL |
| ***Perrine v. E.I. Du Pont De Nemours & Co.*** | W. Va. Cir. Ct., No. 04-C-296-2 |
| ***In re Alstom SA Securities Litigation*** | S.D.N.Y., No. 03-CV-6595 VM |
| ***Brookshire Bros. v. Chiquita (Antitrust)*** | S.D. Fla., No. 05-CIV-21962 |
| ***Hoorman v. SmithKline Beecham*** | Ill. Cir. Ct., No. 04-L-715 |
| ***Santos v. Government of Guam (Earned Income Tax Credit)*** | D. Guam, No. 04-00049 |
| ***Johnson v. Progressive*** | Ark. Cir. Ct., No. CV-2003-513 |
| ***Bond v. American Family Insurance Co.*** | D. Ariz., No. CV06-01249-PXH-DGC |
| ***In re SCOR Holding (Switzerland) AG Litigation (Securities)*** | S.D.N.Y., No. 04-cv-7897 |
| ***Shoukry v. Fisher-Price, Inc. (Toy Safety)*** | S.D.N.Y., No. 07-cv-7182 |

| | |
|---|---|
| ***In re: Guidant Corp. Plantable Defibrillators Prod's Liab. Litigation*** | D. Minn., MDL No. 1708 |
| ***Clark v. Pfizer, Inc. (Neurontin)*** | C.P. Pa., No. 9709-3162 |
| ***Angel v. U.S. Tire Recovery (Tire Fire)*** | W. Va. Cir. Ct., No. 06-C-855 |
| ***In re TJX Companies Retail Security Breach Litigation*** | D. Mass., MDL No. 1838 |
| ***Webb v. Liberty Mutual Insurance Co.*** | Ark. Cir. Ct., No. CV-2007-418-3 |
| ***Shaffer v. Continental Casualty Co. (Long Term Care Ins.)*** | C.D. Cal., No. SACV06-2235-PSG |
| ***Palace v. DaimlerChrysler (Defective Neon Head Gaskets)*** | Ill. Cir. Ct., No. 01-CH-13168 |
| ***Lockwood v. Certegy Check Services, Inc. (Stolen Financial Data)*** | M.D. Fla., No. 8:07-cv-1434-T-23TGW |
| ***Sherrill v. Progressive Northwestern Ins. Co.*** | 18th D. Ct. Mont., No. DV-03-220 |
| ***Gunderson v. F.A. Richard & Assocs., Inc. (AIG)*** | 14th Jud. D. Ct. La., No. 2004-2417-D |
| ***Jones v. Dominion Resources Services, Inc.*** | S.D. W. Va., No. 2:06-cv-00671 |
| ***Gunderson v. F.A. Richard & Assocs., Inc. (Wal-Mart)*** | 14th Jud. D. Ct. La., No. 2004-2417-D |
| ***In re Trans Union Corp. Privacy Litigation*** | N.D. Ill., MDL No. 1350 |
| ***Gudo v. The Administrator of the Tulane Ed. Fund*** | La. D. Ct., No. 2007-C-1959 |
| ***Guidry v. American Public Life Insurance Co.*** | 14th Jud. D. Ct. La., No. 2008-3465 |
| ***McGee v. Continental Tire North America*** | D.N.J., No. 2:06-CV-06234 (GEB) |
| ***Sims v. Rosedale Cemetery Co.*** | W. Va. Cir. Ct., No. 03-C-506 |
| ***Gunderson v. F.A. Richard & Assocs., Inc. (Amerisafe)*** | 14th Jud. D. Ct. La., No. 2004-002417 |
| ***In re Katrina Canal Breaches Consolidated Litigation*** | E.D. La., No. 05-4182 |
| ***In re Department of Veterans Affairs (VA) Data Theft Litigation*** | D.D.C., MDL No. 1796 |
| ***Dolen v. ABN AMRO Bank N.V. (Callable CD's)*** | Ill. Cir. Ct., No. 01-L-454 and No. 01-L-493 |
| ***Pavlov v. CNA (Long Term Care Insurance)*** | N.D. Ohio, No. 5:07cv2580 |
| ***Steele v. Pergo( Flooring Products)*** | D. Or., No. 07-CV-01493-BR |
| ***Opelousas Trust Authority v. Summit Consulting*** | 27th Jud. D. Ct. La., No. 07-C-3737-B |
| ***Little v. Kia Motors America, Inc. (Braking Systems)*** | N.J. Super. Ct., No. UNN-L-0800-01 |
| ***Boone v. City of Philadelphia (Prisoner Strip Search)*** | E.D. Pa., No. 05-CV-1851 |
| ***In re Countrywide Customer Data Breach Litigation*** | W.D. Ky., MDL No.1998 |

| | |
|---|---|
| ***Miller v. Basic Research (Weight-loss Supplement)*** | D. Utah, No. 2:07-cv-00871-TS |
| ***Gunderson v. F.A. Richard & Assocs., Inc. (Cambridge)*** | 14th Jud. D. Ct. La., No. 2004-002417 |
| ***Weiner v. Snapple Beverage Corporation*** | S.D.N.Y., No. 07-CV-08742 |
| ***Holk v. Snapple Beverage Corporation*** | D.N.J., No. 3:07-CV-03018-MJC-JJH |
| ***Coyle v. Hornell Brewing Co. (Arizona Iced Tea)*** | D.N.J., No. 08-CV-2797-JBS-JS |
| ***In re Heartland Data Security Breach Litigation*** | S.D. Tex., MDL No. 2046 |
| ***Satterfield v. Simon & Schuster, Inc. (Text Messaging)*** | N.D. Cal., No. 06-CV-2893 CW |
| ***Schulte v. Fifth Third Bank (Overdraft Fees)*** | N.D. Ill., No. 1:09-CV-06655 |
| ***Trombley v. National City Bank (Overdraft Fees)*** | D.D.C., No. 1:10-CV-00232 as part of MDL 2036 (S.D. Fla.) |
| ***Vereen v. Lowe's Home Centers (Defective Drywall)*** | Ga. Super. Ct., No. SU10-CV-2267B |
| ***Mathena v. Webster Bank, N.A. (Overdraft Fees)*** | D. Conn, No. 3:10-cv-01448 as part MDL 2036 (S.D. Fla.) |
| ***Delandro v. County of Allegheny (Prisoner Strip Search)*** | W.D. Pa., No. 2:06-cv-00927 |
| ***Gunderson v. F.A. Richard & Assocs., Inc. (First Health)*** | 14th Jud. D. Ct. La., No. 2004-002417 |
| ***Williams v. Hammerman & Gainer, Inc. (Hammerman)*** | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| ***Williams v. Hammerman & Gainer, Inc. (Risk Management)*** | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| ***Williams v. Hammerman & Gainer, Inc. (SIF Consultants)*** | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| ***Gwiazdowski v. County of Chester (Prisoner Strip Search)*** | E.D. Pa., No. 2:08cv4463 |
| ***Williams v. S.I.F. Consultants (CorVel Corporation)*** | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| ***Sachar v. Iberiabank Corporation (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***LaCour v. Whitney Bank (Overdraft Fees)*** | M.D. Fla., No. 8:11cv1896 |
| ***Lawson v. BancorpSouth (Overdraft Fees)*** | W.D. Ark., No. 1:12cv1016 |
| ***McKinley v. Great Western Bank (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***Wolfgeher v. Commerce Bank (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***Harris v. Associated Bank (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***Case v. Bank of Oklahoma (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***Nelson v. Rabobank, N.A. (Overdraft Fees)*** | Cal. Super. Ct., No. RIC 1101391 |
| ***Fontaine v. Attorney General of Canada (Stirland Lake and Cristal Lake Residential Schools)*** | Ont. Super. Ct., No. 00-CV-192059 CP |
| ***Opelousas General Hospital Authority v. FairPay Solutions*** | 27th Jud. D. Ct. La., No. 12-C-1599-C |

| | |
|---|---|
| ***Marolda v. Symantec Corporation (Software Upgrades)*** | N.D. Cal., No. 3:08-cv-05701 |
| ***In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010—Economic and Property Damages Settlement*** | E.D. La., MDL No. 2179 |
| ***In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010—Medical Benefits Settlement*** | E.D. La., MDL No. 2179 |
| ***Vodanovich v. Boh Brothers Construction (Hurricane Katrina Levee Breaches)*** | E.D. La., No. 05-cv-4191 |
| ***Gessele et al. v. Jack in the Box, Inc.*** | D. Or., No. 3:10-cv-960 |
| ***RBS v. Citizens Financial Group, Inc. (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***Mosser v. TD Bank, N.A. (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation (Mastercard & Visa) – 2013 & 2019 Notice Programs*** | E.D.N.Y., MDL No. 1720 |
| ***Saltzman v. Pella Corporation (Building Products)*** | N.D. Ill., No. 06-cv-4481 |
| ***In re Zurn Pex Plumbing, Products Liability Litigation*** | D. Minn., MDL No. 1958 |
| ***Blahut v. Harris, N.A. (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***Eno v. M & I Marshall & Ilsley Bank (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***Casayuran v. PNC Bank (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***Anderson v. Compass Bank (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***Evans, et al. v. TIN, Inc. (Environmental)*** | E.D. La. No. 2:11-cv-02067 |
| ***Opelousas General Hospital Authority v. Qmedtrix Systems, Inc.*** | 27th Jud. D. Ct. La., No. 12-C-1599-C |
| ***Williams v. SIF Consultants of Louisiana, Inc. et al.*** | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| ***Miner v. Philip Morris Companies, Inc. et al.*** | Ark. Cir. Ct., No. 60CV03-4661 |
| ***Fontaine v. Attorney General of Canada (Mistassini Hostels Residential Schools)*** | Qué. Super. Ct., No. 500-06-000293-056 & No. 550-06-000021-056 (Hull) |
| ***Glube et al. v. Pella Corporation et al. (Building Products)*** | Ont. Super. Ct., No. CV-11-4322294-00CP |
| ***Yarger v. ING Bank*** | D. Del., No. 11-154-LPS |
| ***Price v. BP Products North America*** | N.D. Ill, No. 12-cv-06799 |
| ***National Trucking Financial Reclamation Services, LLC et al. v. Pilot Corporation et al.*** | E.D. Ark., No. 4:13-cv-00250-JMM |
| ***Johnson v. Community Bank, N.A. et al. (Overdraft Fees)*** | M.D. Pa., No. 3:12-cv-01405-RDM |
| ***Rose v. Bank of America Corporation, et al. (TCPA)*** | N.D. Cal., No. 11-cv-02390-EJD |
| ***McGann, et al., v. Schnuck Markets, Inc. (Data Breach)*** | Mo. Cir. Ct., No. 1322-CC00800 |

| | |
|---|---|
| ***Simmons v. Comerica Bank, N.A. (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***George Raymond Williams, M.D., Orthopedic Surgery, a Professional Medical, LLC, et al. v. Bestcomp, Inc., et al.*** | 27th Jud. D. Ct. La., No. 09-C-5242-B |
| ***Simpson v. Citizens Bank* (Overdraft Fees)** | E.D. Mich, No. 2:12-cv-10267 |
| ***In re Plasma-Derivative Protein Therapies Antitrust Litigation*** | N.D. Ill, No. 09-CV-7666 |
| ***In re Dow Corning Corporation (Breast Implants)*** | E.D. Mich., No. 00-X-0005 |
| ***Mello et al v. Susquehanna Bank (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***Wong et al. v. Alacer Corp. (Emergen-C)*** | Cal. Super. Ct., No. CGC-12-519221 |
| ***In re American Express Anti-Steering Rules Antitrust Litigation (II)* (Italian Colors Restaurant)** | E.D.N.Y., 11-MD-2221, MDL No. 2221 |
| ***Costello v. NBT Bank (Overdraft Fees)*** | Sup. Ct. Del Cnty., N.Y., No. 2011-1037 |
| ***Gulbankian et al. v. MW Manufacturers, Inc.*** | D. Mass., No. 10-CV-10392 |
| ***Hawthorne v. Umpqua Bank (Overdraft Fees)*** | N.D. Cal., No. 11-cv-06700-JST |
| ***Smith v. City of New Orleans*** | Civil D. Ct., Parish of Orleans, La., No. 2005-05453 |
| ***Adkins et al. v. Nestlé Purina PetCare Company et al.*** | N.D. Ill., No. 1:12-cv-02871 |
| ***Scharfstein v. BP West Coast Products, LLC*** | Ore. Cir., County of Multnomah, No. 1112-17046 |
| ***Given v. Manufacturers and Traders Trust Company a/k/a M&T Bank (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***In re MI Windows and Doors Products Liability Litigation (Building Products)*** | D. S.C., MDL No. 2333 |
| ***Childs et al. v. Synovus Bank, et al. (Overdraft Fees)*** | S.D. Fla., MDL No. 2036 |
| ***Steen v. Capital One, N.A. (Overdraft Fees)*** | E.D. La., No. 2:10-cv-01505-JCZ-KWR as part of S.D. Fla., MDL No. 2036 |
| *Kota of Sarasota, Inc. v. Waste Management Inc. of Florida* | 12th Jud. Cir. Ct., Sarasota Cnty, Fla., No. 2011-CA-008020NC |
| ***In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010—Economic and Property Damages Settlement (Claim Deadline Notice)*** | E.D. La., MDL No. 2179 |
| ***Dorothy Williams d/b/a Dot's Restaurant v. Waste Away Group, Inc.*** | Cir. Ct., Lawrence Cnty, Ala., No. 42-cv-2012- 900001.00 |
| ***In re: Energy Future Holdings Corp., et al. (Asbestos Claims Bar Notice)*** | Bankr. D. Del., No. 14-10979(CSS) |
| ***Gattinella v. Michael Kors (USA), Inc., et al.*** | S.D.N.Y., No. 14-civ-5731 (WHP) |
| ***Kerry T. Thibodeaux, M.D. (A Professional Medical Corporation) v. American Lifecare, Inc.*** | 27th Jud. D. Ct. La., No. 13-C-3212 |

| | |
|---|---|
| ***Russell Minoru Ono v. Head Racquet Sports USA*** | C.D.Cal., No. 2:13-cv-04222-FMO(AGRx) |
| ***Opelousas General Hospital Authority v. PPO Plus, L.L.C., et al.*** | 27th Jud. D. Ct. La., No. 13-C-5380 |
| ***In re: Shop-Vac Marketing and Sales Practices Litigation*** | M.D. Pa., MDL No. 2380 |
| ***In re: Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation*** | D. N.J., MDL No. 2540 |
| ***In Re: Citrus Canker Litigation*** | 11th Jud. Cir., Fla., No. 03-8255 CA 13 |
| ***Whitton v. Deffenbaugh Industries, Inc., et al.***<br>***Gary, LLC v. Deffenbaugh Industries, Inc., et al.*** | D. Kan., No. 2:12-cv-02247<br>D. Kan., No. 2:13-cv-2634 |
| ***Swift v. BancorpSouth Bank (Overdraft Fees)*** | N.D. Fla., No. 1:10-cv-00090 as part of MDL 2036 (S.D. Fla.) |
| ***Forgione v. Webster Bank N.A. (Overdraft Fees)*** | Sup. Ct. Conn., No. X10-UWY-CV-12-6015956-S |
| ***Small v. BOKF, N.A.*** | D. Col., No. 13-cv-01125 |
| ***Anamaria Chimeno-Buzzi & Lakedrick Reed v. Hollister Co. & Abercrombie & Fitch Co.*** | S.D. Fla., No. 14-cv-23120-MGC |
| ***In Re: Lithium Ion Batteries Antitrust Litigation*** | N.D. Cal., MDL No. 2420, 4:13-MD-02420-YGR |
| ***MSPA Claims 1, LLC v. IDS Property Casualty Insurance Company*** | 11th Jud. Cir. Fla, No. 15-27940-CA-21 |
| ***Glaske v. Independent Bank Corporation (Overdraft Fees)*** | Cir. Ct. Mich., No. 13-009983-CZ |
| ***In re: HSBC Bank USA, N.A., Checking Account Overdraft Litigation*** | Sup. Ct. N.Y., No. 650562/11 |
| ***In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch)*** | N.D. Cal., MDL No. 2672 |
| ***Hawkins v. First Tennessee Bank, N.A., et al. (Overdraft Fees)*** | 13th Jud. Cir. Tenn., No. CT-004085-11 |
| ***Greater Chautauqua Federal Credit Union v. Kmart Corp., et al. (Data Breach)*** | N.D. Ill., No. 1:15-cv-02228 |
| ***Bias v. Wells Fargo & Company, et al. (Broker's Price Opinions)*** | N.D. Cal., No 4:12-cv-00664-YGR |
| ***Klug v. Watts Regulator Company (Product Liability)*** | D. Neb., No. 8:15-cv-00061-JFB-FG3 |
| ***Ratzlaff et al. v. BOKF, NA d/b/a Bank of Oklahoma, et al. (Overdraft Fees)*** | Dist. Ct. Okla., No. CJ-2015-00859 |
| ***Morton v. Greenbank (Overdraft Fees)*** | 20th Jud. Dist. Tenn., No. 11-135-IV |
| ***Jacobs, et al. v. Huntington Bancshares Inc., et al. (FirstMerit Overdraft Fees)*** | Ohio C.P., No. 11CV000090 |
| ***Farnham v. Caribou Coffee Company, Inc. (TCPA)*** | W.D. Wis., No. 16-cv-00295-WMC |

| | |
|---|---|
| ***Gottlieb v. Citgo Petroleum Corporation (TCPA)*** | S.D. Fla., No. 9:16-cv-81911 |
| ***McKnight et al. v. Uber Technologies, Inc. et al.*** | N.D. Cal., No 3:14-cv-05615-JST |
| ***Lewis v. Flue-Cured Tobacco Cooperative Stabilization Corporation (n/k/a United States Tobacco Cooperative, Inc.)*** | N.C. Gen. Ct of Justice, Sup. Ct. Div., No. 05 CVS 188, No. 05 CVS 1938 |
| ***T.A.N. v. PNI Digital Media, Inc.*** | S.D. GA., No. 2:16-cv-132-LGW-RSB. |
| ***In re: Syngenta Litigation*** | 4th Jud. Dist. Minn., No. 27-CV-15-3785 |
| ***The Financial Oversight and Management Board for Puerto Rico as representative of Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy)*** | D. Puerto Rico, No. 17-04780(LTS) |
| ***Reilly v. Chipotle Mexican Grill, Inc.*** | S.D. Fla., No. 1:15-cv-23425-MGC |
| ***Ma et al. v. Harmless Harvest Inc. (Coconut Water)*** | E.D.N.Y., No. 2:16-cv-07102-JMA-SIL |
| ***Mahoney v TT of Pine Ridge, Inc.*** | S.D. Fla., No. 9:17-cv-80029-DMM |
| ***Sobiech v. U.S. Gas & Electric, Inc., i/t/d/b/a Pennsylvania Gas & Electric, et al.*** | E.D. Penn., No. 2:14-cv-04464-GAM |
| ***Alexander M. Rattner v. Tribe App., Inc.*****, and** ***Kenneth Horsley v. Tribe App., Inc.,*** | S.D. Fla., No. 1:17-cv-21344-UU and No. 1:17-cv-23111-JLK |
| ***Gordon, et al. v. Amadeus IT Group, S.A., et al.*** | S.D.N.Y. No. 1:15-cv-05457-KPF |
| ***Masson v. Tallahassee Dodge Chrysler Jeep, LLC (TCPA)*** | S.D. Fla., No. 1:17-cv-22967-FAM |
| ***Orlander v. Staples, Inc.*** | S.D. NY, No. 13-CV-0703 |
| ***Larey v. Allstate Property and Casualty Insurance Company*** | W.D. Kan., No. 4:14-cv-04008-SOF |
| ***Larson v. John Hancock Life Insurance Company (U.S.A.)*** | Cal. Sup. Court, County of Alameda, No. RG16 813803 |
| ***Alaska Electrical Pension Fund, et al. v. Bank of America N.A et al.*** **(ISDAfix Instruments)** | S.D.N.Y., No. 14-cv-7126 (JMF) |
| ***Falco et al. v. Nissan North America, Inc. et al. (Engine – CA & WA)*** | C.D. Cal., No. 2:13-cv-00686 DDP (MANx) |
| ***Pantelyat, et al v. Bank of America, N.A. et al. (Overdraft/Uber)*** | S.D.N.Y., No. 16-cv-08964-AJN |
| ***In re: Parking Heaters Antitrust Litigation*** | E.D.N.Y., No. 15-MC-0940-DLI-JO |
| ***Wallace, et al, v. Monier Lifetile LLC, et al.*** | Sup. Ct. Cal., No. SCV-16410 |
| ***In re: Windsor Wood Clad Window Products Liability Litigation*** | E.D. Wis., MDL No. 16-MD-02688 |
| ***Farrell v. Bank of America, N.A. (Overdraft)*** | S.D. Cal., No. 3:16-cv-00492-L-WVG |
| ***Hale v. State Farm Mutual Automobile Insurance Company, et al.*** | S.D. Ill., No. 12-cv-0660-DRH |

| | |
|---|---|
| ***Callaway v. Mercedes-Benz USA, LLC (Seat Heaters)*** | C.D. Cal., No. 8:14-cv-02011–JVS-DFM |
| ***Poseidon Concepts Corp. et al. (Canadian Securities Litigation)*** | Ct. of QB of Alberta, No. 1301-04364 |
| ***In re: Takata Airbag Products Liability Litigation (OEMs – BMW, Mazda, Subaru, Toyota, Honda, and Nissan)*** | S.D. Fla, MDL No. 2599 |
| ***Watson v. Bank of America Corporation et al.; Bancroft-Snell et al. v. Visa Canada Corporation et al.; Bakopanos v. Visa Canada Corporation et al.; Macaronies Hair Club and Laser Center Inc. operating as Fuze Salon v. BofA Canada Bank et al.; Hello Baby Equipment Inc. v. BofA Canada Bank and others (Visa and Mastercard Canadian Interchange Fees)*** | Sup. Ct. of B.C., No. VLC-S-S-112003; Ontario Sup. Ct., No. CV-11-426591; Sup. Ct. of Quebec, No. 500-06-00549-101; Ct. of QB of Alberta, No. 1203-18531; Ct. of QB of Saskatchewan, No. 133 of 2013 |
| ***Vergara, et al., v. Uber Technologies, Inc. (TCPA)*** | N.D. Ill., No. 1:15-CV-06972 |
| ***Surrett et al. v. Western Culinary Institute, et al.*** | Ore. Cir., County of Multnomah, No. 0803-03530 |
| ***Kohl's - Underwood v. Kohl's Department Stores, Inc., et al. (Cert. Notice)*** | E.D. Penn., No. 2:15-cv-00730 |
| ***Ajose et al. v. Interline Brands Inc. (Plumbing Fixtures)*** | M.D. Tenn., No. 3:14-cv-01707 |
| ***Gergetz v. Telenav (TCPA)*** | N.D. Cal., No. 5:16-cv-4261 |
| ***Raffin v. Medicredit, Inc., et al.*** | C.D. Cal., No 15-cv-4912 |
| ***First Impressions Salon, Inc. v. National Milk Producers Federation, et al.*** | S.D. Ill., No. 3:13-cv-00454 |
| ***Abante Rooter and Plumbing v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN) (TCPA)*** | N.D. Cal., No. 3:16-cv-05486 |
| ***Dipuglia v. US Coachways, Inc. (TCPA)*** | S.D. Fla., No. 1:17-cv-23006-MGC |
| ***Knapper v. Cox Communications*** | D. Ariz., No. 2:17-cv-00913 |
| ***Martin v. Trott (MI - Foreclosure)*** | E.D. Mich., No. 2:15-cv-12838 |
| ***Cowen v. Lenny & Larry's Inc.*** | N.D. Ill., No. 1:17-cv-01530 |
| ***Al's Pals Pet Card, LLC, et al v. Woodforest National Bank, N.A., et al.*** | S.D. Tex., No. 4:17-cv-3852 |
| ***In Re: Community Health Systems, Inc. Customer Data Security Breach Litigation*** | N.D. Ala., MDL No. 2595, 2:15-CV-222 |
| ***Tashica Fulton-Green et al. v. Accolade, Inc.*** | E.D. Penn., No. 2:18-cv-00274 |
| ***37 Besen Parkway, LLC v. John Hancock Life Insurance Company (U.S.A.)*** | S.D.N.Y., No. 15-cv-9924 |
| ***Stahl v. Bank of the West*** | Sup. Ct. Cal., No. BC673397 |
| ***Parsons v. Kimpton Hotel & Restaurant Group, LLC (Data Breach)*** | N.D. Cal., No. 3:16-cv-05387 |
| ***Waldrup v. Countrywide*** | C.D. Cal., No. 2:13-cv-08833 |
| ***In re: Valley Anesthesiology Consultants, Inc. Data Breach Litigation*** | Sup. Ct. Cal., No. CV2016-013446 |

| | |
|---|---|
| ***Naiman v. Total Merchant Services, Inc., et al. (TCPA)*** | N.D. Cal., No. 4:17-cv-03806 |
| ***In re Dealer Management Systems Antitrust Litigation*** | N.D. Ill., MDL No. 2817, No. 18-cv-00864 |
| ***In re HP Printer Firmware Update Litigation*** | N.D. Cal., No. 5:16-cv-05820 |
| ***Zaklit, et al. v. Nationstar Mortgage LLC, et al. (TCPA)*** | C.D. Cal., No. 5:15-CV-02190 |
| ***Luib v. Henkel Consumer Goods Inc.*** | E.D.N.Y., No. 1:17-cv-03021 |
| ***Lloyd, et al. v. Navy Federal Credit Union*** | S.D. Cal., No. 17-cv-1280-BAS-RBB |
| ***Waldrup v. Countrywide Financial Corporation, et al.*** | C.D. Cal., No. 2:13-cv-08833 |
| ***Adlouni v. UCLA Health Systems Auxiliary, et al.*** | Sup. Ct. Cal., No. BC589243 |
| ***Di Filippo v. The Bank of Nova Scotia, et al. (Gold Market Instrument)*** | Ontario Sup. Ct., No. CV-15-543005-00CP & No. CV-16-551067-00CP |
| ***McIntosh v. Takata Corporation, et al.; Vitoratos, et al. v. Takata Corporation, et al.; and Hall v. Takata Corporation, et al.*** | Ontario Sup Ct., No. CV-16-543833-00CP; Quebec Sup. Ct of Justice, No. 500-06-000723-144; & Court of Queen's Bench for Saskatchewan, No. QBG. 1284 or 2015 |
| ***Rabin v. HP Canada Co., et al.*** | Quebec Ct., Dist. of Montreal, No. 500-06-000813-168 |
| ***Lightsey, et al. v. South Carolina Electric & Gas Company, a Wholly Owned Subsidiary of SCANA, et al.*** | Ct. of Com. Pleas., S.C., No. 2017-CP-25-335 |
| ***In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*** | E.D. Penn., No. 2:09-md-02034 |
| ***Henrikson v. Samsung Electronics Canada Inc.*** | Ontario Sup. Ct., No. 2762-16cp |
| ***Burrow, et al. v. Forjas Taurus S.A., et al.*** | S.D. Fla., No. 1:16-cv-21606-EGT |

Hilsoft-cv-143

# Attachment 2

EMAIL NOTICE

# If you purchased AppleCare Protection Plan or AppleCare+ for an iPhone or iPad, either directly or through the iPhone Upgrade Program, on or after July 20, 2012, and received a remanufactured replacement iPhone or iPad, you could be included in a class action lawsuit.

**Who's Included?** You could be affected by a lawsuit against Apple Inc., AppleCare Service Company, Inc., and Apple CSC Inc. (collectively, "Defendants"). The Court ordered this notice and decided that the lawsuit should proceed on behalf of a group of people that could include you (the "Class"). Generally, the Class includes individuals in the United States who, on or after July 20, 2012, (1) purchased AppleCare Protection Plan or AppleCare+ for an iPhone or iPad, either directly or through the iPhone Upgrade Program, and (2) received a remanufactured replacement device. If you are the recipient of this email notice, you may be a member of the class.

**What is the lawsuit about?** The name of the lawsuit is *Maldonado v. Apple Inc., et al.*, and it is pending in the United States District Court for the Northern District of California (Case No. 3:16-cv-04067-WHO).

Plaintiffs' claims arise out of two extended service plans offered by Apple Inc.: AppleCare+ and its predecessor AppleCare Protection Plan. The terms and conditions for AppleCare Protection Plan and AppleCare+ provide that when a customer seeks service for a covered iPhone or iPad due to a hardware defect or accidental damage, Apple Inc. will either repair the device or replace it with a device that is either "new or equivalent to new in performance and reliability." One of the types of replacements customers can receive is a remanufactured iPhone or iPad. Plaintiffs allege that remanufactured devices are not "equivalent to new in performance and reliability." Defendants deny the allegations in the lawsuit, and the Court has not decided whether Defendants did anything wrong. There is no money available now, and no guarantee there will be.

**Who represents the Class?** The Court has appointed the law firm Hagens Berman Sobol Shapiro LLP to represent the Class ("Class Counsel"). If you are a member of the Class, Class Counsel is representing your interests in the lawsuit. You don't have to pay Class Counsel to participate. You may hire your own lawyer to appear in Court for you, but if you do, you have to pay for that lawyer.

**What are your options?** If you want to be included in the Class and this lawsuit, you do not need to do anything, and you will be bound by the Court's judgment, whether favorable or not. You also keep open the possibility of getting money or benefits that may come from a trial or settlement. If you do not want to participate in this lawsuit against Defendants or want to keep any right you may have to sue Defendants on your own over the claims in this lawsuit, you need to exclude yourself ("opt out"). If you exclude yourself, you cannot get money or benefits, if any are awarded, from this lawsuit. Your request to opt out must be submitted by [MONTH, DAY, 2020]. Go to www.replacementdevicelawsuit.com for more information on how to opt out.

**Where to get more information?** This notice is only a summary. For more information on this lawsuit, please visit www.replacementdevicelawsuit.com or call (xxx) xxx-xxxx. Please do not contact Apple, Apple's attorneys, the Clerk of the Court, or the Court.

# Attachment 3

POSTCARD NOTICE

# If you purchased AppleCare Protection Plan or AppleCare+ for an iPhone or iPad, either directly or through the iPhone Upgrade Program, on or after July 20, 2012, and received a remanufactured replacement iPhone or iPad, you could be included in a class action lawsuit.

**Who's Included?** You could be affected by a lawsuit against Apple Inc., AppleCare Service Company, Inc., and Apple CSC Inc. (collectively, "Defendants"). The Court ordered this notice and decided that the lawsuit should proceed on behalf of a group of people that could include you (the "Class"). Generally, the Class includes individuals in the United States who, on or after July 20, 2012, (1) purchased AppleCare Protection Plan or AppleCare+ for an iPhone or iPad, either directly or through the iPhone Upgrade Program, and (2) received a remanufactured replacement device. If you are the recipient of this postcard notice, you may be a member of the class.

**What is the lawsuit about?** The name of the lawsuit is *Maldonado v. Apple Inc., et al*., and it is pending in the United States District Court for the Northern District of California (Case No. 3:16-cv-04067-WHO).

Plaintiffs' claims arise out of two extended service plans offered by Apple Inc.: AppleCare+ and its predecessor AppleCare Protection Plan. The terms and conditions for AppleCare Protection Plan and AppleCare+ provide that when a customer seeks service for a covered iPhone or iPad due to a hardware defect or accidental damage, Apple Inc. will either repair the device or replace it with a device that is either "new or equivalent to new in performance and reliability." One of the types of replacements customers can receive is a remanufactured iPhone or iPad. Plaintiffs allege that remanufactured devices are not "equivalent to new in performance and reliability." Defendants deny the allegations in the lawsuit, and the Court has not decided whether Defendants did anything wrong. There is no money available now, and no guarantee there will be.

**Who represents the Class?** The Court has appointed the law firm Hagens Berman Sobol Shapiro LLP to represent the Class ("Class Counsel"). If you are a member of the Class, Class Counsel is representing your interests in the lawsuit. You don't have to pay Class Counsel to participate. You may hire your own lawyer to appear in Court for you, but if you do, you have to pay for that lawyer.

**What are your options?** If you want to be included in the Class and this lawsuit, you do not need to do anything, and you will be bound by the Court's judgment, whether favorable or not. You also keep open the possibility of getting any money or benefits that may come from a trial or settlement. If you do not want to participate in this lawsuit against Defendants or want to keep any right you may have to sue Defendants on your own over the claims in this lawsuit, you need to exclude yourself ("opt out"). If you exclude yourself, you cannot get money or benefits, if any are awarded, from this lawsuit. Your request to opt out must be submitted by [MONTH, DAY, 2020]. Go to www.replacementdevicelawsuit.com for more information on how to opt out.

**Where to get more information?** This notice is only a summary. For more information on this lawsuit, please visit www.replacementdevicelawsuit.com or call (xxx) xxx-xxxx. Please do not contact Apple, Apple's attorneys, the Clerk of the Court, or the Court.

# Attachment 4

**If you purchased AppleCare Protection Plan or AppleCare+ for an iPhone or iPad, either directly or through the iPhone Upgrade Program, on or after July 20, 2012, and received a remanufactured replacement iPhone or iPad, you could be included in a class action lawsuit.**

*The United States District Court for the Northern District of California ordered this notice.*
*This is not an advertisement or solicitation from a lawyer.*
*You are not being sued.*

- A lawsuit is pending in the United States District Court for the Northern District of California (the "Court") against Apple Inc., AppleCare Service Company, Inc., and Apple CSC Inc. (collectively, "Defendants"). Plaintiffs' claims arise out of two extended service plans offered by Apple Inc.: AppleCare+ and its predecessor AppleCare Protection Plan.

- The terms and conditions for AppleCare Protection Plan and AppleCare+ provide that when a customer seeks service for a covered iPhone or iPad due to a hardware defect or accidental damage, Apple Inc. will either repair the device or replace it with a device that is either "new or equivalent to new in performance and reliability."

- One of the types of replacements customers can receive under AppleCare Protection Plan and AppleCare+ is a remanufactured iPhone or iPad. Plaintiffs allege that remanufactured devices are not "equivalent to new in performance and reliability" and assert claims against Defendants for breach of contract, breach of warranty, and alleged violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

- On September 17, 2019, the Court certified a Class for purposes of litigating the merits of the case.

- Defendants deny any wrongdoing, and the Court has not decided whether Defendants did anything wrong. Plaintiffs must prove their claims against Defendants at a trial. There is no money available now, and no guarantee there will be.

- Your legal rights are affected whether you act or don't act. These rights and options — **and the deadlines to exercise them** — are explained in this notice. **Please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.**<br>By doing nothing, you will be bound by the Court's judgment, whether favorable or not. You will keep open the possibility of getting money or benefits, if any are awarded, from this lawsuit. But you will give up any right to sue Defendants separately about the claims in this lawsuit. |
| **ASK TO BE EXCLUDED BY [INSERT DEADLINE]** | **Get out of this lawsuit. Get no benefits from it.**<br>If you ask to be excluded, you cannot get money or benefits, if any are awarded, from this lawsuit. But you will keep any right to sue Defendants separately about the claims in this lawsuit. This is the only option that allows you to retain your right to sue Defendants for claims that would otherwise be released by a judgment in the lawsuit, whether that judgment is favorable to the Class or not. |
| **INTERVENE** | **Hire a lawyer to represent you in this lawsuit.**<br>You may hire your own lawyer to appear in court for you, but if you do, you have to pay for that lawyer. |

**TABLE OF CONTENTS**

BASIC INFORMATION ABOUT THE LAWSUIT ....................2
1. What is the lawsuit about? ....................2
2. What is Defendants' response? ....................3
3. What are Plaintiffs asking for? ....................3
4. What has happened in the lawsuit? ....................3
5. What is a class action and who is involved? ....................3

DETERMINING IF YOU ARE A MEMBER OF THE CLASS ....................3
6. Am I part of the Class? ....................3
7. Are there exceptions to being included in the Class? ....................3
8. I'm still not sure if I'm a Class member. What do I do? ....................4

YOUR RIGHTS AND OPTIONS ....................4
9. How do I stay in the Class? ....................4
10. How do I exclude myself from the Class? ....................4
11. What happens if I exclude myself from the Class? ....................4

THE LAWYERS REPRESENTING YOU ....................5
12. As a Class member, who represents me in this case? ....................5
13. How will the lawyers be compensated? Will the Class Representatives receive any money? ....................5
14. Should I get my own lawyer? ....................5

THE TRIAL ....................5
15. How and when will the Court decide who is right? ....................5
16. Do I have to come to the trial? ....................5

GETTING MORE INFORMATION ....................6
17. How do I get more information? ....................6

## BASIC INFORMATION ABOUT THE LAWSUIT

### 1. What is the lawsuit about?

The name of the lawsuit is *Maldonado v. Apple Inc., et al.*, and it is pending in the United States District Court for the Northern District of California (Case No. 3:16-cv-04067-WHO). Plaintiffs' claims arise out of two extended service plans offered by Apple Inc.: AppleCare+ and its predecessor AppleCare Protection Plan.

The terms and conditions for AppleCare Protection Plan and AppleCare+ provide that when a customer seeks service for a covered iPhone or iPad due to a hardware defect or accidental damage, Apple Inc. will either repair the device or replace it with a device that is either "new or equivalent to new in performance and reliability." One of the types of replacements customers can receive under AppleCare Protection Plan and AppleCare+ is a remanufactured iPhone or iPad. Plaintiffs allege that remanufactured devices are not "equivalent to new in performance and reliability" and assert claims against Defendants for breach of contract, alleged violations of the Magnusson-Moss Warranty Act and Song-Beverly Consumer Warranty Act, and alleged violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

You can read the operative Complaint at www.replacementdevicelawsuit.com.

2. **What is Defendants' response?**

Defendants deny that they did anything wrong. The Court has not found that Defendants engaged in any wrongdoing. Defendants' answer to the operative Complaint is at www.replacementdevicelawsuit.com.

3. **What are Plaintiffs asking for?**

Plaintiffs are asking the Court to award Class members monetary damages equal to the difference in value, if any, between the replacement iPhone or iPad they received and the value of a new or equivalent to new iPhone or iPad they were promised. Defendants dispute that Plaintiffs are entitled to any relief in the case, and also dispute that Plaintiffs are entitled to an award of monetary damages.

4. **What has happened in the lawsuit?**

Plaintiffs filed this action on July 20, 2016. Plaintiffs amended their complaint on November 14, 2016, which Defendants moved to dismiss. On March 2, 2017, the Court granted Defendants' motion as to Plaintiffs' fraud- and omission-based claims, and Plaintiffs elected not to file another amended complaint. You can read the Court's order at www.replacementdevicelawsuit.com.

On September 16, 2019, the Court granted Plaintiffs' motion for class certification and certified the following Class: "All individuals who purchased AppleCare [Protection Plan] or AppleCare+, either directly or through the iPhone Upgrade Program, on or after July 20, 2012, and received a remanufactured replacement Device."

The Court has not made any determinations as to the merits of Plaintiffs' claims or Defendants' defenses to those claims. No money or benefits are available now, and there is no guarantee that money or benefits will be obtained. Plaintiffs must prove their claims against Defendants at a trial. The Court has not yet scheduled the trial date. (See "The Trial" below in Section 15.)

5. **What is a class action and who is involved?**

In a class action lawsuit, one or more people called the "plaintiffs" sue on behalf of other people who have similar claims, called the "class members." In certifying a class, the court appoints the plaintiffs to serve as "class representatives." For the purposes of a class action lawsuit, one court will resolve the issues for all class members, except for those people who properly exclude themselves from the lawsuit, as described in Section 10 below.

## DETERMINING IF YOU ARE A MEMBER OF THE CLASS

6. **Am I part of the Class?**

The Court has decided that, unless you request to be excluded, you are a member of the Class if you purchased AppleCare or AppleCare+, either directly or through the iPhone Upgrade Program, on or after July 20, 2012, and received a remanufactured replacement Device.

7. **Are there exceptions to being included in the Class?**

Yes. The Class excludes Class Counsel, any employees of Class Counsel, any officers, directors, or employees of Defendants' and Defendants' counsel, and the judge presiding over this case (as well as members of his or her immediate family and staff). The Class will also exclude anyone who properly requests to be excluded (see Section 10 below).

8. **I'm still not sure if I'm a Class member. What do I do?**

If you are still not sure whether you are included in the Class, you can get free help by calling or writing to the lawyers in this case at the phone number or address listed in Section 12 below.

## YOUR RIGHTS AND OPTIONS

**You have to decide whether to stay in the Class or ask to be excluded before the trial, and you have to decide this on or before [INSERT DEADLINE].**

9. **How do I stay in the Class?**

You do not have to do anything to stay in the Class. By doing nothing, you will keep the possibility of getting money or benefits, if any, from this lawsuit. If you stay in the Class and Plaintiffs obtain money or benefits, you will be notified about how to apply for a share. If you do nothing now, regardless of whether Plaintiffs win or lose, you will give up your right to sue or continue to sue Defendants as part of any other lawsuit about the same legal claims in this lawsuit. By staying in the Class, you will also be legally bound by all of the orders the Court issues and the judgment the Court makes in this lawsuit.

10. **How do I exclude myself from the Class?**

If you do not want to be a member of the Class, you can exclude yourself from (or "opt out" of) the Class by clicking www.replacementdevicelawsuit.com and following the prompts.

You can also opt out by sending a letter by mail to the Class Action Administrator. The exclusion letter must include:

a) Your full name, address, and email;

b) The name of this case: *Maldonado v. Apple Inc., et al.*, Case No. 3:16-cv-04067-WHO; and

c) A clear statement that you want to be excluded from the Class.

The exclusion letter must be signed and dated, and postmarked no later than **[INSERT DEADLINE]**. You must mail your exclusion letter to:

*Maldonado v. Apple Inc., et al.*, Case No. 3:16-cv-04067-WHO
c/o [insert administrator]
[insert street address]
[insert city, state ZIP]

11. **What happens if I exclude myself from the Class?**

If you exclude yourself from the Class, you won't get any money or benefits from this lawsuit, if any are awarded. By excluding yourself, however, you will retain any right you may have to sue Defendants about the same claims alleged in this lawsuit at your own expense.

## THE LAWYERS REPRESENTING YOU

12. **As a Class member, who represents me in this case?**

The Court has appointed Plaintiffs Justin Carter and Vicky Maldonado as Class Representative and the following lawyers to represent you and other Class members:

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101

These lawyers are called "Class Counsel." You may contact Class Counsel by writing to the address above, sending an email to applecare@hbsslaw.com, or calling (206) 623-7292.

13. **How will the lawyers be compensated? Will the Class Representatives receive any money?**

Class Counsel represents the Class on a contingency-fee basis, which means that Class members do not incur any legal fees or out-of-pocket expenses. Class Counsel will request the Court to approve an award of attorneys' fees and reimbursement of expenses. Class Counsel reserve the right to seek up to 30% of any future recovery that may occur in this Action. They also may ask for reasonable additional incentive awards for the Class Representatives from any future recovery that may occur in this Action. If approved, these fees, expenses, and incentive awards will be paid from any judgment if Plaintiffs win at trial.

14. **Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But if you want your own lawyer, you will have to pay that lawyer. If you hire your own lawyer, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

## THE TRIAL

15. **How and when will the Court decide who is right?**

Plaintiffs will have to prove their claims against Defendants at a trial, and Defendants will also have an opportunity to prove their defenses. The Court has not yet scheduled the trial date. To check on the status of the trial date, please click at www.replacementdevicelawsuit.com.

During the trial, the jury will hear all of the evidence to help the Court reach a decision about whether Plaintiffs or Defendants are right about the claims in the lawsuit.

16. **Do I have to come to the trial?**

You do not need to attend the trial. Class Counsel will present Plaintiffs' claims, and Defendants will present the defenses to those claims. You or your own lawyer are welcome to come at your own expense.

## GETTING MORE INFORMATION

17. **How do I get more information?**

If you have any questions, you may contact Class Counsel listed above or the Class Action Administrator at [insert]. Certain case documents are available at: www.replacementdevicelawsuit.com.

Complete copies of public pleadings, Court rulings, and other filings are available for review by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https:// ecf.cand.uscourts.gov, or by visiting the Clerk's office. The address is United States District Court, San Francisco Courthouse, Courtroom 2 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. The Honorable William H. Orrick is overseeing the Action.

**Please do not contact the Judge, Defendants, or Defendants' attorneys regarding this matter.**