Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Robert B. Carey (*Pro Hac Vice*)
Michella A. Kras (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
Email: michellak@hbsslaw.com

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., AND APPLE CSC, INC.<br><br>Defendants. | No. 3:16-cv-04067-WHO<br><br>Related Case:<br>*English v. Apple Inc. et al.*<br>Case No. 3:14-cc-01619-WHO<br><br>PLAINTIFFS' MOTION TO EXCLUDE IN PART DEFENDANTS' EXPERT SARAH BUTLER<br><br>Judge: Hon. William H. Orrick<br>Courtroom: 2, 17th Floor<br>Complaint Filed: July 20, 2016<br>Hearing Date: April 7, 2021 |

010637-11/1429722 V1

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

## I.  INTRODUCTION

Plaintiffs move to exclude in part Defendants' ("Apple") expert Sarah Butler. Butler is offering rebuttal opinions to two of Plaintiffs' experts, Steven Gaskin, a survey expert, and Colin Weir, an economist. Butler is a survey expert with no background, training, experience, or education in economics. Despite her lack of experience, she offers rebuttal opinions about damages, including "supply side" economic considerations. Because she is not qualified by her training, education, skill, or experience to offer rebuttal opinions about supply side and economics considerations, Plaintiffs request that the Court exclude her from testifying on those topics.[1]

## II.  FACTUAL BACKGROUND

Apple identified Butler as a rebuttal expert to Colin Weir and Steven Gaskin. Expert Rebuttal Report of Sarah Butler. ("Butler Rep."), Mar. 13, 2020 (Ex. 1).[2] Butler offers herself as an expert in survey design and survey methodology. Deposition of Sarah Butler ("Butler Dep.") 8:22–25, Nov. 19, 2020 (Ex. 2). She designed and implemented a conjoint survey to rebut the conjoint performed by Gaskin and offered additional criticisms of Gaskin's conjoint. As part of that criticism, Butler contends that "Weir's approach is also not a proper reflection of damages in this matter as it does not . . . take into account supply side or marketplace considerations." Butler Rep. ¶ 14. Butler states: "Weir argues that Mr. Gaskin's survey and his own analysis appropriately account for the supply side because the survey uses actual prices for the devices and the historical number of replacement devices provided as part of AppleCare is fixed." *Id.*¶ 54. She then opines: "[S]imply using appropriate prices in a survey and tabulating counts of devices provided is not sufficient in this matter." *Id.* She claims that Weir only modeled "one side of the equation (the consumer demand side)," but not "the other side (how the supplier and competitors might react)," and that the modeling should not be limited to one side to model consumer responses. *Id.* ¶ 55. Butler also opines: "Weir emphasizes the historical number of devices provided under AppleCare

---

[1] Apple has identified Dr. Denise Martin, an economist, to offer these same opinions, making Dr. Simonson's opinions duplicative and unnecessary.

[2] The Exhibit numbers referenced in this Motion refer to the Exhibits attached to the Declaration of Steve Berman in Support of Plaintiffs' Motion to Exclude in Part Defendants' Expert Sarah Butler.

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

and the purported retail price of those devices," but his "estimates take no account of the fact that in the but-for world, Apple might have simply reduced the price of AppleCare or altered the terms associated with the program (thus selling fewer AppleCare subscriptions) while leaving the price of devices fixed." *Id.* ¶ 56. She concludes: "Such a supply side response cannot be a part of Mr. Gaskin's survey, nor can it be part of Mr. Weir's analysis because the survey does not ask respondents about AppleCare or a device offered through AppleCare." *Id.* ¶ 56. Last, Butler opines that she does not believe Gaskin's survey can be used to estimate damages. *Id.* ¶ 58. [3]

Butler admits that she is not an economist, does not hold herself out as an economics expert, and is not offering opinions about market value. Butler Dep. 14:25–15:8, 56:15–23, 64:8–12 (Ex. 2). She admits "market prices" are not in the scope of her report. *Id.* 18:18–19:17. Butler admits she has never personally calculated a demand curve or a supply curve. *Id.* 64:13–65:8. Butler also admits she has never analyzed supply and demand curves to estimate a market price. *Id.* 65:9–11. When asked what expertise she was relying to offer opinions about supply side considerations, she cites her "familiarly and work with conjoint surveys" and a quote from the founder of Sawtooth Software, the software Gaskin used to run his conjoint. *Id.* 65:20–66:18. Butler testified she was not relying on the testimony of Apple's economics expert for her opinions on supply side conditions, but her own expertise in conducting surveys. *Id.* 66:19–67:18. Butler admitted she did not construct any supply and demand curves nor was she offering an independent assessment of supply and demand curves. *Id.* 68:18–69:3. Butler also admitted she was not offering an opinion on how the supply side would factor into damages, nor has she ever offered such an opinion. *Id.* 70:10–71:1.

### III.   ARGUMENT

To qualify as an expert under Fed. R. Evid. 702, the Court looks at "whether the in expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or

---

[3] Plaintiffs have highlighted the portions of Butler's report they are seeking to exclude, which is attached as Exhibit 1 to the Declaration of Steve Berman, filed herewith.



determine a fact in issue." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592, 113 S. Ct. 2786, 2796 (1993). Rule 702 "consists of three distinct but related requirements: (1) the subject matter at issue must be beyond the common knowledge of the average layman; (2) the witness must have sufficient expertise; and (3) the state of the pertinent art or scientific knowledge permits the assertion of a reasonable opinion." *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002). "When evaluating qualifications, courts should consider a purported expert's knowledge, skill, experience, training, and education in the subject matter of his asserted expertise." *Racies v. Quincy Bioscience, LLC*, No. 15-CV-00292-HSG, 2016 WL 5725079, at *3 (N.D. Cal. Sept. 30, 2016) (citing *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000)). "Because the question of whether a witness is qualified to testify is a preliminary question governed by Federal Rule of Evidence 104, '[i]t is the proponent of the expert who has the burden of proving admissibility' by a preponderance of the evidence." *Id.* at *4 (quoting *Lust By & Through Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996)). "Even the most qualified expert cannot offer any opinion on any subject; the expert's opinion must be grounded in his or her personal 'knowledge, skill, experience, training, or education.'" *In re Ford Tailgate Litig.*, No. 11-CV-02953-RS, 2015 WL 7571772, at *6 (N.D. Cal. Nov. 25, 2015) (quoting Fed. R. Evid. 702).

**A.      Butler does not have the requisite knowledge, skill, experience, training, or education to offer opinions about supply side economics.**

Butler does not have the "professional training or expert qualifications" to offer opinions on supply side economics. *Salinas v. Amteck of Kentucky, Inc.*, 682 F. Supp. 2d 1022, 1030 (N.D. Cal. 2010). Butler is primarily offering rebuttal opinions to Steven Gaskin. Gaskin performed a conjoint analysis to determine the difference in market value between a new device and a remanufactured device. Expert Report of Steven P. Gaskin ¶ 9, Feb. 11, 2020 (Ex. 3). Gaskin relied on Plaintiffs' economic expert, Colin Weir, to ensure that his conjoint properly considered supply side factors. *Id.* 21. To rebut Gaskin's opinions Butler performs her own conjoint analysis and offers additional criticisms of Gaskin's conjoint. She also criticizes Weir, and Gaskin's reliance on Weir, for failing to account for supply-side factors. Butler Rep. ¶¶ 14, 54-56 (Ex. 1). Unlike Gaskin, Butler is not

HB  HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

relying on one of Apple's economics experts to offer this opinion, but claims she is relying on her own expertise. Butler Dep. 66:19–67:18 (Ex. 2).

Butler, who has degrees in sociology and philosophy, holds herself out to be an expert in design survey and survey methodology. Butler Rep. Ex. A at 2 (Ex. 1); Butler Dep. 8:22–25 (Ex. 2). She admits she is not an economist, does not hold herself out as an expert in economics, and is not offering opinions about market value. *Id.* 14:25–15:8, 56:15–23, 64:8–12. She also has never calculated a supply or demand curve, nor has she analyzed a supply or demand curve. *Id.* 68:18–69:3. Butler did not conduct an independent assessment of supply and demand curves in this case. *Id.* Butler has identified no qualifications or experience that enable her to offer economic opinions about supply side considerations. While a survey design may need to account for supply side factors, Butler's expertise in surveys does not by extension make her an expert in the economics of supply side factors. *See Ancho v. Pentek Corp.*, 157 F.3d 512, 518 (7th Cir. 1998) ("the opinion must be an expert opinion (that is, an opinion informed by the witness' expertise) rather than simply an opinion broached by a purported expert" (quoting *United States v. Benson*, 941 F.2d 598, 604 (7th Cir.1991))). Her "familiarly and work with conjoint surveys" and a quote from the founder of Sawtooth Software do not overcome her lack of expertise in economics. *See Pecover v. Elec. Arts Inc.*, No. C 08-2820 VRW, 2010 WL 8742757, at *5 (N.D. Cal. Dec. 21, 2010) (excluding an expert from offering economic opinions who is not "qualified as an expert in economics or statistics and does not otherwise explain her qualifications to interpret the methodology employed in such studies").

Because Butler does not have the requisite knowledge, skill, experience, training, or education in economics or on supply side economics, Plaintiffs request that the Court exclude her from offering the opinions in the highlighted portions of paragraphs 14, 54-56, and 58 of her report. Butler Rep. ¶¶ 14, 54-56, and 58 (Ex. 1).

## IV.   CONCLUSION

Plaintiffs request that the Court find Ms. Butler is not qualified to offer the economic opinions on supply side economics in paragraphs 14, 54-56, and 58 of her report.



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

DATED:  January 22, 2021

Respectfully submitted by,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:  */s/ Steve W. Berman*
    Steve W. Berman (*Pro Hac Vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
Email:  steve@hbsslaw.com

Robert B. Carey (*Pro Hac Vice*)
Michella A. Kras (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone:  (602) 840-5900
Facsimile:  (602) 840-3012
Email: rob@hbsslaw.com
michellak@hbsslaw.com

Renee F. Kennedy *(Pro Hac Vice)*
P.O. Box 2222
Friendswood, TX 77549
Telephone: (832) 428-1552
Email: kennedyrk22@gmail.com

*Attorneys for Plaintiffs*

