Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Robert B. Carey (*Pro Hac Vice*)
Michella A. Kras (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
Email: michellak@hbsslaw.com

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>  v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., AND APPLE CSC, INC.<br><br>         Defendants. | No. 3:16-cv-04067-WHO<br><br>Related Case:<br>*English v. Apple Inc. et al.*<br>Case No. 3:14-cc-01619-WHO<br><br>PLAINTIFFS' MOTION TO EXCLUDE IN PART DEFENDANTS' EXPERT ITAMAR SIMONSON<br><br>Judge: Hon. William H. Orrick<br>Courtroom: 2, 17th Floor<br>Complaint Filed: July 20, 2016<br>Hearing Date: April 7, 2021 |

010637-11/1429715 V1

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

## I.   INTRODUCTION

Plaintiffs move to exclude in part Defendants' ("Apple") expert Dr. Itamar Simonson. Dr. Simonson is offering rebuttal opinions to two of Plaintiffs' experts, Steven P. Gaskin, a survey expert who performed a conjoint analysis, and Colin Weir, an economist. Dr. Simonson is a purported expert in surveys, marketing, and consumer behavior, with no background, training, or experience in economic modeling or theory. Despite his lack of experience and qualifications in economics, he offers rebuttal opinions about "supply side" and economic considerations. Because Dr. Simonson is not qualified to offer rebuttal opinions about those supply side and economic considerations, Plaintiffs request that the Court exclude him from testifying on those topics.[1]

## II.   FACTUAL BACKGROUND

Apple identified Itamar Simonson, Ph.D., as a rebuttal expert to Steven Gaskin and Colin Weir. Expert Rebuttal Report of Itamar Simonson ("Simonson Rep."), Mar. 13, 2020 (Ex. 1).[2] Simonson claims to be expert in surveys, marketing, and consumer behavior. Deposition of Itamar Simonson ("Simonson Dep.") 9:6-12, Dec. 3, 2020 (Ex. 2). Dr. Simonson's main opinions relate to Gaskin's survey, identifying alleged flaws in the survey. Simonson Rep. ¶ 12 (Ex. 1).

In addition to his criticisms to Gaskin, Dr. Simonson contends that Gaskin and Weir fail to address "the competitive and market consequences" of their survey. *Id.* ¶ 14. Dr. Simonson claims Gaskin and Weir "failed to consider marketplace reality and competitive reactions." *Id.* ¶ 69; *see also* ¶ 72. Dr. Simon disagrees with Weir that the "use of actual 'sales' takes care of supply side factors." *Id.* ¶ 73. He opines that "the claimed 'reduction in value' produced by the conjoint survey was not influenced by and has little to do with whether the sales of new devices or the number of replacement devices are known." *Id.* Dr. Simonson also criticizes Gaskin and Weir's consideration of there being a mature market. *Id.* He opines that "market maturity does not mean that competitors do not respond to price or quantity changes. To the contrary, mature markets are

---

[1] Apple has identified Dr. Denise Martin, an economist, to offer these same opinions, making Dr. Simonson's opinions duplicative and unnecessary.

[2] The Exhibit numbers referenced in this Motion refer to the Exhibits attached to the Declaration of Steve Berman in Support of Plaintiffs' Motion to Exclude in Part Defendants' Expert Itamar Simonson.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

particularly competitive." *Id.* Dr. Simonson also has an issue with Gaskin and Weir's use of market prices to account "for the competitive marketplace and supply-side of the equation (whereas the conjoint numbers presumably represented the demand side)." *Id.* ¶ 74. Dr. Simonson opines: "Mr. Gaskin and Mr. Weir did nothing to address the supply-side implications of the 'reduction in market value' of the devices at issue in this case (e.g., in case consumers were offered discounted replacement devices that contain used parts)." *Id.* ¶ 74.[3]

While Dr. Simonson majored in economics and political science when getting his undergraduate degree, his graduate studies focused on business and marketing. *Id.* ¶ 2. Dr. Simonson *admits* that "despite" his degree in economics, he is not an expert "on economic modeling or economic theory." Simonson Dep. 9:13–24 (Ex. 2). Dr. Simonson has never served as a damages expert. *Id.* 9:25–10:4. Dr. Simonson admitted he did not do any analysis of the market value of the devices in this case. *Id.* 18:10-17. He claims to have expertise in "behavioral economics," but not "theoretical economics." *Id.* 109:12-22. He describes behavioral economics as "how people actually make decisions and behave." *Id.* 9:13–24. And when asked repeatedly if he has ever calculated a demand or supply curve, Dr. Simonson testified he "might have" but could not "recall specifically," citing analysis he had done fifty years ago when he worked for Motorola "about what features consumers are looking for in different communications products." *Id.* 109:23–110:21. When asked again whether he has ever analyzed demand or supply curves, Dr. Simonson did not directly answer but instead stated that he did not "think the actual market price is determined by supply and demand. . . . In fact, I've not seen many cases where someone draws the demand curve and supply curve and says, 'This is how the price should be determined.'" *Id.* 111:12–112:24.

---

[3] Plaintiffs specifically seek to exclude the highlighted language from paragraphs 13, 69, and 72-74 of Dr. Simonson's report, attached as Exhibit A to the Declaration of Steve Berman, filed herewith.

HB  HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

### III.    ARGUMENT

To qualify as an expert under Fed. R. Evid. 702, the Court looks at "whether the in expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592, 113 S. Ct. 2786, 2796 (1993). Rule 702 "consists of three distinct but related requirements: (1) the subject matter at issue must be beyond the common knowledge of the average layman; (2) the witness must have sufficient expertise; and (3) the state of the pertinent art or scientific knowledge permits the assertion of a reasonable opinion." *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002). "When evaluating qualifications, courts should consider a purported expert's knowledge, skill, experience, training, and education in the subject matter of his asserted expertise." *Racies v. Quincy Bioscience, LLC*, No. 15-CV-00292-HSG, 2016 WL 5725079, at *3 (N.D. Cal. Sept. 30, 2016) (citing *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000)). "Because the question of whether a witness is qualified to testify is a preliminary question governed by Federal Rule of Evidence 104, '[i]t is the proponent of the expert who has the burden of proving admissibility' by a preponderance of the evidence." *Id.* at *4 (quoting *Lust By & Through Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996)). "Even the most qualified expert cannot offer any opinion on any subject; the expert's opinion must be grounded in his or her personal 'knowledge, skill, experience, training, or education.'" *In re Ford Tailgate Litig.*, No. 11-CV-02953-RS, 2015 WL 7571772, at *6 (N.D. Cal. Nov. 25, 2015) (quoting Fed. R. Evid. 702).

**A.    Dr. Simonson does not have the requisite knowledge, skill, experience, training, or education to offer opinions about supply side economics.**

Dr. Simonson does not have the "professional training or expert qualifications" to offer opinions on supply side economics. *Salinas v. Amteck of Kentucky, Inc.*, 682 F. Supp. 2d 1022, 1030 (N.D. Cal. 2010). Dr. Simonson is primarily offering rebuttal opinions to Steven Gaskin. Gaskin performed a conjoint analysis to determine the difference in market value between a new device and a remanufactured device. Expert Report of Steven P. Gaskin ¶ 9, Feb. 11, 2020 (Ex. 3). Gaskin relied on Plaintiffs' economic expert, Colin Weir, to ensure that his conjoint properly considered supply side factors. *Id.* ¶ 21. To rebut Gaskin's opinions, Dr. Simonson identifies

alleged "flaws" in Gaskin's conjoint. Simonson Rep. ¶ 12 (Ex. 1) He also criticizes Weir, and Gaskin's reliance on Weir, for failing to account for supply-side implications.

Dr. Simonson holds himself out to be an expert in surveys, marketing, and consumer behavior. Simonson Dep. 9:6-12 (Ex. 2). He admits he is not an expert on economic modeling or economic theory, only on how people behave. *Id.* 9:13–24. Dr. Simonson also admitted he did not do any analysis of the market value of the devices in this case and he has never offered expert testimony on damages. *Id.* 18:10-17. Dr. Simonson does not have any expertise or experience in calculating or analyzing supply or demand curves. *Id.* 109:23–110:21; 111:12–112:24. He could not identify a single demand curve he calculated, instead offering analysis he did fifty years ago to determine features consumers were looking for in certain products. *Id.* Likewise, when pressed repeatedly on whether he analyzed demand and supply curves, he claimed that he "might have," identified one case he was unsure about, and then answered that he did not believe market price was determined by supply and demand. *Id.*

Dr. Simonson has identified no qualifications or experience that enable him to offer economic opinions about supply side considerations. *See supra* p. 2. While he may have expert knowledge about marketing and consumer behavior, even claiming to be a behavioral economist, that tangential experience in "how people actually make decisions and behave," does not qualify him to offer expert opinions on supply-side economics; he admits he does not do theoretical economics and that he is not an expert on "on economic modeling or economic theory. "*See Ancho v. Pentek Corp.*, 157 F.3d 512, 518 (7th Cir. 1998) ("the opinion must be an expert opinion (that is, an opinion informed by the witness' expertise) rather than simply an opinion broached by a purported expert" (quoting *United States v. Benson*, 941 F.2d 598, 604 (7th Cir.1991))); *Lucido v. Nestle Purina Petcare Co.*, 217 F. Supp. 3d 1098, 1107 (N.D. Cal. 2016) (veterinarian did not have specialized knowledge to offer opinions about the testing of dog food). Dr. Simonson's weak claims that he might have calculated or analyzed a supply or demand curve (Simonson Dep. 109:23–110:2, 111:12–112:24 (Ex. 2), do not qualify him to offer an expert opinion on whether Weir properly accounted for the supply-side economic considerations. *See Pecover v. Elec. Arts Inc.*, No. C 08-2820 VRW, 2010 WL 8742757, at *5 (N.D. Cal. Dec. 21, 2010) (excluding an

MOTION FOR CLASS CERTIFICATION
Case No. 4:11-CV-04766-JSW
010637-11  1099643 V1

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

expert from offering economic opinions who is not "qualified as an expert in economics or statistics and does not otherwise explain her qualifications to interpret the methodology employed in such studies").

Because Dr. Simonson does not have the requisite knowledge, skill, experience, training, or education in economic modeling or supply side economics, Plaintiffs request that the Court exclude him from offering the opinions in the highlighted portions of paragraphs 13, 69, and 72-74 of his report. Simonson Rep. ¶¶ 13, 69, 73-74 (Ex. 1).

**IV.    CONCLUSION**

Plaintiffs request that the Court find Dr. Simonson is not qualified to offer the economic opinions on supply side considerations in paragraphs 13, 69, and 72-74 of his report.

DATED:  January 22, 2021

Respectfully submitted by,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:  */s/ Steve W. Berman*
    Steve W. Berman (*Pro Hac Vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
Email:  steve@hbsslaw.com

Robert B. Carey (*Pro Hac Vice*)
Michella A. Kras (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone:  (602) 840-5900
Facsimile:  (602) 840-3012
Email: rob@hbsslaw.com
michellak@hbsslaw.com

Renee F. Kennedy *(Pro Hac Vice)*
P.O. Box 2222
Friendswood, TX 77549
Telephone: (832) 428-1552
Email: kennedyrk22@gmail.com

*Attorneys for Plaintiffs*

