Karen L. Dunn (DC SBN 1002520; *pro hac vice*)
kdunn@paulweiss.com
William A. Isaacson (DC SBN 414788; *pro hac vice*)
wisaacson@paulweiss.com
Kyle N. Smith (DC SBN 1029803; *pro hac vice*)
ksmith@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

Meredith R. Dearborn (SBN 268312)
mdearborn@paulweiss.com
Gabriel R. Schlabach (SBN 304859)
gschlabach@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
943 Steiner Street
San Francisco, CA 94117
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorneys for Defendants*
*APPLE INC., APPLECARE SERVICE COMPANY, INC., and*
*APPLE CSC INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., AND APPLE CSC INC.<br><br>Defendants. | Case No. 3:16-cv-04067-WHO<br><br>**DECLARATION OF PAMI VYAS IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL: (1) PLAINTIFFS' MOTION TO EXCLUDE IN PART DEFENDANTS' EXPERT RUSSELL RHINEHART, PH.D.; (2) PLAINTIFFS' MOTION TO EXCLUDE DEFENDANTS' EXPERT PAUL L. BRIANT, PH.D. AND PHILIP STARK, PH.D.; AND (3) SUPPORTING DOCUMENTS (ECF NO. 246)**<br><br>Judge:        William H. Orrick<br>Courtroom:  2, 17th Floor |

I, Pami Vyas, hereby declare as follows:

1.      I am a Senior Litigation Counsel at Apple Inc.  I submit this declaration in support of sealing portions of the materials identified in Plaintiffs' Administrative Motion to File Under Seal: (1) Plaintiffs' Motion to Exclude in Part Defendants' Expert Russel Rhinehart, Ph.D.; (2) Plaintiffs' Motion to Exclude Defendants' Expert Paul L. Briant, Ph.D. and Philip Stark, Ph.D.; and (3) Supporting Documents (ECF No. 246).  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them.  The facts set forth in this declaration are true and correct to the best of my knowledge and belief.

**Highly  Confidential  and  Commercially  Sensitive  Information  Regarding  Apple's Manufacturing and Testing Processes**

2.      Defendants seek to seal limited portions of the documents identified as **Category A** in the table below on the grounds that they reflect specific, detailed information regarding Apple's manufacturing and testing processes in connection with replacement iPhones and iPads provided under AppleCare Protection Plan and AppleCare+ (collectively, "AppleCare").

3.      The documents identified as **Category A** contain highly confidential information regarding Apple's manufacturing and testing processes in connection with replacement iPhones and iPads provided under AppleCare, including (i) the specific recovered parts Apple uses to manufacture AppleCare replacement devices and the tests those parts undergo, (ii) the number of recovered part(s) in a particular replacement device, (iii) details of specific reliability tests, and (iv) detailed information about how Apple sets up and qualifies its manufacturing lines and how Apple analyzes field returns.

4.      Details regarding Apple's manufacturing and testing processes, failure analysis, and the types of parts that are used in replacement iPhones and iPads, are proprietary to Apple, and are among the most competitively sensitive information that is at issue in this case.  As a matter of policy and practice, Apple does not publicly disclose or describe this information.  Apple goes to great lengths to keep this information confidential, including strictly limiting access to employees who need to know such information, requiring employees to sign confidentiality agreements, and informing them of the importance of maintaining confidentiality.

DECLARATION OF PAMI VYAS ISO PLAINTIFFS' MOTION TO SEAL
Case No. 3:16-cv-04067-WHO

5.      Apple's engineers developed the manufacturing and testing processes for iPhone and iPad after extensive research and analysis and at significant cost to Apple.  Public disclosure of such information would give Apple's competitors knowledge of Apple's manufacturing and testing processes to which they would not otherwise have access.  Such disclosure would pose a substantial risk to Apple's interests and could adversely impact Apple's ability to compete in the future.  For example, competitors with access to this information could adapt their own business strategies and processes to unfairly compete with Apple.  It is well known that other companies offer smartphones and tablets that compete with the iPhone and iPad.  There are also other companies that offer products and services that compete with AppleCare for iPhone and iPad.  If Apple's processes were disclosed to those competitors, those competitors could attempt to copy Apple's processes and then attempt to market themselves in comparison with Apple's offerings.

6.      In light of the foregoing, I believe that Apple would be highly prejudiced unless this information remains under seal.

**Highly Confidential and Commercially Sensitive Information Regarding Apple's Databases and Data Capabilities**

7.      Defendants seek to seal limited portions of the documents identified as **Category B** in the table below on the grounds that they contain highly confidential and proprietary business information regarding Apple's internal databases and the types of information Apple collects and maintains in the regular course of business, including product codenames.

8.      Apple's proprietary databases, how it maintains data, and what types of data it maintains are confidential to Apple.  As a matter of policy and practice, Apple does not publicly disclose or describe this information.  Apple goes to great lengths to keep this information confidential, including limiting access to those employees who need to know such information, requiring employees to sign confidentiality agreements, and informing them of the importance of maintaining confidentiality.

9.      Apple has spent considerable time and resources developing its internal proprietary and confidential databases, including deciding which information it needs to maintain or track for its business purposes and the manner in which that information should be organized.  In the

DECLARATION OF PAMI VYAS ISO PLAINTIFFS' MOTION TO SEAL
Case No. 3:16-cv-04067-WHO

electronics industry, the tracking and maintenance of product development and consumer information is considered to be highly confidential and proprietary. Because Apple is a leader in the industry, it is highly likely that competitors and others in the industry would take note of the types of information Apple maintains and potentially copy Apple's business practices. Public disclosure of such information would give Apple's competitors knowledge of Apple's business operations to which they would not otherwise have access. Such disclosure would pose a substantial risk to Apple's interests and could adversely impact Apple's ability to compete in the future because, if disclosed, Apple's competitors could take advantage of Apple's strategic decision-making, and, rather than invest their own time and resources, could simply model their own databases off of Apple's. Further, competitors might (for example) try to use the information to criticize the methods Apple employs to collect and analyze data and/or the fact that Apple maintains certain data. Because Apple would not have access to the same information about its competitors, Apple would be unable to defend itself against such marketing practices.

10. In light of the foregoing, I believe that Apple would be highly prejudiced unless this information remains under seal.

**Highly Confidential and Commercially Sensitive Information Regarding Apple's Pricing, Sales, and Service Event Data**

11. Defendants seek to seal limited portions of the documents identified as **Category C** in the table below because they contain highly confidential and proprietary business information regarding Apple's pricing strategies, AppleCare sales numbers, and AppleCare service event figures.

12. Information on Apple's pricing strategies, AppleCare sales numbers, and AppleCare service event figures is highly confidential to Apple, and is among the most competitively sensitive information that is at issue in this case. As a matter of policy and practice, Apple does not publicly disclose or describe this information. Apple goes to great lengths to keep this information confidential, including limiting access to those employees who need to know such information, requiring employees to sign confidentiality agreements, and informing them of the importance of maintaining confidentiality.

13. The consumer electronics industry, including the industry for service plans covering consumer electronics, is highly competitive, and Apple has spent considerable time and resources developing its service plans and options under the plans as well as the infrastructure to satisfy the service needs under those plans. Public disclosure of this information would give Apple's competitors knowledge of Apple's business operations to which they would not otherwise have access. Such disclosure would pose a substantial risk to Apple's interests and could adversely impact Apple's ability to compete in the future because, if disclosed, Apple's competitors could unfairly compete with Apple by using Apple's pricing strategies, sales numbers, and service event figures in their own forecasting, business planning, and/or marketing efforts.

14. As such, I believe that Apple would be prejudiced unless the information is sealed.

**Confidential Customer Information**

15. Defendants seek to seal limited portions of the documents identified as **Category D** in the table below because they reflect customer information, which Apple keeps confidential.

16. Specifically, Defendants are seeking to seal class members' AppleCare contract numbers, service numbers, and device serial numbers. As a matter of policy and practice, Apple treats this information as confidential "personal data" covered under Apple's Privacy Policy, has policies in place to limit disclosure of such information to employees unless necessary, and does not publicly disclose this information.

**Table of Requested Redactions**

17. Defendants seek to seal limited portions of the documents listed in the table below, for the reasons identified above with respect to the following categories of confidential information:

       A.    Manufacturing and Testing Information

       B.    Database and Data Capability Information

       C.    Pricing, Sales, and Service Figures

       D.    Customer Information

DECLARATION OF PAMI VYAS ISO PLAINTIFFS' MOTION TO SEAL
Case No. 3:16-cv-04067-WHO

| Document | Requested Redactions | Confidentiality Categories |
|---|---|---|
| Plaintiffs' Motion to Exclude in Part Defendants' Expert R. Russell Rhinehart, Ph.D. (ECF No. 249) | Page 7, lines 6, 12<br>Page 15, lines 21–22<br>Page 16, lines 24–25 | B<br>A<br>B |
| Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark, Ph.D. (ECF No. 247) | Page 5, lines 9–10, 21–22<br>Page 6, lines 4–5<br>Page 11, lines 8–17<br>Page 12, lines 15, 17 | A<br>A<br>A<br>A |
| Ex. 1 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude in Part Defendants' Expert R. Russell Rhinehart, Ph.D. – March 13, 2020 Expert Rebuttal Report of R. Russell Rhinehart, Ph.D. (ECF No. 249-2) | Page 9 n.13<br>Page 12, ¶ 42 & chart<br>Page 13, ¶ 46<br>Page 15, ¶ 53 | A<br>A<br>A<br>A |
| Ex. 2 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude in Part Defendants' Expert R. Russell Rhinehart, Ph.D. – February 25, 2019 Expert Report of Michael Pecht, Ph.D. (ECF No. 249-3) | Page 8, final two lines<br>Page 9, lines 1–8, 13–17<br>Page 10, lines 1–4<br>Page 11, ¶ 9<br>Pages 12–13, ¶¶ 12–16 | A<br>A<br>A<br>A<br>A |
| Ex. 3 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude in Part Defendants' Expert R. Russell Rhinehart, Ph.D. – Rhinehart Deposition Transcript (ECF No. 249-4) | 128:25–129:16<br>131:14–132:5 | B<br>B |
| Ex. 5 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude in Part Defendants' Expert R. Russell Rhinehart, Ph.D. – February 11, 2020 Supplemental Expert Report of Robert A. Bardwell (ECF No. 249-6) | Page 5 (portions)<br>Page 6 (portions)<br>Page 7 (portions)<br>Page 8 (portions)<br>Page 9, tbl.1 (portions)<br>Pages 12–13 & tbl.2 (portions)<br>Page 16, chart 1<br>Page 17 (portions)<br>Page 19, tbl.3 (portions)<br>Page 20, tbl.4 (portions)<br>Page 21 (portions)<br>Page 25 (portions) | B<br>B, C<br>B<br>B<br>B, C<br>B, C<br>C<br>B<br>B<br>B<br>B<br>A |
| Ex. 1 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark, Ph.D. – March 13, 2020 Expert Rebuttal Report of Paul L. Briant, Ph.D, P.E. (ECF No. 247-2) | Page 8, tbl.1 (portions)<br>Page 12, ¶ 29<br>Appendix C (portions) | A<br>A<br>A, B |

DECLARATION OF PAMI VYAS ISO PLAINTIFFS' MOTION TO SEAL
Case No. 3:16-cv-04067-WHO

| Document | Requested Redactions | Confidentiality Categories |
|---|---|---|
| Ex. 2 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark, Ph.D. – March 13, 2020 Expert Report of Prof. Philip Stark, Ph. D (ECF No. 247-3) | Page 5, ¶ 13 & n.6 | A, B |
| | Page 6, ¶¶ 17–18 & n.10 | A |
| | Page 7, ¶ 21 | A |
| | Pages 14–15, ¶¶ 45, 48 & nn.27, 32 | A |
| | Page 16, ¶ 51 | A |
| | Page 20, ¶ 67 & nn.41–43 | A |
| | Page 21, ¶ 72 | A, C |
| | Pages 22–23, ¶¶ 73–77 & n.48 | A, C |
| | Page 25–26, ¶¶ 86–91 | A |
| | Page 28, tbl.1 (portions) | B, D |
| | Page 33, ¶ 107 | A |
| Ex. 3 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark, Ph.D. – February 25, 2019 Expert Report of Michael Pecht, Ph.D. (ECF No. 247-4) | Page 8, final two lines | A |
| | Page 9, lines 1–8, 13–17 | A |
| | Page 10, lines 1–4 | A |
| | Page 11, ¶ 9 | A |
| | Pages 12–13, ¶¶ 12–16 | A |
| Ex. 4 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark, Ph.D. – Briant Deposition Transcript (ECF No. 247-5) | 86:13–88:12 | A |
| | 89:23–90:16 | A |
| | 94:9–13 | A |
| | 95:6–9 | A, B |
| | 97:1–98:3 | A, B |
| | 102:1 | A |
| | 103:2–25 | A |
| | 104:6–8 | A |
| | 105:8–16 | A |
| | 106:4–7 | A |
| | 112:13–18 | A |
| | 130:10–16, 23–24 | A |
| | Errata (portions) | A |
| Ex. 5 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark, Ph.D. Briant Dep. Ex. 120 (ECF No. 247-6) | "Device PN," "Device SN," "Motherboard," "SN," "Unit Class [white]" columns | A, B, D |
| Ex. 6 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark, Ph.D. – Briant Dep. Ex. 122 (ECF No. 247-7) | Entire Document | A, B |

DECLARATION OF PAMI VYAS ISO PLAINTIFFS' MOTION TO SEAL
Case No. 3:16-cv-04067-WHO

| Document | Requested Redactions | Confidentiality Categories |
|---|---|---|
| Ex. 7 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark, Ph.D. – Briant Dep. Ex. 123 (ECF No. 247-8) | Portion | B, D |
| Ex. 8 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark, Ph.D. – Briant Dep. Ex. 124 (ECF No. 247-9) | Portion | B, D |
| Ex. 9 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark, Ph.D. – Stark Deposition Transcript (ECF No. 247-10) | Errata p. 3 (portions) | A |
| Ex. 10 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark, Ph.D. – September 14, 2020 Expert Rebuttal Report of Robert Bardwell, Ph.D. (ECF No. 247-11) | Page 18, tbl.2 (portion)<br>Page 25, ¶ 5(b) | B, D<br>A, B |
| Ex. 11 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark, Ph.D. – Rebuttal Expert Report of Abhijit Dasgupta, Ph.D. (ECF No. 247-12) | Paragraph 13(a)–(b)<br>Paragraph 18(c)–(d)<br>Paragraph 23<br>Paragraphs 33–34<br>Paragraph 35(a), (c)<br>Paragraph 37(a)–(c)<br>Paragraph 39(a)<br>Paragraph 41(b)–(c)<br>Paragraph 42(b)<br>Paragraph 44<br>Appendix A, ¶ 36 | A<br>A<br>A<br>A, B<br>A, B<br>A, B<br>A, B<br>A<br>A, B<br>A, B<br>A, B |
| Ex. 1 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude in Part Defendants' Expert Sarah Butler – March 13, 2020 Expert Rebuttal Report of Sarah Butler (ECF No. 248-2) | Page 8 (portions)<br>Page 25, ¶ 43<br>Page 27, ¶ 47 | A<br>A<br>A |

| Document | Requested Redactions | Confidentiality Categories |
|---|---|---|
| Ex. 3 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude in Part Defendants' Expert Sarah Butler – February 11, 2020 Expert Report of Steven P. Gaskin (ECF No. 248-4) | Page 4, ¶ 8, 10 | A |
| | Page 8, ¶ 16 | A |
| | Page 23 (portions) | A |
| | Page 28 (portions) | A |
| | Page 35, ¶ 54 | A |
| | Pages C-2 to C-24 (portions) | A |
| | Pages E-8 to E-9 (portions) | A |
| | Pages E-20 to E-21 (portions) | A |
| | Page F-15 (portions) | A |
| | Page F-36 (portions) | A |
| Ex. 1 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude in Part Defendants' Expert Itamar Simonson – March 13, 2020 Rebuttal Expert Report of Itamar Simonson (ECF No. 250-2) | Page 6, ¶ 12(a) | A |
| | Page 14, ¶ 26 | A |
| Ex. 3 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude in Part Defendants' Expert Itamar Simonson – February 11, 2020 Expert Report of Steven P. Gaskin (ECF No. 250-4) | Page 4, ¶ 8, 10 | A |
| | Page 8, ¶ 16 | A |
| | Page 23 (portions) | A |
| | Page 28 (portions) | A |
| | Page 35, ¶ 54 | A |
| | Pages C-2 to C-24 (portions) | A |
| | Pages E-8 to E-9 (portions) | A |
| | Pages E-20 to E-21 (portions) | A |
| | Page F-15 (portions) | A |
| | Page F-36 (portions) | A |

**Other Redactions**

18.     Defendants do not seek to seal the following portions of the documents filed by Plaintiffs:

| Document | Portions Defendants Do Not Seek to Seal |
|---|---|
| Ex. 2 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark, Ph.D. – March 13, 2020 Expert Report of Prof. Philip Stark, Ph. D. (ECF No. 247-3) | Page 19, ¶ 65 |
| Ex. 5 to the Berman Declaration in Support of Plaintiffs' Motion to Exclude Defendants' Experts Paul L. Briant, Ph.D. and Philip Stark Ph.D. – Briant Dep. Ex. 120 (ECF No. 247-6) | "#," "Unit Class [blue]," "OS," "Processor,"" Geekbench," "Battery," "Functional Tests," "Check" columns |

DECLARATION OF PAMI VYAS ISO PLAINTIFFS' MOTION TO SEAL
Case No. 3:16-cv-04067-WHO

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of January, 2021, at Menlo Park, California.

_____
Pami Vyas

DECLARATION OF PAMI VYAS ISO PLAINTIFFS' MOTION TO SEAL
Case No. 3:16-cv-04067-WHO

**ECF ATTESTATION**

I, Karen L. Dunn, am the ECF user whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Pami Vyas, Senior Litigation Counsel for Apple, has concurred in this filing.

Dated:   January 26, 2021                    **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Karen L. Dunn*
　　　Karen L. Dunn (DC SBN 1002520)
　　　kdunn@paulweiss.com
　　　2001 K Street, NW
　　　Washington, DC 20006
　　　Telephone: (202) 223-7300
　　　Facsimile:  (202) 223-7420

*Attorneys for Defendants Apple Inc.,*
*AppleCare Service Company, Inc., and*
*Apple CSC Inc.*