1   Karen L. Dunn (DC SBN 1002520; *pro hac vice*)
    kdunn@paulweiss.com
2   William A. Isaacson (DC SBN 414788; *pro hac vice*)
    wisaacson@paulweiss.com
3   Kyle N. Smith (DC SBN 1029803; *pro hac vice*)
    ksmith@paulweiss.com
4   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
    2001 K Street, NW
5   Washington, DC 20006
    Telephone: (202) 223-7300
6   Facsimile: (202) 223-7420

7   Meredith R. Dearborn (SBN 268312)
    mdearborn@paulweiss.com
8   Gabriel R. Schlabach (SBN 304859)
    gschlabach@paulweiss.com
9   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
    943 Steiner Street
10  San Francisco, CA 94117
    Telephone: (202) 223-7300
11  Facsimile: (202) 223-7420

12  *Attorneys for Defendants*
    *APPLE INC., APPLECARE SERVICE COMPANY, INC., and*
13  *APPLE CSC INC.*

14

15                    **UNITED STATES DISTRICT COURT**

16                    **NORTHERN DISTRICT OF CALIFORNIA**

                      **SAN FRANCISCO DIVISION**
17

18  VICKY MALDONADO AND JUSTIN          Case No. 3:16-cv-04067-WHO
    CARTER, individually and on behalf of
19  themselves and all others similarly situated,   **DEFENDANTS' SUPPLEMENTAL**
                                                     **BRIEF IN SUPPORT OF MOTION**
20                     Plaintiffs,                   **TO DECERTIFY THE CLASS,**
                                                     **PURSUANT TO ECF NO. 298**
21  v.
                                        Judge:      William H. Orrick
22  APPLE INC., APPLECARE SERVICE       Courtroom:  2, 17th Floor
23  COMPANY, INC., AND APPLE CSC INC.,

24                     Defendants.

25

26

27

28

## I.  THE NAMED PLAINTIFFS LACK STANDING TO BRING CLAIMS UNDER CALIFORNIA'S UNFAIR COMPETITION LAW AND SONG-BEVERLY ACT.

Numerous courts, including this one, have held that plaintiffs lack standing to bring state law claims from a state where they do not reside when their transactions occurred outside of that state. In *Johnson* v. *Nissan North America, Inc.*, this Court concluded that the "named plaintiffs do not have standing to maintain a nationwide class action" where they did not "possess individual standing to assert each state law's claims." 272 F. Supp. 3d 1168, 1175–76 (N.D. Cal. 2017); *see also In re Carrier IQ, Inc.*, 78 F. Supp. 3d at 1051, 1075, 1107 (N.D. Cal. 2015); *Horvath* v. *LG Elecs. Mobilecomm USA, Inc.*, 2012 WL 2861160, at *3–4, 8, 10 (S.D. Cal. Feb. 13, 2012); *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1164 (N.D. Cal. 2009).

This holding applies to Plaintiffs' California Unfair Competition Law (UCL) and Song-Beverly Act claims because California courts apply a "presumption against extraterritorial application" of California statutes and "presume that the Legislature did not intend a statute to be operative, with respect to occurrences outside the state, . . . unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history." *Sullivan* v. *Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) (internal quotation marks omitted). The presumption against extraterritoriality applies even where the defendant's decision-making took place in California. *Id.* at 1208. It "applies to the UCL in full force." *Id.* at 1207. And Song-Beverly claims arise only for in-state transactions. *Davis* v. *Newmar Corp.*, 136 Cal. App. 4th 275, 278 (2006).[1]

Non-Californians cannot assert claims under the UCL or Song-Beverly Act based on the facts of this case. Neither of the named plaintiffs has standing to bring claims under the UCL or Song-Beverly Act because their transactions had no connection to California. Ms. Maldonado is

---

[1] At the hearing, Plaintiffs argued that the Song-Beverly provision regulating the contents of service contracts, Cal. Civ. Code § 1794.4, does not contain language limiting its application to in-state transactions. ECF No. 301 at 20–21. But it also does not provide for extraterritorial application, and the Legislature knows how to provide for such relief. *Cf.* Cal. Bus. & Prof. Code § 17500 (prohibiting dissemination of untrue statements "from this state before the public ***in any state***" (emphasis added)). In addition, section 1794.41(a), another service contract provision, does limit its application to service contracts covering "home electronic product[s] purchased for use in this state," and courts refer to surrounding statutory sections to determine their territorial scope. *See Cummins, Inc.* v. *Superior Court*, 36 Cal. 4th 478, 486–93 (2005).

from Texas; Mr. Carter is from Georgia; and both purchased their AppleCare contracts and received their class devices outside California. ECF No. 45, Am. Compl. ¶¶ 8–9, 85–121.

## II.   THE CHOICE OF LAW TEST ARTICULATED IN *MAZZA* GOVERNS PLAINTIFFS' UCL AND SONG-BEVERLY CLAIMS.

Plaintiffs contend that *Nedlloyd Lines B.V.* v. *Superior Court*, 3 Cal. 4th 459 (1992), governs the choice-of-law determination for contracts with choice-of-law provisions, rather than the standard governmental interest test set forth in *Mazza* v. *American Honda Motor Co.*, 666 F.3d 581, 589–90 (9th Cir. 2012). But in two recent cases, the Ninth Circuit rejected the application of *Nedlloyd*'s choice-of-law analysis to claims arising out of state statutory law, even in the presence of contractual choice-of-law provisions. *Senne* v. *Kan. City Royals Baseball Corp.*. 934 F.3d 918, 933–37, 957 (9th Cir. 2019) (applying separate wage-hour laws for three statewide classes under *Mazza* based on the locations where the work was performed, over the objection of a dissent citing *Nedlloyd* and a contractual choice-of-law provision); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 561 n.5 (9th Cir. 2019) (distinguishing *Nedlloyd* on the grounds that the claims in *Nedlloyd* "arose from the contract").[2]

## III.   NATIONWIDE CLASS CERTIFICATION IS INAPPROPRIATE FOR THESE CLAIMS BECAUSE STATE CONSUMER PROTECTION LAWS CONFLICT.

### A.   Conflicts Exist Among the States' Consumer Protection Laws.

As *Mazza* explains, California's consumer protection laws may only be applied to a nationwide class if "the interests of other states are not found to outweigh California's interest in having its law applied." 666 F.3d at 589–90.[3] Under California's governmental interest test, the Court must (1) evaluate whether the states' relevant laws conflict on relevant issues, (2) determine whether there is a "true conflict" by examining the states' interests in applying their own laws, and then (3) determine which states' interest would be more impaired if their policies were

---

[2] *In re Apple Inc. Device Performance Litigation*, 347 F. Supp. 3d 434 (N.D. Cal. 2018), cited by Plaintiffs at the hearing for the proposition that *Nedlloyd* applies, preceded *Senne* and *Hyundai*.

[3] Plaintiffs bear the threshold burden of showing sufficient contacts between California and each class member's claims. *Id.* at 590. For purposes of argument, this brief assumes Plaintiffs can make this showing, but Apple reserves the right to contest the sufficiency of Plaintiffs' showing.

subordinated. *Id.* at 590. In cases that are "analogous" to *Mazza*—*i.e.*, where the statutory provisions invoked and the relation of plaintiffs to California are similar—"*Mazza* is not only relevant but controlling." *Johnson*, 272 F. Supp. 3d at 1175 (Orrick, J.). Here, the *Mazza* test confirms that a nationwide class is improper with respect to the state consumer protection claims. We outline "true conflicts" among states' consumer protection laws by providing examples below, which show that nationwide certification is inappropriate. Due to the five-page limit for this brief, Apple is unable to list all of the applicable state laws and all the differences between them. Apple is prepared to submit a short appendix with charts addressing each state's laws relevant to the claims, if helpful to the Court.

### 1.    State Unfair Competition / Trade Practices Laws

Variations in Scope. In California consumer cases, courts adjudicate allegedly "unfair" conduct under the UCL by applying one of two tests—(1) a "balancing" test weighing harm against utility, or (2) a "tethering" test requiring the claim be "tethered to a constitutional or statutory provision or a regulation carrying out statutory policy." *Ferrington* v. *McAfee, Inc.*, 2010 WL 3910169, at *11–12 (N.D. Cal. Oct. 5, 2010). By contrast, other states' consumer protection laws provide causes of action only for enumerated conduct, *e.g.*, Colo. Rev. Stat. § 6-1-105, and some require proof of "egregious or aggravating" conduct, *e.g.*, *Champion Pro Consulting Grp.* v. *Impact Sport Football, LLC*, 845 F.3d 104, 109 (4th Cir. 2016) (applying N.C. Gen. Stat. § 75-1.1).

Variations in Remedies. The remedies available to Plaintiffs under state competition laws vary widely. A court may award only equitable remedies under the UCL, and the statute does not provide for actual damages or attorneys' fees. Cal. Bus & Prof. Code § 17203; *Am. Online, Inc.* v. *Superior Court*, 90 Cal. App. 4th 1, 15 n.10 (2001). But some states' laws provide for actual damages, and sometimes punitive damages. *E.g.*, *Cover* v. *Windsor Surry Co.*, 2016 WL 520991, at *6 (N.D. Cal. Feb. 10, 2016) (Orrick, J.) (describing Rhode Island law). They also may provide for attorneys' fee awards. *E.g.*, *Mason* v. *Mortg. Am., Inc.*, 114 Wash. 2d 842, 849 (1990) ("treble damages and attorneys' fees are recoverable under the Consumer Protection Act").

Variations in Statutes of Limitations. The limitations period for UCL claims is four years,

Cal. Bus. & Prof. Code § 17208, while some states provide for shorter or longer periods. *E.g.*, Or. Rev. Stat. § 646.638(6) (one year); Ariz. Rev. Stat. § 12-541(5) (one year); Ga. Code Ann. § 10-1-401(a) (two years); Mo. Rev. Stat. § 516.120(1) (five years); N.J. Stat. Ann. § 2A:14-1 (six years).

### 2. State Laws Analogous to the Song-Beverly Act

California is largely anomalous in providing a private cause of action for service contract claims. Several states have adopted variants of the Service Contracts Model Act that do not provide private causes of action. *E.g.*, Ala. Code § 8-32-1 *et seq.*; Ariz Stat. § 20-1095 *et seq.*; Wyo. Stat. § 26-49-101 *et seq.* Other states deviate from that approach, and have regulations that cover a discrete universe of service contracts, such as those for motor vehicles. *E.g.*, Ga. Code § 33-34A-3(c); Wis. Code § 616.71 *et seq.* California courts have also explained that the Song-Beverly Act "does not parallel the Commercial Code," which many states (including California) have adopted; rather, "it provides different and more extensive consumer protections." *See Jiagbogu* v. *Mercedes-Benz USA*, 118 Cal. App. 4th 1235, 1240 (2004). Likely for these reasons, Plaintiffs have not identified a single case certifying a nationwide class for a Song-Beverly service contract claim, and Apple is unaware of any such case.

### B. Other States' Interests Would Be Impaired if California Law Were Applied.

Applying California's consumer protection laws nationwide would impair other states' interests in governing transactions within their borders. *Mazza*, 666 F.3d at 593–94. The "place of the wrong" is the "state where the last event necessary to make the actor liable occurred." *Id.* at 593. Under Plaintiffs' theory of liability, the "wrong" occurred where Plaintiffs purchased their AppleCare contracts and/or received their class devices. ECF No. 45, Compl. ¶¶ 164–168, 196–199. California's interest in applying its law to residents in foreign states for foreign transactions is "attenuated" and must give way to those states' "strong interest" in applying their own laws. *Mazza*, 666 F.3d at 594. This is true regardless of whether those states have decided to adopt policy regimes that are more or less friendly to consumers than California's, because it is the responsibility of state legislatures and state courts—not federal courts—to balance between protecting consumers and attracting foreign businesses in their respective states. *Id.* at 591–92.

## IV.   EVEN IF PLAINTIFFS WERE CORRECT THAT *NEDLLOYD*'S CHOICE-OF-LAW TEST APPLIES, NATIONWIDE CLASS CERTIFICATION REMAINS INAPPROPRIATE.

Even if the Court were to analyze choice of law under *Nedlloyd*—as urged by Plaintiffs, despite the holdings of *Senne* and *Hyundai*—the result would not change, for two reasons.

*First*, the plain contractual terms in the AppleCare contracts establish that the choice-of-law provisions do not apply to state consumer protection laws. Both AppleCare contracts' choice-of-law provisions expressly provide that if the laws of the jurisdiction where the contract is purchased are inconsistent with the contract's terms, "the laws of that jurisdiction will control." ECF No. 103-2, at 7; ECF No. 103-3, at 8. Both contracts also contain a preamble—"How Consumer Rights Affect this Plan"—which provides that the plan "shall not prejudice" rights granted by applicable consumer law. ECF No. 103-2, at 2; ECF No. 103-3, at 2 . And both contracts contain state-specific provisions, several of which contain express or implied references to other states' consumer protection laws. ECF No. 103-2, at 7–10; ECF No. 103-3, at 8–11.[4]

*Second*, even if AppleCare's choice-of-law provisions were interpreted to extend to the statutory claims at issue, California's statutes would not apply nationwide under *Nedlloyd* because doing so would be contrary to the "fundamental policy" of other states, which have a "materially greater interest" in the applications of their laws. 3 Cal. 4th at 465–66. Both state and federal courts have recognized that state consumer protection regimes constitute "fundamental policies." *E.g.*, *Am. Online, Inc.*, 90 Cal. App. 4th at 15 (declining to enforce choice-of-law provision because of fundamental policy differences between California and Virginia consumer protection laws); *Walter* v. *Hughes Commc'ns, Inc.*, 682 F. Supp. 2d 1031, 1042 (N.D. Cal. 2010) (same, because of differences in remedies under Maryland and California law). Other states have a materially greater interest in the application of their laws. *See supra* Section III.B.

---

[4] Plaintiffs' argument that California law governs their state law claims is based on a selective and out-of-context reading of the contracts' choice-of-law provisions. Opp. 25. But it is "a primary rule of interpretation that contracts must be construed as a whole." *Int'l Brotherhood of Teamsters* v. *NASA Servs., Inc.*, 957 F.3d 1038, 1042 (9th Cir. 2020); Cal. Civ. Code. § 1641. *Device Performance*, 347 F. Supp. 3d 434, which Plaintiffs cited at the hearing, does not suggest otherwise. The AppleCare agreements and the language cited above were not at issue in that case. *Id.* at 445.

1    Dated: April 21, 2021                    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

3                                             By: */s/ Karen L. Dunn*
                                                  Karen L. Dunn (DC SBN 1002520)
4                                                 kdunn@paulweiss.com
                                                  2001 K Street, NW
5                                                 Washington, DC 20006
                                                  Telephone: (202) 223-7300
6                                                 Facsimile: (202) 223-7420

7                                                 *Attorneys for Defendants Apple Inc.,*
                                                  *AppleCare Service Company, Inc., and*
8                                                 *Apple CSC Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' SUPPLEMENTAL BRIEF ISO MOTION TO DECERTIFY THE CLASS
Case No. 3:16-cv-04067-WHO