Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, AZ  85003
Telephone: (602) 840-5900
Facsimile:  (602) 840-3012
Email: rob@hbsslaw.com
Email: michellak@hbsslaw.com

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., AND APPLE CSC, INC.,<br><br>Defendants. | No. 3:16-cv-04067-WHO<br><br>Related Case:<br>*English v. Apple Inc. et al.*<br>Case No. 3:14-cc-01619-WHO<br><br>PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO DECERTIFY THE CLASS<br><br>Judge:  Hon. William H. Orrick<br>Courtroom:  2, 17th Floor<br>Complaint Filed:  July 20, 2016 |

## I.   INTRODUCTION

Apple's argument that California law does not apply fails because Apple has not met its burden under either California choice-of-law test. "California has two different analyses for selecting which law should be applied in an action." *Wash. Mut. Bank, FA v. Sup. Ct.*, 24 Cal. 4th 906, 914 (2001). If "the parties have entered an agreement containing a choice-of-law provision, courts follow *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal.4th 459, 11 Cal.Rptr.2d 330, 834 P.2d 1148 (1992)." *In re Apple Inc. Device Performance Litig.*, 347 F. Supp. 3d 434, 445 (N.D. Cal. 2018). Otherwise, courts apply the three-step governmental interest test. *Id.*

Under *Nedlloyd*, Apple fails to meet its burden of showing that California law is "contrary to a fundamental policy" of another state that "has a materially greater interest in the determination of the particular issue." *Wash. Mut.*, 24 Cal. 4th at 917. When it addressed *Nedlloyd* in another case, Apple submitted expert declarations that explained "key differences between California law and the laws of" foreign jurisdictions. *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1169 (N.D. Cal. 2019). Apple later "submitted an additional 39 declarations [that] identify additional potential conflicts between California law and the laws of foreign jurisdictions…." *Id.* Here, Apple has had more than four years to meet its burden but has produced no such evidence.

Even if *Nedlloyd* did not apply, "it is 'the foreign law proponent' who must 'shoulder the burden of demonstrating that foreign law, rather than California law, should apply to class claims.'" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 561 (9th Cir. 2019) (en banc). *Hyundai* held that California law applied to a nationwide class because the "objectors' filings were incomplete at best, noting cursorily some differences between California and Virginia law but failing to analyze the elements of the governmental interest test." *Id.* at 562 n.6. And the Court stated that *Mazza* "is readily distinguishable," because "the foreign law proponent (the defendant) 'exhaustively detailed the ways in which California law differs from the laws of the 43 other jurisdictions' and showed how applying the facts to those disparate state laws made 'a difference in this litigation.'" *Id.* at 563 (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 590–91 (9th Cir. 2012)). Apple offers only a cursory discussion, as in *Hyundai*, but asserts that it "is prepared to submit a short appendix with charts addressing each laws relevant to the claims…." ECF No. 203



("Apple Br.") at 3. Apple has not met its burden in the more than four years this case has pended despite multiple opportunities. It should not be given yet another chance.

## II.  ARGUMENT

Apple cites four inapposite cases in misleadingly arguing that courts "have held that plaintiffs lack standing to bring state law claims from a state where they do not reside when their transactions occurred outside of that state." Apple Br. at 1. None of the cases Apple cites involved a California choice-of-law provision or the nationwide application of California law under the "governmental interest" test. Plaintiffs here have standing under either choice-of-law analysis.

**A.  California law applies under the *Nedlloyd* test.**

**1.  The *Nedlloyd* test applies to state-law statutory claims.**

Neither case cited by Apple supports its argument that the Ninth Circuit has "rejected the application of *Nedlloyd*'s choice-of-law analysis to claims arising out of state statutory law, even in the presence of contractual choice-of-law provisions." Apple Br. at 2. In *Senne v. Kan. City Royals Baseball Corp.*, 934 F.3d 918 (9th Cir. 2019), the plaintiffs told the Court that the "parties agree that California's 'governmental interest' choice-of-law rules apply."[1] So the *Senne* majority did not discuss *Nedlloyd*, because it was irrelevant. And Apple's argument is not supported by *Hyundai*, in which the choice-of-law provision did not apply because the claims arose "from the automakers' advertising misrepresentations, not the sales contracts. For example, Scott's sales contract made no claim about an estimated mileage per gallon." 926 F.3d at 561 n.5. Thus, *Senne* and *Hyundai* do not remotely support Apple's false assertion that *Nedlloyd* does not apply to statutory claims.[2]

**2.  California law applies under the *Nedlloyd* contractual choice-of-law analysis.**

A three-step analysis applies under *Nedlloyd*. "[T]he trial court should first examine the choice-of-law clause and ascertain whether the advocate of the clause has met its burden of

---

[1] *Senne v. Kansas City Royals Baseball Corp.*, 2018 WL 1403184 (C.A.9) (appellants' consolidated response and reply brief), at *35.

[2] In fact, courts apply *Nedlloyd* to statutory claims. *See*, *e.g.*, *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003) (California Equipment Dealers Act applied where "contract's choice of law clause states that the [contract] is to 'be governed by and construed under the laws of the State of California'").

SUPPL. BRIEF IN OPPOSITION
TO MOT. TO DECERTIFY
Case No. 4:11-CV-04766-JSW
010637-11/1476025 V1

- 2 -

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

establishing that the various claims of putative class members fall within its scope." *Wash. Mut. Bank*, 24 Cal. 4th at 916. The advocate must also show that "the chosen state has a substantial relationship to the parties or their transaction" *or* that there is "any other reasonable basis for the parties' choice of law." *Id*. at 917. If those burdens are met, "the parties' choice generally will be enforced *unless the other side* can establish both that the chosen law is contrary to a fundamental policy" of another state that "has a materially greater interest in the determination of the particular issue." *Id*. (emphasis added). Plaintiffs meet their burden, but Apple does not meet its burden.

        **a.**        **The state-law claims are within the scope of the choice-of-law provision.**

The Plans state that "[e]xcept where prohibited by law, the laws of the State of California govern Plans purchased in the United States," so that California law applies to the state-law claims here. *See* ECF No. 103-2 at 7; ECF No. 103-3 at 8. In a similar case, the plaintiffs alleged that a contract provided "they would be entitled to free shares in Halifax, which they never received." *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1180 (9th Cir. 2009). The Court held that California law applied because "[a]ll of Hatfield's claims, including her tort claims, relate to the Halifax Appellees' alleged failure to fulfill the promise of free shares. That promise was contained in the [contract] but not delivered on." *Id*. at 1183–84. Similarly here, all claims relate to Apple's failure to fulfill its "equivalent to new" promise, which was in the Plans but not delivered on.

Rather than address the provision that "[e]xcept where prohibited by law, the laws of the State of California govern Plans purchased in the United States," Apple misleadingly contends that the Plans "expressly provide that if the laws of the jurisdiction where the contract is purchased are inconsistent with the contract's terms, 'the laws of that jurisdiction will control.'" Apple Br. at 5. That provision does not require application of state laws that are inconsistent with California law but instead only requires application of state laws that are inconsistent with the "terms" of the Plan. But Apple does not identify a single state law that is inconsistent with the Plans' "terms." And Apple ignores that in *In re Apple Inc. Device Performance Litig*., 386 F. Supp. 3d 1155, 1168 (N.D. Cal. 2019), the court rejected its argument that a California choice-of-law provision in its Software License Agreement ("SLA") did not apply because "the SLA contains at least seven provisions that expressly recognize local law." The court held that "[a]t most, these provisions

SUPPL. BRIEF IN OPPOSITION
TO MOT. TO DECERTIFY
Case No. 4:11-CV-04766-JSW
010637-11/1476025 V1

- 3 -

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

indicate that the SLA's limitations on warranties and damages do not apply when they conflict with local law." *Id*. at 1169. The same holding applies here, especially because Apple does not address the Plans' provision that "the laws of the State of California govern Plans purchased in the United States." *See Flores v. Barr*, 934 F.3d 910, 915 (9th Cir. 2019) ("'We cannot accept that the parties to the Agreement included gratuitous standards that have no practical impact.'") (citation omitted).

                    **b.**        **There is a substantial relationship between California and the parties.**

Plaintiffs meet their second burden, because Apple "assumes" that Plaintiffs can show "sufficient contacts between California and each class member's claims." Apple Br. at 2 n.3.

                    **c.**        **Apple does not meet its burden under *Nedlloyd*.**

Apple does not meet its *Nedlloyd* burden when it cursorily asserts that "state consumer protection regimes constitute 'fundamental policies.'" Apple Br. at 5. No case has ever held that the "regimes" of all other 49 states necessarily reflect fundamental policies. Second, Apple does not show that all other 49 states have materially greater interests than California in ensuring that a California defendant keeps promises in its service contracts, which are enforceable under the Song-Beverly Act and UCL, particularly in light of California's "strong policy considerations favoring the enforcement" of choice-of-law clauses. *Nedlloyd*, 3 Cal. 4th at 462. *See also* Section I, above.

**B.**        **Under the "governmental interest" test, California law applies.**

California applies under the "governmental interest" test even if *Nedlloyd* did not apply. Apple "assumes" that Plaintiffs meet their burden. Apple Br. at 2 n.3. But as discussed in Section I, Apple does not meet its burden to "satisfy the three-step governmental interest test." *Hyundai*, 926 F.3d at 561 (footnote omitted). *See In re iPhone 4S Consumer Litig.*, 2013 WL 3829653, at *9 (N.D. Cal. July 23, 2013) ("Apple argues only that the Ninth Circuit found differences between the consumer protection laws of the relevant states to be material in *Mazza* and fails to address how any such differences would also be material to the facts of the instant litigation.").

**C.**        **The UCL and Song-Beverly Act are properly applied extraterritorially in this matter.**

Apple claims that the "presumption against extraterritoriality applies even where the defendant's decision-making took place in California." App. Br. at 1 (citing *Sullivan v. Oracle Corp*., 51 Cal. 4th 1191 (2011)). In *Sullivan*, no *wrongful* conduct occurred in California, and the

SUPPL. BRIEF IN OPPOSITION
TO MOT. TO DECERTIFY
Case No. 4:11-CV-04766-JSW
010637-11/1476025 V1

- 4 -

HB HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Court distinguished cases where "the unlawful conduct that formed the basis of the out-of-state plaintiffs' claims (i.e., fraudulent misrepresentations made to induce consumer transactions), and that justified the application of California law to resolve those claims, occurred in California." *Id*. at 1208 n.10. Apple committed unlawful conduct in California when it made its "equivalent to new" promise, and decided not to fulfill that promise. Apple admits that "[d]ecisions regarding the development and marketing of APP and AppleCare+, including the terms and conditions for these plans are made in Cupertino," and that all "[p]olicies respecting whether and when to use new or refurbished parts as well as whether to issue a replacement product that is new or refurbished under APP and AppleCare+ are developed in Cupertino." *Id*. at ¶ 5. *Declaration of Jackie Healy*, Case No. 3:13-cv-00402 (S.D. Tex.), ECF No. 33-2 (attached hereto as Exhibit A), at ¶ 5. *See Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1041 (N.D. Cal. 2014) ("Apple relies heavily on *Sullivan*," which "did not undermine the established presumption that nonresident plaintiffs may assert California claims to address unlawful conduct committed in California by a California resident").

Finally, Plaintiffs' Song-Beverly claim is based on sections 1794 and 1794.4, which are not limited to "in state" purchases. Apple erroneously relies on *Cummins, Inc. v. Superior Ct*., 36 Cal. 4th 478, 487 (2005), which held that "all the subdivisions of section 1793.2 were intended to apply to the same universe of goods—those sold in this state." *Cummins* does not support Apple's claim that sections 1794 and 1794.4 are limited to "in state" sales merely because *other* sections contain that limitation. *In Diamond Multimedia Sys. Inc. v. Sup. Ct.*, 19 Cal. 4th 1036, 1040–41 (1999), the Court held that section 25500 of the California Corporate Securities Act is not limited to "in state" sales merely because other contain that limitation. The Legislature could have "insert[ed] the 'in this state' limitation" but "did not do so," and "it is not our function to insert language omitted by the Legislature." *Id*. at 1054. *See also Apple Inc. Device Performance Litig*, 347 F. Supp. 3d at 448 ("'If a state law does not have limitations on its geographical scope, courts will apply it to a contract governed by that state's law, even if parts of the contract are performed outside of the state.'") (quoting *Gravquick*, 323 F.3d at 1223).

### III.   CONCLUSION

California law governs Class members' claims under the Song-Beverly Act and the UCL.

SUPPL. BRIEF IN OPPOSITION
TO MOT. TO DECERTIFY
Case No. 4:11-CV-04766-JSW
010637-11/1476025 V1

- 5 -

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

DATED:  April 27, 2021

Respectfully submitted by,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:  */s/ Steve W. Berman*
    Steve W. Berman (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email:  steve@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, AZ 85003
Telephone: (602) 840-5900
Facsimile:  (602) 840-3012
Email: rob@hbsslaw.com
michellak@hbsslaw.com

Renee F. Kennedy *(pro hac vice)*
P.O. Box 2222
Friendswood, TX 77549
Telephone: (832) 428-1552
Email: kennedyrk22@gmail.com

*Attorneys for Plaintiffs*

