May 24, 2021

*Via ECF*

The Honorable William H. Orrick
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:    *Vicky Maldonado, et al. v. Apple Inc., et al.,* Case No. 3:16-cv-04067-WHO**

Dear Judge Orrick:

Under Paragraph 4 of the Court's Standing Order for Civil Cases, the parties file this joint letter regarding whether Class counsel should be granted access to the Class member contact data. The parties certify that they have met and conferred in good faith and their respective positions are set forth below.

010637-11

## I.    PLAINTIFFS' STATEMENT

Plaintiffs are requesting that the Court order Epiq, the Class notice administrator, to provide contact information for all Class members now that the opt-out period has ended.[1] Plaintiffs are specifically seeking the names, email addresses, and mailing addresses for the Class. Apple has refused to allow Epiq to share this information, citing its privacy policy with its customers.

Plaintiffs' counsel reached out to Apple and asked Apple to produce the contact information for the Class. Class counsel requested the information to communicate with Class members about the case, specifically to update them on the case and to seek information Class counsel may use at trial. Apple refused to provide contact information, claiming that Class members were not represented by Class counsel until the expiration of the opt-out period. Apple also cited its privacy policy generally and claimed that "the legal landscape regarding protection of consumers' personal information has changed substantially." Through meet and confer, Apple offered to send a limited *Pioneer/Belaire-West* notice[2] to a small portion of the Class, and then provide the contact information for the small group of individuals who received the notice and did not opt-out. Apple also suggested allowing Epic to provide contact information for just those Class members that reach out to Counsel.[3] Plaintiffs rejected Apple's proposals.

There is no dispute that Class counsel represent the Class members: "After class certification and expiration of the 'opt-out' period, class members who have not opted out are represented by plaintiff's counsel." *Koike v. Starbucks Corp*, No. C 06-3215 VRW, 2007 WL 9710389, at *4 (N.D. Cal. May 10, 2007) (citations omitted). Because of this attorney-client relationship, courts in the Northern District have found that once an opt-out period has ended for a certified class, defendants are generally required to provide class contact information to class counsel. *See, e.g., Kazi v. PNC Bank, N.A.*, No. 18-CV-04810-JCS, 2020 WL 8674092, at *1 (N.D. Cal. July 29, 2020) (requiring production of class contact information to counsel after opt-out expired). Apple is aware of this practice because Judge Alsup recently ordered Apple to provide class contact information to class counsel in *Frlekin v. Apple, Inc.* (Case No. 3:13-cv-03451-WHA, ECF No. 407), including names, email addresses, and mailing addresses of each class member. Even though Apple was recently ordered to provide this information in another case, it claims it does not have to provide it here. Apple claims class counsel in that case was "required leave of court prior to any unnecessary outreach to class members," but this misstates what the Court ordered. The court required class counsel to seek leave of court *only* to contact class members "who have already submitted a claim." This was a narrow exception the court carved out, not a general bar to contact. *Id.* at 6.

By refusing to give Plaintiffs access to the contact information in this case, Apple is depriving Class counsel of their ability and right to communicate with their clients: "Following class certification, class counsel may seek to communicate with class members either to seek helpful evidence from them or simply to inform them of the status of the litigation. These communications are unproblematic since class counsel and class members enjoy a full attorney-client relationship with one another following class certification." 3 Newberg on Class Actions § 9:8 (5th ed.); *see also* Cal. Rules of Professional Conduct 1.4 (attorneys have a duty to keep clients informed of "significant developments"). Despite this attorney-client relationship and Class counsel's right to speak to their own clients, Apple claims the case law and its privacy policy does not require it to give Class contact information to Class counsel.

---

[1] The last day to opt-out was May 3, 20201.

[2] Under *Belaire-West v. Landscape, Inc.*, 149 Cal. App. 4th 554, 556-57 (2007), notice is given to class members before their contact information is disclosed to class counsel; the notice gives each class member the opportunity to "opt out" of disclosure of their information.

[3] Being able to confirm whether individuals who reach out are part of the Class is an additional reason to provide contact data.

010637-11

Apple overstates the privacy concerns at issue here. "[T]he disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy." *Khalilpour v. CELLCO P'ship*, No. C 09-02712 CW (MEJ), 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010); *see also Wellens v. Daiichi Sankyo Inc.*, No. C-13-00581-WHO (DMR), 2014 WL 969692, at *3 (N.D. Cal. Mar. 5, 2014) (finding California's privacy laws do not prohibit the production of basic class contact information when there is a protective order in place). Apple has not cited any support for its claim that its privacy policy would somehow prohibit or trump Class counsel's right to communicate with their own clients, particularly given the non-sensitive nature of the information sought. Additionally, with the Protective Order in place in this case, Apple cannot claim that the information is not adequately protected. And Apple's privacy policy discloses that Apple will use personal data "to comply with applicable law" and will "disclose information about you where there is a lawful basis for doing so." https://www.apple.com/legal/privacy/en-ww/.

During the meet and confer process, Apple cited one case to support its position that it is not required to produce Class contact information to Class counsel, *McArdle v. AT&T Mobility LLC*, No. C 09-1117 CW (MEJ), 2010 WL 1532334 (N.D. Cal. Apr. 16, 2010). *McArdle* is a pre-certification decision that sets forth four factors to consider when deciding whether to provide putative class member contact information to the plaintiff *before* certification. Apple cites nothing to show that those factors similarly apply after a class has been certified and class members were given the opportunity to opt-out. Apple's reliance on *Kazi*, 2020 WL 8674092, at *2, to show that balancing applies, is misplaced. There the court was determining whether to provide contact information for class members who had opted out and applied balancing. *Id.* Regardless, those factors weigh in favor of disclosing the information.

The first two factors—legally protected privacy interest and reasonable expectation of privacy—weigh in favor of disclosing the information. Each Class member will have received notice that they are part of the certified Class and be given the opportunity to opt-out. And as the court noted: "contact information regarding the identity of potential class members 'is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in the prosecuting of the case,' and that such disclosure 'involves not revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches.'" *Id.* at *3 (citations omitted). The court also noted that disclosure of class contact data is contemplated under Rule 26(a)(1)(A), which requires both parties to disclose the names, addresses, and telephone numbers of individuals with discoverable information.

The third factor—whether the invasion of privacy is serious in nature—also weighs in favor of disclosure. *Id.* at *4. "[L]imited disclosure of mere contact information," when Class members have been given the opportunity to opt out, does not amount to an invasion of privacy. *See id*. This is particularly true when the information is not sought for an abusive purpose, which Apple cannot claim otherwise. *See id.*

The last factor—the balancing test—weighs in Plaintiffs' favor "if the intrusion is limited and confidential information is carefully shielded." *Id.* (citations omitted). Here Class counsel are asking for basic contact information, which courts have found do not raise serious privacy concerns, *Khalilpour*, 2010 WL 1267749, at *3, and counsel are only requesting that information to communicate with their clients about this case.

Other pre-certification cases, which make up the majority of the case law on disclosure of Class contact information, support Plaintiffs' position. Even pre-certification, courts generally require defendants to provide class contact information to class counsel: "The predominant practice among courts in the Northern District of California is to allow 'pre-certification discovery of putative class members' confidential [contact] information subject to a protective order,' without requiring a *Belaire-West* notice." *Austin v. Foodliner, Inc.*, No. 16CV07185HSGDMR, 2018 WL 1168694, at *2 (N.D. Cal. Mar. 6, 2018) (citations omitted)); *see also Brawner v. Bank of Am.,*

*N.A.*, No. C 14-02702 YGR (LB), 2014 WL 6845504, at \*3 (N.D. Cal. Dec. 4, 2014) (requiring disclosure of class members' contact information, including their names, addresses, telephone numbers, and email addresses pre-certification where a protective order protects "privacy rights in their contact information"). The case for disclosure is even stronger after certification, because an attorney-client relationship exists and Class members will have had the opportunity to opt-out.

Apple cites a pre-certification case from the Northern District to show that producing only a sample of Class member contact information is appropriate: *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17CV02606HSGKAW, 2018 WL 6092730, at \*3 (N.D. Cal. Nov. 21, 2018). That court declined to provide full class information because no class had been certified and it was balancing the interests of the class and the need for the data. *Id.* That concern does not exist here. Apple also cites an out of district case, *Munoz v. 7-Eleven, Inc.*, No. 218CV03893RGKAGR, 2019 WL 2603181, at \*1 (C.D. Cal. Apr. 30, 2019), to show sampling is appropriate post-certification. While Apple cannot point to any cases from the Northern District requiring production of only a sample of class members post-certification, *Munoz* is distinguishable even on the bare facts it provides, because the parties agreed "no discovery was needed from any class member." *Id.*

Here, there is no justification for Apple to argue that Class counsel cannot have access to the Class contact information that Apple has already provided to Epiq. To further alleviate Apple's concerns about privacy, Plaintiffs are willing to inform the Class members in all communications that: (1) they do not have to communicate with Class counsel; and (2) they can request to have their names removed from Class counsel's contact list. Plaintiffs request that the Court order Epiq to produce the Class contact information to Plaintiffs' counsel.

## II.    DEFENDANTS' STATEMENT

Apple objects to class counsel's request that attorneys be provided the private contact information of the 3+ million customers who received notice of this class action.

***First***, class counsel incorrectly downplay the serious privacy implications of disclosing names and contact information for 3+ million consumers, who provided that information to Apple with the expectation that it would not be disclosed. Disclosing such a massive amount of personal data to a law firm poses an unnecessary and unwarranted invasion of class members' privacy, particularly given class members' lack of consent to the sharing of their personal information with counsel.

***Second***, class counsel overstate the need for the contact information at this stage of the case, where class certification proceedings are complete, fact discovery has long closed, and class counsel have already communicated with class members about the case via the court-approved notice process.

***Third***, class counsel dismiss two compromises Apple has offered, which would address the concerns class counsel have raised while maintaining the privacy of millions of customers' personal data. First, Apple has offered to authorize the class administrator, Epiq, to disclose the contact information of class members who have reached out to class counsel about the case. Apple has also offered to send a notice of possible disclosure to a sample of class members—perhaps 1,000—while giving them a right to opt out of disclosure. Class counsel rejected both proposed resolutions.

### A.    Significant Consumer Privacy Interests Would Be Harmed by Disclosure.

When considering contact information disclosure in the class context, "courts must balance the right of privacy asserted against the need for discovery." *McArdle*, 2010 WL 1532334, at \*2. As even the cases cited by class counsel show, only when plaintiffs' need for contact information outweighs privacy interests do courts order disclosure. *E.g.*, *Kazi*, 2020 WL 8674092, at \*2; *Khalilpour*, 2010 WL 1267749, at \*3.

Apple's customers' right to privacy is set forth in Article 1, Section 1 of the California

Constitution, which "protects an individual's reasonable expectation of privacy against a serious invasion." *McArdle*, 2010 WL 1532334, at *2 (internal quotation marks omitted). And the California Consumer Privacy Act further declares that "unauthorized disclosure of [consumers'] personal information and the loss of privacy can have devastating effects for individuals." AB-375 § 2(f); *see also* Virginia Consumer Data Protection Act, SB 1392. Protecting consumers' privacy is one of Apple's core values, as reflected by Apple's Privacy Policy. *See* apple.com/privacy.

Privacy concerns are heightened where, as here, counsel's request for information encompasses *all* customers, even if they never complained or consented to the release of their information. Only where customers have complained have they "voluntarily disclosed their identifying information to that company in the hope of obtaining some form of relief." *Pioneer Elecs. (USA), Inc.* v. *Superior Court*, 40 Cal. 4th 360, 372 (2007); *see also McArdle*, 2010 WL 1532334, at *6 (limiting disclosure "to customers who complained or inquired about" the conduct at issue).

Apple has not disclosed the private data of the millions of consumers in this case—the vast majority of whom have never lodged any case-related complaint—even to its *own* outside counsel. This is consistent with Apple's belief that privacy is a fundamental human right and that customers are entitled to transparency, choice, and control over their personal data. Apple purposely designs its products and features to minimize how much data Apple—or anyone else—can access, for example, by using random identifiers and requiring app developers to adhere to specific guidelines designed to protect user privacy and security.[4] Class counsel's argument that Apple's Privacy Policy allows disclosure where there is a "lawful basis" is beside the point. This dispute is about whether there is a basis for a court order requiring disclosure of customers' private information in this particular circumstance. There is not. Apple's customers reasonably expect Apple to protect their data and prevent disclosure of their personal information to third parties like class counsel without their consent. Thus, class counsel's proposed measures to "alleviate" privacy concerns do not meaningfully address class members' expectation that their personal data will not be disclosed without consent.

## B. Class Counsel Cannot Justify Their Request to Gain Access to Private Contact Information for More Than Three Million Apple Customers.

Class counsel have not shown a need for the trove of private data they seek for more than three million customers. Their primary explanation during meet and confers was that some customers have inquired about the case, and that they wish to verify whether those customers are in the class. Although class counsel have so far refused to say *how many* such individuals have contacted them, the number is surely far fewer than the more than three million individuals for whom information is now sought. Disclosure of *millions* of customers' private information is not justified by the fact that *some* Apple customers have contacted class counsel. And Apple's proposed compromises would allow disclosure of contact information of class members who reach out to class counsel.

Class counsel also maintain that they need the private information of the millions of customers because these customers are their clients, and they may provide updates about the case. This misses the point.[5] Class counsel may speak with class members who reach out to them about the case. That is expressly contemplated in the court-ordered notice process to which that all parties agreed:

> The Court has appointed … the following lawyers to represent you and other Class members…. **You may contact Class Counsel by writing to the address above, sending an email to applecare@hbsslaw.com, or calling (206) 623-7292**.

---

[4] See https://www.apple.com/privacy/features for an extensive list of Apple's privacy features.

[5] Class counsel rely on *Koike*, 2007 WL 9710389, at *4 for the proposition that "class members who have not opted out are represented by plaintiff's counsel" after the opt-out period. But it does not follow that Apple should be ordered to disclose contact information to class counsel in this posture. *Koike* concerned whether Starbucks could communicate with putative class members before certification, not whether it was required to disclose class information to class counsel.

ECF No. 210-1 at 65. Thus, to the extent that any class members wish to speak with class counsel about this case, that communication can happen free and unfettered.

Class counsel, primarily relying on pre-certification cases, assert without any citation that the "case for disclosure is even stronger" after class certification. (*Infra* at 3.) That is incorrect. After certification, as here, class notice is provided and class members have been specifically apprised of their right to contact class counsel. At both the pre-certification and post-certification stages, courts require that class counsel demonstrate a need for the requested information, which must be balanced against other considerations, including privacy interests. *See Munoz*, 2019 WL 2603181, at *1 (rejecting request for "contact information of approximately 60,000 class members" where counsel "offered no explanation for the need" to "verify class membership")[6] Here, certification is resolved, discovery is closed, class counsel may speak with class members who contact them, and class counsel have stated no valid need for the information.

Class counsel also cite *Frlekin* v. *Apple Inc.*, No. 3:13-cv-03451, Dkt. 407, but the case supports Apple's position. There, after liability was adjudicated with respect to a much smaller class of Apple ***employees***, the court ordered damages claim procedures that allowed class counsel to contact class members to "explain how to fill out the [claim] form." *Id.* at 2 ¶ 3. But the court required leave of court prior to any outreach to class members who had already submitted claim forms. *Id.* at 6 ¶ 10; Dkt. 402-6 at 19. Furthermore, the privacy interests in *Frlekin* are distinguishable from those of a class of 3+ million Apple ***customers***, who provided information to Apple with an understanding that they would not be subjected to unwanted communications from unknown third parties.

## C. Apple's Proposed Compromises Would Address Class Counsel's Concerns While Respecting Customers' Privacy.

As described above, Apple offered two compromises that would address class counsel's claimed justifications for contact information while respecting customers' privacy rights, which class counsel reject without counteroffer. Class counsel's primary stated concern was verifying whether Apple customers who have affirmatively contacted them are members of the class. Apple therefore offered to authorize Epiq to disclose contact information for class members who reached out to class counsel, which is sufficient for verification. *Cf. Munoz*, 2019 WL 2603181, at *1.

Apple also offered to allow disclosure, with *Pioneer* notice, of a sample of class members' contact information. This type of limited disclosure is consistent with case law involving large classes and cases requiring limited disclosure after balancing privacy concerns against class counsel's need. *See e.g.*, *Guzman* v. *Chipotle Mex. Grill, Inc.*, 2018 WL 6092730, at *3 (N.D. Cal. Nov. 21, 2018) (sample of 2,000 in putative class of 43,000); *McArdle*, 2010 WL 1532334, at *6.[7] Class counsel's refusal to engage in meaningful discussions over these offers, or any variation of them, suggests their real motive is to obtain millions of customers' private information in order to gain some litigation or business advantage. Their request should be rejected.

---

[6] Class counsel's description of *Munoz* is inapt, because the court denied counsel's request for disclosure of contact data entirely and did not order sampling. Further, in *Munoz*, the parties agreed that there was no basis for class counsel to take discovery.

[7] Class counsel attempt to distinguish this persuasive case law on the basis that the disputes arose in the pre-certification context, but they admit that "pre-certification cases … make up the majority" of relevant case law, and similarly cite pre-certification cases. (*Infra* at 2.) In any event, no case law suggests that the privacy balancing test applies only pre-certification, and such a rule would not make any sense. Consumers' privacy interests are not diminished post-certification.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By  */s/ Steve W. Berman*
Steve W. Berman (*Pro Hac Vice*)
**Attorneys for Plaintiffs**

By  */s/ Karen L. Dunn*
Karen L. Dunn (*Pro Hac Vice*)
**Attorneys for Apple Defendants**

010637-11