1  Steve W. Berman (*pro hac vice*)
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  1301 Second Avenue, Suite 2000
   Seattle, WA 98101
3  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
4  Email: steve@hbsslaw.com

5  Robert B. Carey (*pro hac vice*)
   Michella A. Kras (*pro hac vice*)
6  HAGENS BERMAN SOBOL SHAPIRO LLP
   11 West Jefferson, Suite 1000
7  Phoenix, AZ  85003
   Telephone: (602) 840-5900
8  Facsimile: (602) 840-3012
   Email: rob@hbsslaw.com
9  Email: michellak@hbsslaw.com

10  *Attorneys for Plaintiffs*

11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15  VICKY MALDONADO AND JUSTIN CARTER,        No. 3:16-cv-04067-WHO
    individually and on behalf of themselves and all
16  others similarly situated,                Related Case:
                                              *English v. Apple Inc. et al.*
17                              Plaintiffs,    Case No. 3:14-cv-01619-WHO

18            v.                              **DECLARATION OF STEVE W.
                                              BERMAN IN SUPPORT OF**
19  APPLE INC., APPLECARE SERVICE             **PLAINTIFFS' MOTION FOR**
    COMPANY, INC., AND APPLE CSC, INC.,       **PRELIMINARY APPROVAL OF**
20                                            **CLASS ACTION SETTLEMENT**

21                              Defendants.

22                                            Judge:  Hon. William H. Orrick
                                              Courtroom:  2, 17th Floor
23                                            Complaint Filed:  July 20, 2016

24

25

26

27

28



1

2

I, Steve W. Berman, hereby declare as follows:

3

1.      I am an attorney duly licensed to practice before all of the courts of the State of

4

Washington, and I have been admitted *pro hac vice* in this Court. I am the managing partner of

5

Hagens Berman Sobol Shapiro LLP and have appeared in this case as one of the counsel of record

6

for Plaintiffs in the above-entitled action. I have personal knowledge of the matters stated herein

7

and, if called upon, I could and would competently testify thereto.

8

2.      I submit this declaration on behalf of Plaintiffs in support of their Motion for

9

Preliminary Approval of Class Action Settlement.

10

3.      Attached as Exhibit A is a true and correct copy of the Executed Settlement

11

12

Agreement, settling this matter for $95 million.

13

4.      Attached as Exhibit B are charts showing past comparable settlements of Class

14

Counsel, as required by Northern District's Procedural Guidance for Class Action Settlements. The

15

charts are for three cases in which Hagens Berman Sobol Shapiro LLP was co-counsel for plaintiffs

16

in class actions: *Edwards v. National Milk Producers Federation* ("*In re Milk IPP Antitrust Case*"),

17

No. 11-cv-04766-JSW (N.D. Cal.); *In re Dynamic Random Access Memory (DRAM) Antitrust*

18

*Litigation* ("*In re DRAM IPP Antitrust Case*"), No. 02-md-01486-PJH (N.D. Cal.); *In re MyFord*

19

20

*Touch Litigation*, No. 3:13-cv-03072-EMC (N.D. Cal.); and *Pecover et al. v. Electronic Arts, Inc.*

21

("*Electronic Arts IPP Antitrust Case*"), No. 08-cv-2820-CW (N.D. Cal.).

22

5.      Before the Class was certified, Apple deposed both named Plaintiffs and Plaintiffs

23

deposed three Apple Rule 30(b)(6) designees. After the Class was certified, Plaintiffs deposed two

24

25

additional Rule 30(b)(6) designees and three fact witnesses. Apple deposed one additional fact

26

witness.

27

6.      Both parties issued discovery before and after class certification. Plaintiffs issued

28

and Apple answered 25 interrogatories, 92 requests for production, and 159 requests for admission.

Declaration of Steve W. Berman
No. 3:16-cv-04067-WHO
010637-11/1665267 V1

- 1 -

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Apple issued and Plaintiff Carter responded to 12 interrogatories, 19 requests for production, and 8 requests for admission. Apple also issued and Plaintiff Maldonado responded to 13 interrogatories and 20 requests for production.

7.    All six certification experts—three for Plaintiffs and three for Apple—were deposed during the course of class certification briefing.

8.    Apple produced and Plaintiffs reviewed over 30,000 documents, consisting of approximately 230,000 pages.

9.    Plaintiffs identified five experts on the merits and an additional rebuttal expert. Plaintiffs again identified Drs. Pecht, Bardwell, and Kaufman as experts.

10.    Dr. Pecht's opinions remained unchanged.

11.    Dr. Bardwell, with Apple's full return data, opined that he was able to determine that remanufactured replacement iPhones are 3.2 times more likely to fail than new replacement iPhones and remanufactured replacement iPads are 7 times more likely to fail than new iPad replacements, and these higher failure rates are statistically significant at an extreme level. He also opined that he determined that over four years, remanufactured iPhones have 23.4 fewer weeks of life than new iPhones and remanufactured iPads have 18.5 fewer weeks than a new iPad.

12.    Dr. Kaufman opined that he measured the retail price difference between new and remanufactured devices, calculating damages of $754,893,730.

13.    Plaintiffs also retained damage experts Stephen Gaskin and Colin Weir. Mr. Gaskin, with the input of Mr. Weir, conducted a conjoint survey to assess the differences in value between new and remanufactured devices. Mr. Gaskin opined that his survey showed a 15.7% difference in value for iPhones and 14.1% difference in value for iPads. Using these numbers, Mr. Weir calculated damages of $386,106,741.



14.     Drs. Pecht and Bardwell also issued rebuttal reports and Plaintiffs identified Dr. Abhijit Dasgupta, a reliability engineer, as a rebuttal expert to the testing performed by one of Apple's experts.

15.     Apple identified three new merits experts and seven new rebuttal experts. Apple's merits experts included a reliability engineer, a survey expert, and an environmental expert. Apple identified seven rebuttal experts to rebut each of Plaintiffs' experts, including two engineers, a statistician, two survey experts, and two damages experts. Apple's experts opined that damages were inappropriate.

16.     Plaintiffs deposed nine of Apple's ten experts and Apple deposed all six of Plaintiffs' experts.

17.     Following the Court's rulings on the Daubert motions, Apple still had rebuttal experts to counter each of Plaintiffs' experts.

18.     After the Court issued its order, the parties began preparing for trial, which was set to begin on August 16, 2021.

19.     The parties engaged in two mediations before the Class was certified with retired Justice Edward A. Panelli, one on October 29, 2018, and one on March 13, 2019. Both were unsuccessful.

20.     On April 22, 2020, the parties engaged in a third mediation with Chief Magistrate Judge Joseph C. Spero. That mediation was unsuccessful.

21.     After the Court issued its order denying Apple's decertification motion, Judge Spero ordered the parties to engage in another settlement session. On June 30, 2021, the parties held a mediation with retired Judge Rebecca Westerfield. After a full day of mediation, the parties agreed to settle the case for an all-in common fund of $95 million. The parties executed a Memorandum of Understanding that same day.

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

22.     Through September 24, 2021, Plaintiffs have advanced costs of $1,374,835.64, which includes $1,128,798.78 in expert fees. Plaintiffs have expended approximately $6,823,841.80 in attorneys' fees in this litigation, which is based on 11,775.9 hours expended.

23.     Class Representatives assisted Class Counsel in investigating and prosecuting this action, responded to detailed interrogatories, searched for and produced documents responsive to document requests on multiple occasions, answered requests for admission, and traveled to San Francisco and sat for depositions.

24.     The settlements were negotiated by experienced counsel with extensive experience and success in large consumer class actions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of October 2021 in Seattle, Washington.

*/s/ Steve W. Berman*
Steve W. Berman



# EXHIBIT A

1  Steve W. Berman (*pro hac vice*)
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  1301 Second Avenue, Suite 2000
   Seattle, WA 98101
3  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
4  Email: steve@hbsslaw.com

5  Robert B. Carey (*pro hac vice*)
   Michella A. Kras (*pro hac vice*)
6  HAGENS BERMAN SOBOL SHAPIRO LLP
   11 West Jefferson, Suite 1000
7  Phoenix, AZ 85003
   Telephone: (602) 840-5900
8  Facsimile: (602) 840-3012
   Email: rob@hbsslaw.com
9  Email: michellak@hbsslaw.com

10 *Attorneys for Plaintiffs*

   Karen L. Dunn
   (DC SBN 1002520; *pro hac vice*)
   kdunn@paulweiss.com
   William A. Isaacson
   (DC SBN 414788; *pro hac vice*)
   wisaacson@paulweiss.com
   Kyle N. Smith
   (DC SBN 1029803; *pro hac vice*)
   ksmith@paulweiss.com
   PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP
   2001 K Street, NW
   Washington, DC 20006
   Telephone: (202) 223-7300
   Facsimile: (202) 223-7420

   Meredith R. Dearborn (SBN 268312)
   mdearborn@paulweiss.com
   Gabriel R. Schlabach (SBN 304859)
   gschlabach@paulweiss.com
   PAUL, WEISS, RIFKIND, WHARTON &
        GARRISON LLP
   943 Steiner Street
   San Francisco, CA 94117
   Telephone: (202) 223-7300
   Facsimile: (202) 223-7420

   *Attorneys for Defendants*

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19 VICKY MALDONADO AND JUSTIN CARTER,        No. 3:16-cv-04067-WHO
   individually and on behalf of themselves and all
20 others similarly situated,                 SETTLEMENT AGREEMENT

21                              Plaintiffs,   Judge: Hon. William H. Orrick
                                              Courtroom: 2, 17th Floor
22         v.                                 Complaint Filed: July 20, 2016

23 APPLE INC., APPLECARE SERVICE
24 COMPANY, INC., AND APPLE CSC, INC.,

25                              Defendants.



# TABLE OF CONTENTS

**Page**

A.     Definitions. .................................................................................................3

B.     Confidentiality. ...........................................................................................6

C.     Approval of This Settlement Agreement and Dismissal of Claims
        Against Defendants. ...................................................................................7

D.     Release, Discharge, and Covenant Not to Sue. .......................................10

E.     Consideration for Settlement and Class Payments. .................................11

F.     Settlement Administration ........................................................................14

G.     Objections .................................................................................................16

H.     Class Counsel's Attorneys' Fees and Reimbursement of Expenses,
        and Service Award for Class Representatives ..........................................17

I.      Cooperation ..............................................................................................20

J.      Rescission if This Settlement Agreement Is Not Approved or Final
        Judgment Is Not Entered ..........................................................................20

K.     Miscellaneous ...........................................................................................21



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1        This Settlement Agreement ("Settlement Agreement") is made and entered into this 30th

2   day of September, 2021, between Defendants Apple, Inc., AppleCare Service Company, Inc., and

3   Apple CSC, Inc. ("Defendants") and Plaintiffs Vicky Maldonado and Justin Carter, who have filed

4   suit as the representative of a class of similarly situated AppleCare purchasers ("Plaintiffs"), as

5   more specifically defined below, in the class action *Maldonado et al. v. Apple, Inc. et al*, 3:16-cv-

6   04067-WHO, currently pending before the Honorable William H. Orrick in the United States

7   District Court for the Northern District of California ("the Action"). Plaintiffs enter into this

8   Settlement Agreement both individually and on behalf of the class (the "Class" defined below).

9   This Settlement Agreement is intended by Plaintiffs and Defendants (together, the "Parties" or

10  "Settling Parties") to fully, finally, and forever resolve, discharge, and settle the Released Claims,

11  upon and subject to the terms and conditions hereof.

12       WHEREAS, Plaintiffs are prosecuting the Action on their own behalf and on behalf of the

13  Class against Defendants;

14       WHEREAS, Plaintiffs allege that Defendants breached their AppleCare/AppleCare+

15  contracts by providing certain replacement iPhones and iPads that were not "equivalent to new in

16  performance and reliability" and that Defendants violated the Song-Beverly Act, the Magnusson-

17  Moss Warranty Act, and California's Unfair Competition Law when providing those replacement

18  iPhones and iPads;

19       WHEREAS, Defendants have denied and continue to deny each and all of Plaintiffs' claims

20  and allegations of wrongdoing; have not conceded or admitted any liability, or that they violated or

21  breached any law, regulation, or duty owed to the Plaintiffs; have denied and continue to deny all

22  charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts

23  or omissions alleged in the Action; and further deny the allegations that Plaintiffs or any member

24  of the Class has been harmed by any conduct by Defendants, whether alleged in the Action or

25  otherwise;

26

27

28

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

WHEREAS, the Parties completed fact and expert discovery, including an extensive fact and expert deposition process, and litigated Apple's motions to dismiss and for summary judgment, and engaged in mediation;

WHEREAS, Plaintiffs and Defendants agree that neither this Settlement Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendants, or of the truth of any of the claims or allegations alleged in the Action;

WHEREAS, Class Counsel and the Class Representatives have examined and considered the benefits to be obtained under this Settlement, the risks associated with the continued prosecution of this complex and potentially time-consuming litigation, and the likelihood of not achieving ultimate success on the merits, and have concluded that the Settlement is fair, adequate, reasonable and in the best interests of the Class;

WHEREAS, the Parties desire to settle the Action in its entirety as to all Parties, with respect to all potential claims arising out of the facts that were or could have been alleged in this Action.  The Parties intend this Agreement to bind Apple, Plaintiffs (both as the Class Representatives and individually), and all members of the Class as defined herein;

WHEREAS, arm's-length settlement negotiations have taken place between counsel for Plaintiffs and Defendants, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Defendants and Plaintiffs, both individually and on behalf of the Class, has been reached as a result of the parties' negotiations (subject to the approval of the Court) as provided herein and is intended to supersede any prior agreements between the Settling Parties;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, by and through their undersigned attorneys of record, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, that the Action be finally and fully settled, compromised, and dismissed on the merits with prejudice as to Defendants, as defined below, and except as hereinafter provided, without costs as

1      to Plaintiffs, the Class, or Defendants, upon and subject to the approval of the Court, following

2      notice to the Class, on the following terms and conditions:

3      **A.      Definitions.**

4              The following terms as used in this Settlement Agreement, shall have the following

5      meanings:

6              1.      "Action" means the instant class action captioned *Maldonado et al. v. Apple, Inc. et*

7      *al*, 3:16-cv-04067-WHO, pending in the United States District Court for the Northern District of

8      California.

9              2.      "Affiliates" means entities controlling, controlled by or under common control with

10     a Releasee or Releasor.

11             3.      "Class" means: All persons in the United States who purchased AppleCare or

12     AppleCare+, either directly or through the iPhone Upgrade Program, on or after July 20, 2012, and

13     received a remanufactured replacement iPhone or iPad during the Class Period (as set out in the

14     Court's January 14, 2021 Order on Class Definition, ECF No. 237).

15             4.      "Class Counsel" shall refer to the law firm of Hagens Berman Sobol Shapiro, LLP.

16             5.      "Class Member" means any person or entity that falls within the definition of the

17     "Class," excluding any person who properly and timely excluded themselves from the Class on or

18     before May 3, 2021, as provided for in the Court's order approving dissemination of class notice

19     (ECF No. 217), excluding any person who was not within the scope of the prior litigation class

20     notice program and who properly and timely submits a valid request for exclusion (as set forth in

21     this Agreement) by the Deadline to Request Exclusion, and excluding Class Counsel; any

22     employees of Class Counsel; any officers, directors, or employees of Defendants or Defendants'

23     Counsel; and the judge presiding over this case (as well as members of his immediate family and

24     staff.  The devices issued to Class Members rendering them eligible for inclusion in the Class are

25     "Class Devices."

26             6.      "Class Period" means the period from and including July 20, 2012 through the

27     Execution Date.

28             7.      "Class Representatives" refer to Vicky Maldonado and Justin Carter.



8.    "Court" or "District Court" means the United States District Court for the Northern District of California.

9.    "Defendants" means Apple Inc., AppleCare Service Company, Inc., and Apple CSC Inc., and all of their respective past and present, direct and indirect parents, members, subsidiaries, and Affiliates, and their respective past and present officers, directors, employees, managers, members, partners, agents, attorneys and legal representatives, assigns, servants, and representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

10.    "Defendants' Counsel" or "Apple Counsel" shall refer to Paul, Weiss, Rifkind, Wharton & Garrison LLP and other counsel of record for Defendants who have appeared in the Action.

11.    "Document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

12.    "Effective Date" means the first day after which all of the following events and conditions of this Settlement Agreement have been met or have occurred: (a) the Court has entered a Judgment (as defined below) approving the settlement, and (b) the Judgment has become final in that the time for appeal or writ has expired or, if an appeal or writ is taken and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not be deemed final for purposes of the meaning of the term Effective Date as used in this Settlement Agreement. In the event of an appeal or other effort to obtain review, the Parties may agree jointly in writing to deem the Effective Date to have occurred; however, there is no obligation to agree to advance the Effective Date before the Judgment has become final as set out in the preceding sentences of this paragraph.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

13.     "Email Notice" shall mean the Summary Notice of Class Action Settlement to be emailed to Class Members in connection with the Settlement, which shall take a form to be agreed by both Parties in substantial conformance with the sum and substance of the other notices contemplated by this Agreement, and as set forth below.

14.     "Execution Date" means September 30, 2021.

15.     "Final Judgment" means a final order approving the Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Action and all claims therein against Defendants with prejudice as to all Class Members.

16.     "Long-form Notice" means the long-form Notice of Class Action Settlement, in substantially the same form of attached hereto as Exhibit 1 and to be agreed to by the Parties (including as to its final form), which will be available to Class Members on the Settlement Website or from the Settlement Administrator.

17.     "Net Settlement Fund" means the Settlement Fund, reduced by the sum of the following amounts: (1) the costs of notice and the costs of administering the settlement, as set forth below; (2) any attorneys' fees and expenses to Class Counsel, and any incentive award to the Class Representatives, as set forth below.

18.     "Notice Date" shall mean the date set forth in the Preliminary Approval Order for commencing the transmission of the Notice.

19.     "Postcard Notice" means the Notice of Class Action Settlement in substantially the same form of the postcard attached hereto as Exhibit 2 and to be agreed to by the Parties (including as to its final form), to be mailed to Class Members for whom Apple has a mailing address or for whom a mailing address is located by the Settlement Administrator through a reverse directory search, but for whom Apple has no valid email address in the data it provides to the Settlement Administrator pursuant to the terms of this Settlement Agreement.

20.     "Released Claims" means those claims released pursuant to of the terms below in this Settlement Agreement.

21.     "Releasees" or "Released Parties" means Apple Inc., AppleCare Service Company, Inc., and Apple CSC Inc. and all of their respective past and present directors, officers, employees,

agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, parents, subsidiaries, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, related companies, and divisions, and each of their predecessors, successors, heirs, and assigns.

22.     "Releasors" shall refer to the plaintiff Class Representative and the Class Members, and to their respective past and present parents, members, subsidiaries, Affiliates, officers, directors, employees, agents, attorneys, servants, and representatives (and the parents', members', subsidiaries', and Affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and all of their respective predecessors, successors, heirs, executors, administrators, and assigns.

23.     "Settlement Administrator" means Epiq Class Action & Claims Solutions, Inc. ("Epiq"), along with Epiq's Notice business unit, Hilsoft Notifications ("Hilsoft").

24.     "Settlement Agreement" means this Settlement Agreement.

25.     "Settlement Amount" means the sum of Ninety-Five Million ($95,000,000.00) U.S. Dollars as set forth below.

26.     "Settlement Fund" means the Settlement Amount ($95,000,000.00), as set forth in Paragraphs 45-46 below.

27.     "Settling Parties" means, collectively, Plaintiffs (on behalf of themselves and the Class) and the Defendants.

**B.     Confidentiality.**

28.     Plaintiff and Class Counsel agree that until publication of this Settlement Agreement by submission to the Court as part of the Motion for Preliminary Approval, the terms of this Settlement Agreement and all associated documents, including the negotiations leading to the execution of the Settlement Agreement and all submissions and arguments and orders related to the proceedings before the Hon. Daniel Weinstein (Ret.) related to allocation, and the Settlement Agreement itself shall not be disclosed by Plaintiffs and their attorneys without the advance written consent of Apple. Upon publication of the Settlement Agreement by submission to the Court, the nondisclosure obligations set forth in this paragraph will no longer apply to the as-filed Settlement

HB HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Agreement or the terms thereof. However, such obligations will continue to apply to all other materials and information covered by this paragraph.

29. The Parties will continue to comply with the Stipulated Protective Order in this Action, ECF No. 68, including with respect to the requirements of Paragraph 17, which govern the return or destruction of any material produced, submitted, or filed under seal under the Protective Order, and the certification that all Protected Material was returned or destroyed.

30. It is expressly understood that the foregoing provisions of this Confidentiality section set forth a substantial and material provision of the Agreement and an intentional breach of these provisions will support a cause of action for breach of contract and will entitle the aggrieved parties to recover damages flowing from such breach, as proven.

**C.     Approval of This Settlement Agreement and Dismissal of Claims Against Defendants.**

31. *Preliminary Approval*. The Parties agree to recommend approval of the Settlement Agreement to the Court as fair and reasonable and to undertake their best efforts to obtain such approval. "Best efforts" means that the Parties may not oppose any application for appellate review by one of the Parties in the event the Court denies Preliminary or Final Approval. The Parties therefore agree that Plaintiffs shall submit this Agreement, together with its exhibits, to the Court and shall apply in a motion for entry of an order preliminarily approving the settlement, providing for notice to the Class, and other related matters in the form attached as Exhibit 3 hereto (the "Preliminary Approval Motion and Order").  Apple shall have no obligation to file any written statement in support of any motion for Preliminary or Final Approval of the Settlement Agreement, unless the Court requests that Apple provide its position.

32. Class Counsel shall draft the motion ("Motion for Preliminary Approval") and provide that draft to Defendants' Counsel prior to execution of this Settlement Agreement. The Motion for Preliminary Approval shall be written in a neutral manner that does not contain inflammatory language about the Parties or their perceived conduct in the Action. The Parties will agree on the form and substance of the Motion for Preliminary Approval, and accompanying documents (including, for example, the Long-form Notice) prior to execution of this Settlement Agreement.

SETTLEMENT AGREEMENT
Case No. 3:16-cv-04067



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

33.     Nothing in the foregoing paragraphs shall in any way prohibit Apple from opposing a request for attorneys' fees and expenses that exceeds 25% of the Settlement Fund, unless specifically provided otherwise elsewhere in this Agreement.

34.     The Motion for Preliminary Approval shall include a proposed form of, method for, and date of dissemination of notice. The text of the foregoing shall be agreed upon by Plaintiffs and Defendants before submission of the Motion for Preliminary Approval. Individual notice of the settlement shall be as provided in the Motion for Preliminary Approval and as approved by the Court, with all expenses paid from the Settlement Fund, as provided in and subject to the terms of the provisions herein. To the extent that any changes to the form of the Proposed Order and Final Judgment, as outlined herein, are required by the Court, the Parties will negotiate consistent with the terms of this Settlement Agreement and agree upon the form of Proposed Order and Final Judgment prior to the filing of the motion for final approval. The Motion for Preliminary Approval shall recite and ask the Court to find that the mailing or emailing of the notice of settlement to all Class Members who can be identified upon reasonable effort constitutes valid, due, and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23. In accordance with the terms of this Agreement, Defendants and their counsel shall have no responsibility for, interest in, financial obligation for, or liability whatsoever with respect to investment, distribution, or administration of the Settlement Fund, nor shall Defendants or their counsel have any responsibility for, financial obligation for, or liability whatsoever with respect to any plan of distribution or allocation of the Settlement Fund.

35.     Upon filing of the Motion for Preliminary Approval, Apple shall provide timely notice of such motion as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq*. The costs to Apple of providing such notice shall be paid from the Settlement Fund, and to the extent such costs are incurred prior to deposit of the Settlement Amount into the Settlement Fund, such costs shall be deducted from the Settlement Amount as set forth herein before the Settlement Amount is paid into the Settlement Fund. For avoidance of doubt, Apple's total financial

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  obligation, including the payment of any costs incurred pursuant to providing notice under the

2  Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*, shall not exceed the Settlement Amount.

3        36.    ***Final Approval and Judgment***.  In accordance with the schedule set in the

4  Preliminary Approval Order and such that the final approval hearing shall not be scheduled in a

5  way that is inconsistent with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711

6  *et seq.*, Class Counsel shall draft the motion requesting final approval of the Settlement (the

7  "Motion for Final Approval"), the entry of a final approval order substantially in the form attached

8  as Exhibit 4 hereto (the "Final Approval Order"), and entry of final judgment, which shall take a

9  form to be agreed by both Parties in substantial conformance with terms of this Agreement (the

10  "Final Judgment"), and provide that draft to Defense Counsel at least fifteen business days before

11  filing such motion with the Court.

12        37.    Notwithstanding the foregoing, Apple may oppose the Motion for Final Approval to

13  the extent that the Parties do not agree on its terms. Nothing in the foregoing paragraphs shall in

14  any way prohibit Apple from opposing a request for attorneys' fees and expenses, unless

15  specifically provided otherwise elsewhere in this Agreement.

16        38.    In the event that the Settlement Agreement is not approved, or in the event its

17  approval is conditioned on any modifications that are not acceptable to all parties, then, following

18  the exhaustion of any appellate review, (a) this Settlement Agreement shall be null and void and of

19  no force and effect, (b) any payments of the Settlement Fund and any and all interest earned

20  thereon, less monies expended toward settlement administration, shall be returned to Apple within

21  ten (10) business days from the date the Settlement Agreement becomes null and void, and (c) any

22  release shall be of no force or effect. In such event, Plaintiffs shall have an obligation to negotiate

23  with Apple in good faith regarding a revised settlement agreement that resolves this action on

24  terms as close as possible to those set out in this agreement that the Parties reasonably anticipate

25  will be approved by the Court. At Apple's request, Plaintiffs shall be required to participate in one

26  or more full-day mediations to carry out those negotiations in good faith in an effort to reach such a

27  revised settlement agreement. In the event that the Parties are unable to agree on a revised

28  settlement agreement, the case will proceed as if no settlement has been attempted, and the Settling

HB HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Parties shall be returned to their respective procedural postures so that the Parties may take such litigation steps that they otherwise would have been able to take absent the pendency of this Settlement Agreement. However, any order reversing, vacating, or modifying on appeal (1) any amount of the fees and expenses awarded by the Court to Plaintiffs' Counsel, or (2) any determination by the Court to award less than the amount requested in attorneys' fees and expenses or service awards to Named Plaintiffs, shall not give rise to any right of termination or otherwise serve as a basis for termination of this Settlement Agreement.

**D.      Release, Discharge, and Covenant Not to Sue.**

39.      As of the Effective Date, each member of the Class releases and forever discharges and covenants not to sue, and is permanently enjoined from suing, Apple, its past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers and assigns of each of the foregoing) from all claims, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising from or related to the facts underlying the Action before the end of the Class Period ("Released Claims").

40.      Each member of the Class expressly agrees that, upon the Effective Date, he, she, or it waives and forever releases any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code and any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Section 1542 of the California Civil Code reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

41.      The Parties are aware that they may hereafter discover claims or facts in addition to or different from those they now know or believe to be true with respect to the matters underlying the Lawsuit. In furtherance of the Parties' intent, the release of the Released Claims shall remain in

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

full and complete effect notwithstanding discovery or existence of any additional or different claims or facts.

42.      The amount of the Class Payment pursuant to this Agreement shall be deemed final and conclusive against all Class Members, who shall be bound by all of the terms of this Agreement and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein.

43.      All proceedings with respect to the administration and Class Payments to Class Members under this Settlement Agreement and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the amount of such Class Payment, shall not in any event delay or affect the finality of the Judgment.

44.      No Person shall have any claim of any kind against the Parties or their counsel or the Settlement Administrator with respect to the matters set forth herein to the extent the Settlement Administrator performs in accordance with the terms of this Agreement and orders of the Court, or based on determinations or distributions made substantially in accordance with this Settlement Agreement, the Final Approval Order, the Judgment, or further order(s) of the Court.

E.      **Consideration for Settlement and Class Payments.**

45.      ***Settlement Fund***. Apple's total financial commitment under this Settlement Agreement shall be $95,000,000.00 (the "Settlement Amount"). Within 15 calendar days after the Effective Date of this Settlement Agreement, the Settlement Amount, less any administrative or notice costs that Apple already paid under this Settlement Agreement, shall be paid into an account established by the Settlement Administrator for the Settlement Fund.

46.      The Settlement Administrator shall agree to hold the Settlement Fund in an interest-bearing account and to administer the Settlement Fund, subject to the continuing jurisdiction of the Court and from the earliest possible date, as a qualified settlement fund as defined in Treasury Regulation § 1.468B-1 *et seq.* Any taxes owed by the Settlement Fund shall be paid by the Settlement Administrator out of the Settlement Fund. The interest earned in the aforementioned account shall be added to the Settlement Fund.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

47.     ***Disposition of the Settlement Fund.*** The Settlement Fund shall be applied as follows:

        a.     to pay the costs of notice and the costs of administering the settlement, as set forth below;

        b.     after entry of the Final Judgment (as defined herein), to pay any approved attorneys' fees and expenses to Class Counsel, and any incentive award to the Class Representatives, as set forth below;

        c.     after the Effective Date, to distribute the Net Settlement Fund to Class Members as set forth below.

48.     ***Allocation of Settlement***.  The Settlement Proceeds shall be distributed on a *pro rata* basis to all Class Members based on the number of Class Devices they received, with an equal dollar amount credited for each Class Device that falls within the scope of the Class. Distribution shall be made in accordance with the payment process set forth below.  The allocation of the fund was arrived upon after the conclusion of a confidential, binding dispute-resolution process, as agreed by the Parties.

49.     ***Payment Process.*** Within 90 calendar days of the Effective Date or such other later date as may be ordered by the Court, the Settlement Administrator, subject to such supervision and direction of the Court and the Parties as may be necessary or as circumstances may require, shall distribute the Class Payments to Class Members. To the extent valid email information is available, the Class Administrator shall send an email to Class Members, which shall take a form to be agreed upon by both Parties, using the Class Members' email address as contained in Apple's company records (as provided to the Settlement Administrator by Apple in accordance with the requirements of this Settlement Agreement) or set forth on the Class Member's approved Application for Inclusion in the Class. The email will provide Class members with the option to select to receive their payment via electronic ACH deposit or a digital payment in the form of a digital MasterCard or Visa card ("digital payment option"). Class Members can also elect to receive a physical check, so long as Apple's company records or the approved Application for Inclusion contain a valid first and last name for the Class Member sufficient to allow the issuance of their selected payment. The

Class Payments shall state that the electronic ACH deposit or digital payment option or check must be cashed or redeemed within 90 days of the date such Class Payments are transmitted or else the payments shall become void. The distribution of the notice shall substantially conform to the class notice plan previously approved by the Court (ECF No. 217; ECF No. 210), which has already been used to provide Class Members with notice of this action and the opportunity to submit a written request for exclusion from the class.  Except as explained in the following Paragraph, consistent with the dissemination of class notice under the class notice plan approved by the Court (ECF No. 217; ECF No. 210), the Settlement Administrator shall not have any obligation to conduct further outreach to Class Members based on email addresses or physical mailing addresses being undeliverable or otherwise invalid, and Apple shall not have any duty to furnish additional information based on undeliverability.

50.     If neither Apple's company records nor the Application for Inclusion contain a valid first and last name that are sufficient to allow the issuance of either an electronic ACH deposit or a check and the digital payment option has not been utilized, the Settlement Administrator shall to the extent economically feasible communicate with such Class Members in an effort to obtain a valid first and last name that is sufficient to allow the issuance of an electronic ACH deposit or a check.  Further, to the extent economically feasible, the Settlement Administrator shall follow up and communicate with Class Members who have not cashed their Class Payments after 60 days of the checks being transmitted.

51.     Following distribution of the Settlement Fund as set forth above, if payments to Class Members remain uncashed or unclaimed after 90 days (or such other later date if the Court so orders), the funds attributable to those individuals shall be used to pay any unanticipated additional costs of settlement administration as set forth below. If necessary, the Parties shall thereafter confer on the distribution of any remaining unclaimed funds with resolution subject to Court approval.  If the Parties cannot reach a resolution, they shall brief the matter of what to do with any remaining unclaimed funds for a decision by the Hon. Daniel Weinstein (who shall arbitrate any such dispute). If Judge Weinstein is unavailable to hear the arbitration, the parties shall mutually agree



on an alternative arbitrator. The arbitrator's decision shall be binding on the Parties, subject to the approval of the Court. Under no circumstances shall any uncashed funds revert to Defendants.

52.     In the event that a determination is made pursuant to the preceding paragraph to pay unclaimed funds to a *cy pres* recipient, the Parties agree to confer in good faith to attempt to identify a *cy pres* recipient or recipients, whose work is closely related to the issues raised by this Action and/or furthers the objectives of this Settlement Agreement. If the Parties cannot reach a resolution, they shall brief the matter of who the *cy pres* recipient shall be for the arbitrator's decision, subject to the Court's approval, in accordance with the terms of the preceding paragraph.

53.     ***Payment of Expenses***. The Parties agree that the costs associated with notice to the Class and the costs of administration of the Settlement Fund shall come solely from the Settlement Fund. The notice and administration expenses are not recoverable if this settlement does not become final, but only to the extent such funds are actually expended for notice and administration costs. Other than their obligation to pay the Settlement Amount into the Settlement Fund, Defendants shall not be liable for any costs of providing notice to the Class nor any other costs of administration of the Settlement Fund.

**F.     Settlement Administration**

54.     Apple will provide to the Settlement Administrator (but not to Class Counsel) the names, addresses, and email addresses of the Class Members. Apple will also provide data sufficient to identify the number of replacement Devices for each Class Member (if more than one) for all Class Members with respect to whom it has records. The Settlement Administrator shall administer the notice program described herein and pursuant to the Preliminary Approval Order.

55.     The Parties agree upon and will request the Court's approval of the following forms and methods of notice to the Class:

      a.   The Settlement Administrator shall establish and maintain a settlement website, www.replacementdevicelawsuit.com (the "Settlement Website"). The Settlement Website will include the operative complaint and answer to that complaint, this Agreement, the Long-Form Notice, the Preliminary Approval Order, a set of Frequently Asked Questions, information on how to object, information on how to request exclusion (for Class Members who were not within the scope of the prior litigation class notice program) and contact information for Class Counsel and the Settlement Administrator.



b.  The Settlement Administrator shall set up a toll-free telephone number (the "Toll-Free Number") through which Class Members can access settlement information and case documents.

c.  The Settlement Administrator shall email to each Class Member for whom Apple has an email address a copy of the Email Notice, which shall take a form to be agreed upon by both Parties. The Email Notice shall inform Class Members of the fact of the settlement and that settlement information is available on the Settlement Website or by calling the Toll-Free Number.

d.  For Class Members for whom the above Email Notice is returned as undeliverable and for Class Members for whom there is not a valid email address on file, the Settlement Administrator shall mail to each Class Member for whom a mailing address can be located the Postcard Notice substantially in the form attached hereto as Exhibit 2, informing Class Members of the fact of the settlement and that settlement information is available on the Settlement Website or by calling the Toll-Free Number. All Postcard Notices returned by the U.S. Postal Service with a forwarding address will be re-mailed to the new address.

56.  The Settlement Website shall include an Application for Inclusion in the Class that may be submitted by individuals who believe themselves to be Class Members but who have not received email or mail notice. The deadline to submit an Application for Inclusion in the Class shall be 60 days after Notice Date and shall be clearly stated on the Settlement Website. Individuals submitting the form ("Applicants") shall provide their name, address, email address, and serial number of the iPhone(s) or iPad(s) for which they believe they are entitled to a Class Payment and shall state under penalty of perjury that they believe they meet the Class criteria. The Settlement Administrator shall use its best efforts in consultation with Apple to confirm whether the Applicant is a Class Member. If the Applicant is confirmed to be a Class Member, they shall be added to the Class and shall be entitled to a Class Payment. The decision of the Settlement Administrator shall be final as to the determination of the Claimant's recovery, if any, for any Class Device. The Settlement Administrator shall make best efforts to confirm or reject all Applications for Inclusion in the Class within 90 days of the Notice Date. The Settlement Administrator has agreed to perform all settlement administration duties required by the Settlement Agreement at a cost not to exceed $1,644,838.  The Settlement Administrator shall withdraw that amount from the Settlement Fund to cover all costs and expenses related to the settlement administration functions to be performed by the Settlement Administrator, including the notice



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

program and claims administration process. In the event that unanticipated costs and expenses arise in connection with the notice program and/or claims administration process, such that they exceed the capped amount set forth above, then the amount in excess of the capped amount shall be paid for exclusively out of the Settlement Fund, including by way of any funds represented by uncashed checks.

57.     The Email Notice, Postcard Notice, and the Long-Form Notice shall provide information on the procedure by which Class Members may object to the Settlement.

**G.     Objections**

58.     ***Objections.*** Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, and/or any attorneys' fees or expenses to Class Counsel, or any incentive award(s) to the Class Representatives, must comply with the following requirements.

59.     ***Content of Objections.*** All objections and supporting papers must be in writing and must:

    a.  Clearly identify the case name and number, *Maldonado et al. v. Apple Inc., et al.*, Case No. 3:16-cv-04067-WHO;

    b.  Include the full name, address, telephone number, and email address of the person objecting (the "Objector");

    c.  Include the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel);

    d.  State whether the objection applies only to the Objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection; and

    e.  Be verified by an accompanying declaration submitted under penalty of perjury or a sworn affidavit.

60.     ***Submission of Objections***. Any objections from Class Members regarding the proposed Settlement Agreement must be submitted in writing to the Court and to Counsel for the Parties. If a Class Member does not submit a timely written objection, the Class Member will not be able to participate in the Final Fairness Hearing (as defined below).


1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

61.    ***Deadline for Objections***. Objections must be submitted by the "Objection and Exclusion Deadline," which is 60 days after the Notice Date.

    a.  If submitted through ECF, objections must be submitted by the Objection and Exclusion Deadline no later than 11:59 p.m. Pacific Time.

    b.  If submitted by postal mail, objections must be postmarked by the Objection and Exclusion Deadline. The date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted. In the event a postmark is illegible or unavailable, the date of mailing shall be deemed to be three days prior to the date that the Court scans the objection into the electronic case docket.

    c.  Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from making any objection to the Agreement and the proposed Settlement by appearing at the Final Fairness Hearing, appeal, collateral attack, or otherwise.

62.    ***Attendance at Final Fairness Hearing.*** Any Objector who timely submits an objection has the option to appear and request to be heard at the Final Fairness Hearing, either in person or through the Objector's counsel. Any Objector wishing to appear and be heard at the Final Fairness Hearing must include a Notice of Intention to Appear in the body of the Objector's objection. Objectors who fail to submit or include this Notice of Intention to Appear may not speak at the Final Fairness Hearing without permission of the Court.

63.    ***Objectors' Attorneys' Fees and Costs***. If an Objector makes an objection through an attorney, the Objector shall be solely responsible for the Objector's attorneys' fees and costs.

64.    ***No Solicitation of Settlement Objections***. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or encourage an appeal from the Court's Final Approval Order.

**H.    Exclusions**

65.    ***Requests for Exclusion.*** The Notice shall advise Class Members who were not within the scope of the prior litigation class notice program of their right to exclude themselves from the Settlement. Class Members who were within the scope of the prior litigation class notice program were given the opportunity to exclude themselves from the Class and cannot request

HB HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

exclusion from the Settlement . This Settlement Agreement will not bind Class Members who exclude themselves from the Settlement or who previously excluded themselves from the Class.

66.     *How to Request Exclusion.* To request to be excluded from the Settlement, Class Members who were not within the scope of the prior litigation class notice program must timely submit a written Request for Exclusion. The Request for Exclusion must be sent by postal mail to the Settlement Administrator.

67.     *Deadline to Request Exclusion.* To be excluded from the Settlement, the completed Exclusion Form must be received by the Objection and Exclusion Deadline, which is 60 days after the Notice Date. The Class Member must pay for Postage.

68.     *Effect of Exclusion.* Any person or entity validly and timely requests exclusion from the Settlement, or who previously submitted a valid request for exclusion, shall not be a Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to apply for any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an Objection to the Settlement.

69.     *Exclusion List.* No later than 14 days after the Objection and Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Apple Counsel with the exclusion forms submitted by all persons and entities who timely and validly excluded themselves from the Settlement.

**I.      Class Counsel's Attorneys' Fees and Reimbursement of Expenses, and Service Award for Class Representatives**

70.     Class Counsel may apply for a reasonable award of attorney's fees and expenses (the "Fee and Expense Award"). Apple reserves the right to object to and oppose Class Counsel's request(s) for attorneys' fees and expenses to the extent that the Fee and Expense award would exceed 25% of the total Settlement Fund.

71.     Provided the Court approves the requested award, the Settlement Administrator shall wire the amount of the approved Fee and Expense Award from the Settlement Fund to an account specified by Class Counsel within 30 calendar days of the Effective Date.



HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

72.     Class Counsel may also apply for an incentive award of no more than $15,000 for Vicky Maldonado and $12,500 for Justin Carter to compensate each Class Representative for his or her role in the Action (the "Incentive Award"), to be drawn exclusively from the Settlement Fund. Apple reserves the right to oppose any request for an incentive award over $7,500 per named plaintiff, and nothing in this Settlement Agreement shall be construed as in any way prohibiting Apple from submitting such an objection. For tax purposes, the Incentive Award will be treated as 100% non-wage claim payment. The Settlement Administrator shall issue an IRS Form 1099-MISC for the Incentive Award payment to the Class Representatives.  Provided the Court approves the requested awards, the Settlement Administrator shall wire the Incentive Awards to accounts specified by Class Counsel within fourteen (14) days of the Effective Date.

73.     The procedure for, and the allowance or disallowance by the Court of, the application by Class Counsel for a Fee and Expense Award are not part of this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement. Any order or proceeding relating to the application for a Fee and Expense Award, the pendency of any such application, or any appeal from any such order, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the judgment approving the settlement.

74.     Neither Defendants nor any other Releasee under this Settlement Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Class Counsel of any Fee and Expense Award in the Action other than by virtue of the obligation to pay the Settlement Amount into the Settlement Fund.

75.     Neither Defendants nor any other Releasee under this Settlement Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make or approve in the Action.

76.     Neither Defendants nor any other Releasee under this Settlement Agreement shall be liable for any additional fees or expenses of the Plaintiffs or any Class Member in connection with the Action. Class Counsel agree that they will not seek any additional fees or costs from

HAGENS BERMAN

Apple in connection with the Action or the settlement of the Action. Apple expressly agrees that it will not seek to recover its court costs, attorneys' fees, or expenses once the Court enters an order dismissing the Action and the Effective Date has passed.

**J.    Cooperation**

77.    The Parties agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the settlement described in this Agreement.

**K.    Rescission if This Settlement Agreement Is Not Approved or Final Judgment Is Not Entered**

78.    If the Court refuses to approve this Settlement Agreement or any part hereof, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Final Judgment provided for in this Settlement Agreement, or if the Court enters the Final Judgment and appellate review is sought, and on such review, such Final Judgment is not affirmed in its entirety, then either Party has the option to rescind this Settlement Agreement in its entirety, provided, however, that both Parties shall have the obligation to negotiate in good faith in an effort to reach a revised settlement agreement in the event that either Party exercises the right to rescind described in this paragraph. Written notice of the exercise of any such right to rescind shall be made according to the terms of this Settlement Agreement. A modification or reversal on appeal of any amount of attorneys' fees and expenses shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such Final Judgment.

79.    In the event that this Settlement Agreement does not become final, then this Settlement Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Settlement Fund (including interest earned thereon) shall be returned forthwith to Defendants less only disbursements made in accordance with the terms of this Settlement Agreement, and all other obligations pursuant to this Settlement Agreement shall cease immediately. Defendants and Plaintiffs expressly reserve all of their rights and defenses if this Settlement Agreement does not become final.



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

80.     This Settlement Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement Agreement, for a complete resolution of the relevant claims with respect to all Parties to this Settlement Agreement.

**L.     Miscellaneous**

81.     Plaintiffs expressly warrant that, in entering into the Settlement, they have relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by Defendants not expressly contained in this Agreement.

82.     This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them.  The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing. Each of the Parties has cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement. Accordingly, in any construction to be made of this Agreement, this Agreement shall not be construed as having been drafted solely by any one or more of the Parties.

83.     This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs, Class Members, and Defendants. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs, or Class Counsel shall be binding upon all Class Members and Releasors. Each and every Releasee (other than the Defendants that are parties hereto) is a third-party beneficiary of this Settlement Agreement and is authorized to enforce the Settlement Agreement's terms applicable to that Releasee.

84.     ***Integrated Agreement***. This This Agreement, including all exhibits, constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any of the Parties hereto, except as provided for herein.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

85.    ***Modification and Amendment.*** This Settlement Agreement may not be modified or amended except in a written instrument executed by the Parties' counsel and approved by the Court.

86.    ***Consent to Jurisdiction.*** The United States District Court for the Northern District of California shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement that is not resolved by negotiation and agreement by Plaintiffs and Defendants. Any and all disputes arising from or related to the Settlement or this Agreement must be brought the by Parties, Class Counsel, Apple Counsel, and/or each member of the Class exclusively in the Court. The Parties, Class Counsel, Apple Counsel, and each member of the Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement or this Agreement.

87.    ***Choice of Law.*** All terms of this Agreement shall be governed and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

88.    ***Notices.***

a.   All Notices to Class Counsel provided for herein shall be sent by email to: chriso@hbsslaw.com, with a hard copy sent by overnight mail to Steve W. Berman, HAGENS BERMAN SOBOL SHAPIRO LLP, 1301 Second Avenue, Suite 2000, Seattle, WA 98101.

b.   All Notices to Apple provided for herein shall be sent by email to scott_murray@apple.com with a copy to kdunn@paulweiss.com and wisaacson@paulweiss.com, with a hard copy sent by overnight mail to Apple Inc., 1 Apple Park Way, MS:169-2NYJ, Cupertino, California 95014, Attn: Chief Litigation Counsel and Karen Dunn, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 2001 K St NW, Washington, DC 20006.

c.   The notice recipients and addresses designated above may be changed by written notice pursuant to this Section.

d.   Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections or other submissions or filings received as a result of the Class Notice.

SETTLEMENT AGREEMENT
Case No. 3:16-cv-04067

- 22 -



89.     ***Authorization to Enter Settlement Agreement***. Each of the undersigned attorneys represents and warrants that he or she is fully authorized to conduct settlement negotiations and to enter into the terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective clients, subject to Court approval.

90.     ***Headings***. The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

91.     ***Gender and Plurals***.  As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

92.     ***Survival of Warranties and Representations***.  The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

93.     ***Execution in Counterparts***. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.

94.     ***Extensions of Time***.  Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

DATED:  September 30, 2021              HAGENS BERMAN SOBOL SHAPIRO LLP
                                        Steve W. Berman (*pro hac vice*)
                                        Robert B. Carey (*pro hac vice*)
                                        Michella A. Kras (*pro hac vice*)

                                By:     /s/
                                        Steve W. Berman (*Pro Hac Vice*)
                                        1301 Second Avenue, Suite 2000
                                        Seattle, WA 98101
                                        Telephone: (206) 623-7292
                                        Facsimile: (206) 623-0594

                                        *Attorneys for Plaintiffs*

SETTLEMENT AGREEMENT
Case No. 3:16-cv-04067



HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1   DATED:  September 30, 2021

2                                                    By:   _Kathe L Adams_

3

4                                                          Katherine Adams
                                                           Senior Vice President and General
5                                                          Counsel

6                                                          *For Defendants*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

**EXHIBIT B**

## In re DRAM IPP Antitrust Case
*All figures are best estimates based on public records*

| | % Total Settlement |
|---|---|
| **Settlement** $310.72 million | **100%** |
| **Claims paid** $188,872,426 | **61%** |
| Class members sent notice 175.5 million* | |
| Actual claims 445,554 (0.25%) | |
| Opt-outs 5 (0.0%) | |
| Average recovery per claimant $423.90** | |
| **Residual** $2.3 million | **0.75%** |
| Cy pres distribution $0 | |
| Reversion $0 | |
| **Attorney fees awarded** $78.3 million | **25%** |
| Portion of distributed fund 41% | |
| **Attorney Costs** $11.8 million | **4%** |
| **Administrative costs** $1.047 million | **0.3%** |

*No direct notice to class members; publication only.
**Median recovery not available.

## In re Milk IPP Antitrust Case
*All figures are best estimates based on public records*

| | % Total Settlement |
|---|---|
| **Settlement** $52 million | **100%** |
| **Claims paid** $35,316,020 | **68%** |
| Class members sent notice 186.2 million* | |
| Actual claims 3,542,640 (1.9%) | |
| Opt-outs 1 (0.0%) | |
| Average recovery per claimant** | |
| **Residual** 0 | |
| Cy pres distribution $0 | |
| Reversion $0 | |
| **Attorney fees awarded** $13 million | **25%** |
| Portion of distributed fund 37% | |
| **Attorney Costs** $2.4 million | **4.61%** |
| **Administrative costs** $1.5 million | **2.81%** |

*No direct notice to class members; publication only.
**$7.51 for individuals and $210.28 for organizations.

## In re MyFord Touch Litigation
*All figures are best estimates based on public records*

| | % Total Settlement |
|---|---|
| **Settlement** $17,000,000 | **100%** |
| **Claims paid** $17,000,000 | **100%** |
| Class members sent notice 374,000 | |
| Actual claims 14,573 | |
| Unilateral Payments 309,199 | |
| Lowest payment per Class Member:* $20 | |
| Largest payment per Class Member: $1200 | |
| Opt-outs: 170 (0.044%) | |
| Reversion $0 | |
| **Number of Free Software Updates** 16,451 | |
| **Attorney fees awarded** $10.2 million | |
| **Attorney Costs** $5.8 million | |
| **Administrative costs paid directly by Ford** | |

*Median recovery not available.

## Electronic Arts IPP Antitrust Case
*All figures are best estimates based on public records*

| | % Total Settlement |
|---|---|
| **Settlement** $27 million | **100%** |
| **Claims paid** $11,592,317 | **43%** |
| Class members sent notice 14.076 million | |
| Actual claims 143,775 (1.02%) | |
| Opt-outs 5 (0.0%) | |
| Average recovery per claimant $80.63* | |
| **Residual** $5.033 million | **18.64%** |
| Cy pres distribution $0 | |
| Reversion $0 | |
| **Attorney fees awarded** $7.3 million | **27%** |
| Portion of distributed fund 63% | |
| **Attorney Costs** $2 million | **7.4%** |
| **Administrative costs** $1.170 million | **0.3%** |

*Median recovery not available.