**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | Case No. 3:16-cv-04067-WHO |
| Plaintiffs, | ) ) | |
| v. | ) ) | **DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT** |
| APPLE INC., APPLECARE SERVICE COMPANY, INC., AND APPLE CSC, INC., | ) ) ) | **NOTICE PLAN** |
| | ) | |
| Defendants, | ) ) | |

I, Cameron Azari, declare as follows:

1.      My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice, and I have served as an expert in dozens of federal and state cases involving class action notice plans.

3.      I am the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"), a firm that specializes in designing, developing, analyzing and implementing, large-scale legal notification plans.  Hilsoft is a business unit of Epiq Class Action & Claims Solutions, Inc. ("Epiq").

4.      This declaration will describe the Settlement Notice Plan ("Notice Plan" or "Plan") and notices (the "Notice" or "Notices") here for Maldonado v. Apple Inc., et al., Case No. 3:16-cv-04067-WHO, in the United States District Court for the Northern District of California.  I previously executed my *Declaration of Cameron R. Azari, Esq. on Notice Plan*, on June 1, 2020, in which I detailed the plan to give notice of the Court's certification of the Class in this matter.

DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

That declaration also included a description of Hilsoft's class action notice experience and attached Hilsoft's curriculum vitae. I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs. The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Hilsoft and Epiq.

## NOTICE PLAN

5.      The Notice Plan is designed to provide notice to the following Class:

> Those who purchased AppleCare or AppleCare+, either directly or through the iPhone Upgrade Program, on or after July 20, 2012, and received a remanufactured replacement Device.

6.      Rule 23 of the Federal Rules of Civil Procedure directs that the best notice practicable under the circumstances must include "individual notice to all members who can be identified through reasonable effort."[1]  The proposed Notice Plan satisfies this requirement. The Notice Plan provides for individual notice (via email or postal mail) to all Class Members who are reasonably identifiable. Epiq already has the data to provide this notice from the class certification notice effort that was previously done.

### *Individual Notice*

7.      Class Notice will include an Email Notice to be sent to all potential Class Members for whom a facially valid email address is available. At the class certification stage, Epiq sent 3,710,005 initial Email Notices. This same list will be used to send Email Notice of the proposed Settlement. The Email Notice will be created using an embedded html text format. This format will provide text that is easy to read without graphics, tables, images and other elements that would

---

[1] FRCP 23(c)(2)(B).

DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

increase the likelihood that the message could be blocked by Internet Service Providers (ISPs) and/or SPAM filters.  The emails will be sent using a server known to the major emails providers as one not used to send bulk "SPAM" or "junk" email blasts.  Also, the emails will be sent in small groups so as to not be erroneously flagged as a bulk junk email blast.  Each Email Notice will be transmitted with a unique message identifier.  If the receiving email server cannot deliver the message, a "bounce code" should be returned along with the unique message identifier.  For any Email Notice for which a bounce code is received indicating that the message is undeliverable, at least two additional attempts will be made to deliver the Notice by email.

8.     The     Email     Notice     will     include     the     website     address www.replacementdevicelawsuit.com.  By accessing the website, recipients will be able to easily access a Detailed Notice, the Settlement Agreement, Preliminary Approval Motion and Order, Amended Complaint and any other important court documents, and answers to frequently asked questions.  The website will also include an Application Form for potential Class Members to fill out if they believe they are members of the Class and did not receive notice of the proposed Settlement.  The proposed Email Notice is included as **Attachment 1**.

9.     For all Class Members for whom a facially valid email address does not exist, but a physical address does, a standard 4" by 6" Postcard Notice will be mailed.  The Postcard Notice will be sent via USPS first class mail.  For the prior notice of Class Certification, Epiq mailed 78,350 Postcard Notices.  For the proposed Settlement notice effort, Epiq will also mail a Postcard Notice to all Class Members for whom an Email Notice is ultimately undeliverable.  Prior to mailing, all mailing addresses will be checked against the National Change of Address ("NCOA")

DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

3

database maintained by the USPS.[2]  Any addresses that are returned by the NCOA database as invalid will be updated through a third-party address search service.  In addition, the addresses will be certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

10.     Postcard Notices returned as undeliverable will be re-mailed to any new address available through USPS information, for example, to the address provided by USPS on returned pieces for which the automatic forwarding order has expired, or to better addresses that may be found using a third-party lookup service.  Upon successfully locating better addresses, Postcard Notices will be promptly re-mailed.  The proposed Postcard Notice is included as **Attachment 2**.

11.     Additionally, a full Detailed Notice will be mailed via USPS first class mail to all persons who requested one via the toll-free telephone number.  The proposed Detailed Notice is included as **Attachment 3**.

*Case Website, Toll-free Telephone Number, and Postal Mailing Address*

12.     The www.replacementdevicelawsuit.com website will be updated to reflect the Settlement.  Class Members will be able to obtain detailed information about the case and review key documents, including the Detailed Notice, the Settlement Agreement, Preliminary Approval Motion and Order, Amended Complaint and any other important court documents, and answers to frequently asked questions.  The case website will also include information on how Class

---

[2] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years.  The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address.

DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

Members can request exclusion from the Class or object to the Settlement. Additionally, the website will include an Application Form that a visitor who may not have received notice of the Settlement can fill out to request to be included in the Settlement Class and potentially receive a payment (all identified Class Members will receive an automatic payment if the Settlement receives Final Approval). The case website address will be displayed prominently on all notice documents.

13.     A toll-free telephone number will also be established to allow Class Members to call for additional information, listen to answers to FAQs, and request that a Notice be mailed to them. The toll-free telephone number will be prominently displayed in the Notice documents as well.

14.     A post office box for correspondence about the case will also be established and maintained, allowing Class Members to contact the Settlement Administrator by mail with any specific requests or questions, including requests for exclusion.

## PLAIN LANGUAGE NOTICE DESIGN

15.     The proposed Detailed Notice contains all of the information necessary to allow Class Members to make informed decisions and includes all of the information required by Rule 23(c)(2)(B), describing the central elements of Plaintiffs' claims in plain, easily understood language. The proposed Detailed Notice states the class definition, a brief overview of the case, the option for any Class Member to opt-out and the procedure to do so, a statement that a judgment would be binding on Class members who do not opt-out, and the right of any member who does not opt-out to appear in the case through his or her own lawyer. The procedure for objecting to the Settlement is also explained, as well as the process for requesting an appearance at the Final Approval Hearing. Also, should additional information be needed, the proposed Detailed Notice

clearly designates and provides contact information for the Notice Administrator and Class Counsel.

16.     The proposed Email and Postcard Notices both feature a prominent headline and are clearly identified as a Notice from the District Court.  Important information about the Settlement, including Plaintiffs' claims, the definition of the Class and the right to request exclusion or file an objection is summarized, and all important dates are included. The Email Notice includes embedded links directly to the Detailed Notice at the case website. These design elements alert recipients and readers that the Notice is an important document authorized by a court and that the content may affect them, thereby supplying reasons to read the Notice and visit the Settlement Website for additional information.

### *Notice and Administration Expenses*

17.     The combined, approximate cost to provide notice and handle the settlement administration is currently estimated at $1,663,688.  The actual total cost for providing settlement administration is dependent upon variables such as the number of calls to the toll-free line, the number of applications for inclusion Epiq may receive, the number of Class Members ultimately sent a payment, and the breakdown of digital payments and checks, etc.  Additionally, if subsequent distributions are required by the Court (for example to re-distribute unclaimed/uncashed payments), there would be an additional cost for Epiq to provide that service. All costs are subject to the Service Contract under which Epiq will be retained as the administrator, and the terms and conditions of that agreement.

### **CONCLUSION**

18.     In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by state and local rules and statutes,

DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

and by case law pertaining to the recognized notice standards under Rule 23.  This framework directs that the notice plan be optimized to reach the class and that the notice or notice plan itself not limit knowledge of the availability of options—nor the ability to exercise those options—to class members in any way.  All of these requirements will be met in this case.

19.     The Notice Plan includes individual, direct emailed notice to all Class Members who can be identified with reasonable effort.  Based on the deliverability of notice at the Class certification stage, we expect individual notice to reach over 90% of the identified Class.  The case website will expand the reach of the notice further.  In 2010, the Federal Judicial Center issued a Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide.  This Guide states that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class.  It is reasonable to reach between 70–95%."  Here, we have developed a Notice Plan that will readily achieve a reach at the higher end of that standard.

20.     The Notice Plan described above provides for the best notice practicable under the circumstances of this case, conforms to all aspects of Rule 23 and Constitutional Due Process, and comports with the guidance for effective notice set out in the Manual for Complex Litigation, Fourth.

21.     The Notice Plan schedule affords sufficient time to provide full and proper notice to Class Members before the opt-out and objection deadlines.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 1, 2021, at Beaverton, Oregon.

Cameron R. Azari

DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

7

# Attachment 1

<u>EMAIL NOTICE</u>

**If you purchased AppleCare Protection Plan or AppleCare+ for an iPhone or iPad, either directly or through the iPhone Upgrade Program, on or after July 20, 2012, and received a remanufactured replacement iPhone or iPad, a class action settlement may affect your rights.**

A Settlement has been reached in a consumer rights lawsuit filed on behalf of Plaintiffs with Defendants: Apple Inc., AppleCare Service Company, Inc. and Apple CSC, Inc. ("Apple"). This Court-ordered notice may affect your rights.  Please review and follow the instructions carefully.

The United States District Court for the Northern District of California authorized this notice.  Before any money is paid, the Court will hold a hearing to decide whether to approve the Settlement.

**Who is Included?**  For settlement purposes, members of the Class include all individuals in the United States who, on or after July 20, 2012, (1) purchased AppleCare Protection Plan or AppleCare+ for an iPhone or iPad, either directly or through the iPhone Upgrade Program, and (2) received a remanufactured replacement device.  If you are the recipient of this email notice, you may be a member of the Class.

**What is the lawsuit about?**  The name of the lawsuit is *Maldonado v. Apple Inc., et al*., and it is pending in the United States District Court for the Northern District of California (Case No. 3:16-cv-04067-WHO).

Plaintiffs' claims arise out of two extended service plans offered by Apple Inc.: AppleCare+ and its predecessor AppleCare Protection Plan ("AppleCare"). The terms and conditions for AppleCare provide that when a customer seeks service for a covered iPhone or iPad due to a hardware defect or accidental damage, Apple Inc. will either repair the device or replace it with a device that is either "new or equivalent to new in performance and reliability." One of the types of replacements customers can receive is a remanufactured iPhone or iPad. Plaintiffs allege that remanufactured devices are not "equivalent to new in performance and reliability."  Defendants deny the allegations in the lawsuit, and the Court has not decided whether Defendants did anything wrong.

**Who represents the Class?**  The Court has appointed the law firm Hagens Berman Sobol Shapiro LLP to represent the Class ("Class Counsel").  If you are a member of the  Class, Class Counsel is representing your interests in the lawsuit.  You don't have to pay Class Counsel to participate.  You may hire your own lawyer to appear in Court for you, but if you do, you have to pay for that lawyer.

**What does the Settlement Provide?**  Under the terms of the Settlement Agreement, Defendants will pay a total of $95,000,000 to resolve all Settlement Class claims against them and their affiliates. No money will be distributed yet.

A portion of the Settlement Proceeds has been and will be used by the Claims Administrator for notice and administration costs. Additionally, Class Counsel will request that the Court award attorneys' fees and permit the reimbursement of certain litigation costs and expenses. The request will be filed at least fourteen days before the deadline to object to the settlement and posted on the website www.replacementdevicelawsuit.com. Class Counsel will seek attorneys' fees of no more than 30% of the Settlement Fund, and the total amount of costs sought will be no more than $1,500,000. Class Counsel will also request service awards of up to $15,000 for each of the two Class Representatives. All Settlement funds that remain after payment of the Court-ordered attorneys' fees, costs, and litigation expenses will be distributed on a *pro rata* basis at the conclusion of the lawsuit or as ordered by the Court.

**What are your options?** If you want to be included in the Class, you do not need to do anything, and you will be bound by the Settlement. If you are receiving notice for the first time (because you received a remanufactured replacement iPad or iPhone between October 1, 2019, and September 30, 2021) and do not want to participate in the Settlement or want to keep any right you may have to sue Defendants on your own over the claims in this lawsuit, you need to exclude yourself ("opt out"). If you exclude yourself, you cannot get money from this Settlement. Your request to opt out must be submitted by [MONTH, DAY,] 2021. If you want to object to the Settlement and ask the Court not to approve it, your objection must be submitted by [MONTH, DAY], 2021. If you previously received notice (because you received a remanufactured replacement iPhone or iPad between July 20, 2012, and September 30, 2019), your deadline to exclude yourself has expired and you are part of the Class. Go to www.replacementdevicelawsuit.com for more information on how to opt out or object.

**Where to get more information?** This notice is only a summary. For more information on this Settlement, please visit www.replacementdevicelawsuit.com or call (xxx) xxx-xxxx. Please do not contact Apple, Apple's attorneys, the Clerk of the Court, or the Court.

Attachment 2

POSTCARD NOTICE

**If you purchased AppleCare Protection Plan or AppleCare+ for an iPhone or iPad, either directly or through the iPhone Upgrade Program, on or after July 20, 2012, and received a remanufactured replacement iPhone or iPad, a class action settlement may affect your rights.**

A Settlement has been reached in a consumer rights lawsuit filed on behalf of Plaintiffs with Defendants: Apple Inc., AppleCare Service Company, Inc. and Apple CSC, Inc. ("Apple"). This Court-ordered notice may affect your rights.  Please review and follow the instructions carefully.

The United States District Court for the Northern District of California authorized this notice.  Before any money is paid, the Court will hold a hearing to decide whether to approve the Settlement.

**Who is Included?**  Members of the Class include all individuals in the United States who, on or after July 20, 2012 and on or before September 30, 2021, (1) purchased AppleCare Protection Plan or AppleCare+ for an iPhone or iPad, either directly or through the iPhone Upgrade Program, and (2) received a remanufactured replacement device. If you are the recipient of this postcard notice, you may be a member of the Class.

**What is the lawsuit about?**  The name of the lawsuit is *Maldonado v. Apple Inc., et al.*, and it is pending in the United States District Court for the Northern District of California (Case No. 3:16-cv-04067-WHO).

Plaintiffs' claims arise out of two extended service plans offered by Apple Inc.: AppleCare+ and its predecessor AppleCare Protection Plan ("AppleCare"). The terms and conditions for AppleCare provide that when a customer seeks service for a covered iPhone or iPad due to a hardware defect or accidental damage, Apple Inc. will either repair the device or replace it with a device that is "new or equivalent to new in performance and reliability."  One of the types of replacements customers can receive is a remanufactured iPhone or iPad. Plaintiffs allege that remanufactured devices are not "equivalent to new in performance and reliability." Defendants deny the allegations in the lawsuit, and the Court has not decided whether Defendants did anything wrong.

**Who represents the Class?**  The Court has appointed the law firm Hagens Berman Sobol Shapiro LLP to represent the Class ("Class Counsel").  If you are a member of the Class, Class Counsel is representing your interests in the lawsuit.  You don't have to pay Class Counsel to participate.  You may hire your own lawyer to appear in Court for you, but if you do, you have to pay for that lawyer.

**What does the Settlement Provide?**  Under the terms of the Settlement Agreement, Defendants will pay a total of $95,000,000 to resolve all Class claims against them and their affiliates. No money will be distributed yet.

A portion of the Settlement Proceeds has been and will be used by the Claims Administrator for notice and administration costs. Additionally, Class Counsel will request that the Court award attorneys' fees and permit the reimbursement of certain litigation costs and expenses. The request will be filed at least fourteen days before the deadline to object to the settlement and posted on the website www.replacementdevicelawsuit.com. Class Counsel will seek attorneys' fees of no more than 30% of the Settlement Fund, and the total amount of costs sought will be no more than $1,500,000. Class Counsel will also request service awards of up to $15,000 for each of the two Class Representatives. All Settlement funds that remain after payment of the Court-ordered attorneys' fees, costs, and litigation expenses will be distributed on a *pro rata* basis at the conclusion of the lawsuit or as ordered by the Court.

**What are your options?**  If you want to be included in the Class, you do not need to do anything, and you will be bound by the Settlement. If you are receiving notice for the first time (because you received a remanufactured replacement iPad or iPhone between October 1, 2019 and September 30, 2021) and do not want to participate in the Settlement or want to keep any right you may have to sue Defendants on your own over the claims in this lawsuit, you need to exclude yourself ("opt out"). If you exclude yourself, you cannot get money from the Settlement. Your request to opt out must be received by [MONTH, DAY, 2021]. If you previously received notice (because you received a remanufactured replacement iPhone or iPad between July 20, 2012, and September 30, 2019), your deadline to exclude yourself has expired and you are part of the Class. If you want to object to the Settlement and ask the Court not to approve it, your objection must be submitted by [MONTH, DAY], 2021. Go to www.replacementdevicelawsuit.com for more information on how to opt out or object.

**Where to get more information?**  This notice is only a summary. For more information on this Settlement, please visit www.replacementdevicelawsuit.com or call (xxx) xxx-xxxx.  Please do not contact Apple, Apple's attorneys, the Clerk of the Court, or the Court.

Attachment 3

**If you purchased AppleCare Protection Plan or AppleCare+ for an iPhone or iPad,
either directly or through the iPhone Upgrade Program, on or after July 20, 2012,
and received a remanufactured replacement iPhone or iPad,
you could be included in a class action lawsuit settlement.**

*The United States District Court for the Northern District of California ordered this notice.
This is not an advertisement or solicitation from a lawyer.
You are not being sued.*

- A lawsuit is pending in the United States District Court for the Northern District of California (the "Court") against Apple Inc., AppleCare Service Company, Inc., and Apple CSC Inc. (collectively, "Defendants").  Plaintiffs' claims arise out of two extended service plans offered by Apple Inc.: AppleCare+ and its predecessor AppleCare Protection Plan.

- The terms and conditions for AppleCare Protection Plan and AppleCare+ provide that when a customer seeks service for a covered iPhone or iPad due to a hardware defect or accidental damage, Apple Inc. will either repair the device or replace it with a device that is either "new or equivalent to new in performance and reliability."

- One of the types of replacements customers can receive under AppleCare Protection Plan and AppleCare+ is a remanufactured iPhone or iPad.  Plaintiffs allege that remanufactured devices are not "equivalent to new in performance and reliability" and assert claims against Defendants for breach of contract, breach of warranty, and alleged violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

- On September 17, 2019, the Court certified a Class for purposes of litigating the merits of the case.

- Plaintiffs reached a Settlement with Defendants, and the parties have memorialized that Settlement in a Settlement Agreement dated September 30, 2021.

- Defendants deny any wrongdoing, and the Court did not decide whether Defendants did anything wrong. If the case had proceeded, Plaintiffs would have been required to prove their claims against Defendants at a trial.

- Your legal rights are affected whether you act or don't act.  These rights and options — **and the deadlines to exercise them** — are explained in this notice.  **Please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **IF YOU ARE RECEIVING NOTICE FOR THE FIRST TIME, ASK TO BE EXCLUDED BY [INSERT DEADLINE]** | **Get out of this Settlement.  Get no benefits from it.**<br><br>If you are receiving notice for the first time (because you received a remanufactured replacement iPad or iPhone between October 1, 2019 and September 30, 2021), you may request to be excluded from the Settlement. To do this, you must submit a timely and valid request for exclusion to remove yourself from the Settlement.<br><br>If you ask to be excluded, you will not receive any money from the Settlement, but you will keep any right to sue Defendants separately about the claims in this lawsuit.  This is the only option that allows you to retain your right to sue Defendants for claims that would otherwise be released by a judgment in the lawsuit, whether that judgment is favorable to the Class or not. |

| | |
|---|---|
| | If you received a remanufactured replacement iPhone or iPad between July 20, 2012, and September 30, 2019, the deadline to request exclusion has expired and you are part of the Class (unless you previously submitted a timely and valid request for exclusion). |
| **OBJECT** | If you are a Class member, you may write to the Court about why you don't like the Settlement with the Defendants. Objections must be received by _____, 2021. |
| **ATTEND THE FAIRNESS HEARING** | You may request to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | If you are a Class member and you do nothing regarding the Settlement, you will remain part of the Settlement and you may participate in any monetary distribution. The Settlement will resolve your claims against Defendants, and you will give up your rights to sue Defendants about the Released Claims (as defined in the Settlement Agreement). You will be bound by the judgment. |

## TABLE OF CONTENTS

BASIC INFORMATION ABOUT THE LAWSUIT ...........................................................................3
    1.  What is the lawsuit about? ..................................................................................................3
    2.  What is Defendants' response? ...........................................................................................4
    3.  What is a class action and who is involved? .......................................................................4
    4.  Why is there a Settlement? .................................................................................................4
WHO IS IN THE CLASS? .............................................................................................................4
    5.  Am I part of the Class? ......................................................................................................4
    6.  Are there exceptions to being included in the Class? .........................................................4
    7.  I'm still not sure if I'm included.  What do I do? .............................................................4
THE BENEFITS OF THE SETTLEMENT AGREEMENT WITH DEFENDANTS ...........................5
    8.  What does the Settlement provide? .....................................................................................5
    9.  What is the Settlement Fund being used for? .....................................................................5
HOW DO YOU GET A PAYMENT ................................................................................................5
    10. How do I get a payment from the Settlement? ...................................................................5
YOUR RIGHTS AND OPTIONS ....................................................................................................5
    11. How do I stay in the Class? ...............................................................................................5
    12. How do I exclude myself from the Class? ..........................................................................5
    13. What happens if I exclude myself from the Class? .............................................................6
OBJECTING TO THE SETTLEMENT ...........................................................................................6
    14. How do I tell the Court that I don't like the Settlement? ...................................................6
    15. What is the difference between excluding myself and objecting? ........................................7
THE LAWYERS REPRESENTING YOU .......................................................................................7
    16. As a Class member, who represents me in this case? .........................................................7
    17. How will the lawyers be compensated? Will the Class Representatives receive any money? ...................7
    18. Should I get my own lawyer? ............................................................................................7
THE COURT'S FAIRNESS HEARING ..........................................................................................7
    19. When and where will the Court decide on whether to approve the Settlement? ...................7
    20. Do I have to come to the hearing? .....................................................................................8
    21. May I speak at the hearing? ..............................................................................................8
GETTING MORE INFORMATION ................................................................................................8
    22. How do I get more information? ........................................................................................8

---

## BASIC INFORMATION ABOUT THE LAWSUIT

1.    **What is the lawsuit about?**

The name of the lawsuit is *Maldonado v. Apple Inc., et al.*, and it is pending in the United States District Court for the Northern District of California (Case No. 3:16-cv-04067-WHO).  Plaintiffs' claims arise out of two extended service plans offered by Apple Inc.:  AppleCare+ and its predecessor AppleCare Protection Plan.

The terms and conditions for AppleCare Protection Plan and AppleCare+ provide that when a customer seeks service for a covered iPhone or iPad due to a hardware defect or accidental damage, Apple Inc. will either repair the device or replace it with a device that is either "new or equivalent to new in performance and reliability."  One of the types of replacements customers can receive under AppleCare Protection Plan and AppleCare+ is a remanufactured iPhone or iPad.  Plaintiffs allege that remanufactured devices are not "equivalent to new in performance and reliability" and assert claims against Defendants for breach of contract, alleged violations of the Magnusson-Moss Warranty Act and Song-Beverly Consumer Warranty Act, and alleged violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

You can read the operative Complaint at www.replacementdevicelawsuit.com.

2.    **What is Defendants' response?**

Defendants deny that they did anything wrong.  The Court has not found that Defendants engaged in any wrongdoing.  Defendants' answer to the operative Complaint is at www.replacementdevicelawsuit.com.

3.    **What is a class action and who is involved?**

In a class action lawsuit, one or more people called the "plaintiffs" sue on behalf of other people who have similar claims, called the "class members."  In certifying a class, the court appoints the plaintiffs to serve as "class representatives."  For the purposes of a class action lawsuit, one court will resolve the issues for all class members, except for those people who properly exclude themselves from the lawsuit, as described in Section 12 below.

4.    **Why is there a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants. Plaintiffs believe they may have won at trial and possibly obtained a greater recovery. Defendants believe the Plaintiffs would not have won at a trial and that Plaintiffs would have recovered nothing against them. Litigation involves risks to both sides, and Plaintiffs and Defendants have agreed to the Settlement. The Settlement requires Defendants to pay money (as set forth in the Settlement Agreement). Plaintiffs and their attorneys believe the Settlement is in the best interests of all Class members.

| WHO IS IN THE CLASS? |
| --- |

5.    **Am I part of the Class?**

The Court has decided, unless you submit a valid and timely request to be excluded, you are a member of the Class if you purchased AppleCare or AppleCare+, either directly or through the iPhone Upgrade Program, on or after July 20, 2012, and received a remanufactured replacement Device on or before September 30, 2021.

6.    **Are there exceptions to being included in the Class?**

Yes. The Class excludes Class Counsel, any employees of Class Counsel, any officers, directors, or employees of Defendants' or Defendants' counsel, and the judge presiding over this case (as well as members of his or her immediate family and staff). The Class also excludes anyone who submitted a valid and timely request to be excluded (see Section 12 below).

7.    **I'm still not sure if I'm included.  What do I do?**

If you are still not sure whether you are included in the Settlement, you can get free help by calling or writing to the lawyers in this case at the phone number or address listed in Section 16 below.

**THE BENEFITS OF THE SETTLEMENT AGREEMENT WITH DEFENDANTS**

8.     **What does the Settlement provide?**

If the Settlement is approved, Apple will pay $95,000,000. This Settlement would resolve all Class members' claims against the Defendants for the Released Claims (as defined in the Settlement Agreement).

9.     **What is the Settlement Fund being used for?**

No money will be distributed yet. A portion of the Settlement Proceeds has been and will be used by the Claims Administrator for notice and administration costs. Additionally, Class Counsel may request that the Court award attorneys' fees and permit the reimbursement of certain litigation costs and expenses. If such request is made at this time, it will be filed at least fourteen days before the objection deadline and posted on the website www.replacementdevicelawsuit.com at that time. Class Counsel will not seek more than 30% of the Settlement Fund as attorneys' fees, or $28.5 million. Class Counsel will request service award of between $12,500 and $15,000 each, on behalf of the two Class Representatives. All Settlement funds that remain after payment of the Court-ordered attorneys' fees, costs, and litigation expenses will be distributed to Class members on a *pro rata* basis based on the number of devices within the class for each class member, as ordered by the Court.

**HOW DO YOU GET A PAYMENT**

10.    **How do I get a payment from the Settlement?**

If you a Class member and you stay in the Class, a payment will be sent to you automatically. You do not need to take any further action.

**YOUR RIGHTS AND OPTIONS**

**If you were not within the scope of the prior notice program, you have to decide whether to stay in the Class or ask to be excluded on or before _____, 2021.**

11.    **How do I stay in the Class?**

You do not have to do anything to stay in the Class. By doing nothing, you will get your share of the Settlement as outline above. By staying in the Class give up your right to sue or continue to sue Defendants as part of any other lawsuit about the same legal claims in this lawsuit. By staying in the Class, you will also be legally bound by all of the orders the Court issues and the judgment the Court makes in this lawsuit.

12.    **How do I exclude myself from the Class?**

If you did not previously receive notice (because you received a remanufactured replacement iPad or iPhone between October 1, 2019 and September 30, 2021) and you do not want to be a member of the Class, you can exclude yourself from (or "opt out" of) the Class by clicking www.replacementdevicelawsuit.com and following the prompts.

You can also opt out by sending a letter by mail to the Class Action Administrator. The exclusion letter must include:

   a)   Your full name, address, and email;

b) The name of this case: *Maldonado v. Apple Inc., et al.*, Case No. 3:16-cv-04067-WHO; and

c) A clear statement that you want to be excluded from the Class.

The exclusion letter must be signed and dated, and received no later than _____, 2021.  You must mail your exclusion letter to:

> *Maldonado v. Apple Inc., et al.*, Case No. 3:16-cv-04067-WHO
> c/o [insert administrator]
> [insert street address]
> [insert city, state ZIP]

If you previously received notice when the Class was certified (because you received a remanufactured replacement iPhone or iPad between July 20, 2012, and September 30, 2019), you were already given the opportunity to exclude yourself and that deadline has expired. If you fall within the Certified Class definition, you are part of the Class.

13. **What happens if I exclude myself from the Class?**

If you exclude yourself from the Class, you won't get any money or benefits from the Settlement Fund. By excluding yourself, however, you will retain any right you may have to sue Defendants about the same claims alleged in this lawsuit at your own expense.

| OBJECTING TO THE SETTLEMENT |
| :---: |

14. **How do I tell the Court that I don't like the Settlement?**

If you are a member of the Class and have not excluded yourself from the Settlement, you can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing saying that you object to the Settlement with Defendants and the reasons why you object to the Settlement. Be sure to include your full name, current mailing address, and email address. Your objection must be signed. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Vicky Maldonado, et al. v. Apple Inc., et al.*, Case No. 3:16-cv-04067-WHO) (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, with a copy mailed Class Counsel at the addresses listed below, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before _____, 2021.

<u>Court:</u>

Class Action Clerk,
United States District Court
for the Northern District of California
450 Golden Gate Avenue

<u>Class Counsel:</u>

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101

San Francisco, CA 94102

**15.   What is the difference between excluding myself and objecting?**

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Class. Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit. If you exclude yourself, you have no standing to object because the Settlement no longer affects you.

## THE LAWYERS REPRESENTING YOU

**16.   As a Class member, who represents me in this case?**

The Court has appointed Plaintiffs Justin Carter and Vicky Maldonado as Class Representative and the following lawyers to represent you and other Class members:

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101

These lawyers are called "Class Counsel."  You may contact Class Counsel by writing to the address above, sending an email to applecare@hbsslaw.com, or calling (206) 623-7292.

**17.   How will the lawyers be compensated? Will the Class Representatives receive any money?**

At the fairness hearing, or at a later date, Class Counsel will ask the Court for attorneys' fees based on their services in this litigation, not to exceed 30% of the Settlement Funds, may ask to be reimbursed for up to $1,500,000 in current and ongoing litigation expenses, and up to $15,000 in service awards for each of the plaintiffs serving as class representatives. Any payment to the attorneys will be subject to Court approval, and the Court may award less than the requested amount. The attorneys' fees, costs, and expenses that the Court orders, plus the costs to administer the Settlement, will come out of the Settlement Fund. When Class Counsel's motion for fees, costs, and litigation expenses is filed, a copy will be available at www.replacementdevicelawsuit.com. The motion will be posted on the website at least 14 days before the deadline for objecting, commenting on, or excluding yourself from the Settlement. You will have an opportunity to comment on this request.

**18.   Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf.  But if you want your own lawyer, you will have to pay that lawyer.  If you hire your own lawyer, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

## THE COURT'S FAIRNESS HEARING

**19.   When and where will the Court decide on whether to approve the Settlement?**

The Court will hold a hearing to decide whether to approve the Settlement (the "Fairness Hearing"). You may attend and you may ask to speak, but you don't have to. The Court will hold a Fairness Hearing on _____, 2021, at _____ x.m., at the United States District Court for the Northern District of California, Courtroom 2 – Floor 17, 415 Golden Gate Avenue, San Francisco, CA  94102 (or on another date as may be posted on the Court's public website). At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. You may attend and you may ask to speak, if you make a request as instructed in Section 21, but you don't have to. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. Pursuant to any applicable orders relating to the COVID-19 emergency or otherwise, the Fairness Hearing may take place remotely, including via telephone or video conference. The Court may also move the Fairness Hearing to a later date without providing additional notice to the Class. Updates will be posted to the Settlement website regarding any changes to the hearing date or conduct of the Fairness Hearing.

20. **Do I have to come to the hearing?**

You do not need to attend the hearing. Class Counsel will answer any questions the Court may have. If you send an objection, you do not have to come to court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary. You or your own lawyer are welcome to come at your own expense.

21. **May I speak at the hearing?**

You may ask to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Vicky Maldonado, et al. v. Apple Inc., et al.*"  Be sure to include your name, current mailing address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2021, and it must be sent to the Clerk of the Court and Class Counsel. The address for the Clerk of the Court is: 415 Golden Gate Avenue, San Francisco, CA  94102. The address for Class Counsel is provided in Section 16. You cannot ask to speak at the hearing if you excluded yourself from the Class.

## GETTING MORE INFORMATION

22. **How do I get more information?**

This notice summarizes the proposed Settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at www.replacementdevicelawsuit.com, by contacting Class Counsel listed above, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 2 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**