Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, AZ  85003
Telephone: (602) 840-5900
Facsimile:  (602) 840-3012
Email: rob@hbsslaw.com
Email: michellak@hbsslaw.com

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., AND APPLE CSC, INC.,<br><br>Defendants. | No. 3:16-cv-04067-WHO<br><br>Related Case:<br>*English v. Apple Inc. et al.*<br>Case No. 3:14-cv-01619-WHO<br><br>[PROPOSED] PRELIMINARY APPROVAL ORDER<br><br>Judge:  Hon. William H. Orrick<br>Courtroom:  2, 17th Floor<br>Complaint Filed:  July 20, 2016 |



1   This matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of Class
2   Action Settlement with Defendants and Dissemination of Class Notice ("Motion").
3   WHEREAS Vicky Maldonado and Justin Carter ("Plaintiffs"), on behalf of themselves and
4   of the previously certified class ("Certified Class"), and Defendants Apple Inc., AppleCare Service
5   Company, Inc., and Apple CSC, Inc. ("Apple") have agreed, subject to Court approval following
6   notice to the Class and a hearing, to settle the above-captioned matter ("Lawsuit") upon the terms
7   set forth in the Parties' Settlement Agreement;
8   WHEREAS, this Court has reviewed and considered the Settlement Agreement entered into
9   among the parties, together with all exhibits thereto, the record in this case, and the briefs and
10  arguments of counsel;
11  WHEREAS, Plaintiffs have applied for an order granting preliminary approval of the
12  Settlement Agreement;
13  WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the action
14  meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;
15  WHEREAS, all defined terms contained herein shall have the same meanings as set forth in
16  the Settlement Agreement;
17  NOW, THEREFORE, IT IS HEREBY ORDERED:
18  1.  The Court does hereby preliminarily approve the Parties' Settlement Agreement and
19  the settlement set forth therein, subject to further consideration of a hearing (the "Fairness
20  Hearing").
21  2.  The Fairness Hearing shall be held before this Court on _____, at _____
22  p.m., at the United States District Court, located in Courtroom 2- 17th Floor, at 450 Golden Gate
23  Avenue, San Francisco, CA 94102 (a date no sooner than 90 days following completion of the
24  notice being issued pursuant to 28 U.S.C. § 1711 *et seq.*), to determine whether to approve
25  certification of the class for settlement purposes; whether the proposed settlement of the Lawsuit
26  on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and
27  adequate to the Certified Class and should be approved by the Court; whether a final judgment
28



1  should be entered herein; whether the proposed plan of distribution should be approved; to

2  determine the amount of fees and expenses that should be awarded to Class Counsel; and to

3  determine the amount of the incentive awards that should be provided to the Class Representatives.

4  The Court may adjourn the Fairness Hearing without further notice to the members of the Certified

5  Class.

6       3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court previously

7  certified the Certified Class as follows:

> All individuals who purchased AppleCare or AppleCare+, either directly or through the iPhone Upgrade Program, on or after July 20, 2012, and received a remanufactured replacement Device.

10       4. The Class period cutoff date is September 30, 2021, the execution date of

11  Settlement Agreement.

12       5. The Court previously designated Plaintiffs Maldonado and Carter as Class

13  Representatives for the Certified Class.

14       6. The Court previously designated Hagens Berman Sobol Shapiro LLP as Class

15  Counsel for the Certified Class.

16       7. The Court approves the form and content the proposed notice forms, including the

17  Email Notice, Postcard Notice, and Long Form Notice, Attachments 1–3 to the Declaration of

18  Cameron Azari. The Court further finds that the proposed plan of notice, and the proposed contents

19  of these notices, meet the requirements of Rule 23 and due process, and are the best notice

20  practicable under the circumstances and shall constitute due and sufficient notice to all persons

21  entitled thereto.

22       8. The Court appoints the firm of Epiq Class Action & Claims Solutions, Inc., along

23  with Epiq's Notice business unit, Hilsoft Notifications, as the Settlement Administrator. Plaintiffs

24  and their designees, including the Settlement Administrator, are authorized to expend funds from

25  the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the

26  Settlement Agreement. The Court appoints the Settlement Administrator to supervise and

1   administer the notice procedure, as well as distribution of the settlement funds, as more fully set
2   forth below:
3         a.    No later than _____, the Settlement Administrator shall cause
4   the full version of the Settlement Agreement and the Preliminary Approval Order to be published
5   on a public website;
6         b.    Beginning no later than 30 days following Epiq's receipt of final and
7   approved Class member contact data (the "Notice Date"), the Settlement Administrator shall begin
8   issuing direct notice by email to all Certified Class members for whom there is a valid email
9   address, substantially in the form attached as Attachment 1 to the Declaration of Cameron Azari
10  and direct notice by first class U.S. mail to all Certified Class members for whom there are no
11  email addresses, but whose mailing addresses can be identified with reasonable effort, substantially
12  in the form attached as Attachment 2 to the Declaration of Cameron Azari;
13     9.    All members of the Certified Class shall be bound by all determinations and
14  judgments in the Lawsuit concerning the settlement, whether favorable or unfavorable to the
15  Certified Class.
16     10.    Class Counsel shall file their motion for attorneys' fees, costs, and service awards
17  for Class Representatives, and all supporting documentation and papers, by _____, or
18  thirty-five days before the deadline for exclusions and objections.
19     11.    Any person who desires to request exclusion from the Certified Class who was not
20  previously given the opportunity to request exclusion shall do so within 60 days of the Notice Date.
21  To be excluded from the Settlement, the completed exclusion form must be received no later than
22  60 days after the Notice Date. All persons who either: (a) previously submitted valid and timely
23  requests for exclusion or, (b) who were not previously given the opportunity to request exclusion
24  and submit valid and timely requests for exclusion, shall have no rights under the Settlement
25  Agreement, shall not share in the distribution of the settlement funds, and shall not be bound by the
26  final judgment relating to the defendants entered in the litigation.

PROPOSED PRELIMINARY APPROVAL ORDER
No. 3:16-cv-04067-WHO

- 3 -

12. Any member of the Certified Class may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

13. Any member of the Certified Class may appear and show cause, if he or she has any reason, why the proposed settlement should or should not be approved as fair, reasonable, and adequate; why a judgment should or should not be entered thereon; why the plan of distribution should or should not be approved; why attorneys' fees and expenses should or should not be awarded to Class Counsel; or why the incentive awards should or should not be awarded to Class Representatives. All written objections and supporting papers must (a) clearly identify the case name and number (*Maldonado, et al. v. Apple Inc., et al.*, No. 3:16-cv-04067-WHO), (b) be submitted to the Court either by mailing to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, with a copy to Class Counsel and (c) be filed or postmarked on or before _____.

14. All papers in support of the settlement and responses by Class Counsel regarding objections and exclusions shall be filed and served by _____.

15. All reasonable expenses incurred in identifying and notifying members of the Certified Class, as well as administering the Settlement Fund, shall be paid for as set forth in the Settlement Agreement.

16. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs or Apple of the truth or falsity of any of the allegations in the Lawsuit, or of any liability, fault or wrongdoing of any kind.

17. All members of the Certified Class are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the settlement.

PROPOSED PRELIMINARY APPROVAL ORDER
No. 3:16-cv-04067-WHO                                    - 4 -

**IT IS SO ORDERED.**

DATED: _____

_____
HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE