| | |
|---|---|
| 1<br>2<br>3<br>4 | Steve W. Berman (*pro hac vice*)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>Facsimile:  (206) 623-0594<br>Email: steve@hbsslaw.com |
| 5<br>6<br>7<br>8<br>9 | Robert B. Carey (*pro hac vice*)<br>Michella A. Kras (*pro hac vice*)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>11 West Jefferson, Suite 1000<br>Phoenix, AZ  85003<br>Telephone: (602) 840-5900<br>Facsimile:  (602) 840-3012<br>Email:   rob@hbsslaw.com<br>Email: michellak@hbsslaw.com |

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated,<br><br>                                      Plaintiffs,<br><br>     v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., AND APPLE CSC, INC.,<br><br>                                      Defendants. | No. 3:16-cv-04067-WHO<br><br>Related Case:<br>*English v. Apple Inc. et al.*<br>Case No. 3:14-cc-01619-WHO<br><br>**DECLARATION OF JUSTIN CARTER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Judge:  Hon. William H. Orrick<br>Courtroom:  2, 17th Floor<br>Complaint Filed:  July 20, 2016 |



I, Justin Carter, declare as follows:

1. I am a Plaintiff in the above-entitled action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I submit this declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses, and Service Awards.

3. I worked with the attorneys and paralegals at Hagens Berman in recounting my facts for the Amended Complaint, including multiple calls and emails. I also reviewed the Amended Complaint to make sure my factual allegations were accurate.

4. I allowed Hagens Berman to have an expert inspect my replacement iPhones to verify whether I had received a phone with new or used parts.

5. I responded to the discovery from Apple, including 12 interrogatories, 19 requests for production, and 8 requests for admission. I supplemented my answers with additional information when requested by Hagens Berman. Responding to these discovery requests was time consuming.

6. I searched through my digital and paper files, looking for documents that were responsive to Apple's requests, including looking for information about all Apple devices I've ever owned, other warranties I've purchased for my devices, and receipts for those devices and warranties.

7. I took 5 days off work to travel from Moultrie, Georgia, to San Francisco, California, to be deposed by Apple, while recovering from back surgery. This included three full days for travel, deposition preparation, and attending my deposition (leaving my house at 5 a.m. on August 29, 2017, and returning at 11 p.m. on August 31, 2017), as well as two days to recover because of my back surgery.

8. I met with Michella Kras the day before and the morning of the deposition to prepare, as I had not been deposed before.

9. I reviewed my deposition transcript for accuracy and corrected any errors I found.

10. I also assisted Hagens Berman with drafting several declarations for motions in this case related to the facts of my case.

11. I frequently check with Hagens Berman on the progress of the litigation and to offer any assistance.

12. I conservatively estimate I spent between 50 and 60 hours working on this case, not including the three days I spent traveling for and attending my deposition.

13. I reviewed the terms of the settlement with Hagens Berman and approve of the settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of January 2022 at Pavo, Georgia.



Justin Carter