Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, AZ 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
Email: michellak@hbsslaw.com

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., AND APPLE CSC, INC.,<br><br>Defendants. | No. 3:16-cv-04067-WHO<br><br>Related Case:<br>*English v. Apple Inc. et al.*<br>Case No. 3:14-cc-01619-WHO<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Judge: Hon. William H. Orrick<br>Courtroom: 2, 17th Floor<br>Complaint Filed: July 20, 2016 |



**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on April 27, 2022, at 2:00 p.m. or as soon thereafter as the matter may be heard by the Honorable Judge William H. Orrick of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs will and hereby do move the Court under Federal Rule of Civil Procedure 23 for a final order approving the proposed class action settlement with Defendants Apple Inc., AppleCare Service Company, Inc., and Apple CSC, Inc. ("Apple").

This Motion is based on this Notice of Motion and Motion for Final Approval of Class Action Settlement with Apple, the following memorandum of points and authorities, and the pleadings and papers on file in this action.



## I. INTRODUCTION

Nothing has changed since the Court preliminarily approved this Settlement. The Settlement Agreement remains fair, reasonable, and adequate. The $95 million cash payment provides a significant recovery for the Class, representing approximately 13% to 25% of the total Class damages, a significant recovery for a case involving the challenges faced by Plaintiffs. *See* ECF Nos. 304 at 7–9; 321 at 6–7, 17; 332 at 12–16; 334 at 1–4.

There is no opposition to the Settlement by Class Members. Direct notice to the Class was extremely successful, with 94% of the over 3.3 million Class Members receiving notice. No Class Member filed an opposition. And the total number of valid opt-outs after two notice campaigns is only 153, or 0.0047% of the Class.[1] Over 99.9% of the Class have chosen to stay and benefit from the Settlement.

Because nothing has changed since preliminary approval and the Class reception has been overwhelmingly positive, the Court should grant final approval.

## II. THE SETTLEMENT SHOULD BE APPROVED

### A. Notice under Rule 23 has been satisfied.

This Court previously approved the proposed notice plan as meeting the requirements of Rule 23. ECF Nos. 328, 331. In compliance with that plan, Epiq, the Settlement Administrator, posted copies of the Settlement Agreement and the Preliminary Approval Order, as well as the Long Form Notice and Motion for Preliminary Approval to the settlement website by January 3, 2022. Declaration of Cameron Azari ("Azari Decl.") ¶¶ 12, 22, Mar. 18, 2022 (attached as Exhibit A). Epiq also posted FAQs and a form to request inclusion in the Class to the settlement website. *Id.* A copy of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards was posted to the settlement website after it was filed. *Id.*

---

[1] After Class Certification notice went out, there were 135 requests for exclusion. An additional 54 Class Members requested exclusion from the Settlement after notice of the Settlement went out. Of those 54 requests, 18 were valid, 15 could not be matched to Class Member data, and 21 were ineligible because they did not timely opt out when the initial class certification notice was sent.

MOTION FOR FINAL APPROVAL OF SETTLEMENT
No. 3:16-cv-04067-WHO
010637-11/1674347 V2

- 1 -

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

As directed by this Court, Epiq began sending notice of the Settlement to the Class starting January 3, 2022. *Id.* ¶ 11. Of the 3,391,470 Class Members, 3,189,345 Class Members—94% of the Class—have received direct notice by email or by postcard, in the forms approved by this Court.[2] *Id.* ¶ 18. Apple did not have any contact information for 126,930 Class Members and another 75,195 Class Members ultimately could not be reached by either email or via mail. *Id.* ¶¶ 10, 18.

Apple had email addresses for 3,037,629 Class Members and mailing addresses for an additional 226,911 Class Members. *Id.* ¶ 10. Epiq initially sent email notice to all Class Members with email addresses and postcard notices to Class Members who had only a mailing address. *Id.* ¶¶ 11–16. The email campaign successfully reached 3,304,474 Class Members, with 142,457 emails that were undeliverable. *Id.* ¶ 13. Apple also had mailing addresses for 88,837 of the 142,457 Class Members with undeliverable emails. *Id.* ¶ 14. Epiq attempted to send post card notices to those Class Members. *Id.* Epiq also remailed postcard notices to Class Members whose postcards were returned with a forwarding address or to Class Members where an address search identified a new address. *Id.* ¶¶ 14–16. In total, 3,189,345 Class Members, or 94% of the Class, received direct notice of the Settlement. *Id.* ¶ 18. The total cost of notice to the Class was $202,054.34. *Id.* ¶ 30.

Because the Class was previously certified, the notice of the Settlement was the second notice sent to the Class. After the initial Class certification notice was sent out, 135 individuals requested exclusion from the Class. *Id.* ¶ 25. An additional 54 individuals have requested to be excluded from the Class after receiving notice of the Settlement. *Id.* ¶ 26. Of those 54 requests, 18 were valid exclusion requests, 21 were Class Members who previously received notice but did not timely opt out and thus are ineligible, and 15 were submitted by individuals who could not be matched to Class Member data. *Id.* The 153 individuals who validly requested exclusion amount to 0.0047% of the Class. No Class Members have filed an objection to the Settlement.

---

[2] Of the Class Members Apple had contact information for, 97.6% received direct notice by email or postcard. Azari Decl. ¶ 18.



The Settlement website also included Application for Inclusion in the Class. *Id.* ¶ 12. Epiq received 12,441 Applications for Inclusion. *Id.* ¶¶ 19–20. Of those Applications, 12 were deemed to be valid and those 12 Class Members will be included in the distribution of the Settlement. *Id.* ¶ 21.

### B.    The Settlement is fair, reasonable, and adequate.

In granting final approval of a proposed class action settlement, the Court must determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 830 (N.D. Cal. 2017) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). Most of these factors were addressed in Plaintiffs' Motion for Preliminary Approval and are incorporated by reference. ECF No. 321. Because the Court found those factors weighed in favor of preliminary approval and nothing has changed, Plaintiffs will not repeat them here. ECF No. 328. The two factors the Court did not consider at preliminary approval—presence of a governmental participant and reaction of the Class—also weigh in favor of granting final approval of the Settlement.

#### 1.    The presence of a government participant.

There is no governmental participant in this case. Apple provided CAFA notice of the proposed Settlement, and no government entity has raised an objection. *See* Azari Decl. ¶ 9. "The lack of objections favors settlement." *Knapp*, 283 F. Supp. 3d at 833.

#### 2.    Reaction of the Class Members.

The reaction of the Class has been overwhelmingly positive and weighs in favor of approval. A little over 150 people, representing 0.0047% of the Class, opted out after two notice campaigns and not a single Class Member has filed an objection.

MOTION FOR FINAL APPROVAL OF SETTLEMENT
No. 3:16-cv-04067-WHO
010637-11/1674347 V2

- 3 -

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    First, that over 99.9% of the Class stayed and accepted the Settlement provides an "objective positive commentary as to its fairness" and weighs in favor of approval. *Knapp*, 283 F.Supp.3d at 834 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)). Of the individuals who requested exclusion, most requested exclusion after certification, not because of the Settlement. Only 18 Class Members timely requested exclusion from the Settlement, representing 0.0006% of the Class. Second, that *no* Class Members have objected "raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members" and weighs in favor of final approval. *Id.* at 833–34; *see also J.L. v. Cuccinelli*, No. 18-CV-04914-NC, 2019 WL 6911973, at *3 (N.D. Cal. Dec. 18, 2019) (no objections to the settlement weigh in favor of final approval). The Class Members' overall reaction to the Settlement supports approval.

### III.   CONCLUSION

Plaintiffs request that this Court enter an order granting final approval of the Settlement.

DATED: March 18, 2022                HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
    Steve W. Berman (*Pro Hac Vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Robert B. Carey (*Pro Hac Vice*)
Michella A. Kras (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
michellak@hbsslaw.com

Renee F. Kennedy *(Pro Hac Vice)*
P.O. Box 2222
Friendswood, TX 77549
Telephone: (832) 428-1552
Email: kennedyrk22@gmail.com

*Attorneys for Plaintiffs*

