1  STEVE W. BERMAN (*Pro Hac Vice*)
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  1301 2nd Avenue, Suite 2000
   Seattle, WA 98101
3  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
4  Email: steve@hbsslaw.com

5  ROBERT B. CAREY (*Pro Hac Vice*)
   MICHELLA A. KRAS (*Pro Hac Vice*)
6  HAGENS BERMAN SOBOL SHAPIRO LLP
   11 West Jefferson, Suite 1000
7  Phoenix, Arizona 85003
   Telephone: (602) 840-5900
8  Facsimile: (602) 840-3012
   Email: rob@hbsslaw.com
9         michellak@hbsslaw.com

10 [Additional Counsel on Next Page]

11 *Attorneys for Plaintiffs Vicky Maldonado and Justin Carter*

   MEREDITH R. DEARBORN
   PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
   535 Mission Street, 24th Floor
   San Francisco, CA 94105
   Telephone: (415) 223-7300
   Facsimile: (415) 223-7420
   mdearborn@paulweiss.com

   KAREN L. DUNN
   WILLIAM A. ISAACSON
   KYLE N. SMITH
   PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
   2001 K Street, NW
   Washington, DC 20006
   Telephone: (202) 223-7300
   Facsimile: (202) 223-7420
   kdunn@paulweiss.com
   wisaacson@paulweiss.com
   ksmith@paulweiss.com

   *Attorneys for Defendants Apple Inc., AppleCare Service Company, Inc., and Apple CSC Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICKY MALDONADO AND JUSTIN CARTER, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., AND APPLE CSC, INC.<br><br>Defendants. | No. 3:16-cv-04067-WHO<br><br>Related Case:<br>*English v. Apple Inc. et al.*<br>Case No. 3:14-cv-01619-WHO<br><br>STIPULATION AND [~~PROPOSED~~] ORDER RE SECOND DISTRIBUTION<br><br>[Civil L.R. 6-2]<br><br>Judge: William H. Orrick<br>Courtroom: 2, 17th Floor<br><br>Complaint Filed: July 20, 2016 |

SHANA E. SCARLETT (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: shanas@hbsslaw.com

RENEE FAGEN KENNEDY (*Pro Hac Vice*)
P.O. Box 2222
Friendswood, Texas 77549
Telephone: (832) 428-1552
Email: kennedyrk22@gmail.com

*Attorneys for Plaintiffs Vicky Maldonado and Justin Carter*

STIPULATION AND ~~PROPOSED~~ ORDER
RE SECOND DISTRIBUTION
Case No. 3:16-cv-04067-WHO

1   Under Civil Local Rule 6-2, Plaintiffs Vicky Maldonado and Justin Carter ("Plaintiffs") and
2   Defendants Apple Inc., AppleCare Service Company, Inc., and Apple CSC Inc. (collectively,
3   "Apple" and together with Plaintiffs, "the parties") stipulate as follows:

4   WHEREAS, on April 29, 2022, the Court approved the parties' Settlement (ECF No. 340);

5   WHEREAS, the parties' Settlement Agreement provided that payments to Class Members
6   must be cashed or redeemed within 90 days from the date those payments are transmitted to them,
7   either by digital payment, ECF deposit, or paper check (ECF No. 321-1 ¶ 49);

8   WHEREAS, the Settlement Administrator began distributing payments on August 29, 2022
9   (Declaration of Michella Kras ("Kras Decl.") ¶ 4);

10  WHEREAS, on three occasions, the parties have stipulated to extend the deadline to allow
11  Class Members to claim, cash, and redeem their payments; each extension has resulted in more
12  class members cashing or redeeming their payments; and the parties have continued to confer on
13  distribution and notice mechanisms designed to increase the claims rate (*see* ECF No. 343; ECF
14  No. 345; ECF No. 347);

15  WHEREAS, after the second extension, the claims administrator sent paper checks to Class
16  Members;

17  WHEREAS, starting on March 20, 2023, paper checks were sent to approximately 1.6
18  million Class Members that the Settlement Administrator had physical addresses for and who had
19  not claimed their digital payment (Kras Decl. ¶ 5);

20  WHEREAS, on May 30, 2023, the parties stipulated to extend the deadline for distribution
21  and redemption of payments to give the parties and the claims administrator additional time to send
22  another email to Class Members, to reissue checks to Class Members who had requested them, and
23  to give Class Members additional time to claim, cash, and/or redeem their payments (ECF No.
24  346);

25  WHEREAS, although August 30, 2023, was the deadline to redeem payments, thousands of
26  Class Members continued to cash their checks after the deadline (Kras Decl. ¶ 6; Declaration of
27  Scott DiCarlo ("DiCarlo Decl.") ¶ 5);

28

1  WHEREAS, on November 9, 2023, by agreement of the parties and to provide an

2  accounting to the Court, Epiq voided all outstanding checks (Kras Decl. ¶ 7; DiCarlo Decl. ¶ 5);

3  WHEREAS, as of November 14, 2023, 31% of the Class has cashed or redeemed their

4  payments totaling $22,049,341.70 (1,054,356 of 3,391,532 Class Members) (Kras Decl. ¶ 8;

5  DiCarlo Decl. ¶ 6);

6  WHEREAS, after all administrative costs are paid, which to date total $3,470,479.20, there

7  will be $41,179,486.07 left in the Settlement Fund (Kras Decl. ¶ 9; DiCarlo Decl. ¶ 7);

8  WHEREAS, the parties believe that extending the deadline for all Class Members to

9  redeem payments will not significantly increase the claims rate (Kras Dec. ¶ 10);

10  WHEREAS, given the amount left in the Settlement Fund, the parties agree that a second

11  distribution to all Class Members who previously claimed their payment is appropriate and will

12  ensure that most of the Settlement Fund is distributed to the Class (Kras Dec. ¶ 11);

13  WHEREAS, in accordance with paragraph 51 of the Settlement Agreement, the parties

14  agree to make a second distribution to all Class Members who previously claimed their payment,

15  by issuing that second payment in the same form that the Class Members claimed their original

16  payment, either paper check or digital payment as outlined in paragraphs 49 and 50 of the

17  Settlement Agreement (Kras Decl. ¶ 12);

18  WHEREAS, as several Class Members failed to cash their check before the August 30,

19  2023, deadline, but have since reached out to Class Counsel or the Settlement Administrator to be

20  sent a new check or form of payment, the parties agree to include in the second distribution any

21  Class Members who failed to cash their checks or redeem their payments, and who have or will

22  reach out to Class Counsel or the Settlement Administrator before or while the second distribution

23  is being made (Kras Decl. ¶ 13);

24  WHEREAS, the parties agree to expend additional administrative costs of $1,227,000 to

25  effectuate the second distribution (Kras Decl. ¶ 14);

26  WHEREAS, a breakdown of those administrative costs are included in the attached

27  Declaration of Scott DiCarlo, and include approximately $650,000 in postage costs, $412,000 in

28  check printing costs, and $165,000 of hourly time including handling class member

STIPULATION AND ~~PROPOSED~~ ORDER
RE SECOND DISTRIBUTION
Case No. 3:16-cv-04067-WHO                                  - 2 -

1   communication, project management, and ongoing project maintenance costs through the stale date
2   of the new checks (DiCarlo Decl. ¶ 8);

3   WHEREAS, the second distribution amount, after all administrative costs are paid, will be
4   approximately $39,952,486.07 distributed to class members collectively, or an additional amount
5   of approximately $26.18 per device, which along with the original distribution will result in total
6   compensation of approximately $40.63 per device (Kras Decl. ¶ 15; DiCarlo Decl. ¶ 8);

7   WHEREAS, to avoid requesting another extension, and to account for the estimated 6-week
8   time period that it will take for Epiq to issue the second distribution to class members following
9   submission of this stipulation, the parties agree that the deadline for Class Members to redeem their
10  payment shall be six months from the date of filing the stipulation (Kras Decl. ¶ 16);

11  WHEREAS, the parties agree that a second distribution is, at this juncture, the most
12  practical and feasible way to ensure that as much of the Settlement Fund as possible will be
13  claimed by members of the Class, and thus, a third distribution is unwarranted (Kras Decl. ¶ 17);

14  WHEREAS, in accordance with paragraph 52 of the Settlement Agreement, Plaintiffs have
15  proposed, and Apple does not object, that after the second distribution is complete and after all
16  administrative costs have been paid, the remaining amount in the Settlement Fund shall be
17  distributed to a *cy pres* recipient, the Consumer Federation of America (Kras Decl. ¶ 18);

18  WHEREAS, Plaintiffs assert that the Consumer Federation of America is a research,
19  advocacy, education, and service organization dedicated to protecting the rights of consumers,[1]
20  which is consistent with the Ninth Circuit's requirement for nationwide class actions that the *cy*

---

[1] https://consumerfed.org/. The Consumer Federation of America articulates its mission statement as follows:

> "CFA promotes consumer protection by advocating for strong laws and regulations, working for trade agreements that provide real benefits for consumers and do not weaken their rights, encouraging good business practices, supporting consumers' ability to complain and obtain redress, and educating consumers about their rights and how to avoid fraud and abuse. CFA's Consumer Protection Institute conducts research and brings experts together to address consumer protection issues."

https://consumerfed.org/issues/consumer-protection/.

STIPULATION AND ~~PROPOSED~~ ORDER
RE SECOND DISTRIBUTION
Case No. 3:16-cv-04067-WHO                - 3 -

1   *pres* award be directed to an organization whose activities have nationwide impact and whose

2   focus is aligned with the nature of the lawsuit and interests of the class members (Kras Decl. ¶ 19);

3         WHEREAS, the parties do not make this request for delay or any other improper purpose

4   (Kras Decl. ¶ 20).

5         THEREFORE, IT IS HEREBY AGREED AND STIPULATED, subject to the Court's

6   approval, that a second distribution be made to all Class Members who have previously claimed

7   their payment, that the deadline to claim, cash and/or redeem the second distribution is May 15,

8   2024, and after the second distribution is complete, the remaining funds shall be distributed to the

9   Consumer Federation of America.

10  DATED: November 15, 2023          HAGENS BERMAN SOBOL SHAPIRO LLP

11                                    By  */s/ Steve W. Berman*
12                                        Steve W. Berman
                                          ***Attorneys for Plaintiffs***
13                                        ***Vicky Maldonado and Justin Carter***

14  DATED: November 15, 2023          PAUL, WEISS, RIFKIND, WHARTON &
                                      GARRISON LLP
15

16                                    By  */s/ Meredith R. Dearborn*
                                          Meredith R. Dearborn
17                                        ***Attorneys for Defendants***
                                          ***Apple Inc., AppleCare Service Company,***
18                                        ***Inc., and Apple CSC Inc.***

19

20  PURSUANT TO STIPULATION, IT IS SO ORDERED.  The Final Post-Distribution
    Accounting required by the Northern District Class Action Settlement Guidance is due by **June
21  24, 2024**.

22

23  Date:  November 16, 2023

24                                    _____
                                      Hon. William H. Orrick
25                                    United States District Judge

26

27

28

**ECF ATTESTATION**

I, Steve W. Berman, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Meredith Dearborn, counsel of record for Defendants, has concurred in this filing.

Dated: November 15, 2023                HAGENS BERMAN SOBOL SHAPIRO LLP


By: */s/ Steve W. Berman*
　　　Steve W. Berman
　　　*Attorneys for Plaintiffs*
　　　*Vicky Maldonado and Justin Carter*